General Civil Case Filing Requirements

Legal Mail
Received

DEC 0 2 2020

Dade C.i.

United States District Court
Southern District of Florida

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Complaint for Violation of Civil Rights**
(Prisoner Complaint)

John Maatsch   **PLAINTIFF**

*(Write the full name of each plaintiff who is filing
this complaint. If the names of all the plaintiffs
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)*

Case No. _____
*(to be filled in by the Clerk's Office)*

Jury Trial:   ☑ Yes   ☐ No
*(check one)*

-against-

SEE ATTACHMENT ONE
FOR DEFENDANTS

*(Write the full name of each defendant who is
being sued. If the names of all the defendants
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names. Do not include
addresses here.)*

FILED BY _____ D.C.

DEC - 7 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public
access to electronic court files. Under this rule, papers filed with the court should *not* contain: a
individual's full social security number or full birth date; the full name of a person known to be a minor;
a complete financial account number. A filing may include *only*: the last four digits of a social security
number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account
number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements
any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application
proceed in *forma pauperis*.

# ATTACHMENT ONE

## DEFENDANTS

Centurion of Florida, LLC;
Mark Inch;
Dr. Dean Aufderheide;
Michael Harrell;
Chief of Medical Services, FDOC;
Chief of Classification Management, FDOC;
State PREA Coordinator, FDOC;
Jose Colon;
Mr. Corrales;
Mr. Martinez;
Mr. Love;
Colonel Rijos;
Captain Perry;
Sergeant Dixon;
Officer Day;
Officer T. Lee;
Dr. Gascon;
Dr. F. Papillion;
APRN Fernandez;
LPN Kennedy; and
Ms. Tate

General Civil Case Filing Requirements

United States District Court
Southern District of Florida

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name _John Maatsch_

All other names by which you have been known:

_John J.C. Maatsch_

_Sarah Lynn Maatsch_

ID Number _YS1786_

Current Institution _Dade Correctional Institution_

Address _19000 SW 377th Street_

_Florida City, Florida 33034_

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

Name _Centurion of Florida, LLC_

Job or Title (if known) _Privately Contracted Medical Provider_

Shield Number _N/A_

Employer _State of Florida_

Address _1203 Governor's Square #600_

_Tallahassee, Florida 32301_

☐ Individual capacity     ☒ Official capacity

Defendant No. 2

SEE REVERSE SIDE FOR PAGE 2

United States District Court

General Civil Case Filing Requirements

Southern District of Florida

Name      Mark Inch

Job or Title    FDOC Secretary
(if known)

Shield Number      N/A

Employer    Florida Department of Corrections

Address    501 South Calhoun Street

     Tallahassee, Florida 32239

☒   Individual capacity      ☒   Official capacity

Defendant No. 3

Name    Dr. Dean AuBerberde

Job or Title   FDOC Chief of Mental Health Services
(if known)

Shield Number      N/A

Employer    Florida Department of Corrections

Address    501 South Calhoun Street

     Tallahassee, Florida 32239

☒   Individual capacity      ☒   Official capacity

Defendant No. 4

Name    Michael Harrell

Job or Title   FDOC Chief of Security Operations
(if known)

Shield Number      N/A

Employer    Florida Department of Corrections

Address    501 South Calhoun Street

     Tallahassee, Florida 32239

☒   Individual capacity      ☒   Official capacity

SEE ATTACHMENT TWO FOR DEFENDANTS 5-21

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388

2

# ATTACHMENT TWO

DEFENDANT No. 5
 Name Unknown
 Chief of Medical Services
 FDOC
 501 South Calhoun Street
 Tallahassee, Florida 32239
 Individual & Official Capacity

DEFENDANT No. 6
 Name Unknown
 Chief of Classification
 FDOC
 501 South Calhoun Street
 Tallahassee, Florida 32239
 Individual & Official Capacity

DEFENDANT No. 7
 Name Unknown
 State PREA Coordinator
 FDOC
 501 South Calhoun Street
 Tallahassee, Florida 32239
 Individual & Official Capacity

DEFENDANT No. 8
 Jose Colon
 Warden @ Dade C.I.
 FDOC
 19000 SW 377th Street
 Florida City, Florida 33034
 Individual & Official Capacity

DEFENDANT No. 9
 Mr. Corrales
 Asst. Warden @ Dade C.I.
 FDOC
 19000 SW 377th Street
 Florida City, Florida 33034
 Individual & Official Capacity

DEFENDANT No. 10
 Mr. Martinez
 Asst. Warden @ Dade C.I.
 FDOC
 19000 SW 377th Street
 Florida City, Florida 33034
 Individual & Official Capacity

DEFENDANT No. 11
 Mr. Love
 Asst. Warden @ Dade C.I.
 FDOC
 19000 SW 377th Street
 Florida City, Florida 33034
 Individual & Official Capacity

DEFENDANT No. 12
 Colonel Rivos
 Chief of Security @ Dade C.I.
 FDOC
 19000 SW 377th Street
 Florida City, Florida 33034
 Individual & Official Capacity

3

# ATTACHMENT TWO CONTINUED

DEFENDANT No. 13
Captain Parry
Supervising OIC @ Dade CI
FDOC
19000 SW 377th Street
Florida City, Florida 33034
Individual Capacity

DEFENDANT No. 14
Sergeant Dixon
Security @ Dade CI
FDOC
19000 SW 377th Street
Florida City, Florida 33034
Individual Capacity

DEFENDANT No. 15
Officer Day
Security @ Dade CI
FDOC
19000 SW 377th Street
Florida City, Florida 33034
Individual Capacity

DEFENDANT No. 16
Officer T. Lee
Security @ Dade CI
FDOC
19000 SW 377th Street
Florida City, Florida 33034
Individual Capacity

DEFENDANT No. 17
Dr. Gascon
Psychological Director @ Dade CI
Centurion of Florida, LLC
19000 SW 377th Street
Florida City, Florida 33034
Individual & Official Capacity

DEFENDANT No. 18
Dr. F. Papillion
Chief Medical Officer @ Dade CI
Centurion of Florida, LLC
19000 SW 377th Street
Florida City, Florida 33034
Individual & Official Capacity

DEFENDANTS No. 19 & 20
Nurse Fernandez & Kennedy
APRN & RN Respectively
Centurion of Florida, LLC
19000 SW 377th Street
Florida City, Florida 33034
Individual & Official Capacity

DEFENDANT No. 21
Ms. Tata
Health Services Admin. @ Dade CI
Centurion of Florida, LLC
19000 SW 377th Street
Florida City, Florida 33034
Individual & Official Capacity

4

United States District Court
Southern District of Florida

General Civil Case Filing Requirements

(1971), you may sue federal officials for the violation of certain constitutional rights.

A.     Are you bringing suit against *(check all that apply)*:

       ☐    Federal officials (a *Bivens* claim)

       ☒    State or local officials (a § 1983 claim)

B.     Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

5th Amendment (Due Process)
8th Amendment (Cruel & Unusual Punishment)  } U.S. Constitution
14th Amendment (Equal Protection)

C.     Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

N/A

D.     Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

SEE ATTACHMENT THREE

**III.   Prisoner Status**

Indicate whether you are a prisoner or other confined person as follows *(check all that*

5

# ATTACHMENT THREE

DEFENDANT No.1, Centurion of Florida, LLC
Acted under color of state law as a private corporation providing medical services while under a contractual agreement with the Florida Department of Corrections;

DEFENDANTS No.2, Mark Inch; No.3, Dr. Dean AufDerheide; No.4, Michael Harrell; No.5, Chief of Medical Services; No.6, Chief of Classification Management; No.7, State PREA Coordinator; No.8, Jose Colon; No.9, Mr. Corrales; No.10, Mr. Martinez; No.11, Mr. Love; and No.21, Ms Tate;
Acted under color of state law as public employees with the Florida Department of Corrections, whether directly or under contract, conducting administrative and managerial tasks;

DEFENDANTS No.12, Colonel Ryos; No.13, Captain Perry, No.14, Sergeant Dixon; No.15, Officer Day; and No.16, Officer T. Lee;
Acted under color of state law as public employees with the Florida Department of Corrections conducting security and supervisory tasks;

DEFENDANTS No.17, Dr. Gascon; No.18, Dr. F. Papillion; No.19, APRN Fernandez; No.20, LPN Kennedy;
Acted under color of state law as a medical care provider under contract for the Florida Department of Corrections with Centurion of Florida, LLC.

6

United States District Court
Southern District of Florida

General Civil Case Filing Requirements

*apply)*:

☐  Pretrial detainee

☐  Civilly committed detainee

☐  Immigration detainee

☒  Convicted and sentenced state prisoner

☐  Convicted and sentenced federal prisoner

☐  Other *(explain)* _____N/A_____

## IV.  Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.   If the events giving rise to your claim arose outside an institution, describe where and when they arose.

N/A

B.   If the events giving rise to your claim arose in an institution, describe where and when they arose.

Dade Correctional Institution      From May of 2018
19000 SW 377th Street              To Present Day
Florida City, Florida 33034        (Ongoing Issues)

C.   What date and approximate time did the events giving rise to your claim(s) occur?

From initial inception to FDOC in May of 2015
South Florida Reception Center, to South Bay
Correctional Facility, to Dade Correctional
Institution.

United States District Court
Southern District of Florida

General Civil Case Filing Requirements

D.    What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what?  Was anyone else involved?  Who else saw what happened?)*

SEE ATTACHMENT FOUR

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

January 18th 2019: Scrotal laceration / permanent scar from attempted self-castration after experiencing mental breakdown caused by Defendants attempting to cut Ms Maslch's hair.

October of 2019: Fractured hand requiring surgery after confrontation in shower with an unauthorized inmate

Mental and emotional anguish From PTSD, Anxiety, depression, dysthmia, hopelessness, self-harm and suicidal ideations and attempts and psychological trauma

December of 2019: Suicide attempt from lack of treatment

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes.  If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

SEE ATTACHMENT FIVE

8

# ATTACHMENT FOUR

1. The Plaintiff, John Maatsch, more commonly known as Sarah Lynn Maatsch, is a forty (40) year old Transgender, transitioning from her biological male impairments, to her medically needed female characteristics.

2. Ms. Maatsch, prior to incarceration, has been diagnosed with Gender Dysphoria by four (4) separate Psychologists over the course of ten (10) years, beginning in 2002 and most recently with the Florida Department of Corrections in 2018.

3. Due to her Gender Dysphoria (GD), Ms. Maatsch has suffered from extensively severe anxiety, dysthmia, depression and ideations of self-castration and suicide.

4. Ms. Maatsch has experienced, as a result of GD, strong difficulty establishing personal friendships, professional relationships, intimate romanticism, and is sexually disfunctional.

5. Ms. Maatsch has also experienced, and continues to experience, psychological and emotional impairments resulting in previous attempts at self-castration and suicide, alchohol abuse, and seclusion.

6. Real life experiences (RLE) has provided Ms. Maatsch with an educated understanding of her circumstances through positive and negative societal interactions, such as partial family and friends exceptance versus abundant discrimination with employment and social recreational activities.

7. Furthermore, and most importantly as to her sincerity, Ms. Maatsch has committed herself to her desire for transition with a combined total of over ten (10) years with hormone replacement therapy, facial feminization surgery, over sixty-five (65) hours of facial electrolysis, voice communication therapy, and dozens of Laser Hair Removal sessions for arms, chest, abdomen, back, buttocks, genitals, and legs.

8. Gender Dysphoria is a serious medical condition, recognized and respected by the scientific community and professional organizations which requires standards of treatment and care as established by the World Professional Association for Transgender Health (WPATH), Standards of Care version 7 (SoC v. 7).

9

9. On the 16th day of May, 2013, Ms. Maatsch was committed to the Florida Department of Corrections and transported to the South Florida Reception Center for inception.

10. Ms. Maatsch informed the Psychologist at SFRC of her G.D., which was the first time that she was told that the FDOC had no policy or procedure for Transgenders and G.D. The Psychologist failed to document said information.

11. In June of 2013, Ms. Maatsch was transferred to South Bay Correctional Facility, where she informed the Doctor of her G.D. She was once again told that the FDOC does not cater to Transgenders, and the Doctor also failed to document the information.

12. Ms. Maatsch, as a result, fell victim to depression, dysthymia, abject hopelessness, lack of support, and abject fear of violence from inmates and discrimination from staff. This continued for four and a half (4½) years with no aid for her G.D.

13. On October 21st, 2017, circumstances drove her to attempt suicide with a razor blade. This in turn led to finding out through Mental Health that the FDOC had implemented a new program for Transgenders.

14. Ms. Maatsch has been diligent with her transition, seeking aid when and wherever possibly available. Deliberate indifference, reckless disregard, and needless delays have hindered her efforts. (SEE EXHIBIT 1: A-F)

15. Ms. Maatsch has repeatably grieved every level of service and treatment to only be met with procedural delays, misdirections, apathy, roadblocks, and fabrications:

  (a) In general. (SEE EXHIBIT 2)
  (b) Sex Reassignment Surgery (SRS). (SEE EXHIBIT 3: A-B)
  (c) Female Prison Transfer. (SEE EXHIBIT 4)
  (d) Predatory Environment. (SEE EXHIBIT 5: A-B)
  (e) Shower Safety. (SEE EXHIBIT 6: A-D)
  (f) Psychological Emergencies (SEE EXHIBIT 7: A-D)
  (g) Endocronologist (SEE EXHIBIT 8: A-D)

10

(h) Medication Renewal. (SEE EXHIBIT 9: A-D)

(i) Permanent Hair Removal. (SEE EXHIBIT 10)

(j) Voice Communication Therapy. (SEE EXHIBIT 11)

(k) Discrimination. (SEE EXHIBIT 12)

16. The Defendant's, respectively, have deprived Ms. Maatsch of her rights under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, inasmuch as denying her the provisions which protect against cruel and unusual punishment, and the provisions which guarantee due process, equal protection, and due care.

17. The Defendant's deliberate indifference to Ms. Maatsch's needs for safety and medical care, failure to properly train and supervise, and implementation and enforcement of unlawful and unconstitutional policies and procedures have created conditions which resulted in said constitutional violations and subsequent pain and suffering.

18. The Defendants were reckless, as they knew of, yet disregarded, the excessive risk to Ms. Maatsch's safety and health, possessed actual knowledge of impending harm, which was easily preventable but deliberately ignored, and exposed Ms. Maatsch to great risk.

19. The Mental Health and Medical care and treatment has been and continues to be exceptionally inadequate, and thus, not at a level reasonably commensurate with modern medical science and of a quality acceptable within prudent professional standards.

20. The Defendants are liable for their policies and procedures, and for acts and/or omissions taken pursuant to their policies and procedures. Said policies and procedures subjected Ms. Maatsch to a deprivation of rights, in so much as:

(a) Centurion of Florida, LLC created a policy or custom under which unconstitutional practices occurred, failed to remedy the wrong after having been informed of the deprivations, and failed to properly train and supervise employees, which

11

includes personal for Mental Health and Medical under contract with the FDOC at Dade CI.

(b) Mark Inch, the FDOC Secretary, failed to remedy the wrongs created by policies and procedures, allowed such wrongs to continue, was grossly negligent in supervising subordinates who committed the wrongful acts, and exhibited deliberate indifference to the rights of Ms Maatsch by failing to act on information indicating that unconstitutional acts were occurring.

(c) Dr. Dean Aufderheide, Chief of Mental Health Services and member of the Gender Dysphoria Review Team (GDRT); with Michael Harrell, Chief of Security Operations; Chief of Medical Services, name unknown; Chief of Classification Management, name unknown; State PREA Coordinator, name unknown; failed in establishing procedures that provisions medically necessary interventions for GD, failed in providing safe living environments for Transgenders who are classified as high risk victimization inmates, and have been and are violating the Equal Protection Clause of the Fourteenth Amendment with discrimination by not providing program opportunities, as done so with general population inmates.

(d) Jose Colon, the Warden at Dade CI; Mr. Corrales, Assistant Warden of Programs; Mr. Martinez, Assistant Warden of Mental Health; and Mr. Lara, Assistant Warden of Security; failed to remedy the wrongs created by policies and procedures, allowed such wrongs to continue, was grossly negligent in supervising subordinates who committed the wrongful acts, and exhibited deliberate indifference to the rights of Ms. Maatsch by failing to act on information indicating that unconstitutional acts were occurring.

(e) Colonel Ryes, Chief of Security at Dade CI, failed in providing safe living accomodations, failed to remedy the

12

wrong after having been informed of the violations, allowed the egregious unconstitutional practices with showers, gang members, sexual predators, proper PREA reporting, and proper psychological emergency procedures to continue, failed to properly train and supervise staff, and exhibited deliberate indifference to the rights of Ms. Maatsch by failing to act on information indicating that unconstitutional acts were occurring.

(F) Captain Perry, Supervising OIC (formerly) at Dade CI; Officer Day, Security (formerly) at Dade CI; and Ms Kennedy, LPN (formerly) with Centurion of Florida, LLC at Dade CI; acted with intentional malice and deliberate indifference in their reckless disregard for Ms. Maatsch's GD concerning an accomodations pass that prohibited the cutting of her hair. Their artificial review of Ms Maatsch's pass and their attempt to cut her hair resulted in a mental breakdown which led to an attempted self-castration.

(g) Sergeant Dixon, Dormitory Sergeant at Dade CI, failed to secure the shower area while Ms.Maatsch was showering, which resulted in a general population inmate entering the shower, and a confrontation that led to Ms.Maatsch fracturing her digital right 3rd metacarpal, requiring surgery and creating permanent disfigurement.

(h) Officer T. Lee, Security at Dade CI, failed to secure the shower area multiple times while Ms. Maatsch showered, but in most cases, ignored or overlooked Ms Maatsch's accomodation pass to shower privately and prohibited Ms. Maatsch from showering entirely.

(i) Dr. Gascon, Psychological Services Director with Centurion of Florida, LLC at Dade CI, failed to provide adequate care and treatment for GD and generalized mental health; artificial blanket bans on medically needed treatments inasmuch as stating "there is no policy or procedure for said treatments; failing to evaluate, as is

13

her duty to do so, for all treatments in general; and a deliberate indifference to Ms. Maatsch's medical need to transition, and failure to train and supervise staff.

(j) Dr. F. Papillion, Chief Medical Officer with Centurion of Florida, LLC at Dade CI, failed to provide adequate care and treatment for GD and medical services related to hormone therapy, SRS, and permanent hair removal; artificial blanket bans on medically needed treatments insomuch as stating "SRS is elective in nature and not medically necessary", and failure to train and supervise staff.

(k) Ms Fernandez, APRN with Centurion of Florida, LLC at Dade CI, failed to provide appropriate care in providing Endocrinologist with accurate information relative to Ms. Maatsch's blood test results; and failed to provide adequate endocrinological care for Ms Maatsch's Hormone Replacement Therapy in accordance with medical standards and policy.

(l) Ms Tate, Health Services Administrators with Centurion of Florida, LLC at Dade CI, failed to remedy the wrongs created by policies and procedures, allowed such wrongs to continue, was grossly negligent in supervising and training subordinates who committed the wrongful acts, and exhibited deliberate indifference to the rights of Ms Maatsch by failing to act on information indicating that unconstitutional acts were occurring.

21. Each Defendant's failure to act when they knew, or reasonably should have known, that the Plaintiff was being treated unconstitutionally makes them liable. Their state of mind was more blameworthy than negligent, and their acts and/or omissions were the equivalent of reckless disregard for a substantial risk.

22. The Defendant's were and continue to be deliberately indifferent to Ms. Maatsch's due care for safety and medical

14

23. The Local Rules of the United States District Court For the Southern District of Florida, S.D. Fla. Loc R. 7.1 (c)(2), states:

Absent prior permission of the Court, neither a motion and its incorporated memorandum of law nor the opposing memorandum of law shall exceed twenty (20) pages. Title pages that precede the first page of text, signature pages, certificates of good faith conferences, and certificates of service shall not be counted as pages for purposes of this rule.

24. Based upon said rule, the foregoing complaint consists of twenty (20) pages prior to this procedural acknowledgement.

25. Ms. Maatsch has a time sensitive claim, as her personal injury claim reaches two (2) years in January of 2021. When coupled with the upcoming holiday season that will close the Courts and stop proceedings, Ms. Maatsch could not obtain prior permission of the Court for an extension of page limitations.

26. Extraordinary circumstances require Ms. Maatsch to respectfully request 3 additional pages to properly state her claims which relief would be granted:

(a) Pro Se Prisoner filing with the premisers of HAINES v KERNER, 404 US 519, 30 L Ed 2d 652, 92 S. Ct. 594 (1972) and ASHLEY v STATE, 158 So. 2d 530 (1963), which provide that a pro se complaint be held to less stringent standards than formal pleadings drafted by lawyers, as motions filed by a prisoner pro se should not be scrutinized for technical niceties, since a prisoner is almost always unskilled in the law.

(b) Further facts are critically needed to overcome the burden of stating a claim that warrants relief, as the instant case has intricate details that must be served.

27. Ms. Maatsch continues her life-long quest in transitioning to the Female that she is by currently receiving hormone therapy within the FDOC Transgender Program, and is accredited with social transitioning and real life experiences as "Sarah", although limited in scope and proper treatment methods.

28. Ms. Maatsch's primary sex characteristics, i.e. male genitalia, is the primary, and thus, significant cause of her GD and the associated distress, impairment, depression, anxiety, PTSD, and rare drastically dangerous ideations of self-castration and suicide.

29. Ms. Maatsch's GD has worsened as she has aged, which is recognized within the scientific community, and said GD has been consistent and well documented both before and after her current incarceration.

30. Ms. Maatsch qualifies across the board for sex reassignment surgery. More importantly, she meets none of the criteria for disqualification.

31. Ms. Maatsch is well educated and more than adequately informed concerning surgical techniques, typical visual outcomes, any possible complications, post operation recovery parameters and aftercare procedures, and the various global doctors who specialize in the field of sex reassignment surgery.

32. Ms. Maatsch does not exhibit any risk factors associated with post-operative surgical regrets or physical anomalies.

33. On the 1st day of September 2020, Ms. Maatsch was summoned to Mental Health for an unscheduled "special meeting" with Dr. Cassen, Dr. Moriga and Ms. Rodriguez. During said meeting, Ms. Maatsch was advised that:

   (a) The GDRT cannot approve SRS, Voice Communication Therapy, and/or Permanent Hair Removal;

   (b) The GDRT can only approve accomodations and/or treatments that are allowed by policy;

   (c) The Mental Health Department cannot evaluate Transgenders for SRS due to a lack of procedures.

16

34. Dr. Gascen stated that "only a legal judgment or settlement agreement will open the door to SRS as a treatment option within the FDOC."

35. Ms. Maatsch has requested and continues to maintain that she would be safer if moved to either a dormitory which houses only Transgenders with GD, or to a Female Facility.

36. Ms. Maatsch incorporates all factual assertions and contentions that are raised within her grievances (EXHIBITS 1-12) to support her claims which warrant relief. The herein attached grievances assist with presenting meritorious civil rights violations, which the Plaintiff submits as exhibits to substantiate her complaint.

37. Ms. Maatsch avers the following statement.

Wherefore, the lack of adequate care and proper treatments for Gender Dysphoria, such as sex reassignment surgery, permanent hair removal, and voice communication therapy, as well as the lack of due care for a substantial risk of harm concerning personal safety will maintain or worsen Ms. Maatsch's functional impairments in social, occupational, and personal relationships, exposing her to discrimination both during incarceration and after her release, and will increase her risk of recidivism. Failure to provide SRS will cause irreparable harm in the inevitable form of suicide, self-castration, cardiovascular and metabolic diseases and deep vein thrombosis as a result of prolonged hormone replacement therapy. Failure to provide proper transitioning will certainly affect Ms. Maatsch's GD negatively and will undoubtedly increase her anxiety and depression, which will in turn plunge her into the despair that will cause her to revert to the mismanagement of her mental health and/or substance abuse that will lead her to the eventual end of self-castration and/or suicide. Furthermore, failure to transfer Ms. Maatsch to a Female Facility or Transgender designation will result in death, physical injury, or rape.

17

# ATTACHMENT FIVE

## PART VI : RELIEF

38. The Plaintiff, Ms.Maatsch, seeks a Jury Trial to properly determine any and all compensatory and punitive damages, thereby leaving monetary denominations for said damages at the discretion of the triers of Fact who will at that point have an appropriate understanding of all the circumstances that warrant such relief.

39. The Plaintiff, Ms.Maatsch, seeks injunctive relief in the form of both mandatory and prohibitory injunctions. Ms.Maatsch seeks to obtain court orders commanding the Defendants to provide proper medical and mental health care by way of SRS, hormone medication distribution, psychological therapy sessions, professional voice communication therapy, and permanent hair removal. Ms.Maatsch also seeks to prevent any and all forms of reprisal/retaliation against her, as well as avoiding any attempts to transfer her to Wakulla CI where her safety would decrease, or to any other institution where she would be denied transitional treatment. Seeks name change.

40. The Plaintiff, Ms.Maatsch, seeks declaratory judgment against the Defendants which stipulates:
    (a) SRS is medically necessary based upon the AMA standards for Transgenders with Gender Dysphoria;
    (b) Hormone therapy is insufficient as a stand alone treatment for transition; and
    (c) It is unconstitutional to not provide fair, professional evaluations for all GD treatments, which includes but is not limited to, SRS, letters of recommendation, permanent hair removal, voice communication therapy, endocrinology assessments, and hormone therapy.

41. The Plaintiff, Ms.Maatsch, seeks to be housed at a Female Facility where safety will be provided from violence, rape, sexual predators, gang members, and discrimination.

18

United States District Court             General Civil Case Filing Requirements
Southern District of Florida

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.  Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

     ☒     Yes

     ☐     No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_Dade Correctional Institution_

B.  Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

     ☒     Yes

     ☐     No

     ☐     Do not know

C.  Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

     ☒     Yes

     ☐     No

     ☐     Do not know

If yes, which claim(s)? _All_

United States District Court                    General Civil Case Filing Requirements
Southern District of Florida

N/A

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒   Yes

☐   No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?   N/A

☐   Yes

☐   No

E.   If you did file a grievance:

1.   Where did you file the grievance?

1st Step: Informal Grievance @ Institution
2nd Step: Formal Grievance @ Institution
3rd Step: Appeal @ Office of the Secretary

2.   What did you claim in your grievance?

Constitutional violations, lack of care and treatment options, deliberate indifference to substantial risk of harm due to safety and health, failure in providing adequate mental health services, discrimination

3.   What was the result, if any?

Multiple results varied: Returned w/o Action, Denied on the Merits, Approved w/o Recourse

20

United States District Court
Southern District of Florida

General Civil Case Filing Requirements

4.   What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not.  *(Describe all efforts to appeal to the highest level of the grievance process.)*

The Grievance Process is complete. From the initial 1st Step with an Informal, to the Final 3rd Step with an Appeal to the highest level w/ the Office of the Secretary, FDOC

F.   If you did not file a grievance: N/A

1.   If there are any reasons why you did not file a grievance, state them here:



2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:



G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.



*(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions,

United States District Court                                    General Civil Case Filing Requirements
Southern District of Florida

while incarcerated or detained in any facility, brought an action or appeal in a court of the
United States that was dismissed on the grounds that it is frivolous, malicious, or fails to
state a claim upon which relief may be granted, unless the prisoner is under imminent
danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes
rule"?

     ☐      Yes

     ☒      No

If so, state which court dismissed your case, when this occurred, and attach a copy of the
order if possible.

N/A

A.    Have you filed other lawsuits in state or federal court dealing with the same facts
involved in this action?

     ☐      Yes

     ☒      No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through
7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on
another page, using the same format.)*

    1.    Parties to the previous lawsuit

        Plaintiff(s)        N/A
        Defendant(s)

    2.    Court *(if federal court, name the district; if state court, name the county and
State)*

        N/A

    3.    Docket or index number

        N/A

22

United States District Court                          General Civil Case Filing Requirements
Southern District of Florida

4.  Name of Judge assigned to your case
    _____ N/A _____

5.  Approximate date of filing lawsuit
    _____ N/A _____

6.  Is the case still pending?

    ☐    Yes        N/A
    ☐    No

    If no, give the approximate date of disposition.    N/A _____

7.  What was the result of the case?  *(For example:  Was the case dismissed?*
    *Was judgment entered in your favor?  Was the case appealed?)*
    _____ N/A _____
    _____

C.  Have you filed other lawsuits in state or federal court otherwise relating to the
    conditions of your imprisonment?

    ☐    Yes

    ☒    No

D.  If your answer to C is yes, describe each lawsuit by answering questions 1 through
    7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on*
    *another page, using the same format.)*

    1.  Parties to the previous lawsuit

        Plaintiff(s)  _____ N/ _____
        Defendant(s)  _____/A _____

    2.  Court *(if federal court, name the district; if state court, name the county and*
        *State)*
        _____ N/A _____

23

United States District Court
Southern District of Florida

General Civil Case Filing Requirements

N/A

3.     Docket or index number

N/A

4.     Name of Judge assigned to your case

N/A

5.     Approximate date of filing lawsuit

N/A

6.     Is the case still pending?

☐    Yes

☐    No   N/A

If no, give the approximate date of disposition.     N/A

7.     What was the result of the case?   *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

N/A

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

## A.    For Parties Without an Attorney

24

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _December 1_, 20_20_.

Signature of Plaintiff _____

Printed Name of Plaintiff _____John Maatsch_____

Prison Identification # _____YS1786_____

Prison Address _Dade Correctional Institution_____
_19000 SW 377th St. Florida City, FL 33034_
     City             State          Zip Code

**B.** **For Attorneys**

Date of signing: _____, 20__.

Signature of Attorney _____

Printed Name of Attorney _____

Bar Number _____

Name of Law Firm _____

Address _____

Telephone Number _____

E-mail Address _____

# EXHIBIT 1

## PRELIMINARY REQUESTS SEEKING THE ASSISTANCE NEEDED FOR EVALUATION:

1A: Initial Request

1B: Requesting WPATH Standards of Care & Personal Past History

1C: Requesting Mental Health

1D: Requesting Hormone Therapy

1E: Requesting Unobtained Assistance & Reference To Previous Requests

1F: Requesting Information To Be Documented, Plea For Help, & List of Physical, Mental, and Emotional Suffering

Eval

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

# INMATE REQUEST

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☑ Medical ☑ Mental Health | ☐ Dental ☐ Other  Dr Hanson |
|---|---|---|---|---|

| FROM: | Inmate Name  John Maatsch | DC Number  Y51786 | Quarters  D210SU | Job Assignment  Edu. Clerk | Date  11/20/17 |
|---|---|---|---|---|---|

**REQUEST**  Check here if this is an informal grievance ☐

I am experiencing an overwhelming level of stress and anxiety stemming from a change in my family situation and a long struggling mental issue that I have been fighting. I am finding it very difficult to work or do anything at all. I think I need to speak to someone.

Thanks, John

All requests will be handled in one of the following ways: 1) Written Information or  2) Personal Interview.  All informal grievances will be responded to in writing.

Inmate (Signature): _____     DC#: Y51786

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**  EXHIBIT 1 A          DATE RECEIVED: 11/27/17

You have been scheduled.

P. HANSON PH D
SR M H CLINICIAN
LICENSED PSYCHOLOGIST

[The following pertains to informal grievances only:]
Based on the above information, your grievance is _____. (Returned, Denied, or Approved).  If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

| Official (Print Name): P. Hanson, PhD | Official (Signature): | Date: 11/27/1 |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)
                    Incorporated by Reference in Rule 33-103.005, F.A.C.

Eval

**INMATE REQUEST**

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

Mail Number: _____
Team Number: _____
Institution. _____

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☒ Medical ☐ Mental Health | ☐ Dental ☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name John Maatsch | DC Number Y51786 | Quarters D2108u | Job Assignment Edu. Clerk | Date 12/18/17 |
|---|---|---|---|---|---|

**REQUEST**          Check here if this is an informal grievance ☐

I have been seen by Dr. Hanson and Mrs. Wilber in mental health regarding this issue and was told to send a request to medical to notify you. I am transgender, presenting with severe gender dysphoria, as diagnosed by mental health here and multiple mental health professionals prior to my incarceration. I am formally requesting medical care in conformance with the WPATH Standards of Care. If I need to submit a sick call please let me know.

Prior to my incarceration I was on supervised and unsupervised hormone replacement therapy for seven years and have had feminizing surgeries as well as other activities. I am experiencing a severe level of stress, anxiety and depression, and have been suicidal and have considered self-harm in the past.

All requests will be handled in one of the following ways: 1) Written Information or   2) Personal Interview! All informal grievances will be responded to in writing.

Inmate (Signature): _John Hans_          DC#: Y51786

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**     EXHIBIT 1B        DATE RECEIVED: 1/23/18

your request was forwarded to the Mental Health Dept. Medical intervention will depend on the evaluation you receive at the DOC Transgender Evaluation program which you are now on the waiting list for

P. HANSON PH D
SR. M.H. CLINICIAN

[The following pertains to informal grievances only:]  LICENSED PSYCHOLOGIST

Based on the above information, your grievance is ____SBCF____ (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

| Official (Print Name): P. Hanson, PhD | Official (Signature): _____ | Date: 1/23/18 |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)

Incorporated by Reference in Rule 33-103.005, F.A.C.

Eval

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

# INMATE REQUEST

Mail Number: _____
Team Number: _____
Institution: _____

_Diaz_

| TO:<br>(Check One) | ☐ Warden<br>☐ Asst. Warden | ☐ Classification<br>☐ Security | ☐ Medical<br>☑ Mental Health | ☐ Dental<br>☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name<br>Maatsch, John | DC Number<br>Y51786 | Quarters<br>D2108U | Job Assignment<br>Edu Clerk | Date<br>2/26/18 |
|---|---|---|---|---|---|

**REQUEST**        Check here if this is an informal grievance ☐

I continue to experiencing a debilitating level of dysphoria and I try to remain patient as I wait for the evaluation at Zephyrhills which I hope will provide the outcome I need. The longer I wait for this though the worse my depression and stress. I need to speak to someone, because I feel like I am going to go crazy waiting for professional evaluation especially since its been three months since my initial request.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): _John_     DC#: Y51786

---

DO NOT WRITE BELOW THIS LINE

**RESPONSE**    EXHIBIT 18C    DATE RECEIVED: 3/5/18

You are currently on a waiting list for the Gender Dysphoria Evaluation unit. We do not know how long it will be before you are transferred to this unit. In the mean time continue to work on your issues with your counselor. You have also been referred to be evaluated by Dr Fichler, the psychiatrist

P. HANSON, PH.D
SR. M.H. CLINICIAN
LICENSED PSYCHOLOGIST
SRCF

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

Official (Print Name): P. Hanson, _____    Official (Signature): _____    Date: 3/5/18

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

rmal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)

Incorporated by Reference in Rule 33-103.005, F.A.C.

*Eval*

**INMATE REQUEST**

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

*Dr. Tishler*

Mail Number: _____
Team Number: _____
Institution: _____

**TO:**
**(Check One)**

- [ ] Warden
- [ ] Asst. Warden
- [ ] Classification
- [ ] Security
- [ ] Medical
- [✓] Mental Health
- [ ] Dental
- [ ] Other

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | John Maatsch | Y51786 | D2108u | Edu. Clerk | 4/22/18 |

**REQUEST**                Check here if this is an informal grievance [ ]

Sir,

In consideration of my daily struggle with gender dysphoria and the unspecified timeline of going through the Transgender Evaluation Program I am requesting to be placed on anti-androgens. I believe this will help moderate the daily dysphoria battle until such a time that I can be formally evaluated.

Thank you for your help,

John

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): John M          DC#: Y51786

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**        EXHIBIT 1D        DATE RECEIVED: _____

HORMONE REPLACEMENT TREATMENT WILL BE DETERMINED BY FLORIDA DEPARTMENT OF CORRECTION @ THE TRANSGENDER EVALUATION CENTER.

[The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied,

you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Print Name): Dr Ken Tishler  Official (Signature): _____  Date: 4/25/18

K. Tishler, Psychiatrist
S.B.C.F

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)

Incorporated by Reference in Rule 33-103.005, F.A.C.

Eval

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

Mail Number: _____

**INMATE REQUEST**         Dr. Gonzalez

Team Number: _____

Institution: _____

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☑ Mental Health | ☐ Dental ☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name Maatsch, John | DC Number Y51786 | Quarters B2125U | Job Assignment Ins. Grounds | Date 1/1/19 |
|---|---|---|---|---|---|

**REQUEST**                    Check here if this is an informal grievance ☐

Dr. Gonzalez,

For 407 days, since Nov. 20, 2017, I have been desperately pursuing treatment for my severe and continuous gender dysphoria. We are now moving into 2019 and I find my internal state of mind continuing to decline with increased dysphoria, panic attacks and depression. On Dec. 26 my father asked me to tell you that it is now too late to send me to South Bay - his health will not allow him to even make it there. The amount of suffering and loss I endure just to get common medical treatment grows with time. The only, and final, hope I have for a positive life and future is to transition to be a female physically, socially and culturally. At this point, and the point of this request, I am begging and pleading for the Committee to render a diagnosis and to begin treatment or, at the least, put a sign post in the ground and specify an exact timeline for when I will get that relief. Please.

                                        Namaste, Sarah Maatsch

All requests will be handled in one of the following ways:  1) Written Information or  2) Personal Interview. All informal grievances will be responded to in writing.

| Inmate (Signature): Sarah Maatsch | DC#: Y51786 |
|---|---|

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**       EXHIBIT 1E        DATE RECEIVED: JAN 04 2019

Medical Administration

Noto One I have no Additional _____ Received

I _____ let you know.

M

pt

---

[The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned, Denied or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.)]

| Official (Print Name): | Official (Signature): | Date: 1/10/19 |
|---|---|---|

Original: Inmate (Plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005. Florida Administrative Code.

Informal Grievances and inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining for DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103-005, F.A.C.

*Eval*

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

## INMATE REQUEST

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☑ Mental Health | ☐ Dental ☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name John Maatsch | DC Number Y51786 | Quarters B2125U | Job Assignment Inside Grounds | Date 1/3/19 |
|---|---|---|---|---|---|

### REQUEST                                   Check here if this is an informal grievance ☐

I am requesting that a copy of this statement, written in my own words, be added to my file:

I barely eat most days. I either sleep poorly or sleep for 12 hours. I have no interest in reading books. I have no interest in writing my book. I've lost interest in the games on the tablet. My Dad's health is failing and I'm more concerned about my issues - his observation of me. I plod along each day trying to exist. I am depressed despite your refusal to diagnose me with that. I have high anxiety. All of that is tied to my worsening gender dysphoria. I find having a male body abhorrent and disgusting. I find having to live socially as a male horrifying. My male existence crushes me on a daily basis. I need to be a woman. I need to transition. The perception of my continued reality being forced to live as a male is that I am running out of strength, I am running out of energy, and I am running out of time to deal with it.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): *Sarah ___*                    DC#: Y51786

---

**DO NOT WRITE BELOW THIS LINE**

### RESPONSE        EXHIBIT 1 F        DATE RECEIVED:

Medical Administration
JAN 08 2019
Received

Note: This request will be placed in your file

[The following pertains to informal grievances only:
Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.)]

| Official (Print Name): | Official (Signature): | Date: 1/10/19 |
|---|---|---|

Original: Inmate (Plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005. Florida Administrative Code.

Informal Grievances and inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining for DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later the n15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103-005, F.A.C.

# EXHIBIT 2

## LEVELS OF SERVICE AND TREATMENT

# INMATE REQUEST

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

463-2008-0472

Mail Number: _____
Team Number: _____
Institution: _____

TO:
(Check One)

- [ ] Warden
- [ ] Asst. Warden
- [ ] Classification
- [ ] Security
- [ ] Medical
- [x] Mental Health
- [ ] Dental
- [ ] Other

FROM: | Inmate Name: John Maatsch

| DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|
| Y51786 | E1114L | H/M | 8/20/2020 |

## REQUEST

Check here if this is an informal grievance [x]

This grievance is brought under F.A.C. 33-103.005 and challenges the substance, interpretation and application of Departmental rules and procedures that affect me personally as allowed in F.A.C 33-103.001(4)(a).

Issue: Diagnostic evaluations and of gender dysphoria fail to provide levels of service commensurate with the severity of the disorder, robbing me of proper treatment.

Facts: (1) I am female. I have a gender dysphoria. I am classified as a male-to-female transsexual.
(2) Gender dysphoria is a serious medical condition due to its functional impairment and co-morbidities, namely suicide and genital mutilation.
(3) Gender dysphoria varies in severity amongst individuals.
(4) The treatment approach is matched to the specific needs of the patient, particularly their goals for gender expression and the need for relief from gender dysphoria.
(5) What helps one person alleviate gender dysphoria may vary wildly from that of another.
(continued on next). (cont.)

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): SMautsch

Date: MAILED   Grievance Coordinator

DC#: Y51786

## DO NOT WRITE BELOW THIS LINE

## RESPONSE

EXHIBIT 2

SEP 04 2020

DATE RECEIVED: AUG 24 2020   RECEIVED

You were seen today 9/1/20 by mental health staff (Dr. Murga, Dr. Gascon and R. Rodriguez, LMHC) to discuss your concerns. Your initial evaluation conducted include History, symptoms, patients desires regarding transition and recommendations, the accomodations that have been approved by AC and the facility are a means to alleviate the symptoms of gender dysphoria. Your mental health treatment is tailored to your individual needs.

The following pertains to informal grievances only:

Based on the above information, your grievance is ___Denied___ (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

Official (Print Name): R. Rodriguez, LMHC

Official (Signature): R___

Date: 9/1/20

07-16 Mental Health

Original (plus one copy) DADE CI
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file

This form also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

⑥ The original clinical approach by Harry Benjamin largely focused on identifying who was an appropriate candidate for sex reassignment surgery.

⑦ The current approach of the Department and Facility is to identify candidates to receive an absolute minimum of treatment options.

⑧ Due to data collection techniques during the initial evaluation and follow up treatment, severity of my gender dysphoria was never determined [Medical Records, presented as fact]

⑨ Primary treatment options include: changes in gender role and expression, hormone therapy, surgical interventions for primary and secondary sex characteristics, psychotherapy, voice and communication therapy and permanent hair removal.

⑩ Treatment options provided by the Department are: changes in gender role and expression (hair length, female canteen, female underwear) and hormone therapy

⑪ All approved gender dysphoric inmates receive the same level of service, the same treatment.

⑫ Due to data collection techniques, the efficacy of my current gender dysphoria treatment has never been determined [Medical, Mental Health Records]

⑬ Proper levels of service cannot be established without an understanding of both the severity of my condition and the efficacy of my treatment.

⑭ I am unable to obtain proper levels of service for my severe gender dysphoria.

Remedy: Provide additional types of treatment for gender dysphoria; and

Individualize gender dysphoria treatments across transgender inmates.

**FLORIDA DEPARTMENT OF CORRECTIONS**

**RECEIVED**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ **Third Party Grievance Alleging Sexual Abuse**   **2009-463-161**   SEP 14 2020

TO: ☑ Warden   ☐ Assistant Warden   ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

Maatsch        John        J                    Y51786                    Dade CI
Last        First        Middle Initial                    DC Number                    Institution

| Part A – Inmate Grievance |
| --- |

This is an appeal of 463-2008-0472 and is brought under F.A.C. 33-103.006.

Issue:

The response provided in 463-2008-0472 is inadequate to address the grievance on its merits.

Facts:

① During the 9/1/2020 meeting with Dr. Gascon, Dr. Murga and Ms. Rodriguez it was explained to me that the individual counselling forms contain sufficient information that an outside professional would be able to diagnose and evaluate me for surgical interventions. As such I withdraw and concede facts 8, 11, 12 and 13 in the informal grievance. However;

② This means that the Facility IS aware of the severity of my dysphoria and the inefficacy of my current treatment.

③ In fact, during that 9/1/2020 meeting, in reference to what I termed "the fight for my life, that is finishing transition and obtaining sex reassignment surgery before hopelessness, depression and the despair of living in the wrong body take my life, Dr. Gascon responded that "It is a fight but it is a fight I believe you'll win."

④ This is recognition that I do need stronger intervention to alleviate my gender dysphoria – namely sex reassignment surgery, permanent hair removal and voice/communication. Services NOT being provided by the Department.

⑤ Therefore, as originally argued, levels of service are not commensurate with the severity of my gender dysphoria.

Remedy: Provide additional treatments and services, especially sex reassignment surgery.

9/14/2020                    SMaatsch   Y51786
DATE                    SIGNATURE OF GRIEVANT AND D.C. #

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**   Ø , SMaatsch
#        Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 2009-463-161 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Grievance has been received, reviewed, and a response is as follows:

After further investigating the nature of your grievance, our findings indicate that the response provided to you on Informal Grievance 463-2008-0472 adequately addresses the issue you have put forward in this appeal.

Based on the above information, your grievance is DENIED.

You may appeal and obtain further administrative review of your complaint by acquiring Form DC1-303; Request for Administrative Remedy or Appeal, completing the form and forwarding it with all attachments to the office of the Bureau of Inmate Grievance Appeals, 501 South Calhoun Street, Tallahassee, FL 32399-2500.

THIS DOCUMENT MAY CONTAIN CONFIDENTIAL RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

DR. L. GASCON, PSY. D.

M. CORRALES, AWP

SIGNATURE AND TYPED OR PRINTED NAME OF
EMPLOYEE RESPONDING

SIGNATURE OF WARDEN, ASST.
WARDEN, OR SECRETARY'S
REPRESENTATIVE

DATE

Dade C.I.
Grievance Coordinator
MAILED

SEP 2 3 2020

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

OCT 0 6 2020

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden    ☐ Assistant Warden    ☑ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| Maatsch    John    J C | YS1786 | Dade CI |
|---|---|---|
| Last       First       Middle Initial | DC Number | Institution |

---

**Part A – Inmate Grievance**          20-6-34534

This grievance is brought under F.A.C. 33-103.007 and is an appeal of 2009-463-161.

Issue: The response provided is inadequate to address the appeal on its merits.

The response provided completely ignores all of the arguments I put forth in the appeal.

The fight to complete my transition is, quite literally, a fight for my life. I deserve to have thoughtful consideration of the facts and arguments I've put forth to provide meaningful remedy, especially given the potential stakes.

Avoiding the complaint is ▓▓▓▓ deliberate indifference.

Remedy: Re-evaluate the appeal on its merits

| 9/28/2020 | SMaatsch    YS1786 |
|---|---|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

Ø / SMaatsch
#        Signature

**INSTRUCTIONS**

WITH AGENCY CLERK

NOV 04 2020

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 20-6-34534 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Denied:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

It is determined that the response made to you by Dr. Gascon on 9/23/2020 appropriately addresses the issue you presented.

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Michelle Schouest, IISC

_Michelle Schouest_

SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING

_T. Bowden_

SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE

11/3/20
DATE

# EXHIBIT 3

Failure To Provide Treatment For
Sex Reassignment Surgery (SRS)

3A: Request For SRS
3B: Request For Letter of
     Recommendation For SRS

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

AUG 1 7 2020

☐ **Third Party Grievance Alleging Sexual Abuse**   2008-463-144

TO: ☑ Warden   ☐ Assistant Warden   ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| Maatsch | John | J C | Y51786 | Dade C I |
|---------|------|-----|--------|----------|
| Last | First | Middle Initial | DC Number | Institution |

| Part A – Inmate Grievance |
|---|

This is a grievance of a medical nature and is brought under F.A.C. 33-103.006(3)(e).

This grievance is in compliance with the procedural rules of F.A.C. 33-103.006(2)

This grievance contains Ø additional narrative pages as allowed in F.A.C. 33-103.006(2)(c).

This grievance contains 5 pages of 'other pertinent documentation' as allowed in F.A.C. 33-103.006(2)(g).

This grievance is filed under 33-103.006(3)(e) and is not required to have an attached informal step as allowed in F.A.C. 33-103.006(2)(g).

ALL ATTACHED DOCUMENTS ARE EXHIBITS

This is my final attempt to obtain relief on this matter and exhaust my remedies as required in 42 USC 1997e(a).

Issue: This facility is not providing sex reassignment surgery (SRS) as a treatment for my gender dysphoria.

FACTS:

① I am a female. I have gender dysphoria. I am classified as a male-to-female transsexual.

② I have fulfilled the WPATH SoC v7 criteria for SRS [WPATH SoC v7].

③ I have persistent and well documented gender dysphoria [Mental Health Records][See Exhibit 1]

④ I am in the age of majority for the U.S.

⑤ I have been on hormones for over 12 months [Medical Records].

⑥ I still suffer dysfunction in my life due to unresolved gender dysphoria [See Exhibit 2]

⑦ I have completed the real life experience, twice, for a period greater than a year [See Exhibit 3]

⑧ Previous attempts to receive SRS as a treatment have been ignored or intentionally misapprehended.

⑨ Continued delays or failure to provide this necessary treatment will exacerbate mental health condition and put me at risk of suicide or self-harm [Exhibit 4]

Remedy: Provide me with SRS.   (No retaliation. CSU, TCU, moves, transfers are all retaliation)

| 8/17/2020 | S Maatsch   Y51786 |
|-----------|--------------------|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

| Ø | S Maatsch |
|---|-----------|
| # | Signature |

EXHIBIT 3A

INSTRUCTIONS

Persistent and Well-Documented Gender Dysphoria

Exhibit 1
Pg. 1 of 2

I was finally diagnosed with gender dysphoria in late January, 2019. Since that diagnoses my gender dysphoria has persisted, remains at a clinically significant level and is well-documented (though with ▄▄▄ data collection errors) by mental health in their therapy session forms. Below is a summary of my gender dysphoria, other forms of documentation and details of the effects of having male primary sex characteristics.

Summary of Physiological and Behavioral Characteristics Triggering Gender Dysphoria

1) Male Primary Sex Characteristic (e.g. male genitalia)
2) Facial Hair
3) Absence of Breasts
4) Voice, especially issues and pain associated with the mechanical process of producing a female voice
5) Body Hair, especially buttocks, genital area, abdomen, chest, back, arms and legs
6) Mannerisms, Gestures and Behavior, especially uncertainty that the mannerisms, gestures and behavior I use are feminine
7) Communication, especially word choice, colloquialisms and interaction with natal females
8) Large Neck ▄▄ and Presence of Adam's Apple
9) Large Feet
10) Large Hands

Adverse Mental Health and Behavioral Characteristics Due To Gender Dysphoria

Disrupted Sleep Patterns, Disrupted Eating Patterns, Depression, Anxiety, Mania, Emotionally Erratic, Self-Harm Ideation, Suicidal Ideation

Persistent and Well-Documented Gender Dysphoria

Exhibit 1
Pg. 2 of 2

Additional Sources of Documentation of Gender Dysphoria
Requests + Grievances:
      32 instances of mentioning my gender dysphoria
      63 instances of mentioning transition and related treatments,
          including 3 of Sex Reassignment Surgery
      22 instances of mentioning adverse mental health states,
          including 7 about suicidal ideation
Letters, Emails and Telephone Calls with Family and Friends

Behaviors Related to Dysphoria of Male Genitalia
- Avoidance Touching My Genitalia
  - Rather than sitting down to pee like a female, I stand up because when doing so I do not need to touch my genitalia. I am forced to touch them EVERY time I sit down on a toilet.
  - Cursory washing, speed washing, or washing through my gym shorts to minimize touching of my genitalia during a shower.
  - Regardless of reduced libido and functionality, I do not masturbate because I refuse to touch it.
- Avoidance Viewing My Genitalia
  - Thank God prison does not have full length mirrors as I would either have to avoid looking at them. On the other hand I may self-sacrifice my mood to physically shove the thing between my legs so it wouldn't be physical. As a bonus for doing that it looks like I have female genitalia in the mirror.
  - Will only look at it during showering, bathing, using the toilet or other grooming behaviors if I absolutely have to.
- Avoidance of Willingly Allowing Others To See or Touch My Genitalia
  - Will not engage in sexual or intimate activities, period.
  - Will not engage in any social behaviors that could possibly reveal my genitalia (e.g. Spa, Beach, Pool, etc.)

Life Dysfunctions                                          Exhibit 2

The following impairments in my life functions are ones that I am aware of and stem from the dysphoria regarding the continued existence of my male genitalia:

1) Personal Grooming and Behavior: In addition to those grooming behaviors in Exhibit 1, I also avoid changing rooms, especially if trying on clothes that would reveal or suggest the presence of male genitalia.

2) Social Issues: Confidence issues related to shame, disgust of male genitalia. Effects work performance. Avoid friendships. Avoid certain social activities.

3) Intimacy Issues: Refuse to engage in sexual activity, especially to avoid any sexual activity involving the use of my genitalia and intercourse. Avoidance of dating. Avoidance of certain intimate settings.

4) Goal Setting and Actualization: There is only one goal for me - obtain SRS and finish transition. All other goals, including career and family, are on the backburner and ignored.

5) Decision Making: Throughout my life, decisions, especially those made from 2002 onward, were primarily focused on completing transition and, to a high extent, excluded any other critical decision-making factors.

There may be more, but a clinical evaluation against the ICF-6 would be needed to determine that and the severity of these.

Real-Life Experience                                                    Exhibit 3

I have two Real-Life Experiences. The first was from Sep. 2004 through December 2005. The second was June 2019 through ▮▮▮▮ Present. These have provided me the following opportunities to be Sarah:

1) Christmas with Family
2) Vacation to Newport, RI and Martha's Vineyard with Family
3) Halloween Party with Wife, Large Social Setting
4) Vacation with friends to Cleveland
5) Dinner With Friend, and Friend's Family
6) Pool Party, Large Social Setting
7) Dinner in Chicago, Small Social Setting
8) One-on-one Writing Workshop with Natal Female
9) One-on-one Breast Augmentation/Reconstruction Conversation with Natal Female in Cosmetic Surgeon's Office
10) Group Dinner with Natal Females, Small Social Setting
11) Numerous one-on-one interactions with natal males and females
12) Dating with a Male
13) Dating with a Female
14) Failed Attempt at Romantic Relationship with Transwoman
15) Flirting with natal Males
16) Interactions and Activities at a Gym
17) Interactions and Activities at a Park
18) Interactions and Activities at Numerous Stores and Shops, both alone and with female friends
19) Education at Ohio State University
20) Education with Outside Volunteers at Dade CI
21) Civil + Family Court, Ohio
22) Civil + Family Court, Georgia
23) Primary Care Physicians, Psychotherapist, Cosmetic Surgeon, Electrolysis Providers, Laser Hair Removal Providers, etc.
24) Employment Factory Card and Party Outlet
25) Employment Iron Age Shoes

Exhibit 4

# Mental Health Conditions

Exhibit 4

Nevermind the depression, despair, impairment, anxiety, ███████ mania, eating and sleeping issues and other problems stemming from the inadequate mental health and medical treatment of my gender dysphoria.

Lets speak about the deleterious and morbid effects of being a woman with male genitalia.

I need to have female genitalia. I need to have my male genitalia removed forever. Disgust, horror, shame, sickness, despair - these are just some of the terms I can use to describe having this flesh bag between my legs. My need for SRS is the same now as it was in 2003, as it was in 1992, as it was when I was born with the mind of a female. And that is the problem.

I've needed this my whole life. I'm now 40, and I've never been able to live my life the way I was meant to. I'm 40, and I'm watching my life, and the time to possibly enjoy it, slipping away. I'm 40, and I'm watching the prospects of ever being a whole woman disappear behind the horizon

And with each passing day I increasingly think what's the point. I'll never have normal relationships. I'll never have sexual relationships I'll never know the freedom of being able to live a day without the dysphoria and disgust of having male genitalia.

What is the point of living, if I can never live. When the doctor in my second evaluation asked what would happen if they denied me hormones, I replied, "I know how to use the psych emergency process." Its true, but I'm never going to use it for the finale. No amount of psychological emergencies or CSU/TCU inpatient services will ever give me my female genitalia.

That is why I need your help to fix this travesty, that is why I need your help

SKS

## PART B - RESPONSE

463 · 2008-0175

| MAATSCH, JOHN | Y51786 | 2008-463-144 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Grievance has been received, reviewed, and a response is as follows:

Your request has been received in non-compliance with the Department of Corrections rules and regulations Chapter 33-103.014; Inmate Grievance Procedure.

In accordance with Chapter 33-103.014 (1) the grievance may be returned to the inmate without further processing if, (t) The inmate used more than two (2) additional narrative pages.

You may resubmit your grievance in compliance with Chapter 33-103, Inmate Grievance Procedure, if upon receipt of this notification the filing is within time frames allowable.

Based on the above information, your grievance is RETURNED without action.

THIS DOCUMENT MAY CONTAIN CONFIDENTIAL RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

DR. F. PAPILLON, CHO
F. Papillon, MD, MPH
CHO
Dade C.I.

M. CORRALES, AWP

08/19/20
DATE

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | |

Dade C.I.
Inmate Grievance Office

AUG **1 9** 2020

SRS

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED

AUG 21 2020

☐ **Third Party Grievance Alleging Sexual Abuse**  2008-463-206

TO: ☑ Warden   ☐ Assistant Warden   ☐ Secretary, Florida Department of Corrections
From or **IF Alleging Sexual Abuse**, on the behalf of:

Maatsch          John          J                        Y51786                    Dade CI
Last             First         Middle Initial           DC Number                  Institution

**Part A – Inmate Grievance**

This is a grievance of a medical nature and is brought under F.A.C. 33-103.006(3)(e).
This is my final attempt to obtain relief on this matter and exhaust my remedies as required in
42 USC 1997e(a).

Facts: I am female. I have severe gender dysphoria. I need sex reassignment surgery as part of my
gender dysphoria treatment. I have repeatedly taken a good faith effort to obtain this treatment. I
have submitted sick calls. I have repeatedly brought it up in my councillor sessions. I informed
mental health and the GDRT that I needed SRS during my initial gender dysphoria evaluation. I have
provided sufficient information in the formal and informal grievance previously submitted. I have
submitted a request which was never returned. I have submitted an informal grievance (463-
2008-0175) and it was returned. I have submitted a formal grievance (2008-463-144) and it was
returned. At this point this facility knows that I need sex reassignment surgery. This facility
has been made fully aware of this needs and continued delays in not providing this need will
exacerbate my dysphoria and place me at risk of suicide, genital mutilation and other co-morbidities.
Issue: This facility is intentionally ignoring my serious need for sex reassignment surgery.
Remedy: Provide me with SRS.

8/20/2020
DATE

S. Maatsch   Y51786
SIGNATURE OF GRIEVANT AND D.C. #

**BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

∅ , S. Maatsch
#

s form is used for filing a formal griev

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 2008-463-206 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Grievance has been received, reviewed, and a response is as follows:

Sexual reassignment surgery is elective in nature and not medically necessary.

Based on the above information, your grievance is DENIED.

You may appeal and obtain further administrative review of your complaint by acquiring Form DC1-303; Request for Administrative Remedy or Appeal, completing the form and forwarding it with all attachments to the office of the Bureau of Inmate Grievance Appeals, 501 South Calhoun Street, Tallahassee, FL 32399-2500.

THIS DOCUMENT MAY CONTAIN CONFIDENTIAL RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

DR. F. PAPILLON, CHO                                    M. CORRALES, AWP

F. Papillon, MD, MPH
CHO
Dade C.I.

| SIGNATURE AND TYPE OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 08/26/20 DATE |
|---|---|---|

Dade C.I.
Grievance Coordinator
MAILED

AUG 2 6 2020

mets

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

SEP 0 8 2020

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden      ☐ Assistant Warden      ☑ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| Mantsch    John    J | Y51786 | Dade CI |
|---|---|---|
| Last    First    Middle Initial | DC Number | Institution |

20-6-31284

---

Part A – Inmate Grievance

This grievance is brought under F.A.C. 33-103.007 and is an appeal of grievance 2008-463-206.

<u>Issue</u>: The response is inadequate to address the claim on its merits.

<u>Facts</u>: The response provided by respondents Papillon and Corrales is blatant proof of their ignorance of the established science of transgender health care, a reckless disregard for my health and the severe effects of my gender dysphoria on my life, and a violation of established procedure for assessing gender dysphoria treatments established in 403.012.

The response "sex reassignment surgery is elective in nature and not medically necessary" is tantamount to saying my only alternative is "elective" self-surgery or the more serious symptom of G.D - suicide; two recourses that these two particular respondents knew or should have known prior to their response.

<u>Remedy</u>: Re-evaluate my original grievance on its merits.

Nothing

| 8/29/2020 | SMantsch  Y51786 |
|---|---|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

---

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

Ø , SMantsch

\#          Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006,

5RS

MAILED/FILED

OCT 0 9 2020

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 20-6-31284 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Denied:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

Please be advised that request for changes to accommodations go through the multidisciplinary services team (MDST).

You should discuss additional accommodations to treat your gender dysphoria with case manager and the MDST.

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Michelle Schouest, IISC

SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING

T. Bowden
SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE

10/6/20
DATE

+SRS+

# INMATE REQUEST

## STATE OF FLORIDA
## DEPARTMENT OF CORRECTIONS

Mail Number: _____
Team Number: _____
Institution: _____

403 2007 60 527

| TO: (Check One) | ☐ Warden | ☐ Classification | ☑ Medical | ☐ Dental |
| | ☐ Asst. Warden | ☐ Security | ☑ Mental Health | ☐ Other _____ |

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
| | John Maatsch | Y51786 | E1114L | M/M | 7/28/2020 |

## REQUEST

Check here if this is an informal grievance ☑

This grievance is brought under 33-103.005 and challenges an issue occurring that affects me personally as allowed in 33-103.001(d).

[ This grievance is properly addressed to mental health as they are responsible for evaluating transgender inmates for gender dysphoria treatments - even surgery! ]

Issue: On July 7, 2020 I submitted a request to mental health. Requests are supposed to be answered in 15 days. It has been 21 days, a violation of the rules.

Facts: I requested that 6 months prior to release (my release date is 9/27/25), mental health would furnish letters of recommendation for sex reassignment surgery. This request has never been responded to. Mental health professionals have an ethical duty to ensure transgender inmates have continuity of care post release. Failure to provide letters could indefinitely deny access to surgical treatments, placing persons like me at risk for suicide.

Remedy: Provide a response to the original request.

All requests will be handled in one of the following ways:  1) Written Information or  2) Personal Interview.  All informal grievances will be responded to in writing.

Inmate (Signature): S Maatsch      DC#: Y51786

## DO NOT WRITE BELOW THIS LINE

## RESPONSE          EXHIBIT 3B          DATE RECEIVED: JUL 2 9 2020

At this time we do not have any outstanding requests and are answering this [~~this~~] current informal grievance. Information regarding further services out of scope of facility/ recommendation letters will be addressed by GDRT and will be reviewed by them as well as regional for further clarification

Grievance Coordinator
MAILED

AUG 1 3 2020

[The following pertains to informal grievance only:

Based on the above information, your grievance is  Denied  (Returned, Denied, or Approved).  If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Print Name) I. Murga, Psy.D   Clinical Psychologist   DADE CI      Official (Signature): _____   Date: 08/13/20

03-a
Mental
H

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.
Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assist later than 15 days after the grievance is responded to.  If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.
DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

**FLORIDA DEPARTMENT OF CORRECTIONS**

RECEIVED

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

AUG 1 8 2020

☐ **Third Party Grievance Alleging Sexual Abuse**    2008-463-159

TO: ☑ Warden    ☐ Assistant Warden    ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

Maatsch    John    J.C.                Y51786          Dade CI
Last       First    Middle Initial        DC Number        Institution

---

**Part A – Inmate Grievance**

This is an appeal of  463-2007-0527 as allowed in F.A.C. 33-103.006.

Issue: The response provided in 463-2007-0527 continues to put all ▓▓▓▓▓▓
grievances regarding treatment options for gender dysphoria outside the grievance system.
Typical responses include 'contact the GDRT', 'It is the responsibility of the GDRT', 'It will
be addressed by the GDRT', etc. 463-2007-0527 repeats this by saying letters
of recommendation will be addressed and reviewed by the GDRT. By failing to
provide a concrete or known answer you rob me of any ability to seek remedy
via the grievance system, and thus prevent me from seeking relief in court. This is
an intentional action to block me from having access to the courts.

The transgender 'program' has existed since 2017. It is now 3 years later. This is
more than sufficient time for the GDRT and its members to formulate a definitive
statement on which transition/gender dysphoria treatment options they are making
available. Especially given the large volume of grievances ▓▓▓▓▓▓▓▓ produced
by myself and other transgender inmates regarding gender dysphoria treatments,
the GDRT and the facility should have created a formal statement or standard
response. You should know the answer to these questions at this time. Your
continued ambiguity and disinterest only serves to exacerbate my gender dysphoria.
Furthermore, it is well within your scope of duties to contact the GDRT directly to
be able to provide a meaningful response other than 'I don't know' and
'It's not my responsibility.'

Remedy: Provide letters of recommendation for sex reassignment surgery to the
        inmates nearing their EOS date, as a continuity of care provision.

8/17/2020                                    S Maatsch  Y51786
DATE                                  SIGNATURE OF GRIEVANT AND D.C. #

---

**BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**    Ø , S Maatsch
                                                                              #         Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006,

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 2008-463-159 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Grievance has been received, reviewed, and a response is as follows:

You met with your counselor, Ms. Rodriguez, the outpatient supervising psychologist, Dr. Murga, and the director of psychological services, Dr. Gascon, on 09/01/2020 to address these concerns in person. It was clarified that outpatient mental health treatment for patients diagnosed with Gender Dysphoria is individualized to their treatment plan and based on their individual needs. As of now, SRS is not listed on policy but the GD policy is continuously being reviewed by the GDRT team and revised. We are aware of your concerns and how the uncertainty is affecting you and encourage you to continue working with the outpatient mental health treatment team to establish and solidify coping skills.

Based on the above information, your grievance is DENIED.

You may appeal and obtain further administrative review of your complaint by acquiring Form DC1-303; Request for Administrative Remedy or Appeal, completing the form and forwarding it with all attachments to the office of the Bureau of Inmate Grievance Appeals, 501 South Calhoun Street, Tallahassee, FL 32399-2500.

THIS DOCUMENT MAY CONTAIN CONFIDENTIAL RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

DR. L. GASCON, PSY. D.                          M. CORRALES, AWP

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 09/04/20 DATE |
|---|---|---|

L. Gascon Psy D.
Clinical Psychologist
Dade C.I.

Dade C.I
Grievance Coordinator
MAILED

SEP 0 4 2020

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

**RECEIVED**

SEP 2 2 2020

Department of Corrections
Inmate Grievance Appeals

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden     ☐ Assistant Warden     ☑ Secretary, Florida Department of Corrections

From or **IF** Alleging Sexual Abuse, on the behalf of:

| Maatsch | John | JC | Y51786 | Dade CI |
|---|---|---|---|---|
| Last | First | Middle Initial | DC Number | Institution |

20-6-32967

---

**Part A – Inmate Grievance**

This grievance is brought under F.A.C. 33-103.007 and is an appeal of 2008-463-159.

Issue: The response provided in 2008-463-159 is inadequate to address the grievance on its merits.

Facts: The entire response in 2008-463-159 is hinged on the singular fact that SRS is not in the current GD policy.

SRS is not a 'policy'. It is a life-saving medical intervention for gender dysphoria that has life-long beneficial mental health effects, reduction and elimination of suicidal ideation or self-harm ideation, and improved quality of life with very low regret rates and complication rates.

All of this can be verified by consulting modern gender dysphoria research.

Even the WPATH states "sex reassignment surgery is medically necessary to alleviate gender dysphoria" in some individuals

There is a reason why SRS is a surgery still being performed 70 years after the first surgery on Christine Sorgenson, and more people are seeking the surgery every year.

The Florida Department of Correction is on the wrong side of science.
Remedy: Add SRS to the GD policy, and my complaint will be solved.

| 9/14/2020 | SMaatsch Y51786 |
|---|---|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

---

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

Ø , SMaatsch

| # | Signature |

**INSTRUCTIONS**

MAILED/FILED
WITH AGENCY CLERK

OCT 2 1 2020

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 20-6-32967 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Denied:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

It is determined that the response made to you on 9/4/2020 appropriately addresses the issue you presented.

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Michelle Schouest, IISC

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |
|---|---|---|
| *Michelle Schouest* | *T. Bowden* | 10/19/20 |

# EXHIBIT 4

Precautionary Transfer To Female
Prison To Ensure Proper Safety

sec DI

INMATE REQUEST

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

AW 463-1905- 0202

Mail Number: _____
Team Number: _____
Institution: _____

.TO:          ☐ Warden            ☐ Classification   ☐ Medical         ☐ Dental
(Check One)   ☑ Asst. Warden      ☐ Security          ☐ Mental Health   ☐ Other _____

| FROM: | Inmate Name John Maatsch | DC Number Y51786 | Quarters E1122W | Job Assignment H/M | Date 5/22/19 |

REQUEST                                              Check here if this is an informal grievance ☑

Dear Sir,

While not currently in fear, several concerns directly contribute to a hostile and
dangerous environment for myself (and other transgender inmates):
• Ongoing housing with known predatory people, such as gang members, who continue
to prey upon transgender inmates. I've had to, on a few occasions, rebuff unwanted
advances. ~~[redacted]~~
• Ongoing delays or outright denial of essential transition services beyond hormone replacement
therapy, which precludes possible reclassification to a female prison
Finally, this facility has decided not to segregate us due to PREA limitations, exacerbating the
exigent issues. I'm asking to sign a consent decree, as allowed by PREA, to house
transgender inmates in a separate dorm or facility.

All requests will be handled in one of the following ways: 1) Written Information or  2) Personal Interview. All
informal grievances will be responded to in writing.

Inmate (Signature) Sarah Maatsch                           DC#: Y51786

DO NOT WRITE BELOW THIS LINE

RESPONSE    EXHIBIT 4                    DATE RECEIVED: MAY 23 2019

Inmate Maatsch,

       After further investigating the nature of your grievance, our findings indicate that
based on an abundance of precaution, it is not a common practice for the Department to
segregate the transgender inmate population in a separate dormitory. This is done to
prevent any type of discrimination taking place based on sexual orientation, and due to
other security concerns, as well. At this time, your request for all transgender inmates to be
housed in their own dormitory is DENIED.

                                                                    JUN 05 2019

[The following pertains to informal grievances only]       DENIED
Based on the above information, your grievance is _____ (Returned, Denied or Approved). If your informal grievance is denied,
you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

Official (Print Name): G. Sanchez      Official (Signature): G Sanchez      Date: 06/05/2019

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as
required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no
later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)            Incorporated by Reference in Rule 33-103.005, F.A.C.

DC-W
SEC /AWP.

Segregation Issue
Discrimination
Wakulla CI does it
Safety/Security over issue

Sec 04

## PART B - RESPONSE

| MAATSCH, JOHN | Y51786 | 1906-463-040 | DADE C.I. | E1122U |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Grievance has been received, reviewed, and a response is as follows:

After further investigating the nature of your grievance, our findings indicate that the response provided to you on Informal Grievance # 463-1905-0202 adequately addresses the issue you have put forward in this appeal.

Based on the above information, your grievance is DENIED.

You may appeal and obtain further administrative review of your complaint by acquiring Form DC1-303; Request for Administrative Remedy or Appeal, completing the form and forwarding it with all attachments to the office of the Bureau of Inmate Grievance Appeals, 501 South Calhoun Street, Tallahassee, FL 32399-2500.

A. Martinez
M. CORRALES, AWP

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 06/10/2019 |
|---|---|---|
| | | DATE |

JUN 10 2019

Sec DI

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

JUN 1 0 2019

☐ **Third Party Grievance Alleging Sexual Abuse**   1906-463-040

TO: ☐ Warden   ☑ Assistant Warden   ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

Maatsch   John   J.C.          Y51786          Dade CI
Last      First   Middle Initial     DC Number          Institution

---

Part A – Inmate Grievance

This is being written as an appeal to informal grievance 463-1905-0202. I understand that under 28 CFR 115.42(g) the Department of Corrections cannot mandate segregated housing for transgender inmates. However, the same PREA rule allows for voluntary "segregation" for the protection of transgender inmates with the creation of a consent decree. I present the following:

1. I am diagnosed transgender and so have standing to argue the merits.

2. Transgender inmates are at high risk for sexual victimization.

3. Gang members are at high risk to commit sexual abuse or other aggressive acts.

4. This facility has a high number of gang members.

5. Gang members and transgender inmates are intermixed in dorms/wings throughout the compound and such intermixing is a blatant violation of 28 CFR 115.42 (a).

6. Individually, while not currently in danger of an imminent act, I do face sexual harassment on a daily basis. As my body feminizes from hormone therapy, the risk that harrasment will become attempts at abuse or assault increases.

7. It is a matter of when, not if, I or another transgender inmate will experience an attempted assault so long as we continue to be housed with gang members and other predatory inmates.

I have been notified I do not meet the qualifications under 28 CFR 115.42(c) to be transferred to a female facility, though I have repeatedly stated I would feel safer in such a facility. Therefore it is essential to the safety, security and mental health of myself and other transgender inmates that we be housed separately in a wing, dorm or facility per 28 CFR 115.42 (g). Movement to a housing assignment other than my current housing is retaliation. Remedy: Create a consent decree that allows for voluntary separate housing of transgender inmates as allowed under 28 CFR 115.42(g).

6/9/19                                    Sarah Maslah  Y51786
DATE                              SIGNATURE OF GRIEVANT AND D.C. #

---

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

Ø / Sarah Maatsch
#        Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006,

Sec. 81

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ **Third Party Grievance Alleging Sexual Abuse**

RECEIVED
JUN 20 2019
Department of Corrections
Inmate Grievance Appeals

TO: ☑ Warden    ☐ Assistant Warden    ☑ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| Muitsch  John    J  C | Y51786 | |
|---|---|---|
| Last    First    Middle Initial | DC Number | Institution |

19-6-23517

## Part A – Inmate Grievance

This is an appeal of formal grievance 1406-463-040. In informal grievance 463-1905-0202, respondent Sanchez gave two arguments (affirmed in the formal grievance by Asst Warden (Martinez) as to why approved gender dysphoria inmates (GD inmates hereafter) cannot be housed in the same wing. I rebut these arguments here:

A1: An abundance of precaution to prevent discrimination based on sexual orientation.

R1: I give respondent Sanchez the benefit of the doubt and presume respondent meant 'gender identity' instead of 'sexual orientation', given the vast difference between the two. The rebuttal, then, is two parts:

a. Voluntary selection into a program is not discrimination. A consent decree is not a mandated program. It is a mutually agreed upon charter open to all members of a particular group (here GD inmates) but participation is mandatory only if a member voluntarily signs on.

b. Government may discriminate as long as it furthers a legitimate interest and is the least restrictive means to achieve those ends.

i. Protecting inmates from violence at the hands of other inmates is a legitimate interest and is mandated by the constitution (Farmer v. Brennan 511 us 825 quoting Cortes-Quinones vs Jimenez-Nettleship 842 F. 2d 556, Hudson vs Palmer 486 US 517 and Rhodes vs Chapman 452 US 337)

ii. Current means to meet the unique challenges of protecting GD inmates, and LGBT inmates in general, are not working. Reference incident reports for assaults on the recreation yard and in north side dormitories. Also review the number of GD inmates and inmates awaiting their gender dysphoria evaluation in administrative confinement and temporary protective management.

iii. A consent decree offers a better solution than current means and is less restrictive than others. Relocating GD inmates in a single housing unit would allow for better security management. Other means, such as transferring all predatory inmates or placing all GD inmates in protective management are over-engineered and costly.

A2: An abundance of precaution for "other security concerns".

R2: This argument must be rejected immediately. Respondent Sanchez leaves no room    (continued)

| 6/16/2019 | Sarah M Muitsch    Y51786 |
|---|---|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

☑ 1  Sarah M Muitsch

Sec 01

# GRIEVANCE CONTINUATION

Name: John Maatsch    DC# Y51786    Date: 6/16/2019

☐ Informal    ☒ Formal    ☑ Central Office

current setup, the history of the compound and the arguments here is, I categorically answer this.

Remedy: Create a casual device (sample provision below) for the cel.related housing at 6' inches away from gang member and predatory inmates for a ___ + 2X CPS per (a), as defined in 1921 at (c), and explain the "other security concerns" so they may be evaluated.

I am NOT in immediate danger. I am NOT requesting protective management. I am NOT checking in. Involuntary segregation in protective management or close custody confinement will be considered retaliation. Being moved to different housing will be considered retaliation unless requested by me. Transfer to another facility except a lower security will be considered retaliation. Any other action by which I am not cleared of this facility ~~[struck through]~~ directed at me will be considered retaliation.

Retaliation is illegal under the law.

[Sample provision: Device Provision]

1. Designation of a wing where 6' inmates may be housed at each gender/population site.

2. Process for 6' inmates to voluntarily sign a count of being housed in the wing and assurance they will be moved in or out within 48 hours.

3. Process to ensure 6' inmates are housed together or alone and allowance for 6' inmates to evidently select their cellmate / cell mate.

4. Process to ensure the remaining bunks/cells are occupied by inmates who are not gang members, have no history of sexual assaults, abuse or transgressed, are not listed as predators in the classification risk assessment, and who do not have a known interest or relationship with the 6' inmate.

5. Process to ensure 6' inmates are never drop searched or dogpiled/strip searched or packed in count near cellmate.

6. Process to have specially trained officers in the housing supervision.

7. Process to inspect positions and/or units to not allow and have them moved/fire their law enforcement

Sec D-I

**MAILED/FILED
WITH AGENCY CLERK**

**JUN 2 8 2019**

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 19-6-23517 | DADE C.I. | E1122U |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Your administrative appeal has been reviewed and evaluated. The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.

Your appeal presents allegations and/or charges that have not been previously addressed at the institution. This is an appellate review process; it is not appropriate to raise new allegations, charges and facts that the previous decision maker (institution) has not had an opportunity to investigate and respond to.

Your administrative appeal is denied.

J. ADAMS

_____

SIGNATURE AND TYPED OR PRINTED NAME OF
EMPLOYEE RESPONDING

*J. Adams*

SIGNATURE OF WARDEN, ASST.
WARDEN, OR SECRETARY'S
REPRESENTATIVE

6/26/19

DATE

# EXHIBIT 5

## PREDATORY ENVIRONMENT

5A: Approved Without Recourse
5B: Follow Up Denied

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

# INMATE REQUEST

463-2007-0109

Mail Number: _____
Team Number: _____
Institution: _____

TO: (Check One)
☑ Warden
☐ Asst. Warden
☐ Classification
☐ Security
☐ Medical
☐ Mental Health
☐ Dental
☐ Other _____

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | John Maatsch | Y51786 | E1114L | H/M | 6/29/2020 |

## REQUEST

Check here if this is an informal grievance ☑

This informal grievance is brought under 33-103.005 and directed to the Warden due to his statutory duty under F.S. 944.09(6) and 944.14. I challenge the conditions of care as allowed in 33-103.001(4)(e). Specifically, I claim that the conditions of care are unsafe, inhumane and allow predatory inmates free rein to prey upon me and all transgender inmates, a violation of F.S. 20.315, 28 CFR 115 and 33-602.101 [Exhibit 7 contains relevant case law. There are 11 exhibits over ____ pages total.]

Two facts support my claim: 1) The unsafe conditions engendered by housing predatory inmates in the same wing (and compound) as myself and other transgender inmates; and 2) The inhumane conditions created by exposure to threats, hate speech and verbal and sexual harassment arising from this

In addition to the ever present threat of violence or worse, I have suffered psychological distress which exacerbates my gender dysphoria and is causing depression, PTSD and suicidal ideation and thoughts of self-harm and violence. Exhibit 1 shows just a small sampling from the week of 6/14 of the types of harassment I've experienced. A few days after those, an inmate I've never spoken with previously, Scott Malsky, approached me and said, "I would love the chance to suck your dick." This is the world I've been forced to endure for the past 26 months. Administration should know, as each department has been told that a transwoman with a feminine appearance (Exhibit 2) would become an object of lust and hatred in (cont.)

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): SMaatsch          DC#: Y51786

---

**DO NOT WRITE BELOW THIS LINE**

## RESPONSE

EXHIBIT S.A

DATE RECEIVED:

Dade C.I.
Assistant Warden of Programs
RECEIVED
JUL 07 2020

Please Be Advised

The following incidents will
Be Properly Reported

Mandyan

Dade C.I.
Grievance Coordinator
MAILED
JUL 21 2020

[The following pertains to informal grievances]

APPROVED

Based on the above information, your grievance is _____ (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Print Name): Orlei Charles     Official (Signature): O. Charles     Date: 7/20/20

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

06-W
Security

Predatory Environment

John Maatsch        Y51786
                    DC#

the sexually charged atmosphere of a predator's paradise.

I have grieved this environment and the risk of predatory inmates 5 separate times (Exhibit 3). Despite being a facility for vulnerable transgender and ADA inmates, Dade CI continues to be a dumping ground for gang members, CM realeses and violent inmates. These inmates are a known danger to myself and other transwomen due to our feminine appearance and their ignorance, lust and hate. In E-1, where I have resided for 17 months, there are currently 21 gang members and several violent lifers. Dade CI has several gangs and other types of predators which are capable of dangerous acts (Exhibit 4).

Because of this environment I have been stalked, threatened, and harassed repeatedly by these predators. Exhibit 5 provides a partial list of these predators and their actions. Travis Jones, angry that I would not be his girlfriend, cornered me and threatened to have gang members stab me. An inmate on the rec yard exposed his penis to me and started masturbating. Billie 'Preacher', angry that I-being transgender-can shower during count, promised violence if I didn't let him shower at the same time so he could masturbate to me. I've found ways to defuse the situation but several times I've had to pick up an object as deterrent. My muscle mass has diminished due to years of hormone therapy; a male could easily over-power me. Eventually, if the environment remains unchanged, my luck will catastrophically end in assault, rape or murder.

In addition to the harassment I've experienced, my body also gets exposed to these predators while I am showering (grieved elsewhere). Exhibit 6 lists these voyeurs as well as others who have entered the shower area. 15 of the 49 inmates listed in Exhibit 5 are also predators that stalk me as I shower. Each day my body is stared at, sexually objectified, demeaned or dehumanized in an attack on my psyche. After more than 2 years this has taken a toll on me: I don't trust males. Every time a male gets near my anxiety goes into overdrive. I avoid socializing with inmates. I lay in bed for many hours. I can't concentrate. I overeat. I have felt like removing my testicles. I have felt like killing myself. No staff member would allow thier daughter's, wives or mothers to live in this environment-they would be outraged. The changing standards of decency in light of #MeToo, the Million Woman March and national attitudes would not tolerate this toxic masculinity, bigotry and outright disregard for safety. Yet prisons condone this type of behavior to the detriment of myself, other transwomen, rehabilitation and civility. Placing myself, and any other transwoman, in the middle of this destructive culture is invitation for horrific consequences and is an artifact of institutionalized bigotry. "Transwomen aren't really women, they are men." I am a woman, and another year of this environment and I doubt my sanity or the sanctity of my body will be intact.

[Exhibit 8 is a personal statement. Exhibits 9, 10, 11 attest to the veracity of these claims.]

Remedy: Take any and every action necessary to resolve this issue. Below are some possible suggestions to resolve the issue. [Note: These are not additional issues] A. Send me to a female facility. B. Send me to be housed with female-to-male (FtM) transgender inmates. C. Create a dorm, wing or facility free of predatory inmates for transgender inmates (e.g. no gang members, CM releases, non-transgender S.O.s, non-transgender inmates with a history of violence or sexual misconduct.

Retaliation is illegal. Placing me in a different housing environment, given the endemic and systemic nature of the problem, without addressing it will simply exacerbate the harassment I am experiencing so housing changes, transfers, AC, PM are pointless and retaliatory. Revelation of the information contained herein would recklessly endanger my life and thus be retaliatory.

Chronology of Events 6/14-6/21                                    Exhibit 1

\* Names withheld or Initials provided where Risks of Violent Retaliation is Too High

6/21: At 12:40 am, after getting up to use the bathroom, L.k., a Folk Nation member, kept calling my name from the last stall trying to invite me over. I ignored him, but this has been an ongoing problem since 11/2019 as he has tried to make me his girlfriend. His come ons and harassment are relentless for about a week every month, then my repeated rejections and warnings finally get him to stop for a few weeks. It has been exhausting dealing with this individual. A complaint about this inmate was emailed by mental health to AW Corrales roughly in 5/2019.

6/20: Bobbie Bruce walked right up to the bathroom stall where I was urinating just to ask if I had a particular canteen item. I had to scramble to cover my genitals and was forced to cease urinating in the middle of doing so. This is the third time Bobbie has done or said something inappropriate. In mid-May he made sexual statements about how he feels when he sees legs like mine. At the end of March he told me I should wash his back since I am the woman and he is the man. He's been warned each time not to continue his behavior.

6/20: On each of these four days, a member of Folk Nation, made dorm wide
6/19 announcements or spoke very loudly, declaring that transgender inmates are
6/18 just men. On three occasions he said transgender inmates are men because they
6/17 stand up to pee, even going so far as to say he knows because ▓▓▓▓▓, he
sees the transgender inmates in the bathroom all the time and watches them.
The latter is creepy. The statements made were designed to alter the perceptions
and attitudes of other inmates toward transgender inmates. It also adds to the
distress and depression of gender dysphoria. Earlier in the month, when the Supreme
Court and Trump orders in reference to transgender health and discrimination issues were
being discussed on TV he said quite loudly "Fuck transgenders and their health,
what about blacks?"

6/19: Morris Sapp entered the bathroom to use the front sink during transgender
shower time. I had finished showering, but a transgender inmate was naked
and trying to don clothes. Morris Sapp turned his head to stare at the naked
transgender inmate, but I blocked his view with mine. On 6/15, in the same

week, Morris Sapp came into the 'bathroom' side of the bathroom/shower area to ostensibly wash his dishes during transgender shower time. He used the opportunity to stare over the bathroom counter top at myself and another transgender inmate.

6/14: Christopher Hernandez has repeatedly walked circles in the dayroom and walked in and out of the bathroom while transgender inmates are showering. On this day, as he was leaving the bathroom area, having already passed the shower area, he unmistakenly turned his head to look back at me showering. This behavior has been ongoing for a couple weeks.

Physical Appearance of Grievant                                    Exhibit 2

Name: John Maatsch     DoC#: Y51786

   40-year-old male-to-female transsexual (transwoman) of height 6'1.25"
and weight currently at 182 lbs. Facial features were feminized during Facial
Feminization Surgery with Dr. Osterhout in 2003. Feminine facial features include
no brow ridge, lower scalp line, petite nose, rounded jaw line and narrow chin.
Further feminization of fat tissue in cheeks and jaw due to hormone therapy
creates a highly feminine countenance. Hair is parti-colored and roughly shoulder
length and exhibits minor thinning near scalp-line on forehead.
   Physical features are lanky and slender though hormone therapy has
feminized buttocks, hips and thighs due to fat redistribution. Physical feminization
has proceeded consistent with male-to-female estrogen therapy expectations. There
is a lack of breast development due to total mastectomy earlier in life.
   Overall, despite lack of breast development, grievant appears female.

# Previous Attempts to Address Concerns          Exhibit 3

| Grievances | Issue | Result |
|---|---|---|
| 463-2001-0272 | Place TG Gang members in higher housing | Denied |
| 2002-463-080 | Separate predatory inmates from TG inmates | Denied |
| 463-1905-0202 | Separate housing for TG inmates | Denied |
| 1906-463-040 | Separate housing for TG inmates | Denied |
| 19-6-23517 | Separate housing for TG inmates | Denied |

## Mental Health Complaints of Harrasment

| | |
|---|---|
| 4/2019 | Harrasment from Larry King |
| 5/2019 | Harrasment from Larry King w/ Email sent to AW Corrales |
| 9/2019 | Interpersonal Issues in Dorm |
| 10/2019 | Privacy Issues, esp. re: Shower |
| 12/2019 | Threats In the Dorm |
| 2/2020 | Increased Sexual Harrasment |
| 4/2020 | Threats and Sexual Harrasment |
| 5/2020 | Aftermath of Sexual Harrasment |

## Other

| | |
|---|---|
| 6/2019 | Request to be sent to a female facility due to harrasment |
| 1/2020 | Request to be sent to a female facility due to harrasment |

In regards to the Travis Jones sexual harrasment, coercion and threats that took place 2/1/2020 - 4/30/2020, the following security staff were aware of the issue:

Captain B. Williams, Sgt Dupree, Sgt Bryant, Sgt Saunders

additionally Dr. Gascon and Mrs. Rodriguez in mental health were made aware of the Travis Jones issue.

Exhibit 4

# List of Predatory Inmates and Possible Victimizations Exhibit 4

| Gangs | Possible Victimization |
|---|---|
| MS-13<br>Latin Kings<br>Neta<br>Bloods<br>Crips<br>Hebrew Israelites<br>Unforgiven | All have rules against friendships/relationships with transgender persons. Contact allowed in some circumstances. Due to transphobic views often target transpeople for some form of crime.<br><br>Gang initiation rituals, extortion, protection rackets, theft, destruction of property, verbal harrasment, assault, assault w/ deadly weapon, murder, rape. |
| Sexual Predators (Non-Transgender Inmates) | Possible Victimizations |
| Sentenced with a Sex Crime (eg. S.O.) (against adults)<br>DR History of Sexual Misconduct<br>PREA History | Extortion for Sex, Verbal Harrasment, Sexual Harrasment, Sexual Assault/Abuse/Rape, assault, murder |
| Other Predators (Non-Transgender Inmates) | Possible Victimizations |
| Violent DR History<br>CM History<br>Trans-phobes and Anti-trans individuals<br>Moral and Religious 'Objectors' | Extortion, Coercion, Theft, Destruction of Property, Verbal Harrasment, Sexual Harrasment, Physical Assault, Murder |

List of Inmates Contributing to Harassing and Stressful Environment  Exhibit 5

Due to the sensitive nature of this document certain names have been obscured in categories to protect myself from reprisals, violent or otherwise. These categories are listed below. Distinct numbers appearing next to a category indicate a unique individual. Names or housing assignments can be provided in person upon request.

A: Gang Affiliated   CJ: Compound Trusted Job   FN: Folk Nation
LK: Latin King   V: High Risk of Violence / Life Sentence

Legend: By each name a series of symbols appears indicating the behaviors and actions of that person. The symbols are defined below:
(at) Anti-Trans Comments; (ati) Anti-Trans Comments Inciting to Violence; (i) inappropriate touching; (sa) sexual advances/come-ons; (svh) sexual verbal harassm; (t) threats; (vh) verbal harassment; and (r) for repeating offenders
*Some inmates on this list are deceased or have been transferred. They are left on here to show that harassment has continued over time.

| Name | Symbols | Name | Symbols |
|---|---|---|---|
| Travis Jones | (t)(i)(sa)(svh)(vh)(r) | F.N.#1 | (ati)(at)(r) |
| F.N.#2 | (t)(ati)(sa)(svh)(vh)(r) | V#1 | (ati)(vh)(at)(r) |
| Ira Strickland | (t)(ati)(vh)(at)(r) | 'Dread' | (ati)(sa)(svh)(at)(r) |
| A#2 | (t)(ati)(at)(r) | Salvo | (ati)(at)(r) |
| A#10 | (t)(ati)(at)(vh)(r) | Chester | (ati)(at)(r) |
| A#4 | (t)(ati)(at)(r) | 'Seattle' | (ati)(at)(r) |
| V#2 | (t)(ati)(at)(r) | John Douglas | (ati)(at)(r) |
| Billie 'Preacher' | (t)(ati)(at)(r) | CJ#6 | (ati)(sa)(at)(r) |
| ███ V#3 | (t) | Casey Barnes | (sa)(svh)(at)(r) |
| CJ#7 | (t) | Morris Sapp | (sa)(svh)(vh)(r) |
| Posey | (t)(vh)(r) | Scott Malsky | (sa)(svh)(r) |
| Cora | (t)(at)(r) | CJ#8 | (sa)(vh)(at) |
| Seeley | (t)(vh)(at) | Miller | (sa) |
| Harris | (i)(sa)(r) | Robinson | (sa)(r) |
| John McIntyre | (i) | 'Carolina' | (sa) |
| CJ#2 | (ati)(vh)(at)(r) | 'Orlando' | (sa) |
| CJ#4 | (ati)(at)(r) | Woods | (sa)(at)(r) |

(cont. on back)

| | | | |
|---|---|---|---|
| Vaughan | (sa)(r) | A#6 | (at)(r) |
| Isaiah Thomas | (svh)(vh)(r) | Roman | (at)(r) |
| A#8 | (svh)(vh)(r) | Moody | (at)(r) |
| A#1 | (vh) | Williams | (at) |
| A#7 | (at)(r) | CJ#5 | (at) |
| LK#1 | (at)(r) | A#5 | (at) |
| LK#2 | (at)(r) | Lk#3 | (at) |
| A#3 | (at)(r) | | |

\* Currently there are 27 out of 69 non-transgender inmates who either have anti-transgender attitudes or have to some degree harassed, sexually or otherwise, me at some point, here in E-1. 12 of those 27 are gang members.

\* The preponderance of violent threats come from inmates holding violent anti-transgender beliefs. Of 17 inmates expressing violent anti-transgender attitudes, 7 have directly threatened physical violence, 4 of those (25% of those expressing violent anti-transgender beliefs) are gang members.

\* Of the 49 inmates listed above; 29 are anti-transgender (violent or not) with 12 being gang members; 13 are sexual harassers or predators, 1 being a gang member; 7 have expressed anti-transgender beliefs AND sexually harassed me, 1 being a gang member.

\* This is just a count of the people whose name or nickname I was able to get. Dozens more are on this compound who have made sexually harassing comments to me.

Inmates Entering Shower or Bathroom During Transgender Shower Times   Exhibit 6

The categories from exhibit 5 carry over to this exhibit. If a category and number appear in both exhibit 5 and exhibit 6, please note they are the same person.

Though transgender inmates are supposed to shower separately, inmates enter the shower and bathroom areas nearly every time [Handled in a separate grievance line]. Those entering the shower area do so for three reasons: a) to view transgender inmates while they are naked; b) out of disdain for transgender inmates; and, c) lack of knowledge about the rules or momentary lapse in memory of the rule. Those entering bathroom area often genuinely do so to use the bathroom, however, some do so to find a position where they can watch the naked transgender inmates. We always ask those entering the shower areas to leave. Their responses are varied. The following symbols below are designed to show how inmates respond to our request to leave. There is also a symbol for those that enter the shower or bathroom area for voyeur purposes.

Legend: (a) inmate was amenable and respectful to any requests for them to exit the shower area; (c) inmate was combative or belligerent towards the request; (t) those inmates that used threat of physical violence to try to make me back down from my request; (v) inmate is a voyeur.

F.N.#2 (t)(v)
Ira Strickland (t)
Billie 'Preacher (t)
Tommy          (t)
Christopher Hernandez (v)(c)
Morris Sapp        (v)(c)
Bobbie Bruce       (v)(a)
Woods              (v)(a)
A#8                (v)(a)
V#1                (v)
Barnes             (v)
A#10               (v)

CJ#6    (v)
'Orlando' (v)
Darryl Jackson (v)
Clarence Jackson (v)
Harris      (v)
Isaiah Thomas (v)
CJ#8        (v)
Posey       (c)
Cora        (c)
Brian       (a)
Holloway    (a)
CJ#9        (a)

'DC'   (a)

*18 of the 16 voyeurs currently live in E-1. Not all are currently active.

# Relevant Case Law & Science                    Exhibit #7

The case law on the susceptibility of transgender inmates to physical attack, the necessity of taking reasonable steps to protect transgender inmates, and deliberate indifference to a substantial risk of harm is well settled.

Farmer vs. Brennan, 511 U.S. 825          Green vs. Bowles, 361 F. 3rd 290, 294

Lojan vs. Crumbsie, 12 CV 0326 LAP

Green vs. Brown, 361 F.3d 290 293-95    [Note: This is a small sampling of]

Green vs. Hooks, 6:13-cv-17, S.D. Ga.    [cases stemming from Farmer]

Case Law showing that repeated verbal harassment from an individual: Beal vs. Foster, 803 F.3d 356, 359

## Science Regarding Harassment and Prejudice toward Transgender Persons
[Note: This is a small sampling of the relevant sciences]

Social stigma toward gender non-conformity. (Winter et al. 2009) (ref WPATH SoC v7)

Stigma can lead to prejudice, discrimination and 'minority stress'. (I.H. Meyer, 2003)

Minority stress is chronic and causes vulnerability to anxiety and depression.

Institute of Medicine (2011) The health of lesbian, gay, bisexual and transgender people: Building a foundation for better understanding. Washington, DC: The National Academy Presses

## Science Regarding Mental Health Concerns
[Note: This is a small sampling of the relevant science]

Patients with gender dysphoria may struggle with a range of mental health concerns

Gomez-Gil E., Trilla, A., Salamero, M., Godás T., & Valdes, M. (2009) Sociodemographic, clinical, and psychiatric characteristics of transsexuals from Spain. Archives of Sexual Behavior.

It may be related to gender dysphoria or a long history of chronic minority stress.

(Murad et. al, 2010) (Ref: WPATH SoC v. 7 pg. 24)

Possible concerns include anxiety, depression, self-harm, compulsivity, substance abuse, sexual concerns, personality disorders, eating disorders, psychotic disorders and PTSD.

(Nuttbrock et al. 2010) and (Robinow 2009) (Ref: WPATH SoC v7 pg. 24) also,

Bockting, W. O., Knudson, G. & Goldberg, J. M. (2006) Counseling and mental health care for transgender adults and loved ones. International Journal of Transgenderism.

Informal and Personal Statement on the Mental Health Effects of the Housing Environment

How much can a girl take before she snaps?

Each day I pray that the white coated doctors will arrive to announce the end of this horrific housing experiment. The only possible reason that the Department would house, willy-nilly, transitioning women in the midst of a quagmire of toxic masculinity is because they are experimenting in the social sciences. Well, a little over two years into it and I'm ready to fall apart.

Threats of violence. Threats of murder. Threats of transfers, confinement, starvation. "Transgenders ain't human." "Fuck transgenders and their health care." "Transgenders deserve to be raped." "Transgenders deserve to be killed." "Transgenders are just faggots." "You want to be a girl you shouldna come to a men's prison." "You want to be a girl I'll show you how." "You're just a man." "Sissy." "Punk." "Faggot." "Boy." "Hey girl I just want to eat you up from head to toe." "Hey, so I would love the chance to suck your dick." "You get down?" "Hey boy, I want to slide it right inside you." Ad. Nauseum.

Take your pick. Every. Single. Day. One of these or like-minded statements is made within ear shot of me. It is exhausting. For each one I either have to take the hit of having heard it but ignoring it to avoid escalation or deal with it.

Threats must be dealt with. Sometimes words work. One time I picked up a locker. One time I picked up a broom. One time I picked up a rock. Another time I punched a wall and ~~will~~ will be paying for that injury until I die. Each of these is a cut to my psyche. I should not, as a matter of course, have to be ready to commit violence just to make it through a week. I'm supposed to be rehabilitating myself.

The weight of having to hear the majority's disdain for me every day is crushing. I have done nothing to them, yet, for my mere existence, they hate me. They want to hurt me. They want to fuck me.

The only person I can turn to as a means of making it through the day is the only other transgender person in the wing: Claire Hanson. But there is only so much we can do for each other, in the end she's going through the same thing I am. We are alone amongst 69 other human beings. Even the few people who'd like to get to know us as individuals get harassed and pressured to not speak to me.

Most days I sleep as much as I can. When I'm asleep I don't have to deal with the barrage of male toxicity. When I'm awake I have (cont. on back)

a hard time concentrating on daily tasks or my projects. Oh, and keep food away from me because everything is at risk of being devoured. Sometimes I cry. Sometimes I make loud noises. Sometimes I do both. All that runs through my head is the nonsense I have to endure being a transwoman in prison and all the possible ways I can end it.

I pray that they'll just let me pay for my sex change so I can be done with transition and be moved to a female facility. Sometimes I think removing my testicles will accomplish the same thing. At the very least it will remove the horrible things and send me to the hospital where for a little while so I can escape the male hostility – and I'll be halfway on the path to ultimate sex reassignment surgery. Then other times I think what's the point because HOW CAN I ENDURE 5 MORE YEARS OF THIS? I'll be broken by then and a different person – so why not just end it and be done with this crap. Heh, at least my gender dysphoria would be cured. One thing is certain, if the status quo is maintained I won't have the ability to make rational choices anymore

EXHIBIT 1

I, Israel Camacho (694700), hereby swear and certify that the following is a true and correct copy of an official witness statement that I myself wrote on June 25th, 2020.

Israel Camacho 694700
Israel Camacho 6/30/20

I, Israel Camacho, hereby swear under penalty of perjury that the following statement is true and correct, submitted by my own volition, to support the claims raised within this grievance; and I, the undersigned witness, hereby certify that I attest to these allegations in their entirety with a first-hand account, submitting the following statement without malicious intent or frivolous design on behalf of the Complainant, John "Sarah" Maatsch (Y51786), a Transgender, medically diagnosed with Gender Dysphoria. I, Israel Camacho hereby aver that Ms. Maatsch has suffered great mental distress derived from daily, unwanted and uninvited verbal abuse, sexual harrassment, discrimination, invasion of privacy, and living within a dangerous, predatory environment. From voyeurism by Christopher Hernandez, who has continuously violated Ms. Maatsch's privacy while she showers separately during count; to the discriminatory verbal abuse by Guillermo Cora, who has repeatably assaulted Ms. Maatsch ▮▮▮▮▮ ic ▮▮▮▮▮) with vulgar, derogatory comments. More seriously, from discriminating threats designed to target Ms. Maatsch as a potential victim and repeated attempts to approach her as she is showering by Morris Sapp; to sexual harrassment, physical groping, and threats to ellicit sex by Travis Jones. These issues have caused and are causing psychological and emotional distress for Ms. Maatsch, which contributes to her symptoms resulting from Gender Dysphoria. I respectfully submit this statement under the provisional protections of F.A.C. Chapter 33-208.002(18), which states that the foregoing confidential information is to not be revealed to unauthorized persons, such as other inmates, and under F.A.C., Chapter 33-103.017, which protects against reprisal.

WITNESS SIGNATURE Israel Camacho          DATE 6/25/20

Exhibit 10

# GENERAL AFFIDAVIT

I ANDY FONTAINE, do here by swear that the following statement is true and correct, and made of my own free will, from my own personal knowlage:

1) During the transgender shower time multiple inmates enter the bathroom far more than using the restroom. They will suddenly need to wash clothing, dishes, brush their teeth, or generaly hang out in the bathroom shower area. Acting fairly creepy like they are stalking.

2) I have heard and seen arguments about other inmates watching transgenders use the restroom. I have seen numerous ones stare for extended periods.

3) I have witnessed inmates stalk for sexual relationships the transgenders. This would include ones in the dorm and outside. With arguments about it. Lots of sexual harassment and comments.

4) There is a constant barrage of anti-transgender comments. Especially from homosexual inmates, that are told they do not want relationships with.

5) Staff harass the transgender inmates about their hair and even make lewd sexual comments, about bodies, looks, and that they are not women.

Under the penalties of purjury, I declare that the forgoing page is true and correct to the best of my knowlage in accordance with § 92.525, F.S. and 23 USC § 1746.
06/29/20

Andy Fanty

# GENERAL AFFIDAVIT

I, JONATHON A. HANSON (LEGAL/COMMITTED NAME)/ANNA CLAIRE HANSON (TRUE NAME), HEREBY SWEAR THE FOLLOWING STATEMENT IS ACCURATE AND TRUE TO THE BEST OF MY KNOWLEDGE AND IS MADE OF MY OWN VOLITION AND FROM PERSONAL EXPERIENCE.

I HAVE KNOWN MS. MAATSCH SINCE DECEMBER 2016, WHERE WE MET AT SOUTH BAY C.F., AND AM A VERY CLOSE FRIEND AND ALSO A TRANSGENDER WOMAN. WE HAVE RESIDED TOGETHER AT DADE C.I. SINCE JANUARY 2019. MS. MAATSCH, HEREAFTER REFERRED TO BY HER FIRST NAME OF SARAH, IS A TRANSGENDER WOMAN, WITH A FEMALE'S PERSPECTIVES, THOUGHTS, FEELINGS, DREAMS, AND CONCERNS, AND HAS BEEN SUCH EVEN BEFORE RESUMING HORMONE THERAPY HERE.

DADE C.I. HAS HAD A CORROSIVE EFFECT UPON ALL OBSERVABLE ASPECTS OF HER BEING DUE TO THE MALICIOUS CULTURE, PREDATORY INMATES, AND PERFIDIOUS STAFF. HER REPEATED REQUESTS, GRIEVANCES, AND PLEAS FOR ASSISTANCE EITHER VANISH OR ARE DISMISSED WITH CONTEMPTUOUS INDIFFERENCE TO HER SAFETY AND WELL-BEING.

EACH DAY SHE IS SUBJECT TO DISDAIN, DENIGRATION, AND MALICE FROM INMATES AND STAFF ALIKE, DUE SOLELY TO HER REFUSAL TO CONSORT WITH THE SLAVERING HORDE OF MALES. EXAMPLES OF STRESSORS SHE FACES DAILY ARE: INTRUSIONS WHILE SHOWERING BY GANG MEMBERS AND SEXUALLY-PREDATORY INMATES, UNCHECKED BY UTTERLY-INDIFFERENT DORMITORY SECURITY; HATEFUL AND THREATENING COMMENTS FROM INMATES AND STAFF; STALKING AND SEXUAL HARASSMENT. INCIDENTS OF BEING ACCOSTED AND WANTONLY BEING GROPED BY SAID INMATES OCCUR, AS DO THREATS OF ALL MANNER IF SEXUAL MISDEEDS ARE NOT PERFORMED. TO DATE, SHE HAS YET TO ACQUIESCE TO THESE BLANDISHMENTS, THOUGH I FEAR ONE DAY THE CHOICE WILL NO LONGER BE ALLOWED HER.

HER PHYSICAL BEING HAS SUFFERED FROM THE INCESSANT STRESSORS, NOTABLE CHIEFLY BY WEIGHT GAIN AND DRAWN COUNTENANCE. EMOTIONALLY, SHE HAS BECOME ERRATIC, HER MOOD MERCURIAL AND PERPETUALLY-FEARFUL OF THE MALES WITH WHOM WE MUST CONTEND, NO LONGER ABLE TO PURSUE HER GOALS AND EDUCATIONAL PROJECTS HELD IN COMMON; A MARKED UNWILLINGNESS TO INTERACT WITH MALES AND OSCILLATION BETWEEN FEAR AND VIOLENT IDEATION FURTHER CHARACTERISES HER DEGRADATION. FURTHER, SHE HAS EXPRESSED VIOLENT IDEATIONS TOWARD HER SELF AND HER TORMENTORS AS HER SANITY ERODES, MAKING IT INCREASINGLY DIFFICULT TO SEE HER SAFELY THROUGH EACH DAY.

SINCE 2019 I HAVE WITNESSED A VIBRANT, INTELLIGENT, GREGARIOUS YOUNG WOMAN BERATED AND ABUSED DOWN TO A SHADOW OF HER FORMER SELF. NOT ONLY HAVE I LOST A FRIEND BUT THIS INSTITUTION OPPOSES THE STATED GOALS OF 'CARE, CUSTODY, AND CONTROL' AND REHABILITATION TO SUCH AN EXTENT TO HAVE POISONED AND LITERALLY-SCARRED AN EDUCATED, SUNNY WOMAN WHO BRIGHTENED THE DAYS OF THOSE AROUND HER.

UNDER PENALTY OF PERJURY I ATTEST TO THE TRUTH AND VALIDITY OF THESE TWO (2) PAGES IN ACCORDANCE WITH F.S. §92.525 AND U.S.C §1746.

SIGNED NAMES: *Jonathon Alan Hanson* / *Anna Claire Hanson*
PRINTED NAMES: JONATHON ALAN HANSON / ANNA CLAIRE HANSON
DC#: E47867
DATE WRITTEN AND SIGNED: 29 JUNE, 2020

# STATE OF FLORIDA
## DEPARTMENT OF CORRECTIONS

**INMATE REQUEST**    463.2008-0481

Mail Number: _____
Team Number: _____
Institution: _____

**TO:** (Check One)
- [ ] Warden
- [x] Asst. Warden
- [ ] Classification
- [ ] Security
- [ ] Medical
- [ ] Mental Health
- [ ] Dental
- [ ] Other

| FROM: Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|
| John Maatsch | Y51786 | E1114L | H/M | 8/23/2020 |

## REQUEST          Check here if this is an informal grievance [x]

This grievance is brought under F.A.C. 33-103.005 and challenges the substance interpretation and application of Department rules and procedures that affect me personally.

**Issue:** Security procedures are ineffective.

[All facts below are exactly that, they are not issues being grieved at this time]

Facts: ① I am female. I have gender dysphoria. I am classified as a male-to-female transsexual.

② Transgender inmates are a highly vulnerable group.

③ The facility, after a year and a half of grievances, has failed to address any of the manifest safety issues that I, as a transwoman, have faced.

④ Which is probably a reason why Mark Inch wrote an email on 8/14/2020 to the inmate community, rather than his supposed vaunted security professionals, seeking solutions to violence in the Department.

⑤ On 8/20/2020, the violence described by Mark Inch hit the wing I live in, E1, when, after an argument over gambling,

⑥ CI Simpson [ ] viciously attacked Morris Sapp. Sapp was so severely damaged that, according to rumor, ... (continued)

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): S. Maatsch          DC#: Y51786

## RESPONSE EXHIBIT 5B          DATE RECEIVED: AUG 24 2020

~~After further review of your complaint, Dade C.I. is following policy and procedures involving our transgender inmate population. We cannot administratively resolve issues regarding certain staff unless there is a direct complaint against that certain staff member.~~ If you are having issues with any inmates in your dorm you need to tell your housing officer, housing sergeant, or the Officer in Charge. To ensure your safety during the investigation is to house you in a PM status in confinement. You can also request a housing change with no report if that is the path your rather have since you have voiced your disagreement for being housed in confinement for your protection. You have included an incident that does not directly affect you. You have not provided any recent event within the 20-day scope to investigate. Dade C.I. can only follow what the Department of Corrections has as Policy and Procedures.

[The following pertains to informal grievances only:]
Based on the above information, your grievance is **DENIED** (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Rule 33-103.005, F.A.C.

Official (Print Name): Officer K. Charles    Official (Signature):    Date: 09/04/20

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

FLORIDA DEPARTMENT OF CORRECTIONS

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED
SEP 14 2020

☐ **Third Party Grievance Alleging Sexual Abuse**   2009-463-174

TO: ☑ Warden ☐ Assistant Warden ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| Maatsch | John | J | Y51786 | Dade CI |
|---|---|---|---|---|
| Last | First | Middle Initial | DC Number | Institution |

---

### Part A – Inmate Grievance

This grievance is brought under F.A.C. 33-103.006 and is an appeal of 463-2008-0481.

**Issue:** The response is inadequate to address the grievance on its merits.

**Facts:** ① ▆ All the provided responses in 463-2008-0481 are oriented toward addressing incidents after they occur or when one knows for certain that an attack is imminent. The ~~for~~ former means something has occurred to me, such as an attack or rape. The latter is hardly a "courtesy" ever provided by a predator or an attacker.

② In all my grievances regarding matters of predation against transgender inmates I have attempted to advocate for common sense housing arrangements that would ultimately reduce the risk of that predation. Things like not housing STGs and transgender inmates in the same housing unit, not placing convicted rapists in the bunk next to mine, not placing known PREA violators in the same wing as me, etc.

③ Florida statute gives wide permissibility for security to creatively house inmates to reduce the risk of violence. This permissibility is under-utilized.

④ It would appear that given all the responses I've received over these issues this past year, the DoC takes a reactive approach to violence instead of proactive. Maybe this is why Secretary Inch is having such issues solving the violence issue in Florida prisons.

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

| 9/14/2020 | S Maatsch    Y51786 |
|---|---|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

---

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

∅ / S Maatsch

| # | Signature |

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 2009-463-174 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Grievance has been received, reviewed, and a response is as follows:

After further investigating the nature of your grievance, our findings indicate that the response provided to you on Informal Grievance # 463-2008-0481 adequately addresses the issue you have put forward in this appeal.

In addition, you are currently housed correctly. Housing is based on multiple factors that classifies an inmate. If you are having issues with any inmates in your dorm you need to tell your housing officer, housing sergeant, or the Officer in Charge.

Based on the above information, your grievance is DENIED.

You may appeal and obtain further administrative review of your complaint by acquiring Form DC1-303; Request for Administrative Remedy or Appeal, completing the form, and forwarding it with all attachments to the office of the Bureau of Inmate Grievance Appeals, 501 South Calhoun Street, Tallahassee, FL 32399-2500.

M. CORRALES, AWP

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 09/17/20 |
|---|---|---|
| | | DATE |

Dade C.I.
Grievance Coordinator
MAILED

SEP 17 2020

OCT 1 6 2020

~~Department of Corrections~~
~~Inmate Grievance~~

## PART B - RESPONSE

| MAATSCH, JOHN | Y51786 | 20-6-34544 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your administrative appeal has been reviewed and evaluated. The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.

Your administrative appeal is denied.

J. Adams

*J. Adams*                                    10/9/20

---

SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING

SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE

DATE

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED

OCT 0 5 2020

Department of Corrections
Inmate Grievance Appeals

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden    ☐ Assistant Warden    ☑ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| Maatsch | John | JC | Y51786 | Dade CI |
|---|---|---|---|---|
| Last | First | Middle Initial | DC Number | Institution |

20-6-34544

---

**Part A – Inmate Grievance**

This grievance is brought under F.A.C. 33-103.007 and is an appeal of 2009√463-174.

Issue: The bottom line is that transgender inmates, ~~Like~~ ▓▓▓▓ myself, face harrassment, verbal or sexual, bigotry, predation from characters such as gang members, sexual predators, violent inmates, bigots and transphobes which result in _higher risk_ in violence, sexual assault, self-harm and suicidal ideation.

Dade CI is intent on addressing problems only after they arise - a direct disdain for the risk of violence I face as a transwoman in a male prison.

All this petitioner has ever asked for is creative housing arrangements that would limit/reduce the interaction of vulnerable transgender inmates and predatory inmates. Something as simple as having all gender dysphoric inmates housed in an 'honor' dorm with 'honor' inmates could go a long way toward reducing violence, predation and sexual harrasment.

But, this facility nor the Department want to take such a mild proactive approach to the protection of its most vulnerable inmates.

When the risk is known and the solutions simple and no one cares to step to the plate its called deliberate indifference.

Retaliation is illegal. Transfers, PM, AC are retaliatory.

| 9/25/2020 | SMaatsch Y51786 |
|---|---|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

∅ , SMaatsch

# | Signature

**INSTRUCTIONS**

# EXHIBIT 6

## FAILURE TO PROVIDE SHOWER SAFETY

6A: Lack of Policy Enforcement

6B: Deliberate Indifference of Officer T. Lee

6C: Deliberate Indifference of Officer T. Lee

6D: Approved Without Recourse With Regards To All Previously Approved Grievances (6A-6C)

_Shower_

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

**INMATE REQUEST**   463-1906-0004

Mail Number: _____
Team Number: _____
Institution: _____

TO: (Check One)
☐ Warden   ☐ Classification   ☐ Medical   ☐ Dental
☑ Asst. Warden   ☐ Security   ☐ Mental Health   ☐ Other _____

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | John Maatsch | Y51786 | E1122U | H/M | 6/1/19 |

**REQUEST**                    Check here if this is an informal grievance ☑

On 5/31/19, at the 7:30pm count, after the evening officer's count of our wing completed, I entered the shower area. The officers were aware of my ICT signed PREA shower pass and medical "Shower Alone" pass. During the course of my shower two inmates entered the shower side of the sink divider in the open bay dorm, walking and rolling (in the case of a handicapped inmate) right up to the shower divider in full view of my naked body. Both times I had to ask them to leave, informing them of my pass. A third inmate washed clothes in a sink on the other side of the divider, staring at me most of the time. All this took place while waiting for count to clear. I understand and accept the limitations of the PREA shower pass in an open bay setting. My right to a solo shower does not abrogate the right of other inmates to use the toilets. However washing clothes and entering the shower area are not uses of the toilet, and allowing that to continue poses the risk of an event. Remedy: The officers should enforce the ~~presence~~ absence of inmates in the shower and sink areas.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

| Inmate (Signature): Sarah Maatsch | DC#: Y51786 |
|---|---|

DO NOT WRITE BELOW THIS LINE

RECEIVED

**RESPONSE**    EXHIBIT 6A    DATE RECEIVED: JUN 03 2019

Your informal grievance was received and reviewed. All shift OICs were advised and will ensure their staff grants your pass.

MAILED
JUN 18 2019

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _Approved_ (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name): Coronado | Official (Signature): Coronado | Date: 06/18/2019 |
|---|---|---|

06-22
Se

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

Shower

**INMATE REQUEST**

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

463-1912-0222

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☑ Warden | ☐ Classification | ☐ Medical | ☐ Dental |
|---|---|---|---|---|
| | ☐ Asst. Warden | ☐ Security | ☐ Mental Health | ☐ Other |

| FROM: | Inmate Name Maatsch, John | DC Number YS1786 | Quarters E114L | Job Assignment H/M | Date 12/22/19 |
|---|---|---|---|---|---|

**REQUEST**                                     Check here if this is an informal grievance ☑

On Friday, December 20, at sundown count and upon conclusion of Ofc T. Lee counting our wing I attempted to go to the shower to shower separately because I am transgender as allowed under 28 CFR 115.42(f) and Chap 33 FAC Proc. 602.053 (2)(a)(4). I attempted to show Ofc Lee my ICT granted white memo, but Ofc. Lee refused to see it stating, loudly in front of all inmates, that she believed "they were no longer offering to honor those passes". She said she would check but never did thus denying me the opportunity to shower separately. Medical told me on 12/17 that the ICT passes would be honored but the medical passes would not. This information must not have been communicated to Ofc. Lee fully. As a result, I was placed in a potentially dangerous situation where predatory inmates believed they could be in the shower at the same time as me. Remedy: Communicate to all officers that transgender inmates are still to shower separately from other inmates and that the ICT passes are valid. (I am not in fear and do not want to be moved)

All requests will be handled in one of the following ways: 1) Written Information or  2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): ~~[signature]~~                     DC#: YS1786

--- **DO NOT WRITE BELOW THIS LINE** ---

**RESPONSE**        EXHIBIT 6B                DATE RECEIVED: _____

Your informal grievance has been received and reviewed. All staff members will be reminded of proper ~~~~ showering procedures.

JAN 02 2020

**APPROVED**

[The following pertains to informal grievances only]

Based on the above information, your grievance is _____. (Returned, Denied, or Approved).  If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name): J. Hayes | Official (Signature): ~~[signature]~~ | Date: 12/31/19 |
|---|---|---|

06-W
Security

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to.  If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

Shower

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**INMATE REQUEST** 463-2007-0247

Mail Number: _____
Team Number: _____
Institution: _____

TO:        ☐ Warden          ☐ Classification   ☐ Medical         ☐ Dental
(Check One) ☑ Asst. Warden   ☐ Security          ☐ Mental Health   ☐ Other

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | John Maatsch | Y51786 | E1114L | H/M | 7/11/2020 |

**REQUEST**                              Check here if this is an informal grievance ☑

Issue: I feel that Ofc. T. Lee is discriminating against me because I am a transgender inmate.

Event: On 7/10/2020, at 7:30pm count, I displayed my transgender shower pass to Ofc. T. Lee as her count ended. She told me "I don't know what you're planning to do with that. As far as I know you can't shower now, there is no movement during count." A few minutes later I tried to ask to go to the shower, she refused to listen and sent me back to my bunk.

Facts: Ofc. T. Lee's claim to not knowing how the transgender shower pass is used is disingenuous. On 12/29/2019 Ofc. T. Lee failed to honor the transgender shower pass, a grievance was written (463-1912-0222) and approved with remedy. Ofc. T. Lee was informed of the shower rules. These rules have never changed as no memo has ever been posted (463-2003-0110). No other obstacles have prevented me from showering at 7:30pm count for the past 500 days.

Remedy: Investigate the claims, and if true, prevent this from occuring again.

All requests will be handled in one of the following ways:  1) Written Information or   2) Personal Interview.  All informal grievances will be responded to in writing.

Inmate (Signature): S Maatsch                    DC#: Y51786

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**    EXHIBIT 6C          DATE RECEIVED: JUL 14 2020

Please be Advised

Officer T. Lee was advised of the transgender shower procedures as she was not aware of these procedures.

Thank you.                                        JUL 28 2020

[The following pertains to informal grievance only]

Based on the above information, your grievance is ~~APPROVED~~ (Returned, Denied, or Approved).  If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Print Name): Jackey Charles   Official (Signature): A Charles   Date: 7/28/2020

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

OG-W
Security

Informal Grievances and inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to.  If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

*Shower*

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**INMATE REQUEST**   463-2006-0024

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☑ Warden  ☐ Asst. Warden | ☐ Classification  ☐ Security | ☐ Medical  ☐ Mental Health | ☐ Dental  ☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name John Maatsch | DC Number Y51786 | Quarters E1114L | Job Assignment H/M | Date 5/30/2020 |
|---|---|---|---|---|---|

Check here if this is an informal grievance ☑

**REQUEST**

Issue: I believe, based on the below, Warden Colon has failed in his duty under F.S. 944.09(2), 944.14 and 20.315 to keep transgender inmates free of victimization.

Facts: Warden Colon has a duty under F.S. 944.09(2), 944.14 and 20.315 to create a safe and humane environment and to keep offenders free of victimization. PREA (28 CFR 115) are rules for prevention of sexual victimization within institutions and were incorporated into Department procedure 602.053. 28 CFR 115.42(f) and 602.053 (2)(e)(9) state "transgender inmates shall be given the opportunity to shower separately from other inmates." This rule was established as an absolute defense against voyeurism, lewd behavior, sexual harrassment and sexual assault of/against transgender persons at their most vulnerable. Per Webster's New World Collegiate Dictionary, separate means to single out or set apart from others for special purposes; segregate; sort. In the context of this rule this means to keep male inmates separate from transgender inmates while the latter is showering; i.e. male inmates should neither be ~~able~~ able to see nor have physical access to the transgender inmate (cont.) ---

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): _[signature]_   DC#: Y51786

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**   EXHIBIT 6D   DATE RECEIVED: JUN 0 1 2020

Please be advised security staff members were advised of the transgender pass procedure and to follow accordingly, thank you.

Dade C.
Grievance Chairman

JUN 15 2020

**APPROVED**

[The following pertains to informal grievances only]

Based on the above information, your grievance is _____ (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

Official (Print Name): CPC Charles   Official (Signature): _[signature]_   Date: 06 15 20

O6-W Security

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)   Incorporated by F____ _n Rule 33-103.005, F.A.C.

Shower

Only count times are set aside for transgender inmates to shower, with the understanding that male inmates would not be moving around. This has never worked. Male inmates are unrestricted from entering the joined and open shower/bathroom area in the south side dormitories during count times.

During the period February 2 to March 13 I kept record of the number of inmates who entered the bathroom/shower area while I showered: 309 (462-2002-0183). Hundreds more have entered since then. Several instances escalated dangerously as I confronted the inmates to get them out of the shower area. 8 more inmates entered the shower area on May 27th.

After 482 days of dealing with this, enough. I have grieved this issue repeatedly. Allow us to shower during count: denied (463-2001-0156); Keep inmates out of shower area: approved multiple times but nothing ever done (463-1906-0004, 463-1912-0209, 463-1912-0222, 463-2002-0022, 463-2001-0157); Create a memo for staff regarding shower rules: denied (463-2003-0112, 463-2003-0110); create a procedure for transgender shower rules: denied (2002-463-019, 20-6-07056). Sergeants, OICs and AW Corrales are aware of the situation, but nothing changes. This deliberate indifference by staff risks victimization of myself and all other transgender inmates. All I need is 10 minutes of shower time without having male inmates stare at me or play with themselves.

Remedy: Previous remedies, as listed above, have been denied or ineffective. To ensure adherence to the rule, the only remaining means to ameliorate the situation is to install TCU-style lockable shower stalls in all South side bathrooms or designate a wing solely for the housing of gender dysphoric inmates. I also call upon the Warden to fulfill his duties under Florida statute to follow the PREA rules.

The alternative of being placed on the North (high custody) side is grossly inappropriate. I am a minimum custody transwoman with feminine features and decreased muscle mass from years of hormone treatment, - housing in the predatory and gang-infested north side would be excessively dangerous for me. I would consider such a move retaliatory and reckless endangerment of my life.

Retaliation is illegal.

*Shower*

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

JUN 16 2020

☐ **Third Party Grievance Alleging Sexual Abuse**    2006-463-195

TO: ☑ Warden    ☐ Assistant Warden    ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| Maatsch    John    J | Y51786 | Dade   CI |
|---|---|---|
| Last    First    Middle Initial | DC Number | Institution |

---

**Part A – Inmate Grievance**

This is an appeal of grievance 463-2006-0024 as allowed in 33-103.006.

The single issue being grieved, as required by 33-103.006(2)(f) is the remedy provided by respondent Ofc. Charles, is insufficient and impotent in addressing the issue put forward in 463-2006-0024.

Facts:

The remedy provided by Ofc. Charles, "Please be advised security staff members were advised of the transgender pass procedures and to follow accordingly", is impotent because it has been provided as a remedy 5 times previously and it has never effected the behavior of staff or inmates to allow me to shower separately as defined in 463-2006-0024. On 3/12/2020 Ofc. Charles, in 463-2003-0110, provided the remedy "All staff have been notified of transgender shower passes and procedures." The same respondent has already provided this remedy to no avail. On 2/16/2020 Ofc. J Hayes, in 463-2002-0183, provided the remedy "Staff will be reminded of showering procedures." On 12/31/2019 Ofc. J. Hayes, in 463-1912-0222, provided the remedy "All staff members will be reminded of proper showering procedures." On 12/30/2019 Ofc. J. Hayes in 463-1912-0209, provided the remedy "Security staff have been reminded to ensure transgender inmates are given the opportunity to shower separately, if they have the appropriate memo from ICT to do so." On 6/11/19 Ofc. C. Coronado, in 463-1906-004, provided the remedy "All shift OIC's were advised and will ensure their staff grants your pass." Clearly, reminding staff of their duties under Chapter 33-602.053 and 28 CFR 115.42(f) is insufficient to address the issue of showering separately, nor does it address the complaint that the Warden is failing ~~in doing~~ his duty to keep transgender inmates free from victimization.

Therefore the remedy provided is both insufficient and impotent in addressing the issue brought forth in 463-2006-0024.

Remedy: Review the original grievance and requested remedy and provide a remedy sufficient to address the issue therein.

Retaliation, including dormitory moves, transfers and harrassment, is still illegal.

| 6/15/2020 | SMaatsch   Y51786 |
|---|---|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

Ø 1-SMaatsch

\#    Signature

*Shower*

**PART B - RESPONSE**

| **MAATSCH, JOHN** | **Y51786** | **20  463-195** | **DADE C.I.** | **E1114L** |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Grievance has been received, reviewed, and a response is as follows:

After further investigating the nature of your grievance, our findings indicate that the response provided to you on Informal Grievance # 463-2006-0024 adequately addresses the issue you have put forward in this appeal.

Based on the above information, your grievance is DENIED.

You may appeal and obtain further administrative review of your complaint by acquiring Form DC1-303; Request for Administrative Remedy or Appeal, completing the form, and forwarding it with all attachments to the office of the Bureau of Inmate Grievance Appeals, 501 South Calhoun Street, Tallahassee, FL 32399-2500.

M. CORRALES, AWP

06/19/20
DATE

_____
SIGNATURE AND TYPED OR PRINTED NAME OF
EMPLOYEE RESPONDING

_____
SIGNATURE OF WARDEN, ASST.
WARDEN, OR SECRETARY'S
REPRESENTATIVE

Grievance Coordinator
MAILED

JUN 1 9 2020

Shower

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED

JUL 06 2020

Department of Corrections
Bureau of Inmate Grievance Appeals

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden     ☐ Assistant Warden     ☑ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| Maetsch  John  J | Y51786 | Dade CI |
|---|---|---|
| Last     First     Middle Initial | DC Number | Institution |

Part A – Inmate Grievance

20-6-24100

This is an appeal of grievance 2006-463-195 as allowed in 33-103.007.

The response in ▉▉▉▉▉-463-2006-0024 does not address the concerns raised in 2006-463-195 given that the argument put forth in 2006-463-195 was a direct challenge to the original response.

Respondent Corrales, by failing to address the issues raised in 2006-463-195, is failing to address the fact that this facility has never enforced the transgender shower rule. Clearly, if OIC and security staff have been reminded 6 times (including the original grievance of this appeal) and nothing has ever been done to stop the incessant flow of inmates into the shower/bathroom area while transgender inmates are showering, then the remedy in the informal grievance has no effect and is inadequate.

Respondent Corrales, and by extension the Warden, by failing to provide due consideration show their indifference to the safety needs of myself and all transgender inmates.

The case law on this issue was settled nearly 30 years ago in Farmer vs. Brennan and only strengthened since then.

Remedy: Re-evaluate the informal grievance and provide an effective remedy.

(Note: Camera footage from transgender shower times will show my claim. Retaliation is illegal)

| 6/23/2020 | ~~Sign~~  Y51786 |
|---|---|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:     Ø , Y51786

| | # | Signature |

**INSTRUCTIONS**

Shower

JUL 1 5 2020

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 20-6-24122 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for administrative review has been received and reviewed, and evaluated.

If you are not satisfied with the action taken as a result of the approval, you need to refile your complaint at the informal level.

Based on the foregoing information, your appeal is returned without action.

A. KEATON

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 7/14/20 DATE |
|---|---|---|

# EXHIBIT 7

## Failure To Provide Mental Health

7A: No Mental Health During Covid-19

7B: Improper Procedures With Vital
    Psychological Emergancies

7C: Security Failure

7D: Mental Health Failure

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**INMATE REQUEST**

463-2007-0359

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☐ Warden | ☐ Classification | ☑ Medical | ☐ Dental |
|---|---|---|---|---|
| | ☐ Asst. Warden | ☐ Security | Mental Health | ☐ Other _____ |

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | John Maatsch | Y51786 | E1114L | H/M | 7/21/2020 |

**REQUEST**                                    Check here if this is an informal grievance ☑

This grievance is brought under 33-103.005 and challenges the substance, interpretation or application of Department rules or procedure that affect me personally as allowed in 33-103.001(4)(a). At issue is that the facility is not providing mental health services to quarantined inmates. As required by 33-103.001(4)(e), this affects me personally because I am a quarantined inmate, quarantined for 22 days and who is suppose to receive regular mental health services.

A global pandemic does not suddenly cure all mental health conditions. In fact, the increased stress from the risk of the virus, the cramped, crowded and frustrating conditions of quarantine, and the lack of stress outlets such as canteen and recreation all combine to exacerbate existing mental health conditions. While for the safety of mental health it may be unreasonable to summon quarantined inmates to the outpatient building, simply ignoring my mental health needs is not reasonable. The pandemic appears to be here to stay and until sufficient numbers of inmates and staff have contracted the virus and recovered, dorms and wings will continue to be placed in quarantine. Mental health cannot ignore the needs of mental health patients until the pandemic is over.

Remedy: Provide some type of mental health services for quarantined inmates. [As an example, provide short contact meetings in protected areas of the dorm such as is done in confinement.]

All requests will be handled in one of the following ways:  1) Written Information or  2) Personal Interview.  All informal grievances will be responded to in writing.

Inmate (Signature): _Maatsch_                    DC#: Y51786

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**     EXHIBIT 7A

DATE RECEIVED: ~~JUL 2 2 2020~~

Dade C.I.
Assistant Warden of Programs
RECEIVED

Thank you for reaching out to our department with these concerns. Due to the covid quarantine, there have been restrictions in movement and services, including those of mental health. You will be placed in callout to be seen once restrictions are lifted.

Dade C.I.
Grievance Coordinator
MAILED

AUG 0 5 2020

[The following pertains to informal grievances only:]

Based on the above information, your grievance is ___Denied___ (Returned, Denied or Approved).  If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

| Official (Print Name): I. Murga, PsyD Clinical Psychologist DADE C.I. | Official (Signature): _____ | Date: 08/04/20 |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may request further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

31-g
Mental
Health

Incorporated by Reference in

Exhibit 1

Mautsch

Events From 6/10-7/15 Leading to My Depression and Suicidal Ideation Exhibit 1

- The continuous horror and distress of being a woman living with male genitalia
- The hopelessness of seeing no end to my transition
- Lack of care for my transition, especially sex reassignment surgery, permanent hair removal, voice and communication therapy, mental health, preparation to re-enter society as the woman I am
- Pregnancy and cis-gendered female sexual dreams
- Sexual harassment
- Threatening words and gestures, especially anti-transgender and transphobic comments by gang members
- Increased feelings of danger due to 7 fights being witnessed
- Communication Issues with my Mom
- Disruption of hormone medication, specifically finasteride for 10 days, Spironolactone for 3 days, and Estradiol for 3 days
- No recreation, canteen or other meaningful outlet during 2 quarantines

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED

AUG 0 7 2020

☐ **Third Party Grievance Alleging Sexual Abuse**    2008-463-054

TO: ☑ Warden    ☐ Assistant Warden    ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| Maitsch | John | JC | Y51786 | Dade CI |
|---|---|---|---|---|
| Last | First | Middle Initial | DC Number | Institution |

---

### Part A – Inmate Grievance

This grievance is brought under 33-103.005 and is an appeal of 463-2007-0359.

Issue: The response provided in 463-2007-0359 is not adequate to address the concerns raised in the grievance.

Facts: The global pandemic is no excuse to withold mental health services. The irony of the response provided is that it affirms the issue being complained. I write: "At issue is that the Facility is not providing mental health services to quarantined inmates." The respondent writes: "Due to covid quarantine, there have been restrictions in movement and services, including Mental Health." The respondent's statement is simply a reiteration of my complaint and therefore an affirmation that my complaint is legitimate. Despite the acknowledgement that the issue is real, the remedy provided is that I will be placed on the callout once restrictions are lifted.

This remedy ignores the degradation of mental health states caused by the conditions of quarantine [Exhibit 1] coupled with the cessation of treatment for existing mental health issues. There is no definitive timeline for when this facility will remove quarantine conditions, it could be months more. It appears that mental health believes that is a satisfactory outcome as their patients go crazy. For instance, since I wrote the informal grievance I experienced over 10 days of high stress events that led to exhaustion, dissociation, mania, violent ideation, suicidal ideation and ideation with planning to remove my genitals. The availability of mental health services could have gone a very long way toward preventing the excesses of my mental health condition which led to very poor decision making and a complete reordering of my life circumstances.

Remedy: Provide mental health ~~_____~~ services during this quarantine period.

| 8/6/2020 | SMaitsh Y51786 |
|---|---|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

Ø / SMaitsh
\#          Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 2008-463-054 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Grievance has been received, reviewed, and a response is as follows:

Your concerns have been reviewed and discussed with your current team. As you have been previously made aware in previous requests/grievances, due to COVID 19 quarantine, there are restriction imposed by DOC statewide in movements, services, and programs that are non-emergent. Your concerns related to receiving treatment have been continuously addressed as they have been received. We are aware of the importance of continuing of care but want to emphasize that we are under direct and clear restrictions in relation to service provisions. Please be aware that as soon as restrictions are lifted, mental health services will resume as normal. For this reasons, we encourage you to utilize coping skills gained throughout mental health treatment until restrictions are lifted and your services can resume. Having said that, I have been made aware that since this grievance was written and response, you have been seen by your counselor where you have had the opportunity to address any and all mental health concerns.

Based on the above information, your grievance is DENIED.

You may appeal and obtain further administrative review of your complaint by acquiring Form DC1-303; Request for Administrative Remedy or Appeal, completing the form and forwarding it with all attachments to the office of the Bureau of Inmate Grievance Appeals, 501 South Calhoun Street, Tallahassee, FL 32399-2500.

THIS DOCUMENT MAY CONTAIN CONFIDENTIAL RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

DR. L. GASCON, PSY. D.

SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING

M. CORRALES, AWP

SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE

08/19/20
DATE

Dade C.I.
Grievance Coordinator
MAILED

AUG 1 9 2020

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

SEP 0 9 2020

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden ☐ Assistant Warden ☑ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

Maatsch        John        J                    YS1786                    Dade CI
Last        First        Middle Initial         DC Number              Institution

| Part A – Inmate Grievance          20-6-31210 |
|---|

This grievance is brought under F.A.C. 33-103.007 and is an appeal of 2008-463-054.

Issue: The response is inadequate to address the grievance on its merits.

Facts:

① It is your contention that restrictions have been placed on you regarding provision of services.

② Then it is the responsibility of the superiors in Tallahassee to address the unwarranted restriction of mental health, especially when medical is running normally.

③ To reduce mental health services to emergency events where an inmate wants to harm themselves or someone else is absolutely ludicrous. Perhaps the reason inmates are experiencing suicidal and violent ideation is because they aren't receiving adequate, or any, mental health treatment.

④ It is offensive that the respondent would try to dismiss my claim on the basis that I had been seen by my counselor. This only happened after 2 sick calls, 2 grievances and A PHONE CALL FROM A WORRIED FAMILY MEMBER. It still does not forgive the fact that all treatment has been stopped.

Remedy: Reopen mental health to regularly schedule.

Nothing

8/27/2020                                          S.Maatsch   YS1786
DATE                                          SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

0   / SMaatsch
#        Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006,

Psych
OI

MAILED/FILED
WITH AGENCY CLERK
OCT 0 2 2020
Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 20-6-31210 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Denied:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

It is determined that the response made to you on 8/19/2020 appropriately addresses the issue you presented.

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Michelle Schouest, IISC

| _Michelle Schouest_ | _T. Bowden_ | 9/28/20 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

Psych
DI

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

INMATE REQUEST  463.2007-0492

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☑ Warden | ☐ Classification | ☐ Medical | ☐ Dental |
|---|---|---|---|---|
| | ☐ Asst. Warden | ☐ Security | ☐ Mental Health | ☐ Other |

| FROM: | Inmate Name John Maatsch | DC Number Y51786 | Quarters E1114L | Job Assignment H/M | Date 7/28/2020 |
|---|---|---|---|---|---|

**REQUEST**                                    Check here if this is an informal grievance ☑

This grievance is brought under 33-103.005 and addresses the application of Department rules and pro-
cedures that effect me personally as allowed in 33-103.001(4)(a).
[NOTE: This grievance contains HIPPA protected information.]
[NOTE: This grievance is about the psychological emergency process. It addresses malfeasance
of both security and mental health and should be reviewed by someone in authority
over both departments.]
[Note: This grievance contains evidence of behaviors of mental health counselors, doctors,
officers and sergeants. Individuals named within should not be respondents.]
The triggering event as required in 33-103.011(1) occurred on 7/15. From 7/10 to 7/15 I experienced
several days of intense depression, which culminated in a suicidal state of mind.
The sole complaint, as required in 33-103.005(2)(b)(2), is that the psychological emergency process,
hereafter referred to as PE, is adversarial and dismissive.                          (cont.)

All requests will be handled in one of the following ways: 1) Written Information or   2) Personal Interview. All
informal grievances will be responded to in writing.

Inmate (Signature): S. Maatsch                      DC#: Y51786

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**  EXHIBIT 7B              DATE RECEIVED: _____

JUL 2 8 2020

~~Per Chapter 33-103.014 (1)(a) the grievance addressed more than one issue or~~
complaint
1. Security not handling Psych Emergencies appropriately
2. Mental Health not handling psych Emergencies appropriately

JUL 3 1 2020

[The following pertains to informal grievances only:]
Based on the above information, your grievance is ~~(Returned, Denied, or Approved)~~. If your informal grievance is denied,
you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

RETURNED

Official (Print Name): M. Perez        Official (Signature): [signature]        Date: 07/31/20

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as
required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no
later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)
Incorporated by Reference in Rule 33-103.005, F.A.C.

John Maatsch   Y51786
SMaatsch

[Note all Exhibits are presented as evidence of my state of mind and my experience of the PE process. They are <u>not</u> presented as grievable issues.]
[Exhibit 5 was originally furnished for another inmate's grievance and is included here for relevancy]

A mental health patient is at her most vulnerable when all trust between patient and councillor has been destroyed, for then she has no trained guide from whom she can seek direction or aid on matters from the daily to the deadly. On 7/15, feeling cornered by the events in <u>Exhibit 1</u> and persistently bombarded by thoughts of ending my life, I had to weather the storm with the help of untrained inmate friends rather than face the dismissiveness and hostility of mental health or security. Due to this accumulated distrust, my life was jeopardized solely to avoid the PE process as I have experienced it over the past year.

From my commitment to TCU on 5/9/2018 until I was released on 11/20/2018 I was taught to recognize my signs for an irrational state of mind, employ self-help techniques, and if I am unable to handle it then declare a PE. That has been the technique I have used for declaring a PE ever since [Exhibit 2]. Apparently though, an irrational state of mind is not sufficient a problem for mental health to address. They'd really rather I wait until I'm tying the knot around my neck, like the inmate in Exhibit 3.

My last three PE experiences stand out as reminders of the horrible treatment I would receive at the hands of Mental Health and security were I to declare another [Exhibits 4,5,6 and 7]. At my last session with Ms. Rodriguez, ███████ security staff informed her a patient of hers declared a PE. A few moments later, Dr. Gascon came in and told Ms. Rodriguez that it was "not a real psychological emergency" and "don't worry about it." This mirrors my experiences last December when Sgt. Woodruff told me that we 'transgenders' are "always calling psychological emergencies for invalid reasons" and "wasting security's time. [Exhibit 8]

(cont. on back)

Exhibit 1

SMuntsch

Events From 6/10-7/15 Leading to My Depression and Suicidal Ideation Exhibit 1

- The continuous horror and distress of being a woman living with male genitalia
- The hopelessness of seeing no end to my transition
- Lack of care for my transition, especially sex reassignment surgery, permanent hair removal, voice and communication therapy, mental health, preparation to re-enter society as the woman I am
- Pregnancy and cis-gendered female sexual dreams
- Sexual harassment
- Threatening words and gestures, especially anti-transgender and transphobic comments by gang members
- Increased feelings of danger due to 7 fights being witnessed
- Communication Issues with my Mom
- Disruption of hormone medication, specifically finasteride for 10 days, Spironolactone for 3 days, and Estradiol for 3 days
- No recreation, canteen or other meaningful outlet during 2 quarantines

John Pfautsch
S. Mautsch

Exhibit 2

# What Leads Me To A Psychological Emergency

Exhibit 2

I experience distress, hopelessness, depression and anxiety.

The following factors exacerbate these states, listed in order of severity:
- Gender Dysphoria  • Sexual Harassment  • Prejudice/Bigotry
- Improper Transition Treatment

Behavior I've Been Taught That May Indicate An Irrational State of Mind
- Planning and intent for self harm or violence  • Surge in Paranoia and Anxiety
- Abrupt Cessation of Emotions • Hypervigilance • Heightened Agitation
- Apathy  • Wildly Fluctuating Emotions • Erratic Thoughts
- Myopic Rumination • Continuous Inactivity • Zero Task Concentration

Compensation Techniques for De-escalation Prior To An Irrational State
- Exercise • Meditation • Drawing • Speaking With Friends
- Sleep  • Escapism

What Leads me to declare a psychological emergency:
- Experiencing any 1 of the more severe behaviors; or,
- Experiencing multiple less severe behaviors; and,
- I have tried without success to utilize the compensation techniques; and,
- I strongly believe that my current behavior will lead to self-harm.

Exhibit 3

Tale of Suicide During My Time In TCU                    Exhibit 3

I assert that the following did occur.

The name of the inmate and the date of the suicide would be available from Department records. I recall neither.

The inmate was a middle-aged white male, skin aged and damaged from sun exposure, dark hair beginning to thin and a solid dark beard. He was about 5'11". He recounted during our group therapy that he had a daughter; that he had received a life sentence; that he had felt there was no hope, no opportunity to go home; that the thought of living the remainder of his life in prison filled him with dread. Myself and the other inmates in group tried to convince him over several sessions that there was still hope and always a possibility to fight to go home. It did not matter. His mental health state must have declined because, in the days before his suicide, he went on hunger strike. At the last group that I saw him he seemed quite dejected. I'll never forget his words: "I have a daughter I'll never see again. Who the fuck cares? I'm just going to kill myself." A few hours later he was moved, at his request, to the single person rooms in J-1 at the Dade CI TCU. He was found dead, with a sheet tied around his neck a day later.

John Means
E. Maitsch

Harassment By Security Personnel Psychological Emergency     Exhibit 4

Event: On 2/9 and 2/7 (Captain Lewis harassed me and acted in a manner that was unprofessional (grieved and approved). I have a history of harassment from this officer dating back to TCU when he asked about my genital status. On the morning of 2/10 I was in such a state of panic ■ that I skipped breakfast and picking up my hormone medication. The panic had not abated by 9:00 am so I declared a psychological emergency. Sgt. Algor was the responding officer and escorted me to mental health where counsellor Khan was the responding counsellor.

Counsellor Khan Experience: Khan refused to hear what my issue was, gave me a condescending lecture, finally heard my problem and insulted me some more. Here are some ■ quotes from his lecture:
"You always have a problem."   "You're complaints are petty."
"You're taking away from real patients time."
"You're abusing the system."   "You exhibited a modicum of intelligence."
"Mental health can't help you."  "Just go to confinement, others do."
He also condoned skipping a meal and my hormones. Any SD counsellor would understand how out of it you have to be to skip your hormones. I asked for a new counsellor, demanded to know how he could be a counsellor and told him to get out. He got indignant and told me not to talk to him that way. It is a shame he didn't apply his rule to himself. He left and Dr. Tesus examined out list me that all of us were making petty complaints (We know like other harassment, inmate harassment, sexual harassment, hormone disruption, lack of treatment options). It came out that mental health had failed to provide me with proper documentation that could have prevented my harassment from occurring.

x Inmates are people too. So are transsexuals. We should be treated with civility and dignity.

## General Affidavit

I, John Maatsch DC#Y51786 [legal committed name], hereby swear under penalty of perjury that the following statement is true and correct, and is made of my own volition and from experience

In February 2020, on the same day as my endocrinology appointment with APRN Fernandez, a date verifiable by review of my medical records, I, quite viscerally, witnessed Jonathon Hanson's (E47867, hereafter referred to as Ms. Hanson or with female pronouns in recognition of her status as a transwoman) attempt to declare a psychological emergency.

On that day after lunch I observed Ms. Hanson entering my dormitory wing E-1. She was walking in a staff and clipped manner, her mouth was drawn, brows furrowed and eyes darting. In an agitated manner and a rapid pace she recounted to me that she had gone to mental health to declare a psychological emergency but the mental health officer, Speights, had told her to return to the dorm. She also told me that she had spoken to Sgt. Smart at gate one who had told her to return to the dorm. While telling me this she was dejected, surrendering, apathetic, vulgar, fidgety, jumpy and restless.

I urged her to follow through on Sgt. Smart's order, and after a few minutes more of witnessing her erratic behavior I convinced her to do so. I witnessed her informing Trainee Rodriguez of her psychological emergency. I witnessed Trainee Rodriguez use the radio and phone immediately afterward. I stood next to Ms. Hanson during this as her behavior appeared erratic and I was concerned about the risk of her hurting herself. A minute or so later I overheard Trainee Rodriguez inform Ms. Hanson that no one was responding to her request for an escorting officer. Ms. Hanson stormed off to her bunk where I observed her take out a small metal object which I believed to be a cutting tool. I watched where she put it then convinced Ms. Hanson to return to Trainee Rodriguez to find out what was happening with the psychological    (continued)

I pulled Hanson out the door, still grasping her arm.

Sgt. Bryant was still outside the medical side door as we exited mental health. I approached and pleaded with him to do anything to help Ms. Hanson. Though he did not place Ms. Hanson in hand restraints, he escorted us to two chairs set aside from the infirmary nurses station, then called mental health for Ms. Hanson's psychological emergency. During this time Hanson kept asking if certain individuals were safe or needed to be attacked; I reassured her constantly that she was safe. Twice she tried to get up to leave and both times I had to physically restrain her out of concern for her safety and others. Twice the nurses tried to force us to go to the lobby but Sgt. Bryant stopped them. After the second time he took Ms. Hanson beyond the classification door. She was gone 15 minutes before she was escorted back, [Later on she informed me she had been under the watch of Lt. Thompson and Sgt. Shelby during her absence.] A few minutes later Dr. Gascon and Ms. De Jesus entered the medical corridor. Dr. Gascon approached us and with a sneer asked "So, who has the psych emergency?" I responded for Ms. Hanson. Dr. Gascon took Ms. Hanson into the officer station and I was called for my endocrinology appointment. So ends my part in this event.

Under the penalties of perjury, I hereby declare that the foregoing Affidavit and the facts stated herein are true and correct.

Respectfully submitted,

DC#Y51786    27 July 2020

Exhibit 6

# GENERAL AFFIDAVIT

I, Jonathon [legal (committed name)]/Anna Claire [true name] Hanson, hereby affirm under penalty of perjury that the following statement is true and correct, and is made of my own volition and from my experience.

< The following occurred in February 2020, date reference-able in Dr. Yossuf's order for Benadryl injection. >

When we [E·I] went to lunch i instead walked alone to Mental Health (hereafter 'MH') to declare a psychological emergency ('PE' hereafter). CFO Speights - the officer working MH - asked why I was there, as I'd no callout. I told her "I'm declaring a PE," to which she asked "What's the problem?" I then informed her "It's going to rain blood, I need to see someone before someone gets hurt - please help." Her reply was "You have to go to your dorm to declare a PE. This is not how you do it." At this time I had a sharp object in my pocket to use on myself and I spent several moments considering how the plexiglass station window would look smeared with my blood; she then reiterated "Hanson, I said you have to go to your dorm to declare a PE."

I left MH and encountered Sgt. Smart by centre gate. Upon telling him I'd a PE and needed to speak to someone he ordered me to return to my dormitory. Inmate Maatsch (true name of Sarah used hereafter) immedia-tely demanded to know what was wrong, as my behaviour was abnormal. After relaying events she told me to declare a PE to the only officer present, Trainee Rodriguez. Ms. Rodriguez called over the radio and phone for a PE escort, only to be told none were available due to feeding. I then attempted to leave to end my life, disgusted with the situation, only for Sarah to demand I remain near her. Ms. Rodriguez then ordered Sarah - an inmate - to escort me to MH for the PE. Later I learned Sarah took my 'tool' and surrendered it to Ms. Rodriguez.

Sarah then took hold of my sleeve and half-dragged me to centre gate, where Sgt. Smart demanded to know what was going on and then ordered Sarah to continue to MH with me.

Upon our arrival, Sarah argued with officer Speights - with therapist DeJesus also in the station - and was again ordered to leave MH.

Sexual Harassment and Coercion Psychological Emergency          Exhibit 7

: It is well established that high levels of sexual harassment can lead to adverse psychological states.:

Event: Inmate Travis Jones sexually harassed me from December 2019 through April 5, 2020. His sexual harassment grew worse over time as I rejected his advances. From March 27 to April 5 he used threats and coercive techniques to force me to put lotion on his back and make me accept a back rub. On April 6 I had a verbal altercation and forced him to stay away from me. On 4/16 (or 4/15, validateable by review of my mental health record) I was given a threatening note that had been penned by Jones. I instantly went into a violent panic. I declared a psychological emergency. Sgt. Dupree responded. She escorted me first to Captain B. Williams, for a PREA claim, but I did not want to because I had no trust that security would treat me right. I was then escorted to mental health.

Councillor Rodriguez Experience: I showed her the note and explained my feelings. She said it was a PREA issue that needed to be reported and had Sgt. Dupree escort me back out. At no point was my violent ideation addressed. I refused ████ to make a PREA claim because I felt that felt there would be violent repercussions for me. I was in there for less than 5 minutes.

I assert that the mental state of the inmate should be evaluated and addressed even when the underlying issue is outside the scope of control for mental health.

John Huebscher

SMautsch

Exhibit 8

# Hormone Disruption Psychological Emergencies

Exhibit 8

: It is well established in the scientific literature that the disruption of hormone replacement therapy for gender dysphoria can lead to physiological and psychological side-effects leading to auto-castration and suicide. :

Event: From 12/9 through 12/23 I was left without spironolactone due to bureaucratic mismanagement of my ████ medical care. During this time I had high levels of mania, anxiety and auto-castration ideation. I also experienced hot flashes, aggressiveness and violent ideation. I declared two psychological emergencies. One on 12/17 with Sgt. Alvarez and one between 12/9 and 12/13 with Sgt. Woodruff.

The Sgt. Woodruff Experience: I declared a PE to Sgt. Woodruff because I was having thoughts of auto-castration. She asked what the problem was and I told her. She told me that we transgenders are always declaring invalid PEs and wasting security's time. She made the decision that my thoughts and the reason why were not PEs. She called mental health who told her they couldn't see me nor could they help with the medication. I guess the auto-castration wasn't important.

The Sgt. Alvarez Experience: I was experiencing a high level of mania, anxiety and aggressiveness and violent ideation due to the lack of spironolactone. I declared a psychological emergency and told Sgt. Alvarez about my state of mind. She wouldn't take me to mental health, but spoke to Ms. Hightower on my behalf. I was told to find nurse Hightower after lunch. Without addressing my mindset I spent the afternoon in a panicky myopic mania trying to find nurse Hightower and find out what she had to say.

I assert that Dr. Gascon later informed me that mental health had asked security to 'screen' psychological emergencies.

John Mantsio  Y51784
SMantsio

# Possible Solutions                                        Exhibit 9

One or more of these may assist in solving the issue■

1. Provide suicide/self-harm prevention services via the kiosk or dorm telephone.
2. Revoke security's triage rights. Only mental health personnel can ascertain if someone is in an irrational state.
3. Retrain all officers on the psychological emergency process.
4. Revoke the order requiring inmates to declare psychological emergencies in their dorm.
5. Ensure all inmates declaring psychological emergencies are hand-restrained within a reasonable timeframe
6. Retrain mental health personnel conduct a psychological emergency:
   a. Be respectful to inmates
   b. Do not use a patient's mental health history as a weapon. For instance, instead of "You always have problems." they could ask "Do you remember the last time you declared a psychological emergency?"
   c. If ████ mental health personnel want to know if an inmate is contemplating suicide, self-harm or violence, ask them that specifically. An irrational person may not have the wherewithal to interpret "What is the problem?" as "Do you want to kill yourself?" This seems to cause a lot of mis-interpretation between patient and councillor.
7. Retrain mental health personnel on the specific types of triggers in transsexual patients, particularly the disruption of hormones and the presence of incorrect genitals.
8. Create a mental health process that allows inmates to have same day access to a councillor for a short meeting. This style of short but immediate contact may prevent full-blown use of the psychological emergency process.

Exhibit 9

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**INMATE REQUEST**    463-2008-0152

Mail Number: _____
Team Number: _____
Institution: _____

TO:
(Check One)

☒ Warden
☒ Asst. Warden
☐ Classification
☐ Security
☐ Medical
☐ Mental Health
☐ Dental
☐ Other _____

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | John Maatsch | Y51786 | E1114L | H/M | 8/6/2020 |

**REQUEST**                                   Check here if this is an informal grievance ☒

This grievance is brought under 33-103.005 and challenges the application of a Department procedure that affects me personally as allowed in 33-103.001(4)(a). REMEDY: Evaluate the complaint and facts on their merits and provide a solution. [Note: This grievance contains HIPPA information.]
The sole ISSUE addressed in this complaint is that Security is mishandling psychological emergencies.
[Note: facts stated below are supported by attachments and affidavits previously submitted with other grievances.] [Note: Facts are not issues, they only support the claim.] FACTS:
I assert the following is true: 1) Security personnel force inmates to declare psychological emergencies in their dorm prolonging the risk period; 2) Security personnel ask inmates declaring psychological emergencies what the issue is in an attempt to 'triage' the situation despite (lacking clinical training to be able to do so; 3) Security personnel have failed to use hand restraints during a psychological emergency; 4) Security personnel have allowed other inmates to escort inmates declaring psychological emergencies and to declare psychological emergencies for other inmates; 5) Security uses callous and endangering language against inmates declaring psychological emergencies.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): SMaatsch                          DC#: Y51786

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**          EXHIBIT 7C          DATE RECEIVED:

Dade C.I.
Assistant Warden of Programs
RECEIVED
AUG 0 7 2020

Security staff have procedures for handling medical & psych emergencies.

[The following pertains to informal grievances only:]
Based on the above information, your grievance is _____ (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

Official (Print Name): CK Crowes    Official (Signature): [signature]    Date: 8/15/20

06-E
Security

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.
Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.
DC6-236 (Effective 11/18)
Incorporated by Reference in Rule 33-103.005, F.A.C.

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

AUG 2 1 2020

☐ **Third Party Grievance Alleging Sexual Abuse**

2008-463-207

TO: ☑ Warden      ☐ Assistant Warden      ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

Mautsch     John     J
Last     First     Middle Initial

Y51786
DC Number

Dade CJ
Institution

---

**Part A – Inmate Grievance**

This is an appeal of 463-2008-0152 and is brought under F.A.C. 33-103.006.

Issue: The response provided in 463-2008-0152 is inadequate to address the concerns raised in the grievance on its merits.

Facts: Of course security has procedures for psychological emergencies, the problem is security repeatedly fails to follow those procedures. That was the whole point of 463-2008-0152.

[ Evidence for this information was previously provided in 463-2007-0492    ]

Remedy: Reevaluate the grievance and address it on its merits.

8/20/2020
DATE

SMautsch     Y51786
SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

∅ , SMautsch
#                    Signat

This form is used for filing a f

## PART B - RESPONSE

| MAATSCH, JOHN | Y51786 | 2008-463-207 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Grievance has been received, reviewed, and a response is as follows:

After further investigating the nature of your grievance, our findings indicate that the response provided to you on Informal Grievance #463-2008-0152 adequately addresses the issue you have put forward in this appeal.

Be advised, to appropriately investigate your complaint you failed to provide a date, time, and staff involved in denying you a psychological emergency. All psychological emergencies are taken to mental health per policy and procedure. From there mental health determines the next steps in your·care.

Based on the above information, your grievance is DENIED.

You may appeal and obtain further administrative review of your complaint by acquiring Form DC1-303; Request for Administrative Remedy or Appeal, completing the form, and forwarding it with all attachments to the office of the Bureau of Inmate Grievance Appeals, 501 South Calhoun Street, Tallahassee, FL 32399-2500.

M. CORRALES, AWP

| | | 08/21/20 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

Dade C.I.
Grievance Coordinator

AUG **2 1** 2020

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden    ☐ Assistant Warden    ☑ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

SEP 0 8 2020

| Mautsch          John          J | YS1786 | Dade CI |
|---|---|---|
| Last      First      Middle Initial | DC Number | Institution |

20-6-31777

| Part A – Inmate Grievance |
|---|

This grievance is brought under F.A.C. 33-103.007 and is an appeal of 2008-463-207

Issue: The source of the facts for the claim in 463-2008-0182 was provided in its own line in 2008-463-207, Respondent Corrales could have sourced the original grievance to find date, time and other information. Therefore the response is inadequate to address the issue on its merits.

Facts: Select Exhibits from the grievance listed in the formal 2008-463-207 are provided.

Remedy

Reevaluate the informal on its merits in light of the provided exhibit

| 8/27/2020 | SMautsch    YS1786 |
|---|---|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

0 , SMautsch

| # | Signature |

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006,
Florida Administrative Code.

Ps 64
DI

FILED
WITH AGENCY CLERK

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 20-6-31777 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your administrative appeal has been reviewed and evaluated. The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.

Your administrative appeal is denied.

A. KEATON

| | *A. Keaton* | 9/25/20 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

## STATE OF FLORIDA
## DEPARTMENT OF CORRECTIONS

INMATE REQUEST   463-2008-0150

Mail Number: _____
Team Number: _____
Institution: _____

TO: (Check One)
☐ Warden
☑ Asst. Warden
☐ Classification
☐ Security
☐ Medical
☐ Mental Health
☐ Dental
☐ Other

| FROM: | Inmate Name John Maatsch | DC Number Y51786 | Quarters E1114L | Job Assignment H/M | Date 8/6/2020 |

### REQUEST

Check here if this is an informal grievance ☑

This grievance is brought under 33-103.005 and challenges the application of a Department procedure that affects me personally as allowed in 33-103.00(4)(a). [Note: All facts below are supported by attachments and affidavits previously submitted in other grievances. Facts ARE NOT issues being grieved, they only support the claim.] The sole ISSUE in this complaint is that Mental Health is mishandling psychological emergencies. FACTS: 1) Psychological emergencies are only intended for immediate risk of suicide or self-harm, despite other mental health states that can cause adverse or destructive behavior with wide-ranging consequences especially in light of the prison environment; 2) Mental health has previously ignored well-stated claims of suicidal intent; 3) Mental Health is frequently combative and derogatory towards known mentally and emotionally impaired inmates under their care when they declare psychological emergencies; 4) Mental Health does not provide individualized after-care post psychological emergencies.

REMEDY: Evaluate the issue on its merits and provide a solution

Inmate (Signature): SMaatsch   DC#: Y51786

### RESPONSE

AUG 20 2020   EXHIBIT 7D   DATE RECEIVED: AUG 07 2020

The grievance process is to address personal concerns related to psychological emergencies. Decisions are staffed by mental health outpatient team and decisions are reviewed on a case by case basis, dependent on patient needs and mental health grade. If you have any personal concerns that you'd like to address they can be discussed with counselor. However, since this response you were seen on 8/18/2020, where you had an opportunity to address these issues. We encourage you to utilize coping skills until call out restrictions are lifted.

Based on the above information, your grievance is Denied.

you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

Official (Print Name): I. Murga, Psy D. clinical psych
Official (Signature): ___
Date: 08/19/2020

07-1 Mental Health

DC6-236 (Effective 11/18)

**FLORIDA DEPARTMENT OF CORRECTIONS**

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

RECEIVED

AUG 2 8 2020

☐ **Third Party Grievance Alleging Sexual Abuse**   2009-463-027

TO: ☑ Warden   ☐ Assistant Warden   ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| Maatsch John J | YS1786 | Dade CI |
|---|---|---|
| Last     First     Middle Initial | DC Number | Institution |

---

Part A – Inmate Grievance

This grievance is brought under F.A.C. 33-103.006 and is an appeal of 463-2008-0150.

Issue: The response does not bother to address the claim or presented facts and is thus an inadequate response to address the grievance on its merits.

Facts: The evidence for the claim is provided in the attached exhibits which were originally attached to a grievance about a suicidal ideation in July. That copy of the grievance and select exhibits are provided here to support the claim

Remedy: Reevaluate the informal grievance on its merits

Nothing

8/27/2020
DATE

S. Maatsch   YS1786
SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

Ø , S Maatsch
#     Signature

INSTRUCTIONS

*Sign DE*   *Exhibit Only*   **Exhibit**

## INMATE REQUEST

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☑ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Mental Health | ☐ Dental ☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name John Maatsch | DC Number Y51786 | Quarters E1114L | Job Assignment H/M | Date 7/28/2020 |
|---|---|---|---|---|---|

### REQUEST

Check here if this is an informal grievance ☑

This grievance is brought under 33-103.005 and addresses the application of Department rules and pro-cedures that effect me personally as allowed in 33-103.001(4)(a).

[NOTE: This grievance contains HIPPA protected information.]

[NOTE: This grievance is about the psychological emergency process. It addresses malfeascence of both security and mental health and should be reviewed by someone in authority over both departments.]

[Note: This grievance contains evidence of behaviors of mental health councillors, doctors, officers and srgeants. Individuals named within should not be respondents.]

The triggering event as required in 33-103.011(1) occurred on 7/15. From 7/10 to 7/15 I experienced several days of intense depression, which culminated in a suicidal state of mind.

The sole complaint, as required in 33-103.005(2)(6)(2), is that the psychological emergency process, hereafter referred to as PE, is adversarial and dismissive.

(cont.)

All requests will be handled in one of the following ways:  1) Written Information or  2) Personal Interview.  All informal grievances will be responded to in writing.

Inmate (Signature): S.Maatsch                    DC#: Y51786

---

### DO NOT WRITE BELOW THIS LINE

### RESPONSE

DATE RECEIVED: _____

*Dade C.I.*
*Assistant Warden of Programs*
**RECEIVED**
JUL 28 2020

Per Chapter 33-103.014 (1)(a) the grievance ~~addressed more than one issue or complaint~~

1. Security not handling Psych Emergencies ~~appropriately~~
2. Mental Health not handling psych Emergencies ~~appropriately~~

*Dade C.I.*
*Grievance Coordinator*
**MAILED**
JUL 31 2020

[The following pertains to informal grievances only:]

Based on the above information, your grievance is ~~Returned, Approved, Denied, or Approved.~~  If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

**RETURNED**

Official (Print Name): M. Perez          Official (Signature): [signature]          Date: 07/31/20

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DCI-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C, attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

13-h
G.C.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

John Maatsch   Y51786

SMaatch

Exhibit

[Note all Exhibits are presented as evidence of my state of mind and my experience of the PE process. They are <u>not</u> presented as grievable issues.]
[Exhibit 5 was originally furnished for another inmate's grievance and is included here for relevancy]

A mental health patient is at her most vulnerable when all trust between patient and councillor has been destroyed, for then she has no trained guide from whom she can seek direction or aid on matters from the daily to the deadly. On 7/15, feeling cornered by the events in <u>Exhibit 1</u> and persistently bombarded by thoughts of ending my life, I had to weather the storm with the help of untrained inmate friends rather than face the dismissiveness and hostility of mental health or security. Due to this accumulated distrust my life was jeoparized solely to avoid the PE process as I have experienced it over the past year.

From my commitment to TCU on 5/9/2018 until I was released on 11/20/2018 I was taught to recognize my signs for an irrational state of mind, employ self-help techniques, and if I am unable to handle it then declare a PE. That has been the technique I have used for declaring a PE ever since [Exhibit 2]. Apparently though, an irrational state of mind is not sufficient a problem for mental health to address. They'd really rather I wait until I'm tying the knot around my neck, like the inmate in Exhibit 3.

My last three PE experiences stand out as reminders of the horrible treatment I would receive at the hands of Mental Health and security were I to declare another [Exhibits 4,5,6 and 7]. At my last session with Ms. Rodriguez, ███████ security staff informed her a patient of hers declared a PE. A few moments later, Dr. Gascon came in and told Ms. Rodriguez that it was "not a real psychological emergency" and "don't worry about it." This mirrors my experiences last December when Sgt. Woodruff told me that we 'transgenders' are "always calling psychological emergencies for invalid reasons" and "wasting security's time." [Exhibit 8]

(cont. on back)

Exhibit 2

Smautsch

# What Leads Me To A Psychological Emergency

Exhibit 2

I experience distress, hopelessness, depression and anxiety.

The following factors exacerbate these states, listed in order of severity:
- Gender Dysphoria • Sexual Harassment • Prejudice/Bigotry
- Improper Transition Treatment

Behavior I've Been Taught That May Indicate An Irrational State of Mind
- Planning and intent for self-harm or violence • Surge in Paranoia and Anxiety
- Abrupt Cessation of Emotions • Hypervigilance • Heightened Agitation
- Apathy • Wildly Fluctuating Emotions • Erratic Thoughts
- Myopic Rumination • Continuous Inactivity • Zero Task Concentration

Compensation Techniques for De-escalation Prior To An Irrational State
- Exercise • Meditation • Drawing • Speaking With Friends
- Sleep  • Escapism

What leads me to declare a psychological emergency:
- Experiencing any 1 of the more severe behaviors; or,
- Experiencing multiple less severe behaviors; and,
- I have tried without success to utilize the compensation techniques; and,
- I strongly believe that my current behavior will lead to self-harm.

Smitsch

"Harassment By Security Personnel" Psychological Emergency    Exhibit 4

Event: On 2/9 and 2/7 Captain Lewis harassed me and acted in a manner that was unprofessional (grieved and approved). I have a history of harassment from this officer dating back to TCU when he asked about my genital status. On the morning of 2/10, I was in such a state of panic that I skipped breakfast and picking up my hormone medication. The panic had not abated by 9:00 am so I declared a psychological emergency. Sgt. Algoe was the responding officer and escorted me to mental health where councillor Khan was the responding councillor.

Councillor Khan Experience: Khan refused to hear what my issue was, gave me a condescending lecture, finally heard my problem and insulted me some more. Here are some quotes from his lecture:
"You always have a problem."   "You're complaints are petty."
"You're taking away from real patients' time."
"You're abusing the system."   "You exhibited a modicum of intelligence."
"Mental health can't help you."  "Just go to confinement, others do."
He also condoned skipping a meal and my hormones. Any GD councillor would understand how out of it you have to be to skip your hormones. I asked for a new councillor, demanded to know how he could be a councillor and told him to get out. He got indignant and told me not to talk to him that way. It is a shame he didn't apply his rule to himself. He left and De Jesus entered and told me that all of us were making petty complaints [You know, like officer harassment, inmate harassment, sexual harassment, hormone disruption, lack of treatment options]. It came out that mental health <u>had</u> <u>failed</u> to provide me with proper documentation that could have prevented my harassment from occurring.

xInmates are people too. So are transsexuals. We should be treated with civility and dignity.

Exhibit 7

Maatsch

Sexual Harassment and Coercion Psychological Emergency          Exhibit 7

: It is well established that high levels of sexual harassment can lead to adverse psychological states. :

Event: Inmate Travis Jones sexually harassed me from December 2019 through April 5, 2020. His sexual harassment grew worse over time as I rejected his advances. From March 27 to April 5 he used threats and coercive techniques to force me to put lotion on his back and make me accept a back rub. On April 6 I had a verbal altercation and forced him to stay away from me. On 4/16 (or 4/15, validateable by review of my mental health record) I was given a threatening note that had been penned by Jones. I instantly went into a violent panic. I declared a psychological emergency. Sgt. Dupree responded. She escorted me first to Captain B. Williams, for a PREA claim, but I did not want to because I had no trust that security would treat me right. I was then escorted to mental health.

Councillor Rodriquez Experience: I showed her the note and explained my feelings. She said it was a PREA issue that needed to be reported and had Sgt. Dupree escort me back out. At no point was my violent ideation addressed. I refused ▮▮▮▮▮ to make a PREA claim because I felt that felt there would be violent repercussions for me. I was in there for less than 5 minutes

I assert that the mental state of the inmate should be evaluated and addressed even when the underlying issue is outside the scope of control for mental health.

## PART B - RESPONSE

| MAATSCH, JOHN | Y51786 | 2009-463-027 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Grievance has been received, reviewed, and a response is as follows:

Your request has been received in non-compliance with the Department of Corrections rules and regulations Chapter 33-103.014; Inmate Grievance Procedure.

In accordance with Chapter 33-103.014 (1) the grievance may be returned to the inmate without further processing if, (t) The inmate used more than two (2) additional narrative pages.

You may resubmit your grievance in compliance with Chapter 33-103, Inmate Grievance Procedure, if upon receipt of this notification the filing is within time frames allowable.

Based on the above information, your grievance is RETURNED without action.

THIS DOCUMENT MAY CONTAIN CONFIDENTIAL RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

DR. L. GASCON, PSY. D.                                          M. CORRALES, AWP

L. Gascon Psy D.
Clinical Psychologist
Dade C.I.

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 09/01/20 |
|---|---|---|
| | | DATE |

Dade C.I.
Grievance Coordinator
MAILED

SEP 0 1 2020

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ **Third Party Grievance Alleging Sexual Abuse**

RECEIVED
SEP 2020
Department of Corrections
Inmate Grievance Appeals

TO: ☐ Warden   ☐ Assistant Warden   ☑ Secretary, Florida Department of Corrections
From or **IF Alleging Sexual Abuse**, on the behalf of:

Maatsch   John   J
Last      First    Middle Initial

Y51786
DC Number          Institution

---

Part A – Inmate Grievance          20-6-33494

This grievance is brought in accordance with F.A.C. 33-103.007 and is an appeal of 2009-463-027.

Issue:

The response provided is not in compliance with F.A.C. 33-103.014(1)(t) and was not returned properly thus denying me the opportunity to seriously address my legitimate concerns.

There was only one narrative page substantiating my claims. A previously submitted good faith informal grievance which was returned as a result of procedural burden, was attached as an exhibit behind the informal grievance for this line of appeals. It contained the evidence to back my claims made in informal grievance 463-2009-0150. Including this as an exhibit or ~~additional~~ 'other pertinent documentation' as allowed in 33-103.006(2)(g).

The (2) page narrative limit was meant to reduce frivolity, rambling, and ranting - not prohibit an inmate from raising a serious issue that needs to be addressed. The pertinent documentation included as exhibits allows me to back my claims that I wouldn't otherwise have been able to do in the statement of facts for the issue at hand.

Remedy: Address the original issue.

9/6/2020
DATE

Maatsch  Y51786
SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:
Ø 1-Maatsch
#        Signature

**INSTRUCTIONS**
This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006,

WITH AGENCY CLERK

~~NOV 04 2020~~

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 20-6-33494 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Denied:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

It is determined that the response made to you in the informal response #463-2008-0150 dated 8/19/2020 appropriately addresses the issue you presented.

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Michelle Schouest, IISC

_Michelle Schouest_   _T. Bowden_   11/2/20

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

# EXHIBIT 8

## INADEQUATE ENDOCRONOLOGY CARE

8A: Testosterone Levels
8B: Medication Refills
8C: Lack of Endocronology Care
8D: All of the Above

Endo

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

# INMATE REQUEST

*463-1909-0061*

Mail Number: _____
Team Number: _____
Institution: _____

| **TO:**<br>(Check One) | ☐ Warden<br>☐ Asst. Warden | ☐ Classification<br>☐ Security | ☑ Medical<br>☐ Mental Health | ☐ Dental<br>☐ Other _____ |
|---|---|---|---|---|

| **FROM:** | Inmate Name<br>John Maatsch | DC Number<br>Y51786 | Quarters<br>E1122U | Job Assignment<br>H/M | Date<br>9/8/19 |
|---|---|---|---|---|---|

**REQUEST**                                    Check here if this is an informal grievance ☑

On 9/5 I reviewed my most recent Total Testosterone blood test results. The serum
level was given as 315 ng/dL with reference ranges of ~290-850 ng/dL for males.
My testosterone level is still well within the male range. The female reference
range for total testosterone is 8-60 ng/dL. The WPATH standards AND my endocrin-
ologist, Dr. Zayas, recommend I be at the upper end of the female normal range, appx.
50 ng/dL. My estrogen, as at my last test, was also within normal male range. 7 months
of taking hormones have been highly ineffective because this facility has continuously
failed to schedule follow up appointments with the endo. My hormone levels are still at
male levels. This is unacceptable. I should have seen the endo on 8/10!
Remedy: Now that the blood levels are in, submit them to the provider, Dr. Zayas, and request an
updated prescription or schedule the follow up appointment.

All requests will be handled in one of the following ways: 1) Written Information or   2) Personal Interview. All
informal grievances will be responded to in writing.

| Inmate (Signature): _John Maatsch_ | DC#: Y51786 |
|---|---|

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**     EXHIBIT 8A                    DATE RECEIVED: _SEP 09 2019_

You will be scheduled to
follow up with the Endocrinologist

**APPROVED**                    SEP 23 2019

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____. (Returned, Denied, or Approved).  If your informal grievance is denied,
you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

9/23/2019

07-V
MED

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as
required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later
than 15 days after the grievance is responded to.  If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)

Incorporated by Reference in Rule 33-103.005, F.A.C.

Endo

# INMATE REQUEST

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

463-1911-0133

Mail Number: _____
Team Number: _____
Institution: _____

| TO:<br>(Check One) | ☐ Warden<br>☐ Asst. Warden | ☐ Classification<br>☐ Security | ☑ Medical<br>☐ Mental Health | ☐ Dental<br>☐ Other _____ |
|---|---|---|---|---|

| FROM: | Inmate Name<br>John Arnatsch | DC Number<br>Y51786 | Quarters<br>F114L | Job Assignment<br>H/M | Date<br>11/13/19 |
|---|---|---|---|---|---|

**REQUEST** Check here if this is an informal grievance ☑

On 9/8 I grieved the fact that I had not seen the endocrinologist as scheduled despite the necessity of having my medication adjusted in grievance 463-1909-0061. That informal grievance had been approved with the statement I would be scheduled.

It is 2 months later and I still have not seen the endo. On 11/12 I received my spironolactone refill and was told I have no more refills. I have 26 days of medication left. I placed a sick-call to see if Dr. Papillon will write a new prescription, but the fact remains my medication levels must be reviewed by the endocrinologist to address my high testosterone.

Remedy: Schedule me for the endocrinologist before my meds run out.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): _____   DC# Y51786

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**   EXHIBIT 8B   DATE RECEIVED: NOV 14 2019

Grievance approved.
Your follow up appointment with endocrinology was approved, and you have been scheduled to see endocrinology ASAP.

NOV 2 2019

[The following pertains to informal grievances only:]
Based on the above information, your grievance is **Approved**. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

| Official (Print Name): S Hightower | Official (Signature): _____ | Date: 11/26/19 |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

O7V
Medical

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

Meds

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ **Third Party Grievance Alleging Sexual Abuse**   2001-463-191

TO: ☑ Warden     ☐ Assistant Warden     ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| Maatsch      John      J | Y51786 | Dade CI |
|---|---|---|
| Last      First      Middle Initial | DC Number | Institution |

---

**Part A – Inmate Grievance**

\* Grievance of a medical nature \* (33-103.006(3)(e))

It has been 7 months and 15 days since I last saw the endocrinologist for my approved gender dysphoria hormone treatment.

a. I last saw the endocrinologist on 6/10/2019

b. I filed grievance 463-1909-0061 on 9/8/2019, a month after I was supposed to have been seen by the endocrinologist to adjust my hormone levels, to force the appointment - it was approved!

c. Two months later, after no action had been taken, on 11/13/2019 I filed grievance 463-1911-0133 to force an appointment with the endocrinologist. It was approved, stating: "Grievance approved. Your follow up appointment with endocrinology was approved, and you have been scheduled to see endocrinology ASAP." I've highlighted the past tense words

d. On or around 12/2/2019 I was called out to medical to sign the blue consultation form

e. On unrelated grievance 1912-463-222, received on 1/10/2020, the response stated "... your appointment is pending to be scheduled." Note the contradictory future tense language.

I've been on hormones for nearly a year and have seen the endo TWICE. You have put my health in danger and caused dysphoria distress. Your apathy and misdirection are further evidence of your deliberate indifference to my Gender Dysphoria. Remedy: Put me in front of an endocrinologist immediately.

| 1/25/2020 | SMaatsch   Y51786 |
|---|---|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

---

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

Ø   1   SMaatsch

\#        Signature

EXHIBIT 8C

INSTRUCTIONS

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 2001-463-191 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Grievance has been received, reviewed, and a response is as follows:

After reviewing your chart, you have already been scheduled for blood work that is coming up. Once that has been completed you will be scheduled for a follow up with Endocrinology.

Based on the above information, your grievance is DENIED.

You may appeal and obtain further administrative review of your complaint by acquiring Form DC1-303; Request for Administrative Remedy or Appeal, completing the form and forwarding it with all attachments to the office of the Bureau of Inmate Grievance Appeals, 501 South Calhoun Street, Tallahassee, FL 32399-2500.

THIS DOCUMENT MAY CONTAIN CONFIDENTIAL RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

DR. F. PAPILLON, CHO          M. CORRALES, AWP

01-31-2020

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |
|---|---|---|

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

FEB 1 8 2020

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden     ☐ Assistant Warden     ☑ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| MAATSCH   JOHN   S. | Y51786 | DADE C.I. |
|---|---|---|
| Last       First       Middle Initial | DC Number | Institution |

20-6-05892

**Part A – Inmate Grievance**

THIS IS AN APPEAL OF 2001-463-171. THE RESPONSE IS A TRANSPARENT DISPLAY OF THEIR
CONTINUED ATTEMPTS TO SLOW-WALK ME THROUGH THE PROCESS OF GETTING ME TO SEE THE
ENDOCRINOLOGIST. THE FACILITY KNOWS FSPT (OR FST?-?-?) MY BLOOD SERUM LEVELS ARE
STILL 4 TIMES MORE THAN FEMALE MAXIMUM AND, BASED ON THE ENDOCRINOLOGIST'S NOTES
AND COMMON PRACTICE (WPATH, AMA), KNOW THEY SHOULD BE IN THE FEMALE NORMAL RANGE. THE
YEAR I HAVE BEEN ON HORMONE REPLACEMENT THERAPY HAS BEEN GROSSLY INEFFECTIVE AS A
RESULT OF THIS FACILITY'S DELIBERATE DELAYS AND IS CAUSING CONTINUED DISTRESS AND
HARM THROUGH CONTINUE GENDER DYSPHORIA AND WASTE OF THE MAXIMALLY-EFFECTIVE
PERIOD OF MY TRANSITION.

I HAD NEW BLOOD WORK ON 1/31, NEARLY 2 MONTHS SINCE I SIGNED THE BLUE CONSULTATION
FORM. IT IS NOT UNREASONABLE TO ASSUME I WILL HAVE TO WAIT ANOTHER 2 MONTHS FOR AN ENDO-
CRINOLOGY APPOINTMENT - GIVEN THE ALREADY - 6-MONTH DELAY - CAUSING FURTHER AND UNNE-
CESSARILY - PROLONGED DISTRESS. THIS IS THE DEFINITION OF DELIBERATE INDIFFERENCE.

REMEDY: 1) SEND ME TO AN ENDOCRINOLOGIST IMMEDIATELY AND 2) ENSURE THAT, GIVEN
THE CURRENT STATE OF MY BLOOD SERUM LEVELS, I AM RETURNED TO THE ENDOCRINOLOGIST
IN THE TIME FRAME S/HE (THE ENDOCRINOLOGIST) SETS SO MY H.R.T. IS PROPERLY BALANCED.

| 8 FEB 2020 | Maatsch     Y51786 |
|---|---|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

0   #     Maatsch   Signature

**INSTRUCTIONS**

Media
PI

MAILED/FILED
WITH AGENCY CLERK
MAR 1 1 2020
Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 20-6-05892 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Returned without Action:

Your request for administrative appeal has been received in non-compliance with Chapter 33, "Appeals must be received in the Office of the Secretary within 15 calendar days of the institutional response."

Based on the above information, your appeal is returned without action.

CONFIDENTIAL
THIS DOCUMENT MAY CONTAIN CONFIDENTIAL HEALTH RECORD/ CARE INFORMATION INTENDED FOR THIS ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Michelle Schouest, IISC

| _Michelle Schouest_ | _T. Bowden_ | 3/4/20 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

JUL 1 4 2020

☐ **Third Party Grievance Alleging Sexual Abuse**    2007-463-124

TO: ☑ Warden    ☐ Assistant Warden    ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse, on the behalf of:**

Maatsch        John        JC        Y51786        Dade CI
Last        First        Middle Initial        DC Number        Institution

| Part A – Inmate Grievance |
|---|

**\* Medical Grievance \***

Issue: I have not seen the endocrinologist in almost 6 months and I was just informed by a pill nurse that ALL of my gender dysphoria cross-gender hormone therapy prescriptions have expired.

I understand that COVID-19 has altered operations and priorities but it should not have done so to the point that doctor's visits are entirely skipped and life-saving medicine for an existing serious medical condition expires

My testosterone and estradiol blood-serum levels were taken in late april or early may. In early May I sent a request indicating my DERs were about to expire and received no response. In late May I sent a request to Dr Fernandez asking to see her about the results of my blood work and I received no response. To date no one has discussed the results of the blood work with me. Because I have not seen the endocrinologist my prescriptions were not reviewed and allowed to lapse. This has potential disastrous side effects but thankfully, for a short time, the pill nurses can continue my medication.

Remedy: Renew my prescriptions (1 mg Finasteride, 4 mg Estradiol, 200mg Spironolactone) Schedule me to see Dr Fernandez as soon as permissible Don't allow time between endocrinology appointments be longer than the prescriptions written at those appointments

7/12/2020
DATE

SMaatsch Y51786
SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

EXHIBIT 8D        Ø / SMaat

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 2007-463-124 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Grievance has been received, reviewed, and a response is as follows:

Back in February, APRN Fernandez explained to you that there is no more endocrinologist via video. APRN Fernandez submitted all yours labs results and treatments to Rubicon MDS Endocrinologist online. She got the endocrinologist recommendation to continue the same treatment and repeat labs in 3 months. She reviewed the labs now and wants some recent labs orders to submit them to the program and get a new recommendation. She already ordered labs for next month and she will schedule you to see you when everything is back to normal. Your prescription were done last 07/14/2020 and DER also.

Based on the above information, your grievance is DENIED.

You may appeal and obtain further administrative review of your complaint by acquiring Form DC1-303; Request for Administrative Remedy or Appeal, completing the form and forwarding it with all attachments to the office of the Bureau of Inmate Grievance Appeals, 501 South Calhoun Street, Tallahassee, FL 32399-2500.

THIS DOCUMENT MAY CONTAIN CONFIDENTIAL RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

DR. F. PAPILLON, CHO                        M. CORRALES, AWP

F. Papillon, MD, MPH
CHO
Dade C.I.

07/21/20

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |
|---|---|---|

Dade C.I.
Grievance Coordinator
M. Corrales

JUL 21 2020

# EXHIBIT 9

## INADEQUATE DISTRIBUTION OF HORMONE MEDICATION

9A: Medication Renewal
9B: Medication Renewal
9C: Direct Emergency Grievance To The Secretary
9D: Medication Renewal

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

Dade C.I
Assistant Warden of Programs
**RECEIVED**

☐ **Third Party Grievance Alleging Sexual Abuse**    1911-463-030  NOV 0 8 2019

TO: ☑ Warden          ☐ Assistant Warden          ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| Maatsch    John    J.C. | Y51786 | Dade C.I |
|---|---|---|
| Last    First    Middle Initial | DC Number | Institution |

---

| Part A – Inmate Grievance |
|---|

*Emergency Medical Grievance*

This is an emergency medical grievance as allowed under FAC Ch 33 §103.006(3)(a) and §103.006(3)(e). On October 31, 2019 I submitted my reorder slip for spironolactone, an anti-androgen part of my gender dysphoria treatment. I had 8 days of pills left out of a 30 day prescription. As of this morning November 7, 2019 I have not received my reorder of spironolactone. I have one day left of medication. Failure to ~~emit~~ receive my spironolactone may result in physical and psychological complications that are both hazardous and avoidable. This medicine is readily available and there is no reason the order should not be here.

I spoke to the pharmacist this morning and he informed me: "It's not here yet but it's on its way."

This does not solve the problem that I will have no further spironolactone after tomorrow.

Remedy: Provide an emergency supply of spironolactone so I can continue my medication and not experience a severe disturbance of my endocrine system until my order comes in.

| 11/7/2019 | [signature] |
|---|---|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

EXHIBIT 9A

Ø / [signature]
#        Signature

INSTRUCTIONS

## PART B - RESPONSE

| **MAATSCH, JOHN** | **Y51786** | **1911-463-030** | **DADE C.I.** | **E1114L** |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Grievance has been received, reviewed, and a response is as follows:

After reviewing your chart, records show you already received your medication on 11/08/2019.

Based on the above information, your grievance is DENIED.

You may appeal and obtain further administrative review of your complaint by acquiring Form DC1-303; Request for Administrative Remedy or Appeal, completing the form and forwarding it with all attachments to the office of the Bureau of Inmate Grievance Appeals, 501 South Calhoun Street, Tallahassee, FL 32399-2500.

DR. F. PAPILLON, CHO                    M. CORRALES, AWP

SIGNATURE AND TYPED OR PRINTED NAME OF
EMPLOYEE RESPONDING

SIGNATURE OF WARDEN, ASST.
WARDEN, OR SECRETARY'S
REPRESENTATIVE

11/13/2019
DATE

Dade C.I.
Grievance Coordinator
**MAILED**

NOV 1 3 2019

Meds

Case 1:20-cv-24998-RS   Document 1   Entered on FLSD Docket 12/08/2020   Page 145 of 192

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

[ ] **Third Party Grievance Alleging Sexual Abuse**   1912-463-050

TO: [✓] Warden          [ ] Assistant Warden          [ ] Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| Maatsch | John | J | | YS1786 | | Dade CI |
|---|---|---|---|---|---|---|
| Last | First | Middle Initial | | DC Number | | Institution |

---

**Part A – Inmate Grievance**

✱ Emergency Medical Grievance ✱

This is ~~allowed~~ an emergency medical grievance as allowed under FAC Ch. 33 §103.006(3)(a) and §103.006(3)(e). On 11/8/19 I received my latest prescription of Spironolactone, an anti-androgen part of my gender dysphoria treatment. The prescription label indicated there were no refills remaining. I submitted a sick call on 11/13/19 and was sent to medical on Saturday, 11/16/19. The nurse present could not assist with the medication renewal. I submitted a 2nd sick call on 11/20 for medication renewal. I was seen on a Saturday again, 11/23/19. Nurse Cormeno could not help me so she wrote a pass for me to return on Monday. I returned on Monday 11/25/19 and spoke to Ms. Kennedy, who informed me that she would get Dr. Pappillon to reorder the spironolactone. This morning, 12/5/19, I spoke to Mr. Lafont, who told me the spironolactone had not yet been ordered. I have 4 days of spironolactone remaining. I will run out on Monday 12/9/19.

Remedy: Reorder the spironolactone and issue an emergency supply of spironolactone until the order comes in.

| 12/5/2019 | | YS1786 |
|---|---|---|
| DATE | | SIGNATURE OF GRIEVANT AND D.C. # |

---

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**          Ø  /

|  |  |
|---|---|
| # | Signature |

EXHIBIT 9B

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006

Meds

## PART B - RESPONSE

| MAATSCH, JOHN | Y51786 | 1912-463-050 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Grievance has been received, reviewed, and a response is as follows:

After reviewing your chart ,the order for the spironolactone was already written.

Based on the above information, your grievance is DENIED.

You may appeal and obtain further administrative review of your complaint by acquiring Form DC1-303; Request for Administrative Remedy or Appeal, completing the form and forwarding it with all attachments to the office of the Bureau of Inmate Grievance Appeals, 501 South Calhoun Street, Tallahassee, FL 32399-2500.

THIS DOCUMENT MAY CONTAIN CONFIDENTAL RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

DR. F. PAPILLON, MD, MPH
Medical Director
DEC 23 2019

M. CORRALES, AWP

12/23/19
DATE

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE |
|---|---|

DEC 23 2019

Meds

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED

DEC 3 0 2019

Department of Corrections
Inmate Grievance Appeals

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden    ☐ Assistant Warden    ☒ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| Maatsch | John | J.C. | Y51786 | Dade C.I. |
|---------|------|------|--------|-----------|
| Last | First | Middle Initial | DC Number | Institution |

<u>Part A - Inmate Grievance</u>    20-20-003226

**\*** Direct Emergency Medical Grievance per 33-103.007(3) **\***

I am a transgender inmate. I have been prescribed 200mg spironolactone, a testosterone blocker, by an endocrinologist for treatment for my gender dysphoria. My emergency is: I ran out of spironolactone as of yesterday, 12/9/19, and the facility has been given plenty of notification including sick calls filed on 11/13/19 and 11/20/19, multiple mental health visits on 11/7/19, 11/21/19, 12/5/19 and 12/10/19 and an emergency medical grievance filed at the facility level on 12/5/19, and has failed to provide an emergency supply of spironolactone or renew the prescription.

I received a receipt for the facility emergency grievance (1912-463-050) on 12/6/19. 72 hours has passed without the grievance being returned per 33-103.006(3)(a)(4), which means the facility "acknowledges" the emergency but yet no action has been taken to remedy the situation since I am out of spironolactone!

This lack of testosterone blocker is causing severe distress and anxiety. I saw my counsellor today by pass because I had thoughts of auto orchiectomy - not to mention the disruption to treatment and my endocrine system.

Remedy: Renew the prescription or issue an emergency supply of spironolactone until the facility can send me to the endocrinologist.

12/10/19
DATE

SIGNATURE OF GRIEVANT AND D.C. #

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

Ø / 
# Signature

EXHIBIT 9C

INSTRUCTIONS

*Meds*

```
MAILED/FILED
WITH AGENCY CLERK

JAN 08 2020

Department of Corrections
Bureau of Inmate Grievance Appeals
```

**PART B - RESPONSE**

| | Y51786 | 20-6-00326 | DADE C.I. | E1114L |
|---|---|---|---|---|
| MAATSCH, JOHN | | | | |
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

This grievance is not accepted as a grievance of an emergency nature by Health Services, Central Office, Tallahassee.

Your request for administrative appeal is in non-compliance with the Rules of the Department of Corrections, Chapter 33-103, Inmate Grievance Procedure. The rule requires that you first submit your grievance at the appropriate level at the institution. You have not done so or you have not provided this office with a copy of that grievance, nor have you provided a valid or acceptable reason for not following the rules.

Upon receipt of this response, you are allowed an additional 15 days from the date this response was mailed (date stamped in upper left corner) to resubmit your grievance at your current location in compliance with Chapter 33-103, Inmate Grievance Procedure. Attach a copy of this response to your re-filed grievance.

Based on the foregoing information, your appeal is returned without action.

A. JOHNS

_A. Johns_                          1-3-20

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |
|---|---|---|

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ **Third Party Grievance Alleging Sexual Abuse**

2007-463-160   JUL 17 2020

RECEIVED

TO: ☑ Warden   ☐ Assistant Warden   ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse, on the behalf of:**

| Maatsch     John     J | Y51786 | Dade CI |
|---|---|---|
| Last     First     Middle Initial | DC Number | Institution |

---

**Part A – Inmate Grievance**

\*Emergency Medical Grievance\*

This is a formal grievance brought under 33-103.006 and by-passes the informal grievance step because it is a) an emergency grievance as allowed in 33-103.006 (3)(a) and b) it is a medical grievance as allowed in 33-103.006(3)(e).

Issue: Today, 7/16/2020, I did not received my 4mg estradiol and 200mg spironolactone as I am supposed to. The pill nurse informed me my medication has run out and all my prescriptions have expired. These are my hormone medications for gender dysphoria.

Facts: 1) Abrupt withdrawal of hormone treatment places me at risk of severe withdrawal symptoms and negative outcomes such as increased depression, dysphoria, self-harm ideation and suicidal ideation.

2) The WPATH SoC v7 pg. 68, quoting Dr. George R Brown: The consequences of abrupt withdrawal of hormones... include a high likelihood of negative outcomes such as surgical self-treatment by autocastration, depressed mood, dysphoria, and/or suicidality.

3) De'Lonta, 708 F. 3d at 522-23: WPATH standards are the generally accepted protocols for the treatment of GID. Also Fields 653 F. 3d at 553-54

4) As an example, Keohane vs. Jones: After Defendant began providing hormone therapy, Ms. Keohane experienced a short disruption in receipt of her medicine. Due to this disruption, she again attempted suicide twice in three days. Ms. Keohane also suffered "severe withdrawal symptoms" including fatigue, depression, hot flashes, cold flashes, stomach cramps, diarrhea and loss of appetite.

Conclusion: Your abrupt cessation of hormone medication places me at risk of severe side effects that place my life in danger.

Remedy: Provide a stop gap solution to maintain my medicine levels while you rewrite the prescriptions and fill them

| 7/16/2020 | SMaatsch   Y51786 |
|---|---|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

---

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

EXHIBIT 9D

| Ø, SMaatsch |
|---|
| #     Signature |

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 2007-463-160 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Emergency Grievance has been received, reviewed, and a response is as follows:

Your Medication are in the pill-line, they were received on 07/18/2020.

Based on the above information, your grievance is DENIED.

You may appeal and obtain further administrative review of your complaint by acquiring Form DC1-303; Request for Administrative Remedy or Appeal, completing the form and forwarding it with all attachments to the office of the Bureau of Inmate Grievance Appeals, 501 South Calhoun Street, Tallahassee, FL 32399-2500.

THIS DOCUMENT MAY CONTAIN CONFIDENTIAL RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

DR. F. PAPILLON, CHO                    J. COLON, WARDEN

F. Papillon MD, MPH
CHO
Dade C.I.

| | | |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 07/23/20 DATE |

Dade C.I.
Grievance Coordinator
MAILED

JUL 2 3 2020

# EXHIBIT 10

Failure To Provide Treatment For
Permanent Hair Removal During
Transition

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

Dade CI
Assistant Warden of Programs
**RECEIVED**
AUG 17 2020

☐ **Third Party Grievance Alleging Sexual Abuse**    2008-463-145

TO: ☑ Warden        ☐ Assistant Warden      ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| Maatsch       John       J | Y51786 | Dade CI |
|---|---|---|
| Last       First       Middle Initial | DC Number | Institution |

---

**Part A – Inmate Grievance**

This is a grievance of a medical nature and is brought under F.A.C. 33-103.006(3)(e).

This grievance is in compliance with the procedural rules of F.A.C. 33-103.006(2).

This grievance contains ∅ additional narrative pages as allowed in F.A.C. 33-103.006(2)(c).

This grievance contains 9 pages of other pertinent documentation as allowed in F.A.C. 33-103.006(2)(g).

This grievance is filed under 33-103.006(3)(e) and is not required to have an attached informal step as allowed in F.A.C. 33-103.006(2)(a)

ALL ATTACHED DOCUMENTS ARE EXHIBITS.

This is my final attempt to obtain relief on this matter and exhaust my remedies as required in 42 USC 1997e(a).

Issue: The facility is not providing permanent hair removal for facial and body hair as a treatment for my gender dysphoria.

Facts:

① I am female. I have gender dysphoria. I am classified as a male-to-female transsexual.

② Facial and body hair cause gender dysphoria. [See Exhibit 1]

③ Temporary removal products such as shavers and removal creams do nothing to mitigate this gender dysphoria.

④ Permanent facial and body hair removal is a ubiquitous treatment for male-to-female transsexuals in the community.

⑤ Every attempt to get an answer on permanent hair removal has been met with misdirection, delays and apathy. [See Exhibit 2, 4-8]

⑥ Facial and body hair must be permanently removed as part of my transition and gender dysphoria treatment.

Remedy: Provide me permanent facial and body hair removal.

| 8/17/2020 | SMaatsch          Y51786 |
|---|---|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

EXHIBIT 10

| ∅ / SMaatsch |
|---|
| #          Signature |

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code.

Exhibit 1

# Gender Dysphoria of Facial and Body Hair                    Exhibit 1

## Self-Perception

I am a woman. In the taxa of transgender persons I am a male-to-female transsexual. My self-perception and self-image are that of a woman. Women do not have beards and they have minimal body hair on their legs, pubic area, arms and armpits. The quality of the hair is light in color, vellous in nature and short in length. My hair, on the other hand, does not meet these qualities. I have a mild beard with dark heavy hairs that regrow after shaving within 24 hours. I have body hair all over my body including chest, abdomen, buttocks, legs, upper back, neck and armpits. All areas regrow within 48 hours after shaving. There is never a time that I am without body and facial hair. I live in constant disgust, distress, shame of my facial and body hair. It is a daily and constant reminder of my natal-male origins and delegitimizes my self-perception as a female.

## Awareness

The following give awareness to the presence of facial and body hair: Any touch by self, friends or lovers; reflections; any surprise look by a person when speaking; any comment; anything that makes me feel like someone else is aware of my facial and body hair; any contemplation of the reality of having facial hair as a woman.

[Note: I am always consciously aware of my facial and body hair. Before any social interaction I reflexively touch my face to see if stubble is present.]

## Consequences

- Avoidance of social situations
- Avoidance of intimate situations
- Decreased Task Concentration
- Compulsive shaving, even when presence of stubble or hair is at an absolute minimum
- Compulsive use of tweezers to remove hair
- Anxiety, with possible panicked fleeing, in social or intimate situations

Exhibit 2
Pg. 1 of 2

# Attempts To Obtain Remedies

On 6/1/2019 I wrote a request [Exhibit 4] to mental health explaining the necessity of permanent hair removal and asking if the GDRT was planning to make recommendations on permanent hair removal and if they would review a request regarding the topic from me. I was told that my concerns would be discussed with the GDRT.

For nearly 8 months I waited for some style of response. I continued to mention the issue during outpatient therapy. There was never any indication from mental health personnel that the GDRT was considering permanent hair removal as a possible treatment options. In the meantime the daily stress and distress of dealing with facial and body hair was taking its toll.

On 1/26/2020, in a state of despair over the lack of treatment I wrote an impassioned complaint [463-2001-0244, Exhibit 5] detailing the deleterious effects accruing from the lack of treatment for the issue and seeking that treatment as redress. At the same time, trying to make this treatment happen for me, I sent a request [Exhibit 6] asking if the GDRT was still unwilling to provide permanent hair removal and if the equipment for electrolysis or laser hair removal could be donated would the GDRT be willing to allow those donations. On both the grievance and request I was told to contact the GDRT directly with my "concerns". This was yet another convenient brush off to what any transwoman would consider critical to her transition.

On 2/15/20, I ███████ followed up on the recommendations of Exhibits 5 and 6 and requested [Exhibit 7] the contact info of the GDRT. The response, which came 2 months later, told me to grieve or write ██ to Central Office of Mental Health, yet once again failing to provide an address. The problem with this answer was that I had already grieved the issue and been told instead to write to the GDRT. This contradiction felt like purposeful misdirection to avoid addressing the issue.

On 5/30/2020, I wrote a request [Exhibit 8] attaching Exhibits 5, 6 [cont...]

Exhibit 2
P6. 2 of 2

## Attempts To Obtain Remedies [Continued]

Exhibit 2
P6. 2 of 2

and 7 to call the mental health department on their obvious and intentional misdirection and avoidance. The reply came on 6/17/2020, "We will scan an send to Central Office, we will discuss further at next session."

At my next mental health session, which occurred prior to receiving the response, I was told that my documents had been scanned and sent to Central Office. My counselor and I had a brief conversation about permanent hair removal and the dysphoria and stress of having facial and body hair.

While it was very nice of mental health to scan my complaints and 'concerns', there was zero expectation that there would be any follow through because it had now been a year since the last time my 'concerns' had been 'sent' to the GDRT and I was still waiting for an answer.

# Why Permanent Hair Removal Is Necessary                Exhibit 3

I am a woman. Women do not have beards or copious amounts of body hair. Yet, I do. Now Scream. Repeat. Repeat this 113 times a second as I reach up to touch my face to see if the horrific presence of ███ stubble has reappeared. Scream some more if it has.

Then reach for the shaver, knowing as I do that the only reason I have to is because I still have facial hair, because I had been born ███ with an XY karyotype (Wish I could change that too!!). When the shaver finishes chewing on my stubble I look in the mirror. I still see it. The shadow of the areas that are still thick with facial hair. I am convinced everyone else can too. I drop some locks of hair to strategically hide my shame. I can never get away from it.

Systematically I'll run my hands over my body to discover where any hairs are hiding. Even a single stab wound of a hair elicits an aggressive attack by the shaver. If a hair has snuck itself until it has become too long it gets the tweezers. I will do anything to get rid of this horrid thing called facial and body hair. Its existence is anathema to the woman I am. The disgust and despair are non-stop. I avoid social interactions, especially if I know its been hours since I last shaved. I avoid reflective surfaces because I don't want to see my shame. The thought of a lover reaching up to touch my face only to rub against my stubble sickens me, there is no point in pursuing relationships while I still have a beard. The shaving routine takes a very long time and robs me of other important activities. I will flee if someone says something or I realize my hair has returned ███ in the middle of an event or outing.

I need permanent hair removal because I am a woman, because I need to be able to live my life as that woman with complete confidence and without the spectre of facial and body hair, and because my gender dysphoria will remain severe so long as this issue is unresolved.

INMATE REQUEST

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

Dr. Gascon

Mail Number: _____
Team Number: _____
Institution: _____

.TO:    ☐ Warden          ☐ Classification    ☐ Medical        ☐ Dental
(Check One)  ☐ Asst. Warden  ☐ Security       ☑ Mental Health  ☐ Other

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | John Maatsch | Y51786 | E1122U | H/M | 6/1/19 |

REQUEST                                              Check here if this is an informal grievance ☐

Dr. Gascon,
This request is written to obtain an opinion on permanent facial hair removal.
Facial hair removal is a critical element of living full time (real life experience), passing,
and being comfortable as a woman. Other elements are HRT, presenting (clothing, grooming)
and voice/communication therapy. The gender dysphoria review team did not make
any recommendation regarding permanent facial hair removal. Permanent facial hair
removal is necessary and recommended by the WPATH SoC because HRT has no effect on
hair density and minor impact on color and follicle thickness. As such, it is essential to
my treatment for gender dysphoria. Questions: a) Will the GDRT ever make a recommen-
dation on hair removal? b) If I make an additional formal statement on the matter,
would the GDRT be willing to review my request for permanent facial hair removal?
                                          Namaste, Sarah

All requests will be handled in one of the following ways:  1) Written Information or  2) Personal Interview.  All
informal grievances will be responded to in writing.

Inmate (Signature): _Sarah Maatsch_          DC#: Y51786

**Medical Records**

DO NOT WRITE BELOW THIS LINE

RESPONSE                                 DATE RECEIVED:          JUN 1 0 2019

                                                                **Recieved**

Your concerns will be discussed with GDRT.
     Thank You

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____ (Returned, Denied, or Approved).  If your informal grievance is denied,
you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

| Official (Print Name): | Official (Signature): | Date: |
|---|---|---|
| L. Gascon Psy D. Clinical Psychologist Dade C.I. | [signature] PsyD | 6/14/19 |

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as
required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no
later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

Exhibit 5

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

# INMATE REQUEST

46362001-0244

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☐ Warden | ☐ Classification | ☐ Medical | ☐ Dental |
|---|---|---|---|---|
| | ☐ Asst. Warden | ☐ Security | ☑ Mental Health | ☐ Other |

| FROM: | Inmate Name John Maatsch | DC Number Y51786 | Quarters E1114L | Job Assignment H/M | Date 1/26/2020 |
|---|---|---|---|---|---|

## REQUEST

Check here if this is an informal grievance ☑

I have had all that I can trying to deal with my facial hair. During my evaluation for gender dysphoria I stated clearly that permanent facial hair removal was "absolutely mandatory for my transition. That need has not magically evaporated over time. In fact it only grows more severe with time. Imagine trying to be a woman, but everyday you are forced to shave. Every mechanical or chemical removal is a slap-in-the-face reminder that I am not yet a woman, that I am a biological male, that no one will consider me to be a female so long as I can sport a 5 o'clock shadow. Worse still is that no matter how many times I shave, I have to do it yet again the next day. It is an eternal cycle of body-produced microaggression that ramps dysphoria to a moebius strip of maximal stress. I can't stand it anymore - hormone treatments do nothing for it and I'm ready to smash my razor in frustration, rip my hairs out or build my own electrolysis device. Remedy: Approve me for and provide permanent facial hair removal.

(All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

| Inmate (Signature): SMaatsch | DC#: Y51786 |
|---|---|

Assistant Warden of Programs
RECEIVED

---

**DO NOT WRITE BELOW THIS LINE**

## RESPONSE

DATE RECEIVED: ___ 27 2020

We have received your request. Mental Health is unable to address your concerns regarding permanent hair removal. Please address concerns to central office GD (gender dysphoria review team)

Date C.
Grievance Coordinator
MAILED

FEB 10 2020

Ken R. PsyD
L. Gascon / Psy D.
Clinical Psychologist

[The following pertains to informal grievances only:]
Based on the above information, your grievance is **Denied**. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name): R. Rodriguez, MHP, Doc. C1 | Official (Signature): R | Date: 1/30/20 |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file.
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

MH RCVD
Mental Health

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

Exhibit 6

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

INMATE REQUEST

Dr. Gascon /GDRT

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☑ Mental Health | ☐ Dental ☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name John Maatsch | DC Number Y51786 | Quarters E1114L | Job Assignment H/M | Date 1/26/2020 |

**REQUEST**                           Check here if this is an informal grievance ☐

My complaints about the absolute void of treatment for the significant dysphoric stressor of facial hair are handled in a separate grievance. This request is to try and find an acceptable solution. So far the GDRT has been unwilling to approve TG inmates for any form of permanent hair removal despite its well documented necessity and ameliorative effect for transitioning MTFs. Here are my questions:
a. Is this still the philosophy of the GDRT?
b. If electrolysis or laser hair removal machines could be donated to the facility would the GDRT/facility allow that to address the significant distressor?
~~c. Would the GDRT...~~ This could be a much cheaper alternative to the inevitable legal proceedings. Namaste, Sarah Maatsch

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): SMaats                    DC#: Y51786

Medical Administration
JAN 2 9 2020
Received

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**                    DATE RECEIVED:

Your request has been received. Mental Health is unable to address your concerns regarding permanent hair removal. Please address concerns to central office (Gender Dysphoria Review Team)

[The following pertains to informal grievances only:]
Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

Exhibit Z

# INMATE REQUEST

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☐ Warden | ☐ Classification | ☐ Medical | ☐ Dental |
|---|---|---|---|---|
| | ☐ Asst. Warden | ☐ Security | ☑ Mental Health | ☐ Other |

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | John Maatsch | Y51786 | E1114L | H/M | 2/15/20 |

## REQUEST

Check here if this is an informal grievance ☐

Since it has been brought up a few times, May I have the contact address/info for the GDRT.

Namaste;
Sarah Maatsch

All requests will be handled in one of the following ways:  1) Written Information or  2) Personal Interview.  All informal grievances will be responded to in writing.

Inmate (Signature): S Maatsch     DC#: Y51786

---

DO NOT WRITE BELOW THIS LINE

## RESPONSE

DATE RECEIVED:

Medical Administration
FEB 17 2020
Received

If you would like to discuss anything with the GDRT please grieve or write to central office of mental health.

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____. (Returned, Denied, or Approved).  If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

| Official (Print Name): _____ scon Psy D. al Psychologist | Official (Signature): _____ | Date: 2/18/20 |
|---|---|---|

Original: Inmate (plus one copy)   Dade C.I.
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to.  If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

Exhibit 8

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

# INMATE REQUEST

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☐ Warden  ☐ Asst. Warden | ☐ Classification  ☐ Security | ☐ Medical  ☑ Mental Health | ☐ Dental  ☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name John Maatsch | DC Number Y51786 | Quarters E1114L | Job Assignment H/M | Date 5/30/2020 |
|---|---|---|---|---|---|

## REQUEST

Check here if this is an informal grievance ☐

After reviewing my files I am requesting clarification on the confusing instructions issued by Mental Health.

Exhibit 3 (a request) and Exhibit 2 (a grievance) were sent to mental health/GDRT. The response on both was to address my concerns directly with central office GDRT. In Exhibit 1 I asked for the contact info for the GDRT and was told I needed to grieve or write directly to the GDRT.

Except, I had already tried to grieve the issue and was told to contact the GDRT. Yet when I try to obtain the contact information for the GDRT I'm told to write directly to them. The last is difficult when I don't have the address or contact information. This is all very circular logic, and seemingly designed to give me the run-around.

Would you please clarify how to address treatment options for gender dysphoria to the GDRT?

All requests will be handled in one of the following ways:  1) Written Information or   2) Personal Interview.  All informal grievances will be responded to in writing.

Inmate (Signature): S. Maatsch      DC#: Y51786

---

**DO NOT WRITE BELOW THIS LINE**

## RESPONSE

DATE RECEIVED:

Medical Administration
JUN 03 2020
Received

We will scan and send to central office, we will discuss further at next session.

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____.  (Returned, Denied, or Approved).  If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name): R. Rodriguez, LMHC  DADE CI | Official (Signature): R | Date: 6/4/20 |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to.  If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 2008-463-145 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Grievance has been received, reviewed, and a response is as follows:

Your request has been received in non-compliance with the Department of Corrections rules and regulations Chapter 33-103.014; Inmate Grievance Procedure.

In accordance with Chapter 33-103.014 (1) the grievance may be returned to the inmate without further processing if, (t) The inmate used more than two (2) additional narrative pages.

You may resubmit your grievance in compliance with Chapter 33-103, Inmate Grievance Procedure, if upon receipt of this notification the filing is within time frames allowable.

Based on the above information, your grievance is RETURNED without action.

THIS DOCUMENT MAY CONTAIN CONFIDENTIAL RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

DR. F. PAPILLON, CHO                    M. CORRALES, AWP

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 08/19/20 DATE |
|---|---|---|

Dade C.I.
Grievance Coordinator
MAILED

AUG 1 9 2020

MAILED/FILED
WITH AGENCY CLERK

OCT 0 9 2020

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 20-6-31285 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Denied:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

It is determined that the response made to you by Dr. Papillon on 8/26/2020 appropriately addresses the issue you presented.

Please address your treatment with you case manager and the multidisciplinary services team (MDST).

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Michelle Schouest, IISC

| | | |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 10/6/20 DATE |

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

Dade C.I.
Assistant Warden's Program
RECEIVED

AUG 21 2020

☐ **Third Party Grievance Alleging Sexual Abuse**     2008-463-204

TO: ☑ Warden     ☐ Assistant Warden     ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| Maatsch | John | JC | Y51786 | Dade CI |
|---|---|---|---|---|
| Last | First | Middle Initial | DC Number | Institution |

---

**Part A – Inmate Grievance**

This is a grievance of a medical nature as allowed under F.A.C. 33-103.006(3)(e).
This is my final attempt to obtain relief on this matter and exhaust my remedies as required in 42 USC 1997e(a).

Issue: This facility refuses to provide permanent hair removal as a treatment for my gender dysphoria.

Facts: I have made multiple good faith efforts to receive proper treatment for my severe gender dysphoria ~~[redacted]~~ in the form of permanent body and facial hair removal. The facility has used misdirection, intentional delays and procedural misapprehension across requests, informal grievances and formal grievance. The bottom line is failure to provide permanent hair removal exacerbates my gender dysphoria and places me at risk for co-morbidities such as suicide and genital mutilation. I have done everything I can to facilitate my treatment. The facility is fully aware of this treatment need.

Remedy: Provide me with permanent facial and body hair removal.

8/20/2020
DATE

SMaatsch    Y51786
SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

Ø, SMaatsch

s form is used for filing a formal grievance

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 2008-463-204 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Grievance has been received, reviewed, and a response is as follows:

At this time permanent hair removal is not approved.

Based on the above information, your grievance is DENIED.

You may appeal and obtain further administrative review of your complaint by acquiring Form DC1-303; Request for Administrative Remedy or Appeal, completing the form and forwarding it with all attachments to the office of the Bureau of Inmate Grievance Appeals, 501 South Calhoun Street, Tallahassee, FL 32399-2500.

THIS DOCUMENT MAY CONTAIN CONFIDENTIAL RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

DR. F. PAPILLON, CHO

F. Papillon, MD, MPH
CHO
Dade C.I.

M. CORRALES, AWP

08/26/20

SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING

SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE

DATE

Dade C.I.
Grievance Coordinator
MAILED

AUG 26 2020

**FLORIDA DEPARTMENT OF CORRECTIONS**

<u>REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL</u>

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden    ☐ Assistant Warden    ☑ Secretary, Florida Department of Corrections

SEP 0 8 2020

From or **IF Alleging Sexual Abuse**, on the behalf of:

| Maatsch    John    J | Y51786 | Dade CI |
|---|---|---|
| Last    First    Middle Initial | DC Number | Institution |

20-6-31285

<u>Part A – Inmate Grievance</u>

This grievance is brought under F.A.C. 33-103.007 and is an appeal of 2008-463-204.

<u>Issue</u>: The response provided is inadequate to address the grievance on its merits.

<u>Facts</u>: The treatment for gender dysphoria is transition. This includes social transition, hormones, voice/communication therapy, permanent facial and body hair removal and sex reassignment surgery. Failing to approve permanent hair removal, a ubiquitous and inexpensive treatment undergone by all male-to-female transsexuals, is a reckless disregard for my serious medical condition of gender dysphoria and places me at risk for worse mental health characteristics, worse and more numerous dysfunctions, constructing ████ devices to facilitate my own form of electrolysis, and suicidal ideation.

<u>Remedy</u>: Approve permanent hair removal as a treatment option and provide it to me.

Nothing

| 8/28/2020 | SMaatsch Y51786 |
|---|---|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

| Ø | SMaatsch |
|---|---|
| # | Signature |

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006,
Florida Administrative Code.

# EXHIBIT 11

Failure To Provide Treatment For
Voice Communication Therapy

Voice

MAILED/FILED
WITH AGENCY CLERK

OCT 2 1 2020

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 20-6-32011 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Denied:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

Please be advised that treatment accommodation are to be discussed with you counselor and the multidisciplinary services team (MDST).

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Michelle Schouest, IISC

| _Michelle Schouest_ | _T. Bowden_ | 10/19/20 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

Voice

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

# INMATE REQUEST

GDR T/Mental Health

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☐ Warden ☒ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☒ Mental Health | ☐ Dental ☐ Other _____ |
|---|---|---|---|---|

| FROM: | Inmate Name John Maatsch | DC Number Y51786 | Quarters E1114L | Job Assignment H/M | Date 6/15/2020 |
|---|---|---|---|---|---|

## REQUEST

Check here if this is an informal grievance ☐

I am requesting that this gender dysphoria site offer communication therapy. (WPATH SOC v7 Chapter X)

This can be easily accomplished with: a separate supervised space, Audio recording/playback devices (very cheap machines even digital ones), and printouts (for example "Finding Your Female Voice").

The cost of this is completely negligible (a digital audio recording/playback device is ~ $30)

Communication therapy is another gender dysphoria treatment that has been shown to be psychologically beneficial.

All requests will be handled in one of the following ways:  1) Written Information or   2) Personal Interview.  All informal grievances will be responded to in writing.

Inmate (Signature): S Maatsch          DC#: Y51786

### DO NOT WRITE BELOW THIS LINE

## RESPONSE                                    DATE RECEIVED: _____

This is not a service that is currently approved by Department of Corrections.)

[The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned, Denied or Approved).  If your informal grievance is denied,
you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

| Official (Print Name): I. Murga, PsyD Clinical Psychologist DADE CI | Official (Signature): | Date: 06/18/2020 |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to.  If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

**INMATE REQUEST**

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

463-2007-0310

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☐ Warden  ☑ Asst. Warden | ☐ Classification  ☐ Security | ☐ Medical  ☐ Mental Health | ☐ Dental  ☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name  John Maatsch | DC Number  Y51786 | Quarters  E1114L | Job Assignment  H/M | Date  7/20/2020 |
|---|---|---|---|---|---|

**REQUEST**                                          Check here if this is an informal grievance ☑

This grievance is brought under 33-103.005 and is a complaint of the substance, interpretation and application of Department rules and procedures that effect me personally as allowed in 33-103.001(4)(a). My sole issue being grieved is that the Department has failed to authorize voice and communication therapy as a treatment option for my gender dysphoria. Voice and communication therapy, as described in the WPATH SoC v. 7 [Exhibit 1 contains select quotes from the SoC], can be an ameliorative for gender dysphoria. I am a woman. As such, I need to have a female voice and mannerisms in order to have some comfort in my gender identity and role. Continuing to have a male voice and mannerisms, a fact that hormone therapy will not fix, could and will have severe consequences such as increased dysphoria, substance abuse and eventual suicidal ideation. Even if I attempt to auto-fix and adopt what I perceive to be a female voice and mannerisms, I am most likely to not fix the ____ problem and cause damage to my vocal cords [Exhibit 2] and create other long-term issues. Given the... (cont.)

All requests will be handled in one of the following ways: 1) Written Information or  2) Personal Interview.  All informal grievances will be responded to in writing.

Inmate (Signature): SMaatsch

DC#: Y51786

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**                         Assistant Warden of Programs  RECEIVED

**DATE RECEIVED:**                    JUL 20 2020

Your request was forwarded to the statewide director of Mental Health. We will be waiting for an answer.

Dade C.I.  Grievance Coordinator  MAILED

JUL 29 2020

The following pertains to informal grievances only:

Based on the above information, your grievance is ~~Returned, Denied, or Approved~~. If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

**DENIED**

Official (Print Name):  J Hernandez        Official (Signature):        Date: 07/28/20

07-V Mental Health

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.
Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

John Maatsch YS1786
SMaats1

severity of my gender dysphoria I am at high risk of attempting
to adopt and auto-fix of my voice and communication patterns to
align more with my ███████ femininity, thus I am at high risk of
damaging my vocal cords and experiencing unresolved dysphoria due
to this issue. The treatment for voice and communication therapy
can be accomplished in a variety of ways [Exhibit 3], from the
inexpensive to an expensive full-time speech therapist. I am not
advocating for any particular solution, but I am advocating
that this necessary treatment be addressed in some manner.
The Gender Dysphoria Review Team or the facility has the
authority to approve and authorize voice and communication
therapy for gender dysphoria, thus this is a matter in control
of the Department.

Remedy: Authorize voice and communication therapy as a
treatment option for gender dysphoria and provide that
treatment to me in some manner.

[3 Exhibits follow]

Exhibit 1

S Maitch

Selected Quotes From the World Professional Association for Transgender Health Standards of Care Version 7 Chapter X Voice and Communication Therapy (pg. 52-54)

"Transsexual, transgender, and gender non-conforming people might seek the assistance of a voice and communication specialist to develop vocal characteristics and non-verbal communication patterns that facilitate comfort with their gender identity."

* "Voice and communication therapy may <u>help to alleviate gender dysphoria</u> and be a positive and motivating step towards achieving one's goals for gender role expression."

* "The overall purpose of voice and communication therapy is to help clients adapt their voice and communication in a way that is both <u>safe</u> and authentic, resulting in communication patterns that clients feel are congruent with their gender identity and that reflect their sense of self."

"Specialists may include speech-language pathologists, speech therapists, and speech-voice clinicians.

"Treatment may involve individual and/or group sessions."

* "Feminizing or masculinizing the voice involves non-habitual use of the voice production mechanism. <u>Prevention measures are necessary to avoid the possibility of vocal misuse and long-term vocal damage</u>."

* "<u>Feminizing hormones do not have an impact on the adult MtF [Male-to-Female Transsexual] voice.</u>

* - Emphasis added to elements of physical health safety and necessity of treatment

Exhibit 2
@Maursh

Long-Term Physical and Mental Damage from Non-Treatment or Inappropriate Treatment for Voice and Communication Therapy.

* Note: Continued levels of distress and dysphoria in gender dysphoric individuals as well as prejudice, discrimination and violence faced in the community or prison settings are well known to cause co-morbidities such as depression, PTSD, substance abuse, genital self-mutilation and suicide, even when some treatment for gender dysphoria is being provided.

Non-Treatment of Voice and Communication Patterns
• Gender dysphoric persons will experience a clash between their gender identity appearance and voice, as will other persons interacting with the gender dysphoric person
    - Increased Distress and Dysphoria
    - Increased Dysthymia
    - Increased Suicidal Ideation
    - Increased Experienced Prejudice, Discrimination and Violence

Inappropriate Treatment of Voice and Communication Patterns
• Gender dysphoric persons adopt non-congruent voice and communication patterns, or partially congruent patterns
    - Increased Distress and Dysphoria
    - Decreased Functionality in Life Activities as a Result of Diminished Self-Worth, Self-Confidence
    - Increased Experienced Prejudice, Discrimination and Violence
    - Vocal Misuse
    - Long-Term Damage to the Vocal ▇ Production Mechanism
• Gender Dysphoric persons adopt congruent, but improperly trained, voice and communication patterns
    - Vocal Misuse
    - Long-Term Damage to the Voice Production Mechanism
    - Increased Distress and Dysphoria

Manish

## Possible Treatment Solutions for Voice and Communication Therapy On An Ongoing Basis

### Non-Specialist Treatments

- Printed voice and communication training materials for 2 or more gender dysphoric inmates and space and time for group practice
- Printed voice and communication training materials and digital voice recorders with record/playback capabilities and space and time for individual practice
- Printed voice and communication training materials and computer-assisted feedback. Computers, space for computers, time for individual practice
- Fully computerized voice and communication training and feedback. Computers, space for computers, time for individual practice

### Specialist Treatments

- Specialist Community Volunteers for Individual or Group Voice and Communication Therapy. Space and time for therapy, personnel to coordinate volunteer schedule.
- Partnership with Public University Speech/Communication Departments to Provide Specialists for Individual or Group Voice and Communication Therapy. Space and time for therapy, personnel to coordinate specialist schedule, personnel to manage partnership.
- Part-time or full-time Specialist for Individual or Group Voice and Communications Therapy. Space and time for therapy, specialist on-staff personnel.

Assistant Warden of Programs
RECEIVED

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

AUG 0 4 2020

☐ **Third Party Grievance Alleging Sexual Abuse**   2008-463-031

TO: ☑ Warden      ☐ Assistant Warden      ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| Maatsch   John   J | Y51786 | Dade CI |
|---|---|---|
| Last   First   Middle Initial | DC Number | Institution |

---

**Part A – Inmate Grievance**

This grievance is brought under 33-103.006 and is an appeal of 463-2007-0310.

Issue: The response provided in 463-2007-0310 is inadequate to address the issue on its merits.

Facts: I am trying to obtain adequate treatment for my gender dysphoria. The issue addressed in 463-2007-0310, namely voice and communication therapy, is a critical component of a successful transition. After 2 years of fighting for basic treatment options there is a well-established belief that any response of the variety of "Your issue was forwarded to an authority. We will discuss it later." is a disingenuous attempt to provide relief and a malicious attempt to delay or misdirect any of my attempts to receive treatment. Nevertheless, per 33-103.011(3)(a), I have given medical/mental health an additional 6 days past the return time of 463-2007-0310 to ensure that the full 15 days have been provided to them to give me a response. Medical/mental health has failed to do so. 33-103.005(4)(a) requires a written response be provided in informal grievances to ensure that the grievant, me, has the opportunity to appeal a meritous response to my complaint. Thus, "We are waiting for a response" is not an actual response. The serious issue and contentions of fact have not yet been addressed at all. Furthermore the "Denied" status of the grievance is inappropriate as how can one deny the issue BEFORE A RESPONSE IS PROVIDED.

Remedy: Provide an actual response to the informal grievance after evaluating if on its merits.

| 8/4/2020 | SMaatsch   Y51786 |
|---|---|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

Ø , SMaatsch

#      Signature

**INSTRUCTIONS**

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 2008-463-031 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Grievance has been received, reviewed, and a response is as follows:

Your request been forwarded to the gender dysphoria committee in Tallahassee. There is a delay due to COIVD-19 so we have to wait for their decision. Your grievance is denied solely on the basis that at this moment we can not approve your remedy.

Based on the above information, your grievance is DENIED.

You may appeal and obtain further administrative review of your complaint by acquiring Form DC1-303; Request for Administrative Remedy or Appeal, completing the form and forwarding it with all attachments to the office of the Bureau of Inmate Grievance Appeals, 501 South Calhoun Street, Tallahassee, FL 32399-2500.

THIS DOCUMENT MAY CONTAIN CONFIDENTIAL RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

DR. F. PAPILLON, CHO                    M. CORRALES, AWP

F. Papillon, MS, MPH
CHO

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 08/13/20 |
|---|---|---|
| | | DATE |

Dade C.I.
Grievance Coordinator
MAILED

AUG 1 3 2020

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ **Third Party Grievance Alleging Sexual Abuse**

**RECEIVED**

SEP 14 2020

Department of Corrections
Inmate Grievance Appeals

TO: ☐ Warden   ☐ Assistant Warden   ☑ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| Maatsch | John | J | Y51786 | Dade CI |
|---|---|---|---|---|
| Last | First | Middle Initial | DC Number | Institution |

20-6-33011

---

**Part A – Inmate Grievance**

This is an appeal of 2008-463-031 in accordance with F.A.C. 33-103.007.

Issue: As formal grievance 2008-463-031 has failed to provide a remedy or properly following through to obtain an answer from the gender-dysphoria committee on whether or not communication therapy and voice therapy as a treatment for my gender dysphoria has been approved and the grievance was denied then the response provided is inadequate to address the issue on its merits.

Facts:
1) I am female. I have gender dysphoria. I am classified as a male-to-female transsexual.
2) Voice and communication therapy is one of the four critical pillars of a successful transition (Hormone Therapy, Voice + Communication Therapy, Facial + Body Hair Removal, Sex Reassignment Surgery)
3) Absence of voice and communication therapy causes gender dysphoria and attempts at affectuating a female voice cause pain.
4) Delays in obtaining treatment further exacerbate the issues presented in 3.
5) F.A.C. 33-103.014(1)(m) prevents me from reviewing an issue once a decision has been rendered; the grievance process is the proper vehicle to obtain relief.
6) F.A.C. 33-103.001(6) mandate "All department employees are required to cooperate with staff in the inmate grievance office by providing accurate and timely information;" but,
7) 2008-463-031 informs me that there were delays in obtaining a response due to COVID. Even though Secretary Inch had the time to create a program to address violence to short term inmates in the middle of Covid, I grant this argument. Because this issue is so seriously important to me and because I need this treatment, I am granting 1 (One) 30 day extension to ensure a response can be provided.
Remedy: Provide the response from the gender dysphoria committee for my voice + communication therapy.

| 8/19/2020 | |
|---|---|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

1 , SMaatsch

# EXHIBIT 12

## Discrimination Under The Equal Protection Clause Of The 14TH Amendment

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

**INMATE REQUEST** 463-2007-0135

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☑ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Mental Health | ☐ Dental ☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name John Maatsch | DC Number Y51786 | Quarters E1114L | Job Assignment H/M | Date 7/7/2020 |
|---|---|---|---|---|---|

## REQUEST

Check here if this is an informal grievance ☑

This grievance is brought under 33-103.005 and challenges the substance, interpretation, and application of department rules and procedures that affect me as allowed by 33-103.001(4)(a). Specifically, I claim that PREA is an ineffectual system for reporting sexual harassment, abuse or assault at a facility with a high proportion of gang members. Gangs have extensive communication networks across the penal system of Florida, especially centered around the widespread use of contraband cellular devices. Through the use of applications such as Vine, they can track inmates as they move through the state, receiving notification when and where targets move. Thus they can target an inmate for extortion, attack or murder at any facility in the state. The reach of their violence has no bounds and the gang networks even reach outside the prison to their organization in the community where they can easily harm family members of targeted inmates. As an example a gang member, Larry King, when placed in the same wing after being (cont.→)

All requests will be handled in one of the following ways: 1) Written Information or   2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): SMaatsch

DC#: Y51786

### DO NOT WRITE BELOW THIS LINE

## RESPONSE

DATE RECEIVED:

Please Be Advised

Due to Discrimination prison laws
we cannot separate inmates due
to sexual preference and sexuality

Thank you.

**DENIED**

Assistant Warden of Programs
RECEIVED
JUL 0 8 2020

Dade C.I.
Grievance Coordinator
MAILED
JUL 2 0 2020

[The following pertains to informal grievances only]

Based on the above information, your grievance is _____ (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name): Dr. Charles | Official (Signature): V. Charlotte | Date: 7/13/20 |
|---|---|---|

06-W
Security

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.
Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DCI-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.

investigated for a PREA claim by inmate Strickland, bragged how 'that cracker' was stupid' and all he had to do was 'track Strickland on Vine' and 'contact his people' to make Strickland's life a living hell. Clearly, the capability is there regardless if it was acted on in this particular instance. Retaliation for a PREA claim is merely a phone tap away.

Dade CI has a high proportion of gang members. Due to this there is an ubiquitous fear that if one were to make a PREA claim (or even to seek protection, known as 'checking in') against an individual, that a gang would subsequently retaliate for that action. This risk is much higher for transgender inmates given the level of anti-trans and transphobic sentiment in prison.

Remedy: Use classification tools to properly separate transgender inmates and gang members from each other. For example, use said systems to ensure these groups are not in the same wing, dorm and/or facility.

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED

JUL 23 2020

☐ **Third Party Grievance Alleging Sexual Abuse**     2007-463-228

TO: ☑ Warden     ☐ Assistant Warden     ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

Maatsch      John      J            Y51786            Dade CI
Last      First      Middle Initial              DC Number            Institution

---

Part A – Inmate Grievance

This grievance is brought under 33-103.006 and is an appeal of informal grievance 463-2007-0135. The response provided in 463-2007-0135 is inadequate to address the merits of the complaint. Facts:

1) The response does not address the merits of the complaint. For instance there is no statement in the response addressing the issue of making PREA reports in light of the predatory environment nor does it address any of the supporting facts. It only evaluates the preferred remedy.

2) I am not required to provide a remedy under 33-103. A grievant remedy is a suggestion only. The respondent's responsibility is to evaluate and investigate the issue and supporting facts to determine if the issue is meritous and can be addressed by the Department. The respondent may then, and only then, evaluate any proferred remedy. If the grievant remedy is acceptable the respondent may select to use it; if not, the respondent must fit a remedy appropriate to the meritous issue. In this case, respondent disapproved of the remedy but failed to provide an alternative for the issue.

3) Even without consideration of points 1+2, respondent reduced "Use classification tools to properly separate transgender inmates and gang members from each other." to a matter of sexual orientation. There are a variety of means with which to separate inmates. Custody level, DR History (like for incentivized camps and PRIDE jobs), the Prey/Neutral/Predator system, medical and mental health status (like S-grade levelled facilities) and, according to Florida Statute 944.09(1)(k) the Department can classify and separate offenders by age, sex, and other such factors as deemed advisable. [This inmate can imagine, as a thought experiment, that since it is well known that transgender inmates are at high risk of victimization they could be placed in a "Special Vulnerability Group". It could then be determined by the Department, that for their mutual safety and security, that these "SVGs" and STGs should not be housed at the same facility. Note: This is an example only. It is not a new issue, fact, or remedy.] Respondent failed to consider these options in responding to the remedy.

In light of these arguments and to ameliorate the issue, reevaluate the original claim and if found meritous, provide an appropriate solution.

7/22/2020                                      SMaatsch      Y51786
DATE                                        SIGNATURE OF GRIEVANT AND D.C. #

---

***BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**      Ø , SMaatsch
                                                                          #       Signature

**INSTRUCTIONS**
This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 2007-463-228 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Grievance has been received, reviewed, and a response is as follows:

The only time inmates will be separated is if there is a special review for one inmate against another. You will be housed accordingly to your housing level. You will be at certain facilities that meet the requirement for your custody level and health service level.

When reporting a PREA there are multiple ways that can be reported to keep your identity hidden. You can call *TIPS (enter 1, then 8, then *8477) and leave an anonymous tip. You can call 8466 to report to an outside agency (enter 1, then 1, then 8466). You can submit an inmate request or grievance. You can also tell a friend or family member who can report for you.

Based on an abundance of precaution, it is not a common practice for the Department to segregate the transgender inmate population in a separate dormitory. This is done to prevent any type of discrimination taking place based on sexual orientation and identity, and due to other security concerns, as well.

If you are having issues with another inmate where you are in fear of your safety please report it to the Officer in Charge.

Based on the above information, your grievance is DENIED.

You may appeal and obtain further administrative review of your complaint by acquiring Form DC1-303; Request for Administrative Remedy or Appeal, completing the form and forwarding it with all attachments to the office of the Bureau of Inmate Grievance Appeals, 501 South Calhoun Street, Tallahassee, FL 32399-2500.

M. CORRALES, AWP

| | | 08/11/20 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

Dade C.I.
Grievance Coordinator
MAILED

AUG 11 2020

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

SEP 0 8 2020

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden     ☐ Assistant Warden     ☑ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

| Maatsch | John | J | Y51786 | Dade CI |
|---|---|---|---|---|
| Last | First | Middle Initial | DC Number | Institution |

20-6-3282

### Part A – Inmate Grievance

This is an appeal of 2007-463-228 as allowed in F.A.C. 33-103.007.

Issue: The bottom line is that so long as one of the most vulnerable groups in prison, transgender inmates such as myself, is extensively housed side-by-side with one of the most dangerous groups in prison, gangs, there will never be an effectual reporting system, PREA or otherwise, because the personal risk of retaliation is too high. The multi-phasic responses in 2007-463-228 seem like a shotgun approach that doesn't even hit the target, and is thus inadequate to address the issue.

① Telling me I'll be housed according to my housing level in accordance with F.A.C. 33 does nothing to solve an issue.

② Providing PREA reporting methods does nothing as it would be impossible to keep the identity of the reporter/complainer when a PREA report is investigated and adjudicated.

③ As I have said in the formal grievance, at no point did I ask for or recommend transgender inmates OR gang members into their own dorm.

④ If my life is in such danger that I need to ████████ flee to safety then I have a more significant issue then worrying about how gangs may react to me reporting any issues.

Remedy: Reevaluate the original grievance and provide a solution for the claim.

Retaliation is illegal. Transfers, dorm moves, CSU, TCU, AC, DC, PM are all retaliation.

| 8/17/2020 | |
|---|---|
| DATE | |

S Maatsch   Y51786
SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

∅ , S Maatsch

Pred
Enu

WITH AGENCY CLERK

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| **MAATSCH, JOHN** | Y51786 | 20-6-31282 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your administrative appeal has been reviewed and evaluated. The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.

Your administrative appeal is denied.

J. ADAMS

*J. Adams*

9/29/20

SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING

SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE

DATE

INMATE REQUEST
**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

463-2007-0398

Mail Number: _____
Team Number: _____
Institution: _____

TO:
(Check One)
☐ Warden
☐ Asst. Warden
☑ Classification
☐ Security
☐ Medical
☐ Mental Health
☐ Dental
☐ Other

| FROM: | Inmate Name John Maatsch | DC Number Y51786 | Quarters E1114L | Job Assignment H/M | Date 7/22/2020 |
|---|---|---|---|---|---|

**REQUEST**
Check here if this is an informal grievance ☑

This grievance is brought under 33-103.005 and challenges the substance interpretation and application of Department rules and procedures that effect me personally as allowd in 33-103.001(4)(a). At issue is that, as a transsexual/female inmate, I am not allowed at any general population facility except two.

Facts: Per the response by the Warden's designee Ofc. K. Charles in informal grievance 463-2007-0135: "Due to discrimination prison laws we cannot separate inmates due to sexual ▮▮▮▮▮ preference and sexuality." The only reason I am being blocked from other facilities is because I am a transsexual woman. Thus, I am being separated due to my sexuality, which Ofc. K. Charles affirms is discrimination, and thus not permitted to do.

Remedy: Open all ▮▮▮▮ facilities to transsexual, transgender and gender dysphoric inmates.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): S Maatsch

DC#: Y51786

---

**DO NOT WRITE BELOW THIS LINE**

Used C.1
Assistant Warden of Programs
RECEIVED

**RESPONSE**

DATE RECEIVED: JUL 23 2020

~~Per Chapter 33-103.014 (1) (s) The inmate filed a grievance at the institutional level that should have been filed directly with the Office of the Secretary.~~

Date C.1
MAILED

RETURNED          JUL 30 2020

[The following pertains to informal grievances]
Based on the above information, your grievance is _____ (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

| Official (Print Name): H. Perez | Official (Signature): [signature] | Date: 07/30/20 |
|---|---|---|

06-W
AWP

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining, form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED
AUG 0 4 2020

☐ Third Party Grievance Alleging Sexual Abuse    2008-463-041

TO: ☑ Warden    ☐ Assistant Warden    ☐ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

| Maatsch   John   J | Y51786 | Dade CI |
|---|---|---|
| Last   First   Middle Initial | DC Number | Institution |

---

**Part A – Inmate Grievance**

This grievance is brought under 33-103.006 and appeals the response to informal grievance 463-2007-0398

Issue: The response provided in 463-2007-0398 is not pursuant to or in compliance with F.A.C. 33-103.014 as the reason provided under section (5) is not a valid reason for returning the grievance without addressing the issue on the merits

Facts

33-103.014(1)(5): The inmate filed a grievance at the institutional level that should have been filed directly with the Office of the Secretary.

33-103.005(1): Inmates shall utilize the informal grievance process prior to initiating a formal grievance

- Inmates must use an informal grievance before any other grievance vehicle, unless

33-103.005(1): Inmate may proceed directly to the Office of the Secretary on the following issues as governed by subsection 33-103.007(6) F.A.C.:

- the grievance falls under a category that is allowed to be submitted directly to the Office of the Secretary, these categories are ...

33-103.005(1) and 33-103.007(3): grievance of emergency nature, grievance of reprisal, protective management admissible reading material, sentence structure issues, sexual abuse by the Warden of the facility, and inmate banking issues, and HIPAA violations.

Informal grievance 463-2007-0398 contained issue regarding housing discrimination of transgender inmates and a requested remedy to open all facilities. Neither of these falls into the allowed category of grievances that can be filed directly with the Office of the Secretary.

Remedy: Reevaluate 463-2007-0398 on its merits and provide a response or situation for the grievance.

| 8/4/2020 | |
|---|---|
| DATE | |

|  | SMaatsch   Y51786 |
|---|---|
|  | SIGNATURE OF GRIEVANT AND D.C. # |

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

Ø / SMaatsch
#    Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

**Receipt for Appeals Being Forwarded to Central Office**

Submitted by the inmate on: _____     Institutional Mailing Log #: _____
                              (Date)

                                                                      _____
                                                                      (Received By)

DISTRIBUTION:    INSTITUTION/FACILITY          CENTRAL OFFICE
                 INMATE (2 Copies)             INMATE
                 INMATE'S FILE                 INMATE'S FILE - INSTITUTION/FACILITY
                 INSTITUTIONAL GRIEVANCE FILE  CENTRAL OFFICE INMATE FILE
                                               CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)

Incorporated by Reference in Rule 33-103.006, F.A.C.

06-W
AWP

**FLORIDA DEPARTMENT OF CORRECTIONS**
**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

AUG 24 2020

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden   ☐ Assistant Warden   ☑ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

Maatsch   John   JC          Y51786          Dade CI
Last      First  Middle Initial    DC Number         Institution

---

Part A – Inmate Grievance          20-6-30107

This is an appeal of 2008-463-041 as allowed in 33-103.007.

Issue: The original grievance 463-2007-0398 was returned improperly. It was appropriately addressed at the facility level and did not fall into any of the categories allowed for Direct Grievance to the Office of the Secretary 33-103.007(3). I tried to argue this on appeal in 2008-463-041 but it too was rejected on improper grounds.

This is an important issue that needs to be addressed on its merits.

Remedy: (a) Evaluate the original grievance on its merits.

OR

(b) Inform the facility that it the informal grievance was filed properly and allow me to resubmit the informal grievance at the facility level.

8/12/2020
DATE

SMaatsch Y51786
SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

0 , SMaatsch
#      Signature

---

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: 8·14·20
                            (Date)

Institutional Mailing Log #: 17129

2008-463-041

M. St.Clair
(Received By)

DISTRIBUTION:

INSTITUTION/FACILITY
INMATE (2 Copies)
INMATE'S FILE
INSTITUTIONAL GRIEVANCE FILE

CENTRAL OFFICE
INMATE'S FILE - INSTITUTION/FACILITY
CENTRAL OFFICE INMATE FILE
CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)          Incorporated by Reference in Rule 33-103.006

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 2008-463-041 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Amended Response
Your Grievance has been received, reviewed, and a response is as follows:

After further review of your grievance, it is not within Dade C.I.'s scope for responsibilities to decide which camps are open to the Transgender inmate population this is up to the Department of Corrections. They will also decide which camps are to have the Gender Dysphoric population.

Be advised, there are no transsexual inmates at Dade C.I. We only have a transgender population.

Based on the above information, your grievance is DENIED.

You may appeal and obtain further administrative review of your complaint by acquiring Form DC1-303; Request for Administrative Remedy or Appeal, completing the form and forwarding it with all attachments to the office of the Bureau of Inmate Grievance Appeals, 501 South Calhoun Street, Tallahassee, FL 32399-2500.

M. CORRALES, AWP

| | | 09/18/20 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

SEP 18 2020

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ **Third Party Grievance Alleging Sexual Abuse**                    OCT 0 6 2020

TO: ☐ Warden     ☐ Assistant Warden     ☑ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| Maatsh John J | Y51786 | Dade CI |
|---|---|---|
| Last    First    Middle Initial | DC Number | Institution |

---

**Part A – Inmate Grievance**

This grievance is brought under F.A.C. 33-103.007 and is an appeal of 2008-463-041.

Issue: The response provided is inadequate to address the appeal and its preceding informal (463-2007-0398) on their merits.

While it may not be within the scope of responsibility for Dade CI personnel to determine where transgender or gender dysphoric inmates can be placed or which facilities are open to either, it IS within the scope of responsibility for Dade CI personnel to reach out to appropriate personnel at the Regional or State offices to furnish an appropriate response.

If it was the case that whenever I grieved matters of state procedures or decisions that the facility would provide the response given in 2008-463-041 then I would be forced to waste two levels of grievances (informal, facility formal) just so I could get my complaint to the state level to finally provide a response.

It can't possibly be the objective of the grievance process to put inmates through useless hoops just to get an unappealable first response on an issue.

Remedy: Evaluate the original grievance on its merits.

---

| 9/27/2020 | SMaatsh   Y51786 |
|---|---|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

Ø, SMaatsh

#        Signature

**INSTRUCTIONS**

OCT 1 6 2020

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 20-6-34520 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your administrative appeal has been reviewed and evaluated. The response that you received at the institutional level (amended response) has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.

Your administrative appeal is denied.

J. Adams

| | | |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 10/9/20 |
| | | DATE |

John Naatsch # 451786
Dade, Correctional Institution
19000 SW 377th STREET
Florida City, Florida 33034



**FROM:**

⟨⟩XXXXX-XXX⟨⟩
E L
Reg. No. 59754-004
PO BOX 8000
Marianna, FL 32447
United States

**TO:**

U S D C
S D F
OFFice of The CLrerK- RM 8N09
400 North Miami Ave.
Miami, FL
33 80-1716

USPS INSPECTED

# VISIT US AT USPS.COM®
## ORDER FREE SUPPLIES ONLINE



**UNITED STATES POSTAL SERVICE.**

F July 2013
12.5 x 9.5