Legal mail
Received

**DEC 0 2 2020**

Dade C.I.

United States District Court
Southern District of Florida

General Civil Case Filing Requirements

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

John Maatsch — **PLAINTIFF**

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

## SEE ATTACHMENT ONE FOR DEFENDANTS

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

**Complaint for Violation of Civil Rights**
(Prisoner Complaint)

Case No. 20-24998-CV-SMITH
*(to be filled in by the Clerk's Office)*

Jury Trial:  ☑ Yes  ☐ No
*(check one)*

FILED BY _____ D.C.

MAR - 4 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in *forma pauperis*.

# ATTACHMENT ONE

## DEFENDANTS

Centurion of Florida, LLC;
Mark Inch;
Dr. Dean Aufderheide;
Michael Harrell;
Chief of Medical Services, FDOC;
Chief of Classification Management, FDOC;
State PREA Coordinator, FDOC;
Jose Colon;
Mr. Corrales;
Mr. Martinez;
Mr. Love;
Colonel Rijos;
Captain Perry;
Sergeant Dixon;
Officer Day;
Officer T. Lee;
Dr. Gascon;
Dr. F. Papillon;
APRN Fernandez;
LPN Kennedy; and
Ms. Tate

United States District Court
Southern District of Florida

General Civil Case Filing Requirements

## I.   The Parties to This Complaint

### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name _____ John Maatsch _____

All other names by which you have been known:

_____ John J.C. Maatsch _____
_____ Sarah Lynn Maatsch _____

ID Number _____ Y51786 _____

Current Institution _____ Dade Correctional Institution _____

Address _____ 19000 SW 377th Street _____
_____ Florida City, Florida 33034 _____

### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

Name _____ Centurion of Florida, LLC _____

Job or Title (if known) _____ Privately Contracted Medical Provider _____

Shield Number _____ N/A _____

Employer _____ State of Florida _____

Address _____ 1203 Governors Square, #600 _____
_____ Tallahassee, Florida 32301 _____

☐ Individual capacity     ☒ Official capacity

Defendant No. 2

SEE REVERSE SIDE FOR PAGE 2

1

United States District Court
Southern District of Florida

General Civil Case Filing Requirements

Name          Mark Inch

Job or Title   FDOC Secretary
(if known)

Shield Number        N/A

Employer      Florida Department of Corrections

Address       501 South Calhoun Street
              Tallahassee, Florida 32239

☒  Individual capacity        ☒  Official capacity

Defendant No. 3

Name          Dr. Dean AuBerhaide

Job or Title   FDOC Chief of Mental Health Services
(if known)

Shield Number        N/A

Employer      Florida Department of Corrections

Address       501 South Calhoun Street
              Tallahassee, Florida 32239

☒  Individual capacity        ☒  Official capacity

Defendant No. 4

Name          Michael Harrell

Job or Title   FDOC Chief of Security Operations
(if known)

Shield Number        N/A

Employer      Florida Department of Corrections

Address       501 South Calhoun Street
              Tallahassee, Florida 32239

☒  Individual capacity        ☒  Official capacity

## SEE ATTACHMENT TWO FOR DEFENDANTS 5-21

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388

2

# ATTACHMENT TWO

DEFENDANT No. 5
Name Unknown
Chief of Medical Services
FDOC
501 South Calhoun Street
Tallahassee, Florida 32239
Individual & Official Capacity

DEFENDANT No. 9
Mr. Corrales
Asst. Warden @ Dade CI
FDOC
19000 SW 377th Street
Florida City, Florida 33034
Individual & Official Capacity

DEFENDANT No. 6
Name Unknown
Chief of Classification
FDOC
501 South Calhoun Street
Tallahassee, Florida 32239
Individual & Official Capacity

DEFENDANT No. 10
Mr. Martinez
Asst. Warden @ Dade CI
FDOC
19000 SW 377th Street
Florida City, Florida 33034
Individual & Official Capacity

DEFENDANT No. 7
Name Unknown
State PREA Coordinator
FDOC
501 South Calhoun Street
Tallahassee, Florida 32239
Individual & Official Capacity

DEFENDANT No. 11
Mr. Love
Asst. Warden @ Dade CI
FDOC
19000 SW 377th Street
Florida City, Florida 33034
Individual & Official Capacity

DEFENDANT No. 8
Jose Colon
Warden @ Dade CI
FDOC
19000 SW 377th Street
Florida City, Florida 33034
Individual & Official Capacity

DEFENDANT No. 12
Colonel Ryos
Chief of Security @ Dade CI
FDOC
19000 SW 377th Street
Florida City, Florida 33034
Individual & Official Capacity

3

# ATTACHMENT TWO CONTINUED

DEFENDANT No. 13
Captain Parry
Supervising OIC @ Dade CI
FDOC
19000 SW 377th Street
Florida City, Florida 33034
Individual Capacity

DEFENDANT No. 14
Sergeant Dixon
Security @ Dade CI
FDOC
19000 SW 377th Street
Florida City, Florida 33034
Individual Capacity

DEFENDANT No. 15
Officer Day
Security @ Dade CI
FDOC
19000 SW 377th Street
Florida City, Florida 33034
Individual Capacity

DEFENDANT No. 16
Officer T. Lee
Security @ Dade CI
FDOC
19000 SW 377th Street
Florida City, Florida 33034
Individual Capacity

DEFENDANT No. 17
Dr. Gascon
Psychological Director @ Dade CI
Centurion of Florida, LLC
19000 SW 377th Street
Florida City, Florida 33034
Individual & Official Capacity

DEFENDANT No. 18
Dr. F. Papillion
Chief Medical Officer @ Dade CI
Centurion of Florida, LLC
19000 SW 377th Street
Florida City, Florida 33034
Individual & Official Capacity

DEFENDANTS No. 19 & 20
Nurse Fernandez & Kennady
APRN & RN Respectively
Centurion of Florida, LLC
19000 SW 377th Street
Florida City, Florida 33034
Individual & Official Capacity

DEFENDANT No. 21
Ms. Tate
Health Services Admin @ Dade CI
Centurion of Florida, LLC
19000 SW 377th Street
Florida City, Florida 33034
Individual & Official Capacity

4

United States District Court
Southern District of Florida

General Civil Case Filing Requirements

(1971), you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐    Federal officials (a *Bivens* claim)

☒    State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

5th Amendment (Due Process)
8th Amendment (Cruel & Unusual Punishment)  U.S. Constitution
14th Amendment (Equal Protection)

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

N/A

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

SEE ATTACHMENT THREE

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that*

5

# ATTACHMENT THREE

DEFENDANT No. 1, Centurion of Florida, LLC
 Acted under color of state law as a private corporation providing
 medical services while under a contractual agreement with the
 Florida Department of Corrections;

DEFENDANTS No. 2, Mark Inch; No. 3 Dr. Dean Aufderhide; No. 4 Michael
 Harrell; No. 5, Chief of Medical Services; No. 6 Chief of Classification
 Management; No. 7 State PREA Coordinator; No. 8, Jose Colon; No. 9
 Mr. Corrales; No. 10, Mr. Martinez; No. 11, Mr. Love; and No. 21, Ms. Tate
  Acted under color of state law as public employees with the
  Florida Department of Corrections, whether directly or under contract,
  conducting administrative and managerial tasks;

DEFENDANTS No. 12, Colonel Rijos; No. 13, Captain Perry; No. 14, Sergeant Dixon;
 No. 15, Officer Day; and No. 16, Officer T. Lee;
  Acted under color of state law as public employees with the Florida
  Department of Corrections conducting security and supervisory tasks;

DEFENDANTS No. 17, Dr. Gascon; No. 18, Dr. F. Papillon; No. 19, APRN
 Fernandez; No. 20, LPN Kennedy;
  Acted under color of state law as medical care providers under contract
  for the Florida Department of Corrections with Centurion of Florida, LLC.

6

United States District Court                                    General Civil Case Filing Requirements
Southern District of Florida

*apply)*:

☐   Pretrial detainee

☐   Civilly committed detainee

☐   Immigration detainee

☒   Convicted and sentenced state prisoner

☐   Convicted and sentenced federal prisoner

☐   Other *(explain)* _____ N/A _____

## IV.   Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was
personally involved in the alleged wrongful action, along with the dates and locations of all
relevant events.   You may wish to include further details such as the names of other
persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.
If more than one claim is asserted, number each claim and write a short and plain statement
of each claim in a separate paragraph.  Attach additional pages if needed.

A.   If the events giving rise to your claim arose outside an institution, describe where
and when they arose.

N/A

B.   If the events giving rise to your claim arose in an institution, describe where and
when they arose.

Dade Correctional Institution   From May of 2018
19000 SW 377th Street           To Present Day
Florida City, Florida 33034     (Ongoing Issues)

C.   What date and approximate time did the events giving rise to your claim(s) occur?

From initial inception to FDOC in May of 2015
South Florida Reception Center, to South Bay
Correctional Facility, to Dade Correctional
Institution.

7

United States District Court                                    General Civil Case Filing Requirements
Southern District of Florida

D.    What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what?  Was anyone else involved?  Who else saw what happened?)*

SEE ATTACHMENT FOUR

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

January 18th, 2019: Scrotal laceration "/permanent scar from attempted self-castration after experiencing mental breakdown caused by Defendants attempting to cut Ms. Maatsch's hair.

× October of 2019: Fractured hand requiring surgery after confrontation in shower with an unauthorized inmate.

Mental and emotional anguish from PTSD, Anxiety, depression, dysthmia, hopelessness, self-harm and suicidal ideations and attempts, and psychological trauma

December of 2019: Suicide attempt from lack of treatment

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes.  If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

SEE ATTACHMENT FIVE

8

# ATTACHMENT FOUR

1. The Plaintiff, John Maatsch, more commonly known as Sarah Lynn Maatsch, is a forty (40) year old Transgender, transitioning from her biological male impairments, to her medically needed female characteristics.

2. Ms. Maatsch, prior to incarceration, has been diagnosed with Gender Dysphoria by four (4) separate Psychologists over the course of ten (10) years, beginning in 2002 and most recently with the Florida Department of Corrections in 2018.

3. Due to her Gender Dysphoria (GD), Ms. Maatsch has suffered from extensively severe anxiety, dysthmia, depression and ideations of self-castration and suicide.

4. Ms. Maatsch has experienced, as a result of GD, strong difficulty establishing personal friendships, professional relationships, intimate romanticism, and is sexually disfunctional.

5. Ms. Maatsch has also experienced, and continues to experience, psychological and emotional impairments resulting in previous attempts at self-castration and suicide, alcohol abuse, and seclusion.

6. Real life experiences (RLE) has provided Ms. Maatsch with an educated understanding of her circumstances through positive and negative societal interactions, such as partial family and friends exceptance versus abundant discrimination with employment and social recreational activities.

7. Furthermore, and most importantly as to her sincerity, Ms. Maatsch has committed herself to her desire for transition with a combined total of over ten (10) years with hormone replacement therapy, facial feminization surgery, over sixty-five (65) hours of facial electrolysis, voice communication therapy, and dozens of Laser Hair Removal sessions for arms, chest, abdomen, back, buttocks, genitals, and legs.

8. Gender Dysphoria is a serious medical condition, recognized and respected by the scientific community and professional organizations which requires standards of treatment and care as established by the World Professional Association for Transgender Health (WPATH), Standards of Care version 7 (SoC v.7).

9

9. On the 16th day of May, 2013, Ms. Maatsch was committed to the Florida Department of Corrections and transported to the South Florida Reception Center for inception.

10. Ms. Maatsch informed the Psychologist at SFRC of her G.D., which was the first time that she was told that the FDOC had no policy or procedure for Transgenders and G.D. The Psychologist failed to document said information.

11. In June of 2013, Ms. Maatsch was transferred to South Bay Correctional Facility, where she informed the Doctor of her G.D. She was once again told that the FDOC does not cater to Transgenders, and the Doctor also failed to document the information.

12. Ms. Maatsch, as a result, fell victim to depression, dysthymia, abject hopelessness, lack of support, and abject fear of violence from inmates and discrimination from staff. This continued for four and a half (4½) years with no aid for her G.D.

13. On October 21st, 2017, circumstances drove her to attempt suicide with a razor blade. This in turn led to finding out through Mental Health that the FDOC had implemented a new program for Transgenders.

14. Ms. Maatsch has been diligent with her transition, seeking aid when and wherever possibly available. Deliberate indifference, reckless disregard, and needless delays have hindered her efforts. (SEE EXHIBIT 1: A-F)

15. Ms. Maatsch has repeatably grieved every level of service and treatment to only be met with procedural delays, misdirections, apathy, roadblocks, and fabrications:

    (a) In general. (SEE EXHIBIT 2)

    (b) Sex Reassignment Surgery (SRS). (SEE EXHIBIT 3: A-B)

    ✗ (c) Female Prison Transfer. (SEE EXHIBIT 4)

    ✗ (d) Predatory Environment. (SEE EXHIBIT 5: A-B)

    ✗ (e) Shower Safety. (SEE EXHIBIT 6: A-D)

    (f) Psychological Emergencies. (SEE EXHIBIT 7: A-D)

    (g) Endocrinologist (SEE EXHIBIT 8: A-D)

10

(h) Medication Renewal (SEE EXHIBIT 9: A-D)

(i) Permanent Hair Removal (SEE EXHIBIT 10)

(j) Voice Communication Therapy. (SEE EXHIBIT 11)

X (k) Discrimination. (SEE EXHIBIT 12)

16. The Defendant's, respectively, have deprived Ms Maatsch of her rights under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, insomuch as denying her the provisions which protect against cruel and unusual punishment, and the provisions which guarantee due process, equal protection, and due care.

17. The Defendant's deliberate indifference to Ms Maatsch's needs for safety and medical care, failure to properly train and supervise, and implementation and enforcement of unlawful and unconstitutional policies and procedures have created conditions which resulted in said constitutional violations and subsequent pain and suffering.

18. The Defendants were reckless, as they knew of, yet disregarded, the excessive risk to Ms Maatsch's safety and health, possessed actual knowledge of impending harm, which was easily preventable but deliberately ignored, and exposed Ms. Maatsch to great risk.

19. The Mental Health and Medical care and treatment has been and continues to be exceptionally inadequate, and thus, not at a level reasonably commensurate with modern medical science and of a quality acceptable within prudent professional standards.

20. The Defendants are liable for their policies and procedures, and for acts and/or omissions taken pursuant to their policies and procedures. Said policies and procedures subjected Ms. Maatsch to a deprivation of rights, in so much as:

(a) Centurion of Florida, LLC created a policy or custom under which unconstitutional practices occurred, failed to remedy the wrong after having been informed of the deprivations, and failed to properly train and supervise employees, which

11

includes personal for Mental Health and Medical under Contract with the FDOC at Dade C.I.

(b) Mark Inch, The FDOC secretary, failed to remedy the wrongs created by policies and procedures, allowed such wrongs to continue, was grossly negligent in supervising subordinates who committed the wrongful acts, and exhibited deliberate indifference to the rights of Ms. Maatsch by failing to act on information indicating that unconstitutional acts were occurring.

(C) Dr. Dean Aufderheide, Chief of Mental Health services and member of the Gender Dysphoria Review Team (GDRT), with Michael Harrell, Chief of Security Operations; Chief of Medical Services, name Unknown; Chief of Classification Management, name unknown; State PREA Coordinator, name Unknown; failed in establishing procedures that provisions medically necessary interventions for GD, failed in providing safe living environments for Transgenders who are classified as high risk victimization inmates, and have been and are violating the Equal Protection Clause of the Fourteenth Amendment with discrimination by not providing program opportunities, as done so with General Population inmates.

(d) Jose Colón, the Warden at Dade CI; Mr. Corrales, Assistant Warden of Programs; Mr. Martinez; Assistant Warden of Mental Health, and Mr. Love; Assistant Warden of Security; Failed to remedy the wrongs created by policies and procedures, allowed such wrongs to continue, was grossly negligent in supervising subordinates who committed the wrongful acts, and exhibited deliberate indifference to the rights of Ms. Maatsch by failing to act on information indicating that unconstitutional acts where occurring.

(e) Colonel Rijos Chief of Security at Dade C.I. Failed in providing safe living accomodations, failed to remedy the

wrong after having been informed of the violations, allowed the egregious unconstitutional practices with showers, Gang members, sexual predators, proper PREA reporting, and proper psychological emergency procedures to continue, failed to properly train and supervise staff, and exhibited deliberate indifference to the rights of Ms. Maatsch by failing to act on information indicating that unconstitutional acts were occurring.

(F) Captain Perry, Supervising OIC (formerly) at Dade C.I.; officer Dat, Security (formerly) at Dade C.I.; and Ms. Kennedy, LPN (formerly) with Centurion of Florida, LLC at Dade C.I.; acted with intentional malice and deliberate indifference in their reckless disregard for Ms. Maatsch's GD concerning an accommodations pass that prohibited the cutting of her hair. Their artificial review of Ms. Maatsch's pass and their attempt to cut her hair resulted in a mental breakdown which led to an attempted self-castration.

(G) Sergeant Dixon, Dormitory Sergeant at Dade C.I., failed to secure the shower area while Ms. Maatsch was showering, which resulted in a General Population inmate entering the shower, and a confrontation that led to Ms. Maatsch fracturing her digital right 3rd metacarpal, requiring surgery and creating permanent disfigurement.

(H) Officer T. Lee, Security at Dade C.I., failed to secure the shower area multiple times while Ms. Maatsch showered, but in most cases, ignored or overlooked Ms. Maatsch's accommodation pass to shower privately and prohibited Ms. Maatsch from showering entirely.

(I) Dr. Gascon, Psychological Services Director with Centurion of Florida, LLC at Dade C.I. failed to provide adequate care and treatment for GD and Generalized mental health; artificial blanket bans on medically needed treatments insomuch as stating "there is no policy or procedure for said treatments." Failing to evaluate, as is

13

her duty to do so, for all treatments in general; and a deliberate indifference to Ms. Maatsch's medical need to transition, and failure to train and supervise staff.

(j) Dr. F. Papillion, Chief Medical Officer with Centurion of Florida, LLC at Dade CI, failed to provide adequate care and treatment for GD and medical services related to hormone therapy, SRS, and permanent hair removal; artificial blanket bans on medically needed treatments insomuch as stating "SRS is elective in nature and not medically necessary"; and failure to train and supervise staff.

(k) Ms. Fernandez, APRN with Centurion of Florida, LLC at Dade CI, failed to provide appropriate care in providing Endocronologist with accurate information relative to Ms. Maatch's blood test results; and failed to provide adequate endocrinological care for Ms. Maatsch's Hormone Replacement Therapy in accordance with medical standards and policy.

(l) Ms. Tate, Health Services Administrators with Centurion of Florida, LLC at Dade CI, failed to remedy the wrongs created by policies and procedures, allowed such wrongs to continue, was grossly negligent in supervising and training subordinates who committed the wrongful acts, and exhibited deliberate indifference to the rights of Ms. Maatsch by failing to act on information indicating that unconstitutional acts were occurring.

21. Each Defendant's failure to act when they knew, or reasonably should have known, that the Plaintiff was being treated unconstitutionally makes them liable. Their state of mind was more blameworthy than negligent, and their acts and/or omissions were the equivalent of reckless disregard for a substantial risk.

22. The Defendant's were and continue to be deliberately indifferent to Ms. Maatsch's due care for safety, and medical

14

23. The Local Rules of the United States District Court For the Southern District of Florida, S.D. Fla. Loc. R. 7.1 (c)(2), states:

Absent prior permission of the Court, neither a motion and its incorporated memorandum of law nor the opposing memorandum of law shall exceed twenty (20) pages. Title pages that precede the first page of text, signature pages, certificates of good faith conferences, and certificates of service shall not be counted as pages for purposes of this rule.

24. Based upon said rule, the foregoing complaint consists of twenty (20) pages prior to this procedural acknowledgement.

25. Ms. Maatsch has a time sensitive claim, as her personal injury claim reaches two (2) years in January of 2021. When coupled with the upcoming holiday season that will close the Courts and stop proceedings, Ms. Maatsch could not obtain prior permission of the Court for an extension of page limitations.

26. Extraordinary circumstances require Ms. Maatsch to respectfully request 3 additional pages to properly state her claims which relief would be granted:

(a) Pro Se Prisoner Filing with the provisions of HAINES v. KERNER, 404 US 519, 30 L Ed 2d 652, 92 S. Ct. 594 (1972) and ASHLEY v STATE, 158 So.2d 530 (1963), which provide that a pro se complaint be held to less stringent standards than formal pleadings drafted by lawyers, as motions filed by a prisoner pro se should not be scrutinized for technical niceties, since a prisoner is almost always unskilled in the law.

(b) Further facts are critically needed to overcome the burden of stating a claim that warrants relief, as the instant case has intricate details that must be voiced.

15

27. Ms. Maatsch continues her life-long quest in transitioning to the female that she is by currently receiving hormone therapy within the FDOC Transgender Program, and is accomodated with social transitioning and real life experiences as "Sarah", although limited in scope and proper treatment methods.

28. Ms. Maatsch's primary sex characteristics, i.e. male genitalia, is the primary, and thus, significant cause of her GD and the associated distress, impairment, depression, anxiety, PTSD, and more drastically, dangerous ideations of self-castration and suicide.

29. Ms. Maatsch's GD has worsened as she has aged, which is recognized within the scientific community, and said GD has been consistent and well documented both before and after her current incarceration.

30. Ms. Maatsch qualifies across the board for sex reassignment surgery. More importantly, she meets none of the criteria for disqualification.

31. Ms. Maatsch is well educated and more than adequately informed concerning surgical techniques, typical visual outcomes, any possible complications, post-operative regrets percentages and aftercare procedures, and the various global doctors who specialize in the field of sex reassignment surgery.

32. Ms. Maatsch does not exhibit any risk factors associated with post-operative surgical regrets or physical anomalies.

33. On the 1st day of September, 2020, Ms. Maatsch was summoned to Mental Health for an unscheduled "special meeting" with Dr. Gascon, Dr. Murga and Ms. Rodriguez. During said meeting, Ms. Maatsch was advised that:

(a) The GDRT cannot approve SRS, Voice Communication Therapy, and/or Permanent Hair Removal;

(b) The GDRT can only approve accomodations and/or treatments that are allowed by policy;

(c) The Mental Health Department cannot evaluate Transgenders for SRS due to a lack of procedures.

16

34. Dr. Gascon stated that "only a legal judgment or settlement agreement will open the door to SRS as a treatment option within the FDOC."

35. Ms. Maatsch has requested and continues to maintain that she would be safer if moved to either a dormitory which houses only Transgenders with GD, or to a Female Facility.

36. Ms. Maatsch incorporates all factual assertions and contentions that are raised within her grievances (EXHIBITS 1-12) to support her claims which warrant relief. The herein attached grievances assist with presenting meritorious civil rights violations which the Plaintiff submits as exhibits to substantiate her complaint.

37. Ms. Maatsch avers the following statement:

Wherefore, the lack of adequate care and proper treatments for Gender Dysphoria, such as sex reassignment surgery, permanent hair removal, and voice communication therapy, as well as the lack of due care for a substantial risk of harm concerning personal safety, will maintain or worsen Ms. Maatsch's functional impairments in social, occupational, and personal relationships, exposing her to discrimination both during incarceration and after her release, and will increase her risk of recidivism. Failure to provide SRS will cause irreparable harm in the unavoidable form of suicide, self-castration, cardiovascular and metabolic diseases and deep vein thrombosis as a result of prolonged hormone replacement therapy. Failure to provide proper transitioning will certainly affect Ms. Maatsch's GD negatively, and will undoubtably increase her anxiety and depression, which will in turn plunge her into the despair that will cause her to revert to the mismanagement of her mental health and/or substance abuse that will lead her to the eventual end of self-castration and/or suicide. Furthermore, failure to transfer Ms. Maatsch to a Female Facility or Transgender designation will result in death, physical injury, or rape.

17

# ATTACHMENT FIVE

## Part VI: Relief

38. The Plantiff, Ms. Maatsch, seeks a Jury Trial to Properly determine any and all compensatory and punitive damages, thereby leaving monetary denominations for said damages at the discretion of the triars of fact who will at that point have an appropriate understanding of all the circumstances that warrant such relief.

39. The Plantiff, Ms. Maatsch, seeks injunctive relief in the form of both mandatory and prohibitory injunctions. Ms. Maatsch seeks to obtain court orders commanding the defendants to provide proper medical and mental health care by way of SRS, hormone medication distribution, psychological therapy sessions, professional voice communication therapy, and permanant hair removal. Ms. Maatsch also seeks to prevent any and all forms of refusal/retaliation against her, as well as avoiding any attempts to transfer her to Wakulla C.I. where her safety would decrease, or to any other institution where she would be denied transitional treatment. Seeks name change.

40. The Plantiff, Ms. Maatsch, seeks declaratory Judgement against the Defendants which stipulates:

   (a) SRS is medically necessary based upon the AMA standards for Transgender with Gender Dysphoria;

   (b) Hormone therapy is insufficient as a stand alone treatment for transition; and

   (C) It is unconstitutional to not provide fair, professional evaluations for all GD treatments, which includes but is not limited to SRS, letters of recommendation, permanent hair removal, voice communication therapy.

41. The Plantiff, Ms. Maatsch, seeks to be housed at a female facility where safety will be provided from violence, rape, sexual predators, gang members and discrimination.

18

United States District Court                   General Civil Case Filing Requirements
Southern District of Florida

**VII.**    **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

     ☒      Yes

     ☐      No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Dade Correctional Institution

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

     ☒      Yes

     ☐      No

     ☐      Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

     ☒      Yes

     ☐      No

     ☐      Do not know

If yes, which claim(s)?   All

United States District Court
Southern District of Florida

General Civil Case Filing Requirements

_N/A_

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒   Yes

☐   No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility? N/A

☐   Yes

☐   No

E.   If you did file a grievance:

1.   Where did you file the grievance?

1st Step: Informal Grievance @ Institution
2nd Step: Formal Grievance @ Institution
3rd Step: Appeal @ Office of the Secretary

2.   What did you claim in your grievance?

Constitutional violations, lack of care and treatment options, deliberate indifference to substantial risk of harm due to safety and health, failure in providing adequate mental health services, discrimination

3.   What was the result, if any?

Multiple results varied: Returned w/o Action, Denied on the Merits, Approved w/o Recourse

20

United States District Court                                    General Civil Case Filing Requirements
Southern District of Florida

    4.    What steps, if any, did you take to appeal that decision?  Is the grievance
process completed?  If not, explain why not.  *(Describe all efforts to appeal
to the highest level of the grievance process.)*

The Grievance Process is complete. From the
initial 1st Step with an Informal, to the Final
3rd Step with an Appeal to the highest level
w/ the Office of the Secretary, FDOC

F.    If you did not file a grievance: 

    1.    If there are any reasons why you did not file a grievance, state them here:



    2.    If you did not file a grievance but you did inform officials of your claim,
state who you informed, when and how, and their response, if any:



G.    Please set forth any additional information that is relevant to the exhaustion of your
administrative remedies.

SEE EXHIBITS 1-12 ATTACHMENT FOUR AND
PARAGRAPH 36

*(Note:  You may attach as exhibits to this complaint any documents related to the
exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal
court without paying the filing fee if that prisoner has "on three or more prior occasions,

United States District Court                                           General Civil Case Filing Requirements
Southern District of Florida

while incarcerated or detained in any facility, brought an action or appeal in a court of the
United States that was dismissed on the grounds that it is frivolous, malicious, or fails to
state a claim upon which relief may be granted, unless the prisoner is under imminent
danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes
rule"?

    ☐       Yes

    ☒       No

If so, state which court dismissed your case, when this occurred, and attach a copy of the
order if possible.

_____ N/A _____

A.    Have you filed other lawsuits in state or federal court dealing with the same facts
involved in this action?

    ☐       Yes

    ☒       No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through
7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on
another page, using the same format.)*

    1.    Parties to the previous lawsuit

        Plaintiff(s) _____ N/A _____
        Defendant(s) _____ A _____

    2.    Court *(if federal court, name the district; if state court, name the county and
State)*

        _____ N/A _____

    3.    Docket or index number

        _____ N/A _____

United States District Court
Southern District of Florida                          General Civil Case Filing Requirements

    4.       Name of Judge assigned to your case

           *N/A*
_____

    5.       Approximate date of filing lawsuit

           *N/A*
_____

    6.       Is the case still pending?

          ☐     Yes   *N/A*

          ☐     No

        If no, give the approximate date of disposition.    *N/A*

    7.       What was the result of the case? *(For example:  Was the case dismissed? Was judgment entered in your favor?  Was the case appealed?)*

           *N/A*
_____
_____

C.     Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

         ☐     Yes

         ☒     No

D.     If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

    1.       Parties to the previous lawsuit

        Plaintiff(s)         *N/*
_____
        Defendant(s)       *A*
_____

    2.       Court *(if federal court, name the district; if state court, name the county and State)*

           *N/A*
_____

23

United States District Court                              General Civil Case Filing Requirements
Southern District of Florida

_____ N/A _____

3.   Docket or index number

_____ N/A _____

4.   Name of Judge assigned to your case
                                         N/A
_____ _____

5.   Approximate date of filing lawsuit
                                         N/A
_____ _____

6.   Is the case still pending?

     ☐     Yes
                    N/A
     ☐     No

     If no, give the approximate date of disposition.  _____ N/A _____

7.   What was the result of the case?  *(For example:  Was the case dismissed?*
     *Was judgment entered in your favor?  Was the case appealed?)*

_____ N/A _____
_____ _____

**IX.    Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my
knowledge, information, and belief that this complaint: (1) is not being presented for an
improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the
cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for
extending, modifying, or reversing existing law; (3) the factual contentions have
evidentiary support or, if specifically so identified, will likely have evidentiary support
after a reasonable opportunity for further investigation or discovery; and (4) the complaint
otherwise complies with the requirements of Rule 11.

**A.     For Parties Without an Attorney**

24

United States District Court                                   General Civil Case Filing Requirements
Southern District of Florida
_____

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____, 20**20**.

Signature of Plaintiff         _____

Printed Name of Plaintiff      _____ John Maatsch _____

Prison Identification #        _____ YS1786 _____

Prison Address                 _ Dade Correctional Institution ____

                               _ 19000 SW 377ᵗʰ St. Florida City, FL 33034 _
                               City                    State              Zip Code

**B.     For Attorneys**

Date of signing: _____, 20___.

Signature of Attorney          _____
Printed Name of Attorney       _____
Bar Number                     _____
Name of Law Firm               _____
Address                        _____
Telephone Number               _____
E-mail Address                 _____

# EXHIBIT 1

## PRELIMINARY REQUESTS SEEKING THE ASSISTANCE NEEDED FOR EVALUATION:

1A: Initial Request

1B: Requesting WPATH Standards of
  Care & Personal Past History

1C: Requesting Mental Health

1D: Requesting Hormone Therapy

1E: Requesting Unobtained Assistance
  & Reference To Previous Requests

1F: Requesting Information To Be
  Documented, Plea For Help, & List
  of Physical, Mental, and Emotional
  Suffering

## INMATE REQUEST

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

Mail Number: _____
Team Number: _____
Institution: _____

**TO:**
(Check One)

☐ Warden
☐ Asst. Warden

☐ Classification
☐ Security

☐ Medical
☑ Mental Health

☐ Dental
☐ Other _Dr Hanson_

| FROM: | Inmate Name | John Maatsch | DC Number | Y51786 | Quarters | D2108U | Job Assignment | Edu. Clerk | Date | 11/20/17 |
|---|---|---|---|---|---|---|---|---|---|---|

**REQUEST**

Check here if this is an informal grievance ☐

I am experiencing an overwhelming level of stress and anxiety stemming from a change in my family situation and a long struggling mental issue that I have been fighting. I am finding it very difficult to work or do anything at all. I think I need to speak to someone.

Thanks,
John

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): _____        DC#: Y51786

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**    EXHIBIT 1 A        DATE RECEIVED: 11/27/17

You have been scheduled.

P. HANSON, PH.D
SR. M.H. CLINICIAN
LICENSED PSYCHOLOGIST
SRCF

[The following pertains to informal grievances only:]
Based on the above information, your grievance is _____ (Returned, Denied, or Approved).  If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name): P. Hanson, PhD | Official (Signature): P. ... | Date: 11/27/1 |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to.  If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)

Incorporated by Reference in Rule 33-103.005, F.A.C.

# INMATE REQUEST

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

Mail Number: _____
Team Number: _____
Institution: _____

**TO:**
(Check One)
☐ Warden
☐ Asst. Warden
☐ Classification
☐ Security
☑ Medical
☐ Mental Health
☐ Dental
☐ Other

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | John Maatsch | Y51786 | D2108U | Edu. Clerk | 12/18/17 |

## REQUEST

Check here if this is an informal grievance ☐

I have been seen by Dr. Hanson and Mrs. Wilber in mental health regarding this issue and was told to send a request to medical to notify you. I am transgender, presenting with severe gender dysphoria, as diagnosed by mental health here and multiple mental health professionals prior to my incarceration. I am formally requesting medical care in conformance with the WPATH Standards of Care. If I need to submit a sick call please let me know.

Prior to my incarceration I was on supervised and unsupervised hormone replacement therapy for seven years and have had feminizing surgeries as well as other activities. I am experiencing a severe level of stress, anxiety and depression, and have been suicidal and have considered self-harm in the past.

All requests will be handled in one of the following ways:  1) Written Information or  2) Personal Interview!  All informal grievances will be responded to in writing.

Inmate (Signature): _John Maatsch_         DC#: Y51786

---

### DO NOT WRITE BELOW THIS LINE

**RESPONSE**     EXHIBIT 1B        DATE RECEIVED: 1/23/18

Your request was forwarded to the Mental Health Dept. Medical intervention will depend on the evaluation you receive at The DOC Transgender Evaluation program which you are now on the waiting list for.

P. HANSON, PH.D
SR. M.H. CLINICIAN

[The following pertains to informal grievances only: LICENSED PSYCHOLOGIST

Based on the above information, your grievance is _____SBCF_____. (Returned, Denied, or Approved).  If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

| Official (Print Name): P. Hanson, PhD | Official (Signature): _____ | Date: 1/23/18 |

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to.  If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)

Incorporated by Reference in Rule 33-103.005, F.A.C.

**INMATE REQUEST**

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

*Diaz*

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☐ Warden | ☐ Classification | ☐ Medical | ☐ Dental |
|---|---|---|---|---|
| | ☐ Asst. Warden | ☐ Security | ☑ Mental Health | ☐ Other |

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Maatsch, John | Y51786 | D2108U | Edu Clerk | 2/26/18 |

**REQUEST**                                    Check here if this is an informal grievance ☐

I continue to experiencing a debilitating level of dysphoria and I try to remain patient as I wait for the evaluation at Zephyrhills which I hope will provide the outcome I need. The longer I wait for this though the worse my depression and stress. I need to speak to someone, because I feel like I am going to go crazy waiting for professional evaluation especially since its been three months since my initial request.

All requests will be handled in one of the following ways:  1) Written Information or  2) Personal Interview.  All informal grievances will be responded to in writing.

Inmate (Signature): *John Maatsch*          DC#: Y51786

---

DO NOT WRITE BELOW THIS LINE

**RESPONSE**    EXHIBIT 1C          DATE RECEIVED: 3/5/18

You are currently on a waiting list for the Gender Dysphoria evaluation unit. We do not know how long it will be before you are transferred to this unit. In the meantime continue to work on your issues with your counselor. You have also been referred to be evaluated by Dr Trchler, the psychiatrist

P. HANSON, PH.D
SR. M.H. CLINICIAN
LICENSED PSYCHOLOGIST
SRCF

[The following pertains to informal grievances only:]
Based on the above information, your grievance is _____ (Returned, Denied, or Approved).  If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

| Official (Print Name): P. Hanson, PhD | Official (Signature): *PH* | Date: 3/5/18 |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file   / form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to.  If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)

Incorporated by Reference in Rule 33-103.005, F.A.C.

# INMATE REQUEST

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

*Dr. Tishler*

Mail Number: _____
Team Number: _____
Institution: _____

| TO:<br>(Check One) | ☐ Warden<br>☐ Asst. Warden | ☐ Classification<br>☐ Security | ☐ Medical<br>☑ Mental Health | ☐ Dental<br>☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name<br>John Maatsch | DC Number<br>Y51786 | Quarters<br>D2108U | Job Assignment<br>Edu. Clerk | Date<br>4/22/18 |
|---|---|---|---|---|---|

## REQUEST

Check here if this is an informal grievance ☐

Sir,

In consideration of my daily struggle with gender dysphoria and the unspecified timeline of going through the Transgender Evaluation Program I am requesting to be placed on anti-androgens. I believe this will help moderate the daily dysphoria battle until such a time that I can be formally evaluated.

Thank you for your help,

John

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): *John H.*     DC#: Y51786

---

**DO NOT WRITE BELOW THIS LINE**

## RESPONSE      EXHIBIT 1D      DATE RECEIVED: _____

HORMONE REPLACEMENT TREATMENT WILL BE DETERMINED BY FLORIDA DEPARTMENT OF CORRECTION @ THE TRANSGENDER EVALUATION CENTER.

[The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Print Name): DR KEN TISHLER   Official (Signature): _____   Date: 8/25/18

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

K. Tishler, Psychiatrist
S.B.C.F

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)

Incorporated by Reference in Rule 33-103.005, F.A.C.

Eval

9

## STATE OF FLORIDA
## DEPARTMENT OF CORRECTIONS

**INMATE REQUEST**

Dr. Gonzalez

Mail Number: _____

Team Number: _____

Institution: _____

| TO: (Check One) | ☐ Warden | ☐ Classification | ☐ Medical | ☐ Dental |
|---|---|---|---|---|
| | ☐ Asst. Warden | ☐ Security | ☑ Mental Health | ☐ Other |

| FROM: | Inmate Name Maatsch, John | DC Number Y51786 | Quarters B2125U | Job Assignment Ins. Grounds | Date 1/1/19 |

**REQUEST**          Check here if this is an informal grievance ☐

Dr. Gonzalez,

For 407 days, since Nov. 20, 2017, I have been desperately pursuing treatment for my severe and continuous gender dysphoria. We are now moving into 2019 and I find my internal state of mind continuing to decline with increased dysphoria, panic attacks and depression. On Dec. 26 my father asked me to tell you that it is now too late to send me to South Bay - his health will not allow him to even make it there. The amount of suffering and loss I endure just to get common medical treatment grows with time. The only, and final, hope I have for a positive life and future is to transition to be a female physically, socially and culturally. At this point, and the point of this request, I am begging and pleading for the Committee to render a diagnosis and to begin treatment or, at the least, put a sign post in the ground and specify an exact timeline for when I will get that relief. Please.

Namaste, Sarah Maatsch

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): Sarah Maatsch          DC#: Y51786

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**   EXHIBIT 1E          DATE RECEIVED: JAN 04 2019

Note. Once I have no additional information. I will let you know.

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____ (Returned, Denied or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.)]

Official (Print Name): R. Gonzalez, Psy. D. PCD          Official (Signature): _____   Date: 1/10/19

Original: Inmate (Plus one copy)                Dade C.I.
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005. Florida Administrative Code.

Informal Grievances and inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining for DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103-005, F.A.C.

*Eval*

## STATE OF FLORIDA
## DEPARTMENT OF CORRECTIONS

**INMATE REQUEST**

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☐ Warden  ☐ Asst. Warden | ☐ Classification  ☐ Security | ☐ Medical  ☑ Mental Health | ☐ Dental  ☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name: John Maatsch | DC Number: Y51786 | Quarters: B2125U | Job Assignment: Inside Grounds | Date: 1/3/19 |
|---|---|---|---|---|---|

**REQUEST**                                        Check here if this is an informal grievance ☐

I am requesting that a copy of this statement, written in my own words, be added to my file:

I barely eat most days, I either sleep poorly or sleep for 12 hours. I have no interest in reading books. I have no interest in writing my books. I've lost interest in the games on the tablet. My Dad's health is failing and I'm more concerned about my issues - his observation of me. I plod along each day trying to exist. I am depressed despite your refusal to diagnose me with that. I have high anxiety. All of that is tied to my worsening gender dysphoria. I find having a male body abhorrent and disgusting. I find having to live socially as a male horrifying. My male existence crushes me on a daily basis. I need to be a woman. I need to transition. The perception of my continued reality being forced to live as a male is that I am running out of strength, I am running out of energy, and I am running out of time to deal with it.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): *Sarah Han*                    DC#: Y51786

---

**RESPONSE**          **EXHIBIT 1 F**

**DO NOT WRITE BELOW THIS LINE**

DATE RECEIVED:

*Medical Administration*
*JAN 08 2019*
*Received*

Note: this request will be placed in your CIF

---

[The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.)]

| Official (Print Name): R. Gonzalez, PSP  PSD | Official (Signature): | Date: 1/10/19 |
|---|---|---|

Original: Inmate (Plus one copy)                Dade C.I.
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005. Florida Administrative Code.

Informal Grievances and inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining for DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later the n15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103-005, F.A.C.

# EXHIBIT 2

## Levels Of Service And Treatment

**INMATE REQUEST**

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

463 2006- 0472

Mail Number: _____
Team Number: _____
Institution: _____

**TO:**
(Check One)

☐ Warden
☑ Asst. Warden
☐ Classification Security
☑ Medical
☑ Mental Health
☐ Dental
☐ Other

**FROM:** Inmate Name    John Maatsch    DC Number Y51786    Quarters E1114L    Job Assignment H/M    Date 8/20/2020

**REQUEST**    Check here if this is an informal grievance ☑

This grievance is brought under F.A.C. 33-103.005 and challenges the substance, interpretation and application of Department rules and procedures that affect me personally as allowed in F.A.C. 33-103.001(4)(a).
Issue: Diagnostic evaluations and of gender dysphoria fail to provide levels of service commensurate with the severity of the disorder, robbing me of proper treatment.
Facts: ① I am female. I have a gender dysphoria.
② Gender dysphoria is a serious medical condition. I am classified as a male-to-female transsexual, due to its functional impairment and co-morbidities, namely suicide and genital mutilation.
③ Gender dysphoria varies in severity amongst individuals.
④ The treatment approach is matched to the specific needs of the patient, particularly their goals for gender expression and the need for relief from gender dysphoria.
⑤ What helps one person alleviate gender dysphoria may vary wildly from that of another.
                                                            (continued on next) (cont.)

All requests will be handled in one of the following ways: 1) Written Information or   2) Personal interview. All informal grievances will be responded to in writing.

Inmate (Signature): SMaatsch

DC#: Y51786

Date: Grievance Coordinator
MAILED    SEP 0 4 2020

**DO NOT WRITE BELOW THIS LINE**

Dade C.I.
Assistant Warden/Warden
RECEIVED

**RESPONSE**

EXHIBIT 2

You were seen today at ....

**DATE RECEIVED:**    AUG 2 4 2020

⑥ The original clinical approach by Harry Benjamin largely focused on identifying who was an appropriate candidate for sex reassignment surgery.

⑦ The current approach of the Department and Facility is to identify candidates to receive an absolute minimum of treatment options.

⑧ Due to data collection techniques during the initial evaluation and follow up treatment, severity of my gender dysphoria was never determined [Medical Records, presented as fact]

⑨ Primary treatment options include: changes in gender role and expression, hormone therapy, surgical interventions for primary and secondary sex characteristics, psychotherapy, voice and communication therapy and permanent hair removal.

⑩ Treatment options provided by the Department are: changes in gender role and expression (hair length, female canteen, female underware) and hormone therapy

⑪ All approved gender dysphoric inmates receive the same level of service, the same treatment

⑫ Due to data collection techniques, the efficacy of my current gender dysphoria treatment has never been determined [Medical, Mental Health Records]

⑬ Proper levels of service cannot be established without an understanding of both the severity of my condition and the efficacy of my treatment.

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

Dade C.I.
Assistant Warden of Programs
**RECEIVED**

SEP 1 4 2020

☐ **Third Party Grievance Alleging Sexual Abuse**    2009-463-161

TO: ☑ Warden      ☐ Assistant Warden      ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

Maatsch    John    J          Y51786          Dade  CI.
Last      First   Middle Initial        DC Number              Institution

---

**Part A – Inmate Grievance**

This is an appeal of 463-2008-0472 and is brought under F.A.C. 33-103.006.

Issue:

The response provided in 463-2008-0472 is inadequate to address the grievance on its merits.

Facts:

① During the 9/1/2020 meeting with Dr. Gascon, Dr. Murga and Ms. Rodriguez it was explained to me that the individual counselling forms contain sufficient information that an outside professional would be able to diagnose and evaluate me for surgical interventions. As such I withdraw and concede facts 8, 11, 12 and 13 in the informal grievance. However;

② This means that the Facility IS aware of the severity of my dysphoria and the inefficacy of my current treatment.

③ In fact, during that 9/1/2020 meeting, in reference to what I termed the fight for my life; that is finishing transition and obtaining sex

-f living

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 2009-463-161 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Grievance has been received, reviewed, and a response is as follows:

After further investigating the nature of your grievance, our findings indicate that the response provided to you on Informal Grievance 463-2008-0472 adequately addresses the issue you have put forward in this appeal.

Based on the above information, your grievance is DENIED.

You may appeal and obtain further administrative review of your complaint by acquiring Form DC1-303; Request for Administrative Remedy or Appeal, completing the form and forwarding it with all attachments to the office of the Bureau of Inmate Grievance Appeals, 501 South Calhoun Street, Tallahassee, FL 32399-2500.

THIS DOCUMENT MAY CONTAIN CONFIDENTIAL RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

DR. L. GASCON, PSY. D.

M. CORRALES, AWP

SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING

SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE

08/23/20

DATE

Dade C.I.
Grievance Coordinator
MAILED

SEP 2 3 2020

med

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED

OCT 0 6 2020

Department of Corrections
Inmate Grievance Appeals

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden      ☐ Assistant Warden      ☑ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| Maatsch | John | J C | YS1786 | Dade CI |
|---|---|---|---|---|
| Last | First | Middle Initial | DC Number | Institution |

---

**Part A – Inmate Grievance**                    20-6-34534

This grievance is brought under F.A.C. 33-103.007 and is an appeal of 2009-463-161.

Issue: The response provided is inadequate to address the appeal on its merits.

The response provided completely ignores all of the arguments I put forth in the appeal

The fight to complete my transition is, quite literally, a fight for my life. I deserve to have thoughtful consideration of the facts and arguments I've put forth to provide meaningful remedy, especially given the potential stakes.

Avoiding the complaint is ▓▓▓▓ deliberate indifference.

Remedy: Re-evaluate the appeal on its merits

# EXHIBIT 4

Precautionary Transfer To Female
Prison To Ensure Proper Safety

oec DI

# INMATE REQUEST
STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

AW Coral 1905- 0202

Mail Number: _____
Team Number: _____
Institution: _____

| .TO: (Check One) | ☐ Warden ☑ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Mental Health | ☐ Dental ☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name John Maatsch | DC Number Y51786 | Quarters E1122U | Job Assignment H/M | Date 5/22/19 |
|---|---|---|---|---|---|

## REQUEST
Check here if this is an informal grievance ☑

Dear Sir,

While not currently in fear, several concerns directly contribute to a hostile and dangerous environment for myself (and other transgender inmates):
• Ongoing housing with known predatory people, such as gang members, who continue to prey upon transgender inmates. I've had to, on a few occasions, rebuff unwanted advances. ~~[redacted]~~
• Ongoing delays or outright denial of essential transition services beyond hormone replacement therapy, which precludes possible reclassification to a female prison

Finally, this facility has decided not to segregate us due to PREA limitations, exacerbating the exigent issues. I'm asking to sign a consent decree, as allowed by PREA, to house transgender inmates in a separate dorm or facility.

All requests will be handled in one of the following ways:  1) Written Information or  2) Personal Interview.  All informal grievances will be responded to in writing.

Inmate (Signature): Sarah Maatsch          DC#: Y51786

---

DO NOT WRITE BELOW THIS LINE

Dade C.I.
Assistant Warden of Programs
RECEIVED

## RESPONSE          EXHIBIT 4          DATE RECEIVED: MAY 23 2019

Inmate Maatsch,

After further investigating the nature of your grievance, our findings indicate that based on an abundance of precaution, it is not a common practice for the Department to segregate the transgender inmate population in a separate dormitory. This is done to prevent any type of discrimination taking place based on sexual orientation, and due to other security concerns, as well. At this time, your request for all transgender inmates to be housed in their own dormitory is DENIED.

Dade C.I.
Grievance Coordinator
MAILED

**DENIED**

JUN 05 2019

[The following pertains to informal grievances only]
Based on the above information, your grievance is _____ (Returned, Denied or Approved).  If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

Official (Print Name): G. Sanchez     Official (Signature): G Sanchez     Date: 06/05/2019

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C, attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to.  If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)          Incorporated by Reference in Rule 33-103.005, F.A.C.

oc - W
SEC /AWP.

Segregation Issue
Discrimination
Wakulla CI does it

Sec DI

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

Dade C.I.
Assistant Warden of Programs
**RECEIVED**

JUN 1 0 2019

☐ **Third Party Grievance Alleging Sexual Abuse**

1906-463-040

TO: ☐ Warden    ☑ Assistant Warden    ☐ Secretary, Florida Department of Corrections
From or **IF Alleging Sexual Abuse**, on the behalf of:

| Maatsch    John    J. C. | Y51786 | Dade CI |
|---|---|---|
| Last    First    Middle Initial | DC Number | Institution |

---

Part A – Inmate Grievance

This is being written as an appeal to informal grievance 463-1905-0202. I understand that under 28 CFR 115.42(g) the Department of Corrections cannot mandate segregated housing for transgender inmates. However, the same PREA rule allows for voluntary "segregation" for the protection of transgender inmates with the creation of a consent decree. I present the following:

1. I am diagnosed transgender and so have standing to argue the merits.
2. Transgender inmates are at high risk for sexual victimization.
3. Gang members are at high risk to commit sexual abuse or other agressive acts.
4. This facility has a high number of gang members.
5. Gang members and transgender inmates are intermixed in dorms/wings throughout the compound and such intermixing is a blatant violation of 28 CFR 115.42 (a).
6. Individually, while not currently in danger of an imminent act, I do face sexual harrassment on a daily basis. As my body feminizes from hormone therapy, the risk that harrassment will become attempts at abuse or assault increases.
7. It is a matter of when, not if, I or another transgender inmate will experience an attempted assault so long as we continue to be housed with gang members and other predatory inmates.

I have been notified I do not meet the qualifications under 28 CFR 115.47(c) + + + + + + +

Segregation Discriminates
Safety & Security
TRUMPS
Wakulla CI Practices

Sec DI

## PART B - RESPONSE

| MAATSCH, JOHN | Y51786 | 1906-463-040 | DADE C.I. | E1122U |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Grievance has been received, reviewed, and a response is as follows:

After further investigating the nature of your grievance, our findings indicate that the response provided to you on Informal Grievance # 463-1905-0202 adequately addresses the issue you have put forward in this appeal.

Based on the above information, your grievance is DENIED.

You may appeal and obtain further administrative review of your complaint by acquiring Form DC1-303; Request for Administrative Remedy or Appeal, completing the form and forwarding it with all attachments to the office of the Bureau of Inmate Grievance Appeals, 501 South Calhoun Street, Tallahassee, FL 32399-2500.

A. Martinez
M. CORRALES, AWP

SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING

SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE

06/10/2019
DATE

Dade C.I.
Grievance Coordinator
MAILED

JUN 1 0 2019

Sec DI

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ **Third Party Grievance Alleging Sexual Abuse**

RECEIVED
JUN 2 0 2019
Department of Corrections
Inmate Grievance Appeals

TO: ☑ Warden   ☐ Assistant Warden   ☑ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

| Maatsch | John | J C | Y51786 | |
|---|---|---|---|---|
| Last | First | Middle Initial | DC Number | Institution |

196-23517

### Part A – Inmate Grievance

This is an appeal of formal grievance 1906-463-040. In informal grievance 463-1905-0202, respondent Sanchez gave two arguments (affirmed in the formal grievance by Ast. Warden Martinez) as to why approved gender dysphoria inmates (GD inmates hereafter) cannot be housed in the same wing. I rebut these arguments here:

A1: An abundance of precaution to prevent discrimination based on sexual orientation

R1: I give respondent Sanchez the benefit of the doubt and presume respondent meant 'gender identity' instead of 'sexual orientation', given the vast difference between the two. The rebuttal, then, is two parts:

a. Voluntary selection into a program is not discrimination. A consent decree is not a mandated program. It is a mutually agreed upon charter open to all members of a particular group (here GD inmates) but participation is mandatory only if a member voluntarily signs on.

b. Governments may discriminate as long as it furthers a legitimate interest and is the least restrictive means to achieve those ends:

i. Protecting inmates from violence at the hands of other inmates is a legitimate interest and is mandated by the constitution (Farmer vs. Brennan 511 US 825 quoting Cortes-Quinones vs. Jimenez-Nettleship 842 F. 2d 556, Hudson vs. Palmer 486 US 517 and Rhodes vs. Chapman 452 US 337)

ii. Current means to meet the unique challenges of protecting GD inmates, and GLBT inmates in general, are not working. Reference incident reports for assaults on the recreation yard and in north side dormitories. Also review the number of GD inmates and inmates awaiting their gender dysphoria evaluation in administrative confinement and temporary protective management.

iii. A consent decree offers a better solution than current means and is less restrictive than others. Colocating GD inmates in a single housing unit would allow for better security management. Other means, such as transferring all predatory inmates or placing all GD inmates in protective management are over-engineered and costly.

A2: An abundance of precaution for "other security concerns".

R2: This argument must be rejected immediately. Respondent Sanchez leaves no room   (continued)

6/16/2019
DATE

Sarah Maatsch   Y51786
SIGNATURE OF GRIEVANT AND D.C. #

'BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS

See DI

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

Dade C.I.
Assistant Warden of Programs
**RECEIVED**

JUN 10 2019

☐ **Third Party Grievance Alleging Sexual Abuse**   1906-463-040

TO: ☐ Warden   ☑ Assistant Warden   ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

Maatsch          John          J.C.              Y51786              Dade CI
Last          First          Middle Initial          DC Number          Institution

---

### Part A – Inmate Grievance

This is being written as an appeal to informal grievance 463-1905-0202. I understand that under 28 CFR 115.42(g) the Department of Corrections cannot mandate segregated housing for transgender inmates. However, the same PREA rule allows for a voluntary "segregation" for the protection of transgender inmates with the creation of a consent decree. I present the following:

1. I am diagnosed transgender and so have standing to argue the merits.
2. Transgender inmates are at high risk for sexual victimization.
3. Gang members are at high risk to commit sexual abuse or others aggressive acts.
4. This facility has a high number of gang members.
5. Gang members and transgender inmates are intermixed in dorms/wings throughout the compound and such intermixing is a blatant violation of 28 CFR 115.42(a).
6. Individually, while not currently in danger of an imminent act, I do face sexual harassment on a daily basis. As my body feminizes from hormone therapy, the risk that harassment will become attempts at abuse or assault increases.
7. It is a matter of when, not if, I or another transgender inmate will experience an attempted assault so long as we continue to be housed with gang members and other predatory inmates.

I have been notified I do not meet the qualifications under 28 CFR 115.42(c) to be transferred to a female facility, though I have repeatedly stated I would feel safer in such a facility. Therefore it is essential to the safety, security and mental health of myself and other transgender inmates that we be housed separately in a wing, dorm or facility per 28 CFR 115.42(g). Movement to a housing assignment other than my current housing is retaliation.

**Remedy:** Create a consent decree that allows for voluntary separate housing of transgender inmates as allowed under 28 CFR 115.42(g).

6/9/19
DATE

Sarah Maatsch  Y51786
SIGNATURE OF GRIEVANT AND D.C. #

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

*Sec DI*

**MAILED/FILED**
**WITH AGENCY CLERK**

**JUN 2 8 2019**

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 19-6-23517 | DADE C.I. | E1122U |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Your administrative appeal has been reviewed and evaluated. The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.

Your appeal presents allegations and/or charges that have not been previously addressed at the institution. This is an appellate review process; it is not appropriate to raise new allegations, charges and facts that the previous decision maker (institution) has not had an opportunity to investigate and respond to.

Your administrative appeal is denied.

J. ADAMS

---

| | *J. Adams* | 6/26/19 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

# EXHIBIT 3

## Failure To Provide Treatment for Sex Reassignment Surgery (SRS)

3A: Request for SRS

3B: Request for Letter of Recommendation for SRS

therapy session forms. Below is a summary of my gender dysphoria, other forms of documentation and details of the effects of having male primary sex characteristics.

## Summary of Physiological and Behavioral Characteristics Triggering Gender Dysphoria

1) Male Primary Sex Characteristic (e.g. male genitalia)
2) Facial Hair
3) Absence of Breasts
4) Voice, especially issues and pain associated with the mechanical process of producing a female voice
5) Body Hair, especially buttocks, genital area, abdomen, chest, back, arms and legs
6) Mannerisms, Gestures and Behavior, especially uncertainty that the mannerisms, gestures and behavior I use are feminine
7) Communication, especially word choice, colloquialisms and interaction with natal females
8) Large Neck ▓▓ and Presence of Adam's Apple
9) Large Feet
10) Large Hands

## Adverse Mental Health and Behavioral Characteristics Due to Gender Dysphoria

Disrupted Sleep Patterns, Disrupted Eating Patterns, Depression, Anxiety, Mania, Emotionally Erratic, Self-Harm Ideation, Suicidal Ideation

(Continued...)

including 3 of Sex Reassignment Surgery
— 2 Instances of mentioning adverse mental health states,
including 7 about suicidal ideation
Letters, Emails and Telephone Calls with Family and Friends

## Behaviors Related to Dysphoria of Male Genitalia
• Avoidance Touching My Genitalia
   - Rather than sitting down to pee like a female, I stand up because when doing so I do not need to touch my genitalia. I am forced to touch them EVERY time I sit down on a toilet
   - Cursory washing, speed washing, or washing through my gym shorts to minimize touching of my genitalia during a shower.
   - Regardless of reduced libido and functionality, I do not masturbate because I refuse to touch it.
• Avoidance Viewing My Genitalia
   - Thank God prison does not have full length mirrors as I would either have to avoid looking at them. On the other hand I may self-sacrifice my mood to physically shove the thing between my legs so it wouldn't be physical. As a bonus for doing that it looks like I have female genitalia in the mirror.
   - Will only look at it during showering, bathing, using the toilet or other grooming behaviors if I absolutely have to.
• Avoidance of Willingly Allowing Others To See or Touch My Genitalia
   - Will not engage in sexual or intimate activities, period.
   - Will not engage in any social behaviors that could possibly reveal my genitalia (e.g. Spa, Beach, Pool, etc.)

1) Personal Grooming and Behavior: In addition to those grooming behaviors in Exhibit 1, I also avoid changing rooms, especially if trying on clothes that would reveal or suggest the presence of male genitalia.

2) Social Issues: Confidence issues related to shame, disgust of male genitalia. Effects work performance. Avoid friendships. Avoid certain social activities.

3) Intimacy Issues: Refuse to engage in sexual activity, especially to avoid any sexual activity involving the use of my genitalia and intercourse. Avoidance of dating. Avoidance of certain intimate settings.

4) Goal Setting and Actualization: There is only one goal for me - obtain SRS and finish transition. All other goals, including career and family, are on the backburner and ignored.

5) Decision Making: Throughout my life, decisions, especially those made from 2002 onward, were primarily focused on completing transition and, to a high extent, excluded any other critical decision-making factors.


There may be more, but a clinical evaluation against the ICF-6 would be needed to determine that and the severity of these.

1) Christmas with Family
2) Vacation to Newport, RI and Martha's Vineyard with Family
3) Halloween Party with Wife, Large Social Setting
4) Vacation with Friends to Cleveland
5) Dinner With Friend, and Friend's Family
6) Pool Party, Large Social Setting
7) Dinner in Chicago, Small Social Setting
8) One-on-one Writing Workshop with Natal Female
9) One-on-one Breast Augmentation/Reconstruction Conversation with Natal Female in Cosmetic Surgeon's Office
10) Group Dinner with Natal Females, Small Social Setting
11) Numerous one-on-one interactions with natal males and females
12) Dating with a Male
13) Dating with a Female
14) Failed Attempt at Romantic Relationship with Transwoman
15) Flirting with natal Males
16) Interactions and Activities at a Gym
17) Interactions and Activities at a Park
18) Interactions and Activities at Numerous Stores and Shops, both alone and with female friends
19) Education at Ohio State University
20) Education with Outside Volunteers at Dade CI
21) Civil + Family Court, Ohio
22) Civil + Family Court, Georgia
23) Primary Care Physicians, Psychotherapist, Cosmetic Surgeon, Electrolysis Providers, Laser Hair Removal Providers, etc.
24) Employment Factory Card and Party Outlet
25) Employment Iron Age Shoes

Lets speak about the deleterious and morbid effects of being a woman with male genitalia.

I need to have female genitalia. I need to have my male genitalia removed forever. Disgust, horror, shame, sickness, despair - these are just some of the terms I can use to describe having this flesh bag between my legs. My need for SRS is the same now as it was in 2003, as it was in 4992, as it was when I was born with the mind of a female. And that is the problem.

I've needed this my whole life. I'm now 40, and I've never been able to live my life the way I was meant to. I'm 40, and I'm watching my life, and the time to possibly enjoy it, slipping away. I'm 40, and I'm watching the prospects of ever being a whole woman disappear behind the horizon

And with each passing day I increasingly think what's the point. I'll never have normal relationships. I'll never have sexual relationships. I'll never know the freedom of being able to live a day without the dysphoria and disgust of having male genitalia.

What is the point of living, if I can never live. When the doctor in my second evaluation asked what would happen if they denied me hormones, I replied, "I know how to use the psych emergency process." Its true but I'm never going to use it for the finale. No amount of psychological emergencies or CSU/TCU inpatient services will ever give me my female genitalia.

That is why I need your help to fix this travesty, that is why I need your help.

In accordance with Chapter 33-103.014 (1) the grievance may be returned to the inmate without further processing if, (1) The inmate uses more than two (2) additional narrative pages.

You may resubmit your grievance in compliance with Chapter 33-103, Inmate Grievance Procedure, if upon receipt of this notification the filing is within time frames allowable.

Based on the above information, your grievance is RETURNED without action.

THIS DOCUMENT MAY CONTAIN CONFIDENTIAL RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

DR. F. PAPILLON, CHO                              M. CORRALES, AWP

F. Papillon, MD, MPH
CHO
Dade C.I.

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 08/19/20 DATE |

Dade C.I.
Grievance Coordinator
MAILED

AUG 1 9 2020

...y initial attempt to obtain relief on this matter and... ...remedies as required in

42 USC 1897 (a)... (F.A.C. 33-103.006(3)(e)

**Facts:** I am female. I have severe gender dysphoria. I need sex reassignment surgery as part of my gender dysphoria treatment. I have repeatedly taken a good faith effort to obtain this treatment. I have submitted sick calls. I have repeatedly brought it up in my councillor sessions. I informed mental health and the GORT that I needed SRS during my initial gender dysphoria evaluation. I have provided sufficient information in the formal and informal grievance previously submitted. I have submitted a request which was never returned. I have submitted an informal grievance (463-008-0175) and it was returned. I have submitted a formal grievance (2008-463-144) and it was returned. At this point this facility knows that I need sex reassignment surgery. This facility has been made fully aware of this needs and continued delays in not providing this need will exacerbate my dysphoria and place me at risk of suicide, genital mutilation and other co-morbidities. Issue: This facility is intentionally ignoring my serious need for sex reassignment surgery.

**Remedy:** Provide me with SRS.

_8/20/2020_
DATE

SIGNATURE OF GRIEVANT AND D.C. #    _SMwalsh_    YS1786

...GNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

Ø , SMwalsh
#          Signature

**INSTRUCTIONS**

...s used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006,
...ministrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).
...mate feels that he may be adversely affected by the submission of a grievance at...
...103 to file a direct grievance he may address...

You may appeal and obtain further administrative review of your complaint by acquiring Form DC1-303, Request for Administrative Remedy or Appeal, completing the form and forwarding it with all attachments to the office of the Bureau of Inmate Grievance Appeals, 501 South Calhoun Street, Tallahassee, FL 32399-2500.

THIS DOCUMENT MAY CONTAIN CONFIDENTIAL RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

DR. F. PAPILLON, CHO                          M. CORRALES, AWP

F. Papillon, MD, MPH
CHO
Dade C.I.

| | | |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 08/26/20 DATE |

Dade C.I.
Grievance Coordinator
MAILED

AUG 2 6 2020

**Issue:** The response is inadequate to address the claim on its merits.

**Facts:** The response provided by respondents Papillon and Corrales is blatant proof of their ignorance of the established science of transgender health care, a reckless disregard for my health and the severe effects of my gender dysphoria on my life, and a violation of established procedure for assessing gender dysphoria treatments established in 403.012.

The response "sex reassignment surgery is elective in nature and not medically necessary" is tantamount to saying my only alternative is "elective" self surgery or the more serious symptom of G.D. - suicide; two recourses that these two particular respondents knew or should have known prior to their response.

**Remedy:** Re-evaluate my original grievance on its merits.

Nothing

8/29/2020
DATE

SMautsh Y51786
SIGNATURE OF GRIEVANT AND D.C. #

**BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

∅ , SMautsh
#         Signature

**INSTRUCTIONS**

is form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103:006, rida Administrative Code.  When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

en the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by apter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office.  The grievance may be sealed in the envelope by the inmate and

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 20-6-31284 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Denied:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

Please be advised that request for changes to accommodations go through the multidisciplinary services team (MDST).

You should discuss additional accommodations to treat your gender dysphoria with case manager and the MDST.

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Michelle Schouest, IISC

_____
SIGNATURE AND TYPED OR PRINTED NAME OF
EMPLOYEE RESPONDING

_T. Bowden_
SIGNATURE OF WARDEN, ASST.
WARDEN, OR SECRETARY'S
REPRESENTATIVE

10/6/20
DATE

Issue: The response provided in 463-2007-0527 continues to put all ███████ grievances regarding treatment options for gender dysphoria outside the grievance system. Typical responses include 'contact the GDRT', 'It is the responsibility of the GDRT', 'It will be addressed by the GDRT', etc. 463-2007-0527 repeats this by saying letters of recommendation will be addressed and reviewed by the GDRT. By failing to provide a concrete or known answer you rob me of any ability to seek remedy via the grievance system, and thus prevent me from seeking relief in court. This is an intentional action to block me from having access to the courts.

The transgender 'program' has existed since 2017. It is now 3 years later. This is more than sufficient time for the GDRT and its members to formulate a definitive statement on which transition/gender dysphoria treatment options they are making available. Especially given the large volume of grievances ███████ produced by myself and other transgender inmates regarding gender dysphoria treatments, the GDRT and the facility should have created a formal statement or standard response. You should know the answer to these questions at this time. Your continued ambiguity and disinterest only serves to exacerbate my gender dysphoria. Furthermore, it is well within your scope of duties to contact the GDRT directly to be able to provide a meaningful response other than 'I don't know' and 'It's not my responsibility.'

Remedy: Provide letters of recommendation for sex reassignment surgery to the inmates nearing their EOS date, as a continuity of care provision.

_8/17/2020_
**DATE**

S Maarsh   Y51786
**SIGNATURE OF GRIEVANT AND D.C. #**

**BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

Ø,   S Maarsh
**#**         **Signature**

**INSTRUCTIONS**

is form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006,
rida Administrative Code.  When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

en the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by
apter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office.  The grievance may be sealed in the envelope by the inmate and
cessed postage free through routing institutional channels.  Th...

by the CBRT team and revised. We are aware of your concerns and how the uncertainty is affecting you and encourage you to continue working with the outpatient mental health treatment team to establish and solidify coping skills.

Based on the above information, your grievance is DENIED.

You may appeal and obtain further administrative review of your complaint by acquiring Form DC1-303; Request for Administrative Remedy or Appeal, completing the form and forwarding it with all attachments to the office of the Bureau of Inmate Grievance Appeals, 501 South Calhoun Street, Tallahassee, FL 32399-2500.

THIS DOCUMENT MAY CONTAIN CONFIDENTIAL RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

DR. L. GASCON, PSY. D.                                    M. CORRALES, AWP

SIGNATURE AND TYPED OR PRINTED NAME OF          SIGNATURE OF WARDEN, ASST.        09/04/20
EMPLOYEE RESPONDING                              WARDEN, OR SECRETARY'S              DATE
          L. Gascon Psy D.                       REPRESENTATIVE
          Clinical Psychologist
          Dade C.I.

                                                            Dade C.I.
                                                    Grievance Coordinator
                                                         MAILED

                                                    SEP 04 2020

**Issue:** The response provided in 2008-463-159 is inadequate to address the grievance on its merits.

**Facts:** The entire response in 2008-463-159 is hinged on the singular fact that SRS is not in the current GD policy.

SRS is not a 'policy'. It is a life-saving medical intervention for gender dysphoria that has life-long beneficial mental health effects, reduction and elimination of suicidal ideation or self-harm ideation, and improved quality of life with very low regret rates and complication rates.

All of this can be verified by consulting modern gender dysphoria research.

Even the WPATH states "sex reassignment surgery is medically necessary to alleviate gender dysphoria" in some individuals

There is a reason why SRS is a surgery still being performed 70 years after the first surgery on Christine Jorgenson, and more people are seeking the surgery every year.

The Florida Department of Correction is on the wrong side of science.

**Remedy:** Add SRS to the GD policy, and my complaint will be solved.

| | |
|---|---|
| 9/14/2020 | SMantsch Y51786 |
| **DATE** | **SIGNATURE OF GRIEVANT AND D.C. #** |

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

Ø / SMantsch

\#        Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Off...

WITH AGENCY CLERK

OCT 2 1 2020

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 20-6-32967 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Denied:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

It is determined that the response made to you on 9/4/2020 appropriately addresses the issue you presented.

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Michelle Schouest, IISC

_Michelle Schouest_

SIGNATURE AND TYPED OR PRINTED NAME OF
EMPLOYEE RESPONDING

_T. Bowden_

SIGNATURE OF WARDEN, ASST.
WARDEN, OR SECRETARY'S
REPRESENTATIVE

10/19/20
DATE

# EXHIBIT 5

## PREDATORY ENVIRONMENT

5A: Approved Without Recourse

5B: Follow Up Denied

**INMATE REQUEST**

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

463-2007-0109

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☑ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Mental Health | ☐ Dental ☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name John Maatsch | DC Number Y51786 | Quarters E1114L | Job Assignment H/M | Date 6/29/2020 |
|---|---|---|---|---|---|

**REQUEST**                                    Check here if this is an informal grievance ☑

This informal grievance is brought under 33-103.005 and directed to the Warden due to his statutory duty under F.S. 944.09(6) and 944.14. I challenge the conditions of care as allowed in 33-103.001(4)(e). Specifically, I claim that the conditions of care are unsafe, inhumane and allow predatory inmates free rein to prey upon me and all transgender inmates, a violation of F.S. 20.315, 28 CFR 115 and 33-602.101 [Exhibit 7 contains relevant case law. There are 11 exhibits over ____ pages total]

Two facts support my claim: 1) The unsafe conditions engendered by housing predatory inmates in the same wing (and compound) as myself and other transgender inmates; and 2) The inhumane conditions created by exposure to threats, hate speech and verbal and sexual harassment arising from this.

In addition to the ever present threat of violence or worse, I have suffered psychological distress which exacerbates my gender dysphoria and is causing depression, PTSD, and suicidal ideation and thoughts of self-harm and violence. Exhibit 1 shows just a small sampling from the week of 6/14 of the types of harassment I've experienced. A few days after those, an inmate I've never spoken with previously, Scott Malsky, approached me and said, "I would love the chance to suck your dick." This is the world I've been forced to endure for the past 26 months. Administration should know, as each department has been told that a transwoman with a feminine appearance (Exhibit 2) would become an object of lust and hatred in    (cont.)

All requests will be handled in one of the following ways: 1) Written Information or  2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): SMaatsch                          DC#: Y51786

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**          EXHIBIT 5A          DATE RECEIVED:

Please Be advised

The following incidents will be Properly reported

mandy an

(Dade C.I. Assistant Warden of Programs RECEIVED)
JUL 0 7 2020

(Dade C.I. Grievance Coordinator MAILED)
JUL 2 1 2020

[The following pertains to informal grievances only:

Based on the above information, your grievance is     **APPROVED**     (Returned, Denied, or Approved).  If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Print Name): Omer Charles   Official (Signature): R Charles O   Date: 7/20/20

06-W
Security

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.
Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Predatory Environment

John Maatsch          Y51786
                      DC#

the sexually charged atmosphere of a predator's paradise.

I have grieved this environment and the risk of predatory inmates 5 separate times (Exhibit 3). Despite being a facility for vulnerable transgender and ADA inmates, Dade CI continues to be a dumping ground for gang members, CM releases and violent inmates. These inmates are a known danger to myself and other transwomen due to our feminine appearance and their ignorance, lust and hate. In E-1, where I have resided for 17 months, there are currently 21 gang members and several violent lifers. Dade CI has several gangs and other types of predators which are capable of dangerous acts (Exhibit 4).

Because of this environment I have been stalked, threatened, and harassed repeatedly by these predators. Exhibit 5 provides a partial list of these predators and their actions. Travis Jones, angry that I would not be his girlfriend, cornered me and threatened to have gang members stab me. An inmate on the rec yard exposed his penis to me and started masturbating. Billie "Preacher", angry that I - being transgender - can shower during count, promised violence if I didn't let him shower at the same time so he could masturbate to me. I've found ways to defuse the situation but several times I've had to pick up an object as deterrent. My muscle mass has diminished due to years of hormone therapy; a male could easily over-power me. Eventually, if the environment remains unchanged, my luck will catastrophically end in assault, rape or murder.

In addition to the harassment I've experienced, my body also gets exposed to these predators while I am showering (grieved elsewhere). Exhibit 6 lists these voyeurs as well as others who have entered the shower area. 15 of the 49 inmates listed in Exhibit 5 are also predators that stalk me as I shower. Each day my body is stared at, sexually objectified, demeaned or dehumanized in an attack on my psyche. After more than 2 years this has taken a toll on me: I don't trust males. Every time a male gets near my anxiety goes into overdrive. I avoid socializing with inmates. I lay in bed for many hours. I can't concentrate. I overeat. I have felt like removing my testicles. I have felt like killing myself. No staff member would allow their daughters, wives or mothers to live in this environment - they would be outraged. The changing standards of decency in light of #MeToo, the Million Woman March and national attitudes would not tolerate this toxic masculinity, bigotry and outright disregard for safety. Yet prisons condone this type of behavior to the detriment of myself, other transwomen, rehabilitation and civility. Placing myself and any other transwoman, in the middle of this destructive culture is invitation for horrific consequences and is an artifact of institutionalized bigotry: "Transwomen aren't really women, they are men." I am a woman, and another year of this environment and I doubt my sanity or the sanctity of my body will be intact.

[Exhibit 8 is a personal statement. Exhibits 9, 10, 11 attest to the veracity of these claims.]

Remedy: Take any and every action necessary to resolve this issue. Below are some possible suggestions to resolve the issue. [Note: These are not additional issues.] A. Send me to a female facility. B. Send me to be housed with female-to-male (FtM) transgender inmates. C. Create a dorm, wing or facility free of predatory inmates for transgender inmates. (e.g. no gang members, CM releases, non-transgender S.O.s, non-transgender inmates with a history of violence or sexual misconduct.

Retaliation is illegal. Placing me in a different housing environment, given the endemic and systemic nature of the problem, without addressing it will simply exacerbate the harassment I am experiencing. so housing changes, transfers, AC, PM are pointless and retaliatory. Revelation of the information contained herein would recklessly endanger my life and thus be retaliatory.

Chronology of Events  6/14 - 6/21                                    Exhibit 1

\* Names withheld or Initials provided where Risks of Violent Retaliation is Too High

6/21: At 12:40 am, after getting up to use the bathroom, L.K., a Folk Nation member, kept calling my name from the last stall trying to invite me over. I ignored him, but this has been an ongoing problem since 10/2019 as he has tried to make me his girlfriend. His come ons and harassment are relentless for about a week every month, then my repeated rejections and warnings finally get him to stop for a few weeks. It has been exhausting dealing with this individual. A complaint about this inmate was emailed by mental health to ALU Corrales roughly in 5/2019

6/20: Bobbie Bruce walked right up to the bathroom stall where I was urinating just to ask if I had a particular canteen item. I had to scramble to cover my genitals and was forced to cease urinating in the middle of doing so. This is the third time Bobbie has done or said something inappropriate. In mid-may he made sexual statements about how he feels when he sees legs like mine. At the end of March he told me I should wash his back since I am the woman and he is the man. He's been warned each time not to continue his behavior.

6/20: On each of these four days, a member of Folk Nation, made dorm wide
6/19  announcements or spoke very loudly, declaring that transgender inmates are
6/18  just men. On three occasions he said transgender inmates are men because they
6/17  stand up to pee, even going so far as to say he knows because ████████ he sees the transgender inmates in the bathroom all the time and watches them. The latter is creepy. The statements made were designed to alter the perceptions and attitudes of other inmates toward transgender inmates. It also adds to the distress and depression of gender dysphoria. Earlier in the month, when the Supreme Court and Trump orders in reference to transgender health and discrimination issues were being discussed on TV he said quite loudly "Fuck transgenders and their health, what about blacks?"

6/19: Morris Sapp entered the bathroom to use the front sink during transgender shower time. I had finished showering, but a transgender inmate was naked and trying to don clothes. Morris Sapp turned his head to stare at the naked transgender inmate, but I blocked his view with mine. On 6/15, in the same

week, Morris Sapp came into the 'bathroom' side of the bathroom/shower area to ostensibly wash his dishes during transgender shower time. He used the opportunity to stare over the bathroom counter top at myself and another transgender inmate.

6/14: Christopher Hernandez has repeatedly walked circles in the dayroom and walked in and out of the bathroom while transgender inmates are showering. On this day, as he was leaving the bathroom area, having already passed the shower area, he unmistakenly turned his head to look back at me showering. This behavior has been ongoing for a couple weeks.

Physical Appearance of Grievant                                    Exhibit 2

Name: John Maatsch    DoC#: Y51786

40 year-old male-to-female transsexual (transwoman) of height 6'1.25" and weight currently at 182 lbs. Facial features were feminized during Facial Feminization Surgery with Dr. Osterhout in 2003. Feminine facial features include no brow ridge, lower scalp line, petite nose, rounded jawline and narrow chin. Further feminization of fat tissue in cheeks and jaw due to hormone therapy creates a highly feminine countenance. Hair is parti-colored and roughly shoulder length and exhibits minor thinning near scalp-line on forehead.

Physical features are lanky and slender though hormone therapy has feminized buttocks, hips and thighs due to fat redistribution. Physical feminization has proceeded consistent with male-to-female estrogen therapy expectations. There is a lack of breast development due to total mastectomy earlier in life.

Overall, despite lack of breast development, grievant appears female.

John Fraaisch   161/88

Exhibit 3

# Previous Attempts to Address Concerns          Exhibit 3

| Grievances | Issue | Result |
|---|---|---|
| 463-2001-0272 | Place TG Gang members in higher housing | Denied |
| 2002-463-080 | Separate predatory inmates from TG inmates | Denied |
| 463-1905-0202 | Separate housing for TG inmates | Denied |
| 1906-463-040 | Separate housing for TG inmates | Denied |
| 19-6-23517 | Separate housing for TG inmates | Denied |

## Mental Health Complaints of Harrasment

| | |
|---|---|
| 4/2019 | Harrasment from Larry King |
| 5/2019 | Harrasment from Larry King w/ Email sent to AW Corrales |
| 9/2019 | Interpersonal Issues in Dorm |
| 10/2019 | Privacy Issues, esp re: Shower |
| 12/2019 | Threats In the Dorm |
| 2/2020 | Increased Sexual Harrasment |
| 4/2020 | Threats and Sexual Harrasment |
| 5/2020 | Aftermath of Sexual Harrasment |

## Other

| | |
|---|---|
| 6/2019 | Request to be sent to a female facility due to harrasment |
| 1/2020 | Request to be sent to a female facility due to harrasment |

In regards to the Travis Jones sexual harrasment, coercion and threats that took place 2/1/2020 - 4/30/2020, the following security staff were aware of the issue:

Captain B. Williams, Sgt Dupree, Sgt Bryant, Sgt Saunders

additionally Dr. Gascon and Mrs. Rodriguez in mental health were made aware of the Travis Jones issue.

# List of Predatory Inmates and Possible Victimizations Exhibit L

| Gangs | Possible Victimization |
|---|---|
| MS-13<br>Latin Kings<br>Neta<br>Bloods<br>Crips<br>Hebrew Israelites<br>Unforgiven | All have rules against friendships/relationships with transgender persons. Contact allowed in some circumstances. Due to trans-phobic views often target transpeople for some form of crime.<br><br>Gang initiation rituals, extortion, protection rackets, theft, destruction of property, verbal harrasment, assault, assault w/ deadly weapon, murder, rape. |
| **Sexual Predators** (Non-Transgender Inmates) | Possible Victimizations |
| Sentenced with a Sex Crime (eg. S.O.) (against adults)<br>DR History of Sexual Misconduct<br>PREA History | Extortion for Sex, Verbal Harrasment, Sexual Harrasment, Sexual Assault/Abuse/Rape, assault, murder |
| **Other Predators** (Non-Transgender Inmates) | Possible Victimizations |
| Violent DR History<br>CM History<br>Trans-phobes and Anti-Trans individuals<br>Moral and Religious 'Objectors' | Extortion, Coercion, Theft, Destruction of Property, Verbal Harrasment, Sexual Harrasment, Physical Assault, Murder. |

List of Inmates Contributing to Harassing and Stressful Environment _Exhibit 5

Due to the sensitive nature of this document certain names have been obscured in categories to protect myself from reprisals, violent or otherwise. These categories are listed below. Distinct numbers appearing next to a category indicate a unique individual. Names or housing assignments can be provided in person upon request.

A: Gang Affiliated   CJ: Compound Trusted Job   FN: Folk Nation
LK: Latin King   V: High Risk of Violence/Life Sentence

Legend: By each name a series of symbols appears indicating the behaviors and actions of that person. The symbols are defined below:
(at) Anti-Trans Comments; (ati) Anti-Trans Comments Inciting to Violence; (i) inappropriate touching; (sa) sexual advances/come-ons; (svh) sexual verbal harassm; (t) threats; (vh) verbal harassment; and (r) for repeating offenders
*S Some inmates on this list are deceased or have been transferred. They are left on here to show that harassment has continued over time.

| Travis Jones | (t)(i)(sa)(svh)(vh)(r) | F.N.#1 | (ati)(at)(r) |
|---|---|---|---|
| F.N.#2 | (t)(ati)(sa)(svh)(vh)(r) | V#1 | (ati)(vh)(at)(r) |
| Ira Strickland | (t)(ati)(vh)(at)(r) | 'Dread' | (ati)(sa)(svh)(at)(r) |
| A#2 | (t)(ati)(at)(r) | Salvo | (ati)(at)(r) |
| A#10 | (t)(ati)(at)(vh)(r) | Chester | (ati)(at)(r) |
| A#4 | (t)(ati)(at)(r) | 'Seattle' | (ati)(at)(r) |
| V#2 | (t)(ati)(at)(r) | John Douglas | (ati)(at)(r) |
| Billie 'Preacher' | (t)(ati)(at)(r) | CJ#6 | (ati)(sa)(at)(r) |
| ███ V#3 | (t) | Casey Barnes | (sa)(svh)(at)(r) |
| CJ#7 | (t) | Morris Sapp | (sa)(svh)(vh)(r) |
| Posey | (t)(vh)(r) | Scott Malsky | (sa)(svh)(r) |
| Cora | (t)(at)(r) | CJ#8 | (sa)(vh)(at) |
| Seeley | (t)(vh)(at) | Miller | (sa) |
| Harris | (i)(sa)(r) | Robinson | (sa)(r) |
| John McIntyre | (i) | Carolina | (sa) |
| CJ#2 | (ati)(vh)(at)(r) | 'Orlando' | (sa) |
| CJ#4 | (ati)(at)(r) | Woods | (sa)(at)(r) |

(cont. on back)

| | | | |
|---|---|---|---|
| Vaughan | (sa)(r) | A#6 | (at)(r) |
| Isaiah Thomas | (svh)(vh)(r) | Romans | (at)(r) |
| A#8 | (svh)(vh)(r) | Moody | (at)(r) |
| A#1 | (vh) | Williams | (at) |
| A#7 | (at)(r) | CJ#5 | (at) |
| LK#1 | (at)(r) | A#5 | (at) |
| LK#2 | (at)(r) | LK#3 | (at) |
| A#3 | (at)(r) | | |

\* Currently there are 27 out of 69 non-transgender inmates who either have anti-transgender attitudes or have to some degree harassed, sexually or otherwise, me at some point, here in E-1. 12 of those 27 are gang members.

\* The preponderance of violent threats come from inmates holding violent anti-transgender beliefs. Of 17 inmates expressing violent anti-transgender attitudes, 7 have directly threatened physical violence, 4 of those (25% of those expressing violent anti-transgender beliefs) are gang members.

\* Of the 49 inmates listed above; 29 are anti-transgender (violent or not) with 12 being gang members; 13 are sexual harassers or predators, 1 being a gang member; 7 have expressed anti-transgender beliefs AND sexually harassed me, 1 being a gang member.

\* This is just a count of the people whose name or nickname I was able to get. Dozens more are on this compound who have made sexually harassing comments to me.

Inmates Entering Shower or Bathroom During Transgender Shower Times   Exhibit 6

The categories from exhibit 5 carry over to this exhibit. If a category and number appear in both exhibit 5 and exhibit 6, please note they are the same person.

Though transgender inmates are supposed to shower separately, inmates enter the shower and bathroom areas nearly every time [Handled in a separate grievance line]. Those entering the shower area do so for three reasons: a) to view transgender inmates while they are naked; b) out of disdain for transgender inmates; and c) lack of knowledge about the rules or momentary lapse in memory of the rule. Those entering bathroom area often genuinely do so to use the bathroom, however some do so to find a position where they can watch the naked transgender inmates. We always ask those entering the shower areas to leave. Their responses are varied. The following symbols below are designed to show how inmates respond to our request to leave. There is also a symbol for those that enter the shower or bathroom area for voyeur purposes.

Legend: (a) inmate was amenable and respectful to my requests for them to exit the shower area; (c) inmate was combative or belligerent towards the request; (t) those inmates that used threat of physical violence to try to make me back down from my request; (v) inmate is a voyeur.

| | | | | | |
|---|---|---|---|---|---|
| F.N.#2 | (t)(v) | CJ#6 | (v) | 'DC' | (a) |
| Ira Strickland | (t) | 'Orlando' | (v) | | |
| Billie 'Preacher' | (t) | Darry Jackson | (v) | *18 of the 16 voyeurs |
| Tommy | (t) | Clarence Jackson | (v) | currently live in E-1. |
| Christopher Hernandez | (v)(c) | Harris | (v) | Not all are currently |
| Morris Sapp | (v)(c) | Isaiah Thomas | (v) | active. |
| Bobbie Bruce | (v)(a) | CJ#8 | (v) | |
| Woods | (v)(a) | Posey | (c) | |
| A#8 | (v)(a) | Cora | (c) | |
| V#1 | (v) | Brian | (a) | |
| Barnes | (v) | Holloway | (a) | |
| A#10 | (v) | CJ#9 | (a) | |

# Relevant Case Law & Science                    Exhibit #7

The case law on the susceptibility of transgender inmates to physical attack, the necessity of taking reasonable steps to protect transgender inmates, and deliberate indifference to a substantial risk of harm is well settled.

Farmer vs. Brennan, 511 U.S. 825          Green vs. Bowles, 361 F.3rd 290, 294

Lojan vs. Crumbsie, 12 CV. 0326 LAP

Green vs. Brown, 361 F.3d 290 293-95     [Note: This is a small sampling of

Green vs. Hooks, 6:13-cv-17, S.D. Ga.    cases stemming from Farmer

Case Law showing that repeated verbal harassment from an individual: Beal vs. Foster, 803 F.3d 356, 359

## Science Regarding Harassment and Prejudice toward Transgender Persons
[Note: This is a small sampling of the relevant science]

Social stigma toward gender non-conformity. (Winter et al. 2009) (ref WPATH SoC v7)
Stigma can lead to prejudice, discrimination and 'minority stress'. (I.H. Meyer, 2003)
Minority stress is chronic and causes vulnerability to anxiety and depression.
   Institute of Medicine (2011) The health of lesbian, gay, bisexual and transgender people:
   Building a foundation for better understanding. Washington, DC: The National Academy Presses

## Science Regarding Mental Health Concerns
[Note: This is a small sampling of the relevant science]

Patients with gender dysphoria may struggle with a range of mental health concerns
   Gomez-Gil E., Trilla, A., Salamero, M., Godás T., & Valdes, M. (2009) Sociodemographic, clinical,
   and psychiatric characteristics of transsexuals from Spain. Archives of Sexual Behavior.
It may be related to gender dysphoria or a long history of chronic minority stress
   (Murad et. al. 2010) (Ref: WPATH SoC v. 7 pg. 24)
Possible concerns include anxiety, depression, self-harm, compulsivity, substance abuse,
sexual concerns, personality disorders, eating disorders, psychotic disorders and PTSD.
   (Nuttbrock et al., 2010) and (Robinow 2009) (Ref: WPATH SoC v7 pg 24) also,
   Bockting, W.O., Knudson, G. & Goldberg, J.M. (2006) Counseling and mental health
care for transgender adults and loved ones. International Journal of Transgenderism.

Informal and Personal Statement on the Mental Health Effects of the Housing Environment

How much can a girl take before she snaps?

Each day I pray that the white coated doctors will arrive to announce the end of this horrific housing experiment. The only possible reason that the Department would house, willy-nilly, transitioning women in the midst of a quagmire of toxic masculinity is because they are experimenting in the social sciences. Well, a little over two years into it and I'm ready to fall apart.

Threats of violence. Threats of murder. Threats of transfers, confinement, starvation. "Transgenders ain't human." "Fuck transgenders and their health care." "Transgenders deserve to be raped." "Transgenders deserve to be killed." "Transgenders are just faggots." "You want to be a girl you shouldna come to a men's prison." "You want to be a girl I'll show you how." "You're just a man." "Sissy." "Punk." "Faggot." "Boy." "Hey girl I just want to eat you up from head to toe." "Hey so I would love the chance to suck your dick." "You get down?" "Hey boy, I want to slide it right inside you." Ad Nauseum.

Take your pick. Every. Single. Day. One of these or like-minded statements is made within ear shot of me. It is exhausting. For each one I either have to take the hit of having heard it but ignoring it to avoid escalation or deal with it.

Threats must be dealt with. Sometimes words work. One time I picked up a locker. One time I picked up a broom. One time I picked up a rock. Another time I punched a wall and ~~will~~ will be paying for that injury until I die. Each of these is a cut to my psyche. I should not, as a matter of course, have to be ready to commit violence just to make it through a week. I'm supposed to be rehabilitating myself.

The weight of having to hear the majority's disdain for me every day is crushing. I have done nothing to them, yet, for my mere existence, they hate me. They want to hurt me. They want to fuck me.

The only person I can turn to as a means of making it through the day is the only other transgender person in the wing: Claire Hanson. But there is only so much we can do for each other, in the end she's going through the same thing I am. We are alone amongst 69 other human beings. Even the few people who'd like to get to know us as individuals get harassed and pressured to not speak to me.

Most days I sleep as much as I can. When I'm asleep I don't have to deal with the barrage of male toxicity. When I'm awake I have (cont. on back)

a hard time concentrating on daily tasks or my projects. Oh, and keep food away from me because everything is at risk of being devoured. Sometimes I cry. Sometimes I make loud noises. Sometimes I do both. All that runs through my head is the nonsense I have to endure being a transwoman in prison and all the possible ways I can end it.

I pray that they'll just let me pay for my sex change so I can be done with transition and be moved to a female facility. Sometimes I think removing my testicles will accomplish the same thing. At the very least it will remove the horrible things and send me to the hospital where for a little while so I can escape the male hostility - and I'll be halfway on the path to intimate sex reassignment surgery. Then other times I think what's the point because HOW CAN I ENDURE 5 MORE YEARS OF THIS? I'll be broken by then and a different person - so why not just end it and be done with this crap. Heh, at least my gender dysphoria would be cured. One thing is certain, if the status quo is maintained I won't have the ability to make rational choices anymore.

EXHIBIT 1

I, Israel Camacho (694700), hereby swear and certify that the following is a true and correct copy of an official witness statement that I myself wrote on June 25th, 2020.

Israel Camacho 694700

Israel Camacho 6/30/20

I, Israel Camacho, hereby swear under penalty of perjury that the following statement is true and correct, submitted by my own volition to support the claims raised within this grievance; and I, the undersigned witness, hereby certify that I attest to these allegations in their entirety with a firsthand account, submitting the following statement without malicious intent or frivolous design on behalf of the Complainant, John "Sarah" Maatsch (715786), a Transgender, medically diagnosed with Gender Dysphoria. I, Israel Camacho, hereby aver that Ms. Maatsch has suffered great mental distress derived from daily unwanted and uninvited verbal abuse, sexual harassment, discrimination, invasion of privacy, and living within a dangerous, predatory environment. From voyeurism by Christopher Hernandez who has continuously violated Ms. Maatsch's privacy while she showers separately during count; to the discriminatory verbal abuse by Guillermo Cora, who has repeatably assaulted Ms. Maatsch (~~ic~~) with vulgar, derogatory comments. More seriously, from discriminating threats designed to target Ms. Maatsch as a potential victim and repeated attempts to approach her as she is showering by Morris Sapp; to sexual harassment, physical groping and threats to ellicit sex by Travis Jones. These issues have caused and are causing psychological and emotional distress for Ms. Maatsch which contributes to her symptoms resulting from Gender Dysphoria. I respectfully submit this statement under the provisional protections of F.A.C. Chapter 33-208.002(18), which states that the foregoing confidential information is to not be revealed to unauthorized persons, such as other inmates, and under F.A.C. Chapter 33-103.017, which protects against reprisal.

WITNESS SIGNATURE Israel Camacho           DATE 6/25/20

# GENERAL AFFIDAVIT

I ANDY FONTAINE, do hereby swear that the following statement is true and correct, and made of my own free will, from my own personal knowlage:

1) During the transgender shower time multiple inmates enter the bathroom for more than using the restroom. They will suddenly need to wash clothing, dishes, brush their teeth, or generally hang out in the bathroom shower area. Acting fairly creepy like they are stalking.

2) I have heard and seen arguments about other inmates watching transgenders use the restroom. I have seen numerous ones stare for extended periods.

3) I have witnessed inmates stalk for sexual relationships the transgenders. This would include ones in the dorm and outside. With arguments about it. Lots of sexual harassment and comments.

4) There is a constant barage of anti-transgender comments. Especially from homosexual inmates, that are told they do not want relationships with.

5) Staff harass the transgender inmates about their hair and even make lewd sexual comments, about bodies, looks, and that they are not women.

Under the penalties of purjury, I declare that the forgoing page is true and correct to the best of my knowlage in accordance with §92.525, F.S. and 28 USC §1746.
06/29/20                    Andy Fanty

# GENERAL AFFIDAVIT

I, JONATHON A. HANSON (LEGAL/COMMITTED NAME)/ANNA CLAIRE HANSON (TRUE NAME), HEREBY SWEAR THE FOLLOWING STATEMENT IS ACCURATE AND TRUE TO THE BEST OF MY KNOWLEDGE AND IS MADE OF MY OWN VOLITION AND FROM PERSONAL EXPERIENCE.

I HAVE KNOWN MS. MAATSCH SINCE DECEMBER 2016, WHERE WE MET AT SOUTH BAY C.F., AND AM A VERY CLOSE FRIEND AND ALSO A TRANSGENDER WOMAN. WE HAVE RESIDED TOGETHER AT DADE C.I. SINCE JANUARY 2019. MS. MAATSCH, HEREAFTER REFERRED TO BY HER FIRST NAME OF SARAH, IS A TRANSGENDER WOMAN, WITH A FEMALE'S PERSPECTIVES, THOUGHTS, FEELINGS, DREAMS, AND CONCERNS, AND HAS BEEN SUCH EVEN BEFORE RESUMING HORMONE THERAPY HERE.

DADE C.I. HAS HAD A CORROSIVE EFFECT UPON ALL OBSERVABLE ASPECTS OF HER BEING DUE TO THE MALICIOUS CULTURE, PREDATORY INMATES, AND PERFIDIOUS STAFF. HER REPEATED REQUESTS, GRIEVANCES, AND PLEAS FOR ASSISTANCE EITHER VANISH OR ARE DISMISSED WITH CONTEMPTUOUS INDIFFERENCE TO HER SAFETY AND WELL-BEING.

EACH DAY SHE IS SUBJECT TO DISDAIN, DENIGRATION, AND MALICE FROM INMATES AND STAFF ALIKE, DUE SOLELY TO HER REFUSAL TO CONSORT WITH THE SLAVERING HORDE OF MALES. EXAMPLES OF STRESSORS SHE FACES DAILY ARE: INTRUSIONS WHILE SHOWERING BY GANG MEMBERS AND SEXUALLY-PREDATORY INMATES, UNCHECKED BY UTTERLY-INDIFFERENT DORMITORY SECURITY; HATEFUL AND THREATENING COMMENTS FROM INMATES AND STAFF; STALKING AND SEXUAL HARASSMENT. INCIDENTS OF BEING ACCOSTED AND WANTONLY BEING GROPED BY SAID INMATES OCCUR, AS DO THREATS OF ALL MANNER IF SEXUAL MISDEEDS ARE NOT PERFORMED. TO DATE, SHE HAS YET TO ACQUIESCE TO THESE BLANDISHMENTS, THOUGH I FEAR ONE DAY THE CHOICE WILL NO LONGER BE ALLOWED HER.

HER PHYSICAL BEING HAS SUFFERED FROM THE INCESSANT STRESSORS, NOTABLE CHIEFLY BY WEIGHT GAIN AND DRAWN COUNTENANCE. EMOTIONALLY, SHE HAS BECOME ERRATIC, HER MOOD MERCURIAL AND PERPETUALLY FEARFUL OF THE MALES WITH WHOM WE MUST CONTEND, NO LONGER ABLE TO PURSUE HER GOALS AND EDUCATIONAL PROJECTS HELD IN COMMON; A MARKED UNWILLINGNESS TO INTERACT WITH MALES AND OSCILLATION BETWEEN FEAR AND VIOLENT IDEATION FURTHER CHARACTERISES HER DEGRADATION. FURTHER, SHE HAS EXPRESSED VIOLENT IDEATIONS TOWARD HER SELF AND HER TORMENTORS AS HER SANITY ERODES, MAKING IT INCREASINGLY DIFFICULT TO SEE HER SAFELY THROUGH EACH DAY.

Exhibit 11

SINCE 2019 I HAVE WITNESSED A VIBRANT, INTELLIGENT, GREGARIOUS YOUNG WOMAN BERATED AND ABUSED DOWN TO A SHADOW OF HER FORMER SELF. NOT ONLY HAVE I LOST A FRIEND BUT THIS INSTITUTION OPPOSES THE STATED GOALS OF 'CARE, CUSTODY, AND CONTROL' AND REHABILITATION TO SUCH AN EXTENT TO HAVE POISONED AND LITERALLY-SCARRED AN EDUCATED, SUNNY WOMAN WHO BRIGHTENED THE DAYS OF THOSE AROUND HER.

UNDER PENALTY OF PERJURY I ATTEST TO THE TRUTH AND VALIDITY OF THESE TWO (2) PAGES IN ACCORDANCE WITH F.S. § 92.525 AND U.S.C. § 1746.

SIGNED NAMES: *Jonathan Alan Hanson* / *Anna Claire Hanson*
PRINTED NAMES: JONATHAN ALAN HANSON / ANNA CLAIRE HANSON
DC #: E.47867
DATE WRITTEN AND SIGNED: 29 JUNE, 2020

**INMATE REQUEST**

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

463-2008-0481

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☐ Warden ☑ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Mental Health | ☐ Dental ☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | John Maatsch | Y51786 | E1114L | H/M | 8/23/2020 |

**REQUEST**          Check here if this is an informal grievance ☑

This grievance is brought under F.A.C. 33-103.005 and challenges the substance interpretation and application of Department rules and procedures that affect me personally.

**Issue:** Security procedures are ineffective.

[All facts below are exactly that, they are not issues being grieved at this time]

**Facts:** ① I am female. I have gender dysphoria. I am classified as a male-to-female transsexual.

② Transgender inmates are a highly vulnerable group.

③ The Facility, after a year and a half of grievances, has failed to address any of the manifest safety issues that I, as a transwoman, have faced.

④ Which is probably a reason why Mark Inch wrote an email on 8/14/2000 to the inmate community, rather than his supposed vaunted security professionals, seeking solutions to violence in the Department.

⑤ On 8/20/2000, the violence described by Mark Inch hit the wing I live in, E1, when, after an argument over gambling,

CI Simpson ▮▮▮ viciously attacked Morris Sapp Sargeons so severely damaged that, according to rumor... (continued)

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): *SMaatsch*

DC#: Y51786

Date ~~Mailed~~

Dade C.I.
Assistant Warden of Programs
RECEIVED

**RESPONSE** EXHIBIT 5    SEP 04 2020      **DATE RECEIVED:** AUG 24 2020

DO NOT WRITE BELOW THIS LINE

After further review of your complaint, Dade C.I. is following policy and procedures involving our transgender inmate population. We cannot administratively resolve issues regarding certain staff unless there is a direct complaint against that certain staff member. If you are having issues with any inmates in your dorm you need to tell your housing officer, housing sergeant, or the Officer in Charge. To ensure your safety during the investigation is to house you in a PM status in confinement. You can also request a housing change with no report if that is the path your rather have since you have voiced your disagreement for being housed in confinement for your protection. You have included an incident that does not directly affect you. You have not provided any recent event within the 20-day scope to investigate. Dade C.I. can only follow what the Department of Corrections has as Policy and Procedures.

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____ (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in _____

**DENIED**

Official (Print Name): Officer K. Charles *Heirique Reynaldon*    Official (Signature): _____    Date: 09/04/20
*WC QANSSCO*

06 W
Security/transgend

Original: Inmate (plus one copy)
CC: Retained by official responding or forwarding to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.
Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
you may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next _____
DC6-236 (Effective 11/18)

If the response is to an informal grievance then forward to be placed in inmate's file

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

Dade C.I.
Assistant Warden of Programs
RECEIVED

SEP 1 4 2020

☐ **Third Party Grievance Alleging Sexual Abuse**   2009-463-174

TO: ☑ Warden   ☐ Assistant Warden   ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

Maatsch   John   J          Y51786          Dade CI
Last   First   Middle Initial       DC Number            Institution

---

**Part A – Inmate Grievance**

This grievance is brought under F.A.C. 33-103.006 and is an appeal of 463-2008-0481.

**Issue:** The response is inadequate to address the grievance on its merits.

**Facts:** ① ■ All the provided responses in 463-2008-0481 are oriented toward addressing incidents after they occur or when one knows for certain that an attack is imminent. The former means something has occurred to me, such as an attack or rape. The latter is hardly a courtesy ever provided by a predator or an attacker.

② In all my grievances regarding matters of predation against transgender inmates I have attempted to advocate for common sense housing arrangements that would ultimately reduce the risk of that predation. Things like not housing STGs and transgender inmates in the same housing unit, not placing convicted rapists in the bunk next to mine, not placing known PREA violators in the same wing as me, etc.

③ Florida statute gives wide permissibility for security to creatively house inmates to reduce the risk of violence. This permissibility is under-utilized.

④ It would appear that, given all the responses I've received over these issues this past year, the DoC takes a reactive approach to violence instead of proactive. Maybe this is why Secretary Inch is having such issues solving the violence issue in Florida prisons.

9/14/2020
DATE

S. Maatsch   Y51786
SIGNATURE OF GRIEVANT AND D.C. #

## PART B - RESPONSE

| MAATSCH, JOHN | Y51786 | 2009-463-174 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Grievance has been received, reviewed, and a response is as follows:

After further investigating the nature of your grievance, our findings indicate that the response provided to you on Informal Grievance # 463-2008-0481 adequately addresses the issue you have put forward in this appeal.

In addition, you are currently housed correctly. Housing is based on multiple factors that classifies an inmate. If you are having issues with any inmates in your dorm you need to tell your housing officer, housing sergeant, or the Officer in Charge.

Based on the above information, your grievance is DENIED.

You may appeal and obtain further administrative review of your complaint by acquiring Form DC1-303; Request for Administrative Remedy or Appeal, completing the form, and forwarding it with all attachments to the office of the Bureau of Inmate Grievance Appeals, 501 South Calhoun Street, Tallahassee, FL 32399-2500.

M. CORRALES, AWP

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 09/17/20 |
|---|---|---|
| | | DATE |

Dade C.I.
Grievance Coordinator
MAILED

SEP 17 2020

UNITED STATES
V...........   CLERK

OCT 1 6 2020

Department of Corrections
Bureau of Inmate Grievance

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 20-6-34544 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your administrative appeal has been reviewed and evaluated. The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.

Your administrative appeal is denied.

J. Adams

*J. Adams*

10/9/20

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |
|---|---|---|

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

**RECEIVED**

OCT 0 5 2020

Department of Corrections
Inmate Grievance Appeals

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden     ☐ Assistant Warden     ☑ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

Maatsch          John          JC          Y51786          Dade CI
Last              First         Middle Initial    DC Number         Institution

20-6-34544

---

**Part A – Inmate Grievance**

This grievance is brought under F.A.C. 33-103.007 and is an appeal of 2009-463-174.

Issue: The bottom line is that transgender inmates, ~~Like~~ myself, face harassment, verbal or sexual, bigotry, predation from characters such as gang members, sexual predators, violent inmates, bigots and transphobes which result in higher risk in violence, sexual assault, self-harm and suicidal ideation.

Dade CI is intent on addressing problems only after they arise – a direct disdain for the risk of violence I face as a transwoman in a male prison.

All this petitioner has ever asked for is creative housing arrangement that would limit/reduce the interaction of vulnerable transgender inmates and predatory inmates. Something as simple as having all gender dysphoric inmates housed in an 'honor' dorm with 'honor' inmates could go a long way toward reducing violence, predation and sexual harassment.

But, this facility nor the Department want to take such a mild proactive approach to the protection of its most vulnerable inmates.

When the risk is known and the solutions simple and no one cares to step to the plate it's called deliberate indifference.

Retaliation is illegal. Transfers, PM, AC are retaliatory.

9/25/2020
DATE

S Maatsch   Y51786
SIGNATURE OF GRIEVANT AND D.C. #

# EXHIBIT 6

## FAILURE TO PROVIDE SHOWER SAFETY

6A: Lack of Policy Enforcement

6B: Deliberate Indifference of Officer
T. Lee

6C: Deliberate Indifference of Officer
T. Lee

6D: Approved Without Recourse With
Regards To All Previously Approved
Grievances (6A-6C)

*Shower*

# INMATE REQUEST

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

**463-1906-0004**

Mail Number: _____
Team Number: _____
Institution: _____

TO: (Check One)
- [ ] Warden
- [x] Asst. Warden
- [ ] Classification
- [ ] Security
- [ ] Medical
- [ ] Mental Health
- [ ] Dental
- [ ] Other _____

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | John Maatsch | Y51786 | E1122U | H/M | 6/1/19 |

## REQUEST

Check here if this is an informal grievance [x]

On 5/31/19, at the 7:30pm count, after the evening officer's count of our wing completed, I entered the shower area. The officers were aware of my ICT signed PREA shower pass and medical "Shower Alone" pass. During the course of my shower two inmates entered the shower side of the sink divider in the open bay dorm, walking and rolling (in the case of a handicapped inmate) right up to the shower divider in full view of my naked body. Both times I had to ask them to leave, informing them of my pass. A third inmate washed clothes in a sink on the other side of the divider, staring at me most of the time. All this took place while waiting for count to clear. I understand and accept the limitations of the PREA shower pass in an open bay setting. My right to a solo shower does not abrogate the right of other inmates to use the toilets. However, washing clothes and entering the shower area are not uses of the toilet, and allowing that to continue raises the risk of an event. Remedy: The officers should enforce the ~~presence~~ absence of inmates in the shower and sink areas.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

| Inmate (Signature): | Sarah Maatsch | DC#: Y51786 |
|---|---|---|

---

DO NOT WRITE BELOW THIS LINE

Dade C.I.
Assistant Warden of Programs
RECEIVED

## RESPONSE

**EXHIBIT 6A**

DATE RECEIVED: _____ JUN 0 3 2019

Your informal grievance was received and reviewed. All staff sites were advised and will ensure their staff grants your pass.

Dade C.I.
Grievance Coordinator
MAILED

[The following pertains to informal grievances only:]

Based on the above information, your grievance is **APPROVED** (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

JUN 18 2019

| Official (Print Name): Coronado | Official (Signature): Coronado | Date: 06/18/2019 |
|---|---|---|

06-W
Sec

Original: Inmate (plus one copy)

CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DCI-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

*Shower*

# INMATE REQUEST

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

463-1912-0222

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☑ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Mental Health | ☐ Dental ☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name Maatsch, John | DC Number X51786 | Quarters E1114L | Job Assignment H/M | Date 12/22/19 |
|---|---|---|---|---|---|

## REQUEST

Check here if this is an informal grievance. ☑

On Friday, December 20, at sundown count and upon conclusion of Ofc. T. Lee counting our wing I attempted to go to the shower to shower separately because I am transgender as allowed under 28 CFR §5.42(f) and Chap 33 FAC Ph2. 608.053 (2)(a)(4). I attempted to show Ofc Lee my JCT granted white memo but Ofc Lee refused to see it stating, loudly in front of all inmates, that she believed "they were no longer offering to honor those passes". She said she would check but never did thus denying me the opportunity to shower separately. Medical told me on 12/17 that the JCT passes would be honored but the medical passes would not. This information must not have been communicated to Ofc. Lee fully. As a result, I was placed in a potentially dangerous situation where predatory inmates believed they could be in the shower at the same time as me. Remedy: Communicate to all officers that transgender inmates are still to shower separately from other inmates and that the JCT passes are valid. (I am not in fear and do not want to be moved)

All requests will be handled in one of the following ways: 1) Written Information or  2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): _____    DC#: X51786

---

**DO NOT WRITE BELOW THIS LINE**

## RESPONSE    EXHIBIT 6B

DATE RECEIVED: _____

*Dade C.I.*
*Assistant Warden of Programs*
**RECEIVED**
DEC 2 3 2019

Your informal grievance has been received and reviewed. All staff members will be reminded of proper ~~and~~ showering procedures.

*Dade C.I.*
*Grievance Coordinator*
**MAILED**
JAN 0 2 2020

**APPROVED**

[The following pertains to informal grievances only]

Based on the above information, your grievance is _____. (Returned, Denied, or Approved).  If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name): J. Hayes | Official (Signature): | Date: 12/3/19 |
|---|---|---|

06-W
Security

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.
Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to.  If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.
DC6-236 (Effective 11/18)

Shower

# INMATE REQUEST

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

463-2007-0247

Mail Number: _____
Team Number: _____
Institution: _____

TO:
(Check One)
☐ Warden
☑ Asst. Warden
☐ Classification
☐ Security
☐ Medical
☐ Mental Health
☐ Dental
☐ Other

FROM: Inmate Name
John Maatsch

| DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|
| Y51786 | E1114L | H/M | 7/11/202_ |

## REQUEST

Check here if this is an informal grievance ☑

Issue: I feel that Ofc. T. Lee is discriminating against me because I am a transgender inmate.

Event: On 7/10/2020, at 7:30pm count, I displayed my transgender shower pass to Ofc. T. Lee as her count ended. She told me "I don't know what you're planning to do with that. As far as I know you can't shower now, there is no movement during count." A few minutes later I tried to ask to go to the shower, she refused to listen and sent me back to my bunk.

Facts: Ofc. T. Lee's claim to not knowing how the transgender shower pass is used is disingenuous. On 12/19/2019 Ofc. T. Lee failed to honor the transgender shower pass, a grievance was written (463-1912-0222) and approved with remedy. Ofc. T. Lee was informed of the shower rules. These rules have never changed as no memo has ever been posted (463-2003-0110). No other ▬▬▬▬▬▬▬ obstacles have prevented me from showering at 7:30pm count for the past days

Remedy: Investigate the claims, and if true, prevent this from occuring again.

All requests will be handled in one of the following ways: 1) Written Information or   2) Personal Interview.  All informal grievances will be responded to in writing.

Inmate (Signature): S Maatsch          DC#: Y51786

---

### DO NOT WRITE BELOW THIS LINE

## RESPONSE

EXHIBIT 6C

Dade C.I.
Assistant Warden of Programs
RECEIVED

DATE RECEIVED: JUL 14 2020

Please Be Advised

Officer T. Lee was advised of the transgender shower procedures as she was not aware of these procedures.

Thank you.

Dade C.I.
Grievance Coordinator
MAILED
JUL 28 2020

[The following pertains to informal grievance]

Based on the above information, your grievance is ▬▬▬ (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

**APPROVED**

Official (Print Name): Officer Charles    Official (Signature): A Chase    Date: 7/20/20

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant ▬▬▬ later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be ▬▬▬

DC6-236 (Effective 11/18)

OG-W
Security

Shower

# INMATE REQUEST

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

463-2006-0024

Mail Number: _____
Team Number: _____
Institution: _____

**TO:** (Check One)
☑ Warden
☐ Asst. Warden
☐ Classification
☐ Security
☐ Medical
☐ Mental Health
☐ Dental
☐ Other _____

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | John Maatsch | Y51786 | E1114L | H/M | 5/30/2020 |

## REQUEST

Check here if this is an informal grievance ☑

Issue: I believe based on the below, Warden Colon has failed in his duty under F.S. 944.09(2), 944.14 and 20.315 to keep transgender inmates free of victimization.

Facts: Warden Colon has a duty under F.S. 944.09(2), 944.14 and 20.315 to create a safe and humane environment and to keep offenders free of victimization.

PREA (28 CFR 115) are rules for prevention of sexual victimization within institutions and were incorporated into Department procedure 602.053. 28 CFR 115.42(f) and 602.053(2)(a)(9) state transgender inmates shall be given the opportunity to shower separately from other inmates. This rule was established as an absolute defense against voyeurism, lewd behavior, sexual harassment and sexual assault of/against transgender persons at their most vulnerable. Per Webster's New World Collegiate Dictionary, separate means to single out or set apart from others for special purposes; segregate; sort. In the context of this rule this means to keep male inmates separate from transgender inmates while the latter is showering; i.e. male inmates should neither be ~~transcend~~ able to see nor have physical access to the transgender inmate (cont.) - - -

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): _____   DC#: Y51786

---

## DO NOT WRITE BELOW THIS LINE

**RESPONSE**   EXHIBIT 6D   DATE RECEIVED: JUN 01 2020

Please be advised security staff members were advised of the transgender PREA procedure and to follow accordingly. Thank you.

Dade C.I.
Grievance Coordinator
MAILED
JUN 15 2020

**APPROVED**

[The following pertains to informal grievance]

Based on the above information, your grievance is _____ (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

Official (Print Name): CRC Charles   Official (Signature): _____   Date: _____

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by _____ in Rule 33-103.005, F.A.C.

**"Shower**

Only count times are set aside for transgender inmates to shower, with the understanding that male inmates would not be moving around. This has *never* worked. Male inmates are unrestricted from entering the joined and open shower/bathroom area in the south side dormitories during count times.

During the period February 2 to March 13 I kept record of the number of inmates who entered the bathroom/shower area while I showered: 309 (462-2002-0183). Hundreds more have entered since then. Several instances escalated dangerously as I confronted the inmates to get them out of the shower area. 8 more inmates entered the shower area on May 27th.

After 482 days of dealing with this, enough. I have grieved this issue repeatedly. Allow us to shower during count: denied (463-2001-0156); Keep inmates out of shower area: approved multiple times but nothing ever done (463-1906-0004, 463-1912-0209, 463-1912-0122, 463-2002-0022, 463-2001-0157); Create a memo for staff regarding shower rules: denied (463-2003-0112, 463-2003-0110); create a procedure for transgender shower rules: denied (2002-463-019, 20-6-07056). Sergeants, OICs and AW Corrales are aware of the situation, but nothing changes. This deliberate indifference by staff risks victimization of myself and all other transgender inmates. All I need is 10 minutes of shower time without having male inmates stare at me or play with themselves.

Remedy: Previous remedies as listed above, have been denied or ineffective. To ensure adherence to the rule, the only remaining means to ameliorate the situation is to install TCU-style lockable shower stalls in all South side bathrooms or designate a wing solely for the housing of gender dysphoric inmates. I also call upon the Warden to fulfill his duties under Florida statute to follow the PREA rules.

The alternative of being placed on the North (high custody) side is grossly inappropriate. I am a minimum custody transwoman with feminine features and decreased muscle mass from years of hormone treatment - housing in the predatory and gang-infested north side would be excessively dangerous for me. I would consider such a move retaliatory and reckless endangerment of my life.

Retaliation is illegal.

*Shower*

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

Dade C.I.
Assistant Warden of Programs
RECEIVED

JUN 16 2020

☐ **Third Party Grievance Alleging Sexual Abuse**   **2006-463-195**

TO:  ☑ Warden     ☐ Assistant Warden     ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| Maatsch  John  J | Y51786 | Dade  CI |
|---|---|---|
| Last    First    Middle Initial | DC Number | Institution |

---

**Part A – Inmate Grievance**

This is an appeal of grievance 463-2006-0024 as allowed in 33-103.006.

The single issue being grieved, as required by 33-103.006 (2)(f), is the remedy provided by respondent Ofc. Charles, is insufficient and impotent in addressing the issue put forward in 463-2006-0024.

Facts:

The remedy provided by Ofc. Charles, "Please be advised security staff members were advised of the transgender pass procedures and to follow accordingly," is impotent because it has been provided as a remedy 5 times previously and it has never effected the behavior of staff or inmates to allow me to shower separately as defined in 463-2006-0024. On 3/12/2020. Ofc. Charles, in 463-2003-0110, provided the remedy "All staff have been notified of transgender shower passes and procedures." The same respondent has already provided this remedy to no avail. On 2/16/2020 Ofc. J. Hayes, in 463-2002-0183, provided the remedy "Staff will be reminded of showering procedures." On 12/31/2019 Ofc. J. Hayes, in 463-1912-0222, provided the remedy "All staff members will be reminded of proper showering procedures." On 12/30/2019 Ofc. J. Hayes, in 463-1912-0209, provided the remedy "Security staff have been reminded to ensure transgender inmates are given the opportunity to shower separately, if they have the appropriate memo from ICT to do so." On 6/1/19 Ofc. C. Coronado, in 463-1906-004, provided the remedy "All shift OIC's were advised and will ensure their staff grants your pass." Clearly, reminding staff of their duties under Chapter 33-602.053 and 28 CFR 115.42(f) is insufficient to address the issue of showering separately, nor does it address the complaint that the Warden is failing in his duty to keep transgender inmates free from victimization.

Therefore the remedy provided is both insufficient and impotent in addressing the issue brought forth in 463-2006-0024.

Remedy: Review the original grievance and requested remedy and provide a remedy sufficient to address the issue therein.

Retaliation, including dormitory moves, transfer and harrassment, is still illegal.

| 6/15/2020 | S Maatsch      Y51786 |
|---|---|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |



*Shower*

## PART B - RESPONSE

| MAATSCH, JOHN | Y51786 | 200 463-195 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Grievance has been received, reviewed, and a response is as follows:

After further investigating the nature of your grievance, our findings indicate that the response provided to you on Informal Grievance # 463-2006-0024 adequately addresses the issue you have put forward in this appeal.

Based on the above information, your grievance is DENIED.

You may appeal and obtain further administrative review of your complaint by acquiring Form DC1-303; Request for Administrative Remedy or Appeal, completing the form, and forwarding it with all attachments to the office of the Bureau of Inmate Grievance Appeals, 501 South Calhoun Street, Tallahassee, FL 32399-2500.

M. CORRALES, AWP

06/19/20

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |
|---|---|---|

Dade C.I.
Grievance Coordinator
MAILED

JUN 1 9 2020

Shower

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED

JUL 0 6 2020

Department of Corrections
Bureau of Correction Appeals

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden     ☐ Assistant Warden     ☑ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| Maetsch | John | J | Y51786 | Dade CI |
|---|---|---|---|---|
| Last | First | Middle Initial | DC Number | Institution |

---

**Part A – Inmate Grievance**

20-6-24?

This is an appeal of grievance 2006-463-195 as allowed in 33-103.007.

The response in ▓▓▓▓▓ - 463-2006-0024 does not address the concerns raised in 2006-463-195 given that the argument put forth in 2006-463-195 was a direct challenge to the original response.

Respondent Corrales, by failing to address the issues raised in 2006-463-195, is failing to address the fact that this facility has never enforced the transgender shower rule. Clearly, if OIC and security staff have been reminded 6 times (including the original grievance of this appeal) and nothing has ever been done to stop the incessant flow of inmates into the shower/bathroom area while transgender inmates are showering, then the remedy in the informal grievance has no effect and is inadequate.

Respondent Corrales, and by extension the Warden, by failing to provide due consideration show their indifference to the safety needs of myself and all transgender inmates.

The case law on this issue was settled nearly 30 years ago in Farmer vs. Brennan and only strengthened since then.

Remedy: Re-evaluate the informal grievance and provide an effective remedy.

Note: Camera footage from transgender shower times will show my claim. Retaliation is illegal

6/23/2020
DATE

Y51786
SIGNATURE OF GRIEVANT AND D.C. #

Shower

JUL 1 5 2020

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 20-6-24122 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for administrative review has been received and reviewed, and evaluated.

If you are not satisfied with the action taken as a result of the approval, you need to refile your complaint at the informal level.

Based on the foregoing information, your appeal is returned without action.

A. KEATON

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | *A. Keaton* SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 7/14/20 DATE |
|---|---|---|

# EXHIBIT 7

## FAILURE TO PROVIDE MENTAL HEALTH

7A: No Mental Health During Covid-19

7B: Improper Procedures With Vital
     Psychological Emergencies

7C: Security Failure

7D: Mental Health Failure

# INMATE REQUEST

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

463-2007-0359

Mail Number: _____
Team Number: _____
Institution: _____

**TO:**
(Check One)

☐ Warden
☐ Asst. Warden
☐ Classification
☐ Security
☑ Medical
☑ Mental Health
☐ Dental
☐ Other

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | John Maatsch | Y51786 | E1114L | H/M | 7/21/2020 |

## REQUEST

Check here if this is an informal grievance ☑

This grievance is brought under 33-103.005 and challenges the substance, interpretation or application of Department rules or procedures that affect me personally as allowed in 33-103.001(4)(a). At issue is that the facility is not providing mental health services to quarantined inmates. As required by 33-103.001(4)(c), this affects me personally because I am a quarantined inmate, quarantined for 22 days and who is suppose to receive regular mental health services.

A global pandemic does not suddenly cure all mental health conditions. In fact, the increased stress from the risk of the virus, the cramped, crowded and frustrating conditions of quarantine, and the lack of stress outlets such as canteen and recreation all combine to exacerbate existing mental health conditions. While for the safety of mental health it may be unreasonable to summon quarantined inmates to the outpatient build-ing, simply ignoring my mental health needs is not reasonable. The pandemic appears to be here to stay and until sufficient numbers of inmates and staff have contracted the virus and recovered, dorms and wings will continue to be placed in quarantine. Mental health cannot ignore the needs of mental health patients until the pandemic is over.

Remedy: Provide some type of mental health services for quarantined inmates. [As an example, provide short contact meetings in protected areas of the dorm such as is done in confinement.]

All requests will be handled in one of the following ways:  1) Written Information or   2) Personal Interview.  All informal grievances will be responded to in writing.

Inmate (Signature): _S. Maatsch_

DC#: Y51786

## DO NOT WRITE BELOW THIS LINE

## RESPONSE

EXHIBIT 7A

DATE RECEIVED: JUL 22 2020

Date CI
Assistant Warden of Programs
RECEIVED

Thank you for reaching out to our department with these concerns. Due to the covid quarantine, there have been restrictions in movement and services, including those of mental health. You will be placed in call out to be seen once restrictions are lifted.

Dade C.I.
Grievance Coordinator
MAILED

AUG 05 2020

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _Denied_  (Returned, Denied or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Print Name): I. Murga, PsyD
Clinical Psychologist
DADE C.I.

Official (Signature): _____

Date: 08/04/20

Original: Inmate (plus one copy)
CC: Retained by official responding or if response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

31-9.
Mental
Health

Muatsch

Exhibit 1

Events From 6/10-7/15 Leading to My Depression and Suicidal Ideation Exhibit 1

- The continuous horror and distress of being a woman living with male genitalia
- The hopelessness of seeing no end to my transition
- Lack of care for my transition, especially sex reassignment surgery, permanent hair removal, voice and communication therapy, mental health, preparation to re-enter society as the woman I am
- Pregnancy and cis-gendered female sexual dreams
- Sexual harassment
- Threatening words and gestures, especially anti-transgender and transphobic comments by gang members
- Increased feelings of danger due to 7 fights being witnessed
- Communication Issues with my Mom
- Disruption of hormone medication, specifically finasteride for 10 days, Spironolactone for 3 days, and Estradiol for 3 days
- No recreation, canteen or other meaningful outlet during 2 quarantines

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

Dade C.I.
Assistant Warden of Program
**RECEIVED**

AUG 0 7 2020

☐ **Third Party Grievance Alleging Sexual Abuse**   2008-463-054

TO: ☑ Warden   ☐ Assistant Warden   ☐ Secretary, Florida Department of Corrections
From or IF Alleging Sexual Abuse, on the behalf of:

Maitsh    John    JC         Y51786        Dade CI
Last     First   Middle Initial      DC Number       Institution

**Part A – Inmate Grievance**

This grievance is brought under 33-103.005 and is an appeal of 463-2007-0359.

Issue: The response provided in 463-2007-0359 is not adequate to address the concerns raised in the grievance.

Facts: The global pandemic is no excuse to withold mental health services. The irony of the response provided is that it affirms the issue being complained. I write:"At issue is that the facility is not providing mental health services to quarantined inmates." The respondent writes: "Due to covid quarantine, there have been restrictions in movement and services, including Mental Health." The respondent's statement is simply a reiteration of my complaint and therefore an affirmation that my complaint is legitimate. Despite the acknowledgement that the issue is real, the remedy provided is that I will be placed on the callout once restrictions are lifted.

This remedy ignores the degradation of mental health states caused by the conditions of quarantine [Exhibit I] coupled with the cessation of treatment for existing mental health issues. There is no definitive timeline for when this facility will remove quarantine conditions, it could be months more. It appears that mental health believes that is a satisfactory outcome as their patients go crazy. For instance, since I wrote the informal grievance I experienced over 10 days of high stress events that led to exhaustion, dissociation, mania, violent ideation, suicidal ideation and ideation with planning to remove my genitals. The availability of mental health services could have gone a very long way toward preventing the excesses of my mental health condition which led to very poor decision making and a complete reordering of my life circumstances.

Remedy: Provide mental health ~~███████~~ services during this quarantine period.

_8/6/2020_
DATE

SMaitsh   Y51786
SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

Ø, SMaitsh

## PART B - RESPONSE

| MAATSCH, JOHN | Y51786 | 2008-463-054 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Grievance has been received, reviewed, and a response is as follows:

Your concerns have been reviewed and discussed with your current team. As you have been previously made aware in previous requests/grievances, due to COVID-19 quarantine, there are restriction imposed by DOC statewide in movements, services, and programs that are non-emergent. Your concerns related to receiving treatment have been continuously addressed as they have been received. We are aware of the importance of continuing of care but want to emphasize that we are under direct and clear restrictions in relation to service provisions. Please be aware that as soon as restrictions are lifted, mental health services will resume as normal. For this reasons, we encourage you to utilize coping skills gained throughout mental health treatment until restrictions are lifted and your services can resume. Having said that, I have been made aware that since this grievance was written and response, you have been seen by your counselor where you have had the opportunity to address any and all mental health concerns.

Based on the above information, your grievance is DENIED.

You may appeal and obtain further administrative review of your complaint by acquiring Form DC1-303; Request for Administrative Remedy or Appeal, completing the form and forwarding it with all attachments to the office of the Bureau of Inmate Grievance Appeals, 501 South Calhoun Street, Tallahassee, FL 32399-2500.

THIS DOCUMENT MAY CONTAIN CONFIDENTIAL RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

DR. L. GASCON, PSY. D.                     M. CORRALES, AWP

SIGNATURE AND TYPED OR PRINTED NAME OF         SIGNATURE OF WARDEN, ASST.            08/19/20
EMPLOYEE RESPONDING                             WARDEN, OR SECRETARY'S                  DATE
                                                 REPRESENTATIVE

Dade C.I.
Grievance Coordinator
MAILED

AUG 1 9 2020

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

SEP 0 0 2020

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden   ☐ Assistant Warden   ☑ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

Maatsch          John          J                    YS1786              Dade CI
Last          First          Middle Initial          DC Number          Institution

---

**Part A – Inmate Grievance**          20-6-31210

This grievance is brought under F.A.C. 33-103.007 and is an appeal of 2008-463-054.

Issue: The response is inadequate to address the grievance on its merits.

Facts:

① It is your contention that restrictions have been placed on you regarding provision of services.

② Then it is the responsibility of the superiors in Tallahassee to address the unwarranted restriction of mental health, especially when medical is running normally.

③ To reduce mental health services to emergency events where an inmate wants to harm themselves or someone else is absolutely ludicrous. Perhaps the reason inmates are experiencing suicidal and violent ideation is because they aren't receiving adequate, or any, mental health treatment.

④ It is offensive that the respondent would try to dismiss my claim on the basis that I had been seen by my counsellor. This only happened after 2 sick calls, 2 grievances and A PHONE CALL FROM A WORRIED FAMILY MEMBER. It still does not forgive the fact that all treatment has been stopped.

Remedy: Reopen mental health to regular schedule.

Nothing

8/27/2020                              S. Maatsch    YS1786
DATE                                   SIGNATURE OF GRIEVANT AND D.C. #

**BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

Ø   S. Maatsch

Dade C.I.
Assistant Warden of Programs
RECEIVED

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

AUG 2 1 2020

☐ **Third Party Grievance Alleging Sexual Abuse**   2008-463-207

TO:  ☑ Warden        ☐ Assistant Warden       ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse, on the behalf of:**

| Maartsch | John | J | Y51786 | Dade CI |
|----------|------|---|--------|---------|
| Last | First | Middle Initial | DC Number | Institution |

---

**Part A – Inmate Grievance**

This in an appeal of 463-2008-0152 and is brought under F.A.C. 33-103.006.

Issue: The response provided in 463-2008-0152 is inadequate to address the concerns raised the grievance on its merits.

ts: Of course security has procedures for psychological emergencies, the problem is security repeatedly fails to follow those procedures. That was the whole point of 463-2008-0152. Evidence for this information was previously provided in 463-2007-0492    ].

medy: Reevaluate the grievance and address it on its merits.

---

8/20/2020
DATE

SMaartsch   Y51786

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 2008-463-207 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Grievance has been received, reviewed, and a response is as follows:

After further investigating the nature of your grievance, our findings indicate that the response provided to you on Informal Grievance #463-2008-0152 adequately addresses the issue you have put forward in this appeal.

Be advised, to appropriately investigate your complaint you failed to provide a date, time, and staff involved in denying you a psychological emergency. All psychological emergencies are taken to mental health per policy and procedure. From there mental health determines the next steps in your care.

Based on the above information, your grievance is DENIED.

You may appeal and obtain further administrative review of your complaint by acquiring Form DC1-303; Request for Administrative Remedy or Appeal, completing the form, and forwarding it with all attachments to the office of the Bureau of Inmate Grievance Appeals, 501 South Calhoun Street, Tallahassee, FL 32399-2500.

M. CORRALES, AWP

| | | 08/21/20 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

Dade C.I.
Gnevance Coordinator
MAILED

AUG 2 1 2020

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ **Third Party Grievance Alleging Sexual Abuse**

SEP 0 8 2020

TO: ☐ Warden    ☐ Assistant Warden    ☑ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

Mautsch John J          YS1786          Dade CI
Last   First   Middle Initial           DC Number           Institution

20-6-31777

**Part A – Inmate Grievance**

This grievance is brought under F.A.C. 33-103.007 and is an appeal of 2008-463-207.

Issue: The source of the facts for the claim in 463-2008-0152 was provided in its own line in 2008-463-207. Respondent Corrales could have sourced the original grievance to find date, time and other information. Therefore the response is inadequate to address the issue on its merits.

Facts: Select Exhibits from the grievance listed in the formal 2008-463-207 are provided.

Remedy
Reevaluate the informal on its merits in light of the provided exhibits

8/27/2020
DATE

SMautsch   YS1786
SIGNATURE OF GRIEVANT AND D.C. #



| MAILED/FILED WITH AGENCY CLERK |
|---|
| SEP 3 0 2020 |
| Department of Corrections Bureau of Inmate Grievance Appeals |

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 20-6-31777 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your administrative appeal has been reviewed and evaluated. The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.

Your administrative appeal is denied.

A. KEATON

_____
SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING

*A. Keaton*
_____
SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE

9/25/20
_____
DATE

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

INMATE REQUEST   463-2002-0150

Mail Number: _____
Team Number: _____
Institution: _____

TO:
(Check One)

☐ Warden
☑ Asst. Warden
☐ Classification Security
☐ Security
☐ Medical
☐ Mental Health
☐ Dental
☐ Other

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | John Maatsch | Y51786 | E1114L | H/M | 8/6/2020 |

**REQUEST**                        Check here if this is an informal grievance ☑

This grievance is brought under 33-103.005 and challenges the application of a Department procedure that affects me personally as allowed in 33-103.001(4)(a). [Note: All facts below are supported by attachments and affidavits previously submitted in other grievances. Facts ARE NOT issues being grieved, they only support the claim.] The sole **ISSUE** in this complaint is that Mental Health is mishandling psychological emergencies. **FACTS:** 1) Psychological emergencies are only intended for immediate risk of suicide or self-harm, despite other mental health states that can cause adverse or destructive behavior with wide-ranging consequences especially in light of the prison environment; 2) Mental health has previously ignored well-stated claims of suicidal intent; 3) Mental Health is frequently combative and derogatory towards known mentally and emotionally impaired inmates under their care when they declare psychological emergencies; 4) Mental Health does not provide individualized after-care post psychological emergencies.

**REMEDY:** Evaluate the issue on its merits and provide a solution

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): S. Maatsch

DC#: Y51786

Grievance Coordinator
MAILED                          **DO NOT WRITE BELOW THIS LINE**

**RESPONSE**      AUG 2 0 2020   EXHIBIT 7D   DATE RECEIVED: AUG 0 7 2020

The grievance process is to address personal concerns. Decisions related to psychological emergencies are staffed by mental health outpatient team and decisions are reviewed on a case by case basis, dependent on patient needs and mental health grade. If you have any personal concerns that you'd like to address they can be discussed with counselor. However, since this response you were seen on 8/18/2020, where you had an opportunity to address these issues. We encourage you to utilize coping skills until call out restrictions are lifted.

The following pertains to informal grievances only:

Based on the above information, your grievance is __Denied.__ (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.)

Official (Print Name): I. Murga Psy D.
                       clinical psych

Official (Signature): _____

Date: 08/19/2020

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

07-1
Mental Health

DC6-236 (Effective 11/13)

In.P.I.   Exhibit Only                          Exhibit

INMATE REQUEST                STATE OF FLORIDA
                          DEPARTMENT OF CORRECTIONS        Mail Number: _____
                                                          Team Number: _____
                                                          Institution: _____

| TO: (Check One) | ☑ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Mental Health | ☐ Dental ☑ Other |
|---|---|---|---|---|

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | John Maatsch | Y51786 | E1114L | H/M | 7/28/2020 |

## REQUEST                                      Check here if this is an informal grievance ☑

This grievance is brought under 33-103.005 and addresses the application of Department rules and pro-cedures that effect me personally as allowed in 33-103.001(4)(a).
[NOTE: This grievance contains HIPPA protected information.]
[NOTE: This grievance is about the psychological emergency process. It addresses malfeasence of both security and mental health and should be reviewed by someone in authority over both departments.]
[Note: This grievance contains evidence of behaviors of mental health councillors, doctors, officers and sergents. Individuals named within should not be respondents.]
The triggering event as required in 33-103.011(1) occurred on 7/15. From 7/10 to 7/15 I experienced several days of intense depression, which culminated in a suicidal state of mind.
The sole complaint, as required in 33-103.005(2)(b)(2), is that the psychological emergency process, hereafter referred to as PE, is adversarial and dismissive.                          (cont.)

All requests will be handled in one of the following ways:  1) Written Information or  2) Personal Interview.  All informal grievances will be responded to in writing.

Inmate (Signature): S/Maatsch                            DC#: Y51786

─────────────── DO NOT WRITE BELOW THIS LINE ───────────────

## RESPONSE

DATE RECEIVED:                              Dade C.I.
                                      Assistant Warden of Programs
                                              RECEIVED
                                              JUL 28 2020

Per Chapter 33-103.014 (1)(a) the grievance addressed more than one issue or complaint

1. Security not handling Psych Emergencies appropriately
2. Mental Health not handling psych Emergencies appropriately

                                              Dade C.I.
                                       Grievance Coordinator
                                              MAILED
                                              JUL 31 2020

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____ (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

RETURNED

Official (Print Name): M. Perez

Official (Signature): [signature]    Date: 07/31/20

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.
Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, later than 15 days after the grievance is responded ...

                                              13-h
                                              G.C.

Grievance Continuation 1 of 2                                    1/28/2020
John Maatsch    Y51786
SMaatsch

Exhibit

[Note all Exhibits are presented as evidence of my state of mind and my experience
of the PE process. They are not presented as grievable issues.]
[Exhibit 5 was originally furnished for another inmate's grievance and is included
here for relevancy.]

A mental health patient is at her most vulnerable when all trust between patient
and councillor has been destroyed, for then she has no trained guide from
whom she can seek direction or aid on matters from the daily to the
deadly. On 7/15, feeling cornered by the events in Exhibit 1 and
persistently bombarded by thoughts of ending my life, I had to weather
the storm with the help of untrained inmate friends rather than face
the dismissiveness and hostility of mental health or security. Due
to this accumulated distrust my life was jeoparized solely to
avoid the PE process as I have experienced it over the past year.

From my commitment to TCU on 5/9/2018 until I was released on
11/20/2018 I was taught to recognize my signs for an irrational state
of mind, employ self-help techniques, and if I am unable to handle it
then declare a PE. That has been the technique I have used for
declaring a PE ever since [Exhibit 2]. Apparently though, an irrational
state of mind is not sufficient a problem for mental health to address.
They'd really rather I wait until I'm tying the knot around my
neck, like the inmate in Exhibit 3.

My last three PE experiences stand out as reminders of the horrible
treatment I would receive at the hands of Mental Health and security
were I to declare another [Exhibits 4,5,6 and 7]. At my last
session with Ms. Rodriguez, ████████████ security staff informed
her a patient of hers declared a PE. A few moments later, Dr. Gascon
came in and told Ms. Rodriguez that it was "not a real psychological
emergency" and "don't worry about it." This mirrors my experiences
last December when Sgt. Woodruff told me that we 'transgenders'
are "always calling psychological emergencies for invalid

John Hauson ~~~~
S Mautsch

Exhibit 2

# What Leads Me To A Psychological Emergency                    Exhibit 2

I experience distress, hopelessness, depression and anxiety.

The following factors exacerbate these states, listed in order of severity:
- Gender Dysphoria · Sexual Harassment · Prejudice/Bigotry
- Improper Transition Treatment

# Behavior I've Been Taught That May Indicate An Irrational State of Mind
- Planning and intent for self-harm or violence  · Surge in Paranoia and Anxiety
- Abrupt Cessation of Emotions · Hypervigilance · Heightened Agitation
- Apathy · Wildly Fluctuating Emotions · Erratic Thoughts
- Myopic Rumination · Continuous Inactivity · Zero Task Concentration

# Compensation Techniques for De-escalation Prior To An Irrational State
- Exercise · Meditation · Drawing · Speaking With Friends
- Sleep  · Escapism

# What Leads me to declare a psychological emergency:
- Experiencing any 1 of the more severe behaviors; or,
- Experiencing multiple less severe behaviors; and,
- I have tried without success to utilize the compensation techniques; and,
- I strongly believe that my current behavior will lead to self-harm.

S Maatsch

Exhibit 7

Sexual Harassment and Coercion Psychological Emergency        Exhibit 7

: It is well established that high levels of sexual harassment can lead to adverse psychological states. :

Event: Inmate Travis Jones sexually harassed me from December 2019 through April 5, 2020. His sexual harassment grew worse over time as I rejected his advances. From March 27 to April 5 he used threats and coercive techniques to force me to put lotion on his back and make me accept a back rub. On April 6 I had a verbal altercation and forced him to stay away from me. On 4/16 (or 4/15, validateable by review of my mental health record) I was given a threatening note that had been penned by Jones. I instantly went into a violent panic. I declared a psychological emergency. Sgt. Dupree responded. She escorted me first to Captain B. Williams, for a PREA claim, but I did not want to because I had no trust that security would treat me right. I was then escorted to mental health.

Councillor Rodriguez Experience: I showed her the note and explained my feelings. She said it was a PREA issue that needed to be reported and had Sgt. Dupree escort me back out. At no point was my violent ideation addressed. I refused ████████ to make a claim because I felt that felt there would be violent repercussions for me. I was in there for less than 5 minutes

I assert that the mental state of the inmate should be evaluated and addressed even when the underlying issue is outside the scope of control for mental health.

Dade C.I.
Assistant Warden of Programs
RECEIVED

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

AUG 2 8 2020

☐ **Third Party Grievance Alleging Sexual Abuse**     2009-463-027

TO: ☑ Warden     ☐ Assistant Warden     ☐ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

Maatsch      John      J          YS1786          Dade CI
Last      First      Middle Initial     DC Number          Institution

---

**Part A – Inmate Grievance**

his grievance is brought under F.A.C. 33-103.006 and is an appeal of 463-2008-0150.

ssue: The response does not bother to address the claim or presented facts and is thus an inadequate response to address the grievance on its merits.

acts: The evidence for the claim is provided in the attached exhibits which were originally attached to a grievance about a suicidal ideation in July. That copy of the grievance and select exhibits are provided here to support the claim

emedy: Reevaluate the informal grievance on its merits

Nothing

8/27/2020
DATE

S Maatsch  YS1786
SIGNATURE OF GRIEVANT AND D.C. #

## PART B - RESPONSE

| MAATSCH, JOHN | Y51786 | 2009-463-027 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Grievance has been received, reviewed, and a response is as follows:

Your request has been received in non-compliance with the Department of Corrections rules and regulations Chapter 33-103.014; Inmate Grievance Procedure.

In accordance with Chapter 33-103.014 (1) the grievance may be returned to the inmate without further processing if, (t) The inmate used more than two (2) additional narrative pages.

You may resubmit your grievance in compliance with Chapter 33-103, Inmate Grievance Procedure, if upon receipt of this notification the filing is within time frames allowable.

Based on the above information, your grievance is RETURNED without action.

THIS DOCUMENT MAY CONTAIN CONFIDENTIAL RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

DR. L. GASCON, PSY. D.                    M. CORRALES, AWP

L. Gascon Psy D.
Clinical Psychologist
Dade C.I.

SIGNATURE AND TYPED OR PRINTED NAME OF
EMPLOYEE RESPONDING

SIGNATURE OF WARDEN, ASST.
WARDEN, OR SECRETARY'S
REPRESENTATIVE

09/01/20
DATE

Dade C.I.
Grievance Coordinator
MAILED

SEP 0 1 2020

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

*med*

**RECEIVED**

[ ] **Third Party Grievance Alleging Sexual Abuse**

TO: [ ] Warden      [ ] Assistant Warden      [✓] Secretary, Florida Department of Corrections

SEP 25 2020

From or **IF Alleging Sexual Abuse, on the behalf of:**

Department of Corrections
Inmate Grievance Appeals

Maatsch   John   J
Last      First    Middle Initial

Y51786
DC Number

Institution

---

**Part A – Inmate Grievance**      20-6-33499

This grievance is brought in accordance with F.A.C. 33-103.007 and is an appeal of 2009-463-027.

Issue:

The response provided is not in compliance with F.A.C. 33-103.014 (1)(t) and was not returned properly thus denying me the opportunity to seriously address my legitimate concerns.

There was only one narrative page substantiating my claims. A previously submitted good faith informal grievance which was returned as a result of procedural burden, was attached as an exhibit behind the informal grievance for this line of appeals. It contained the evidence to back my claims made in informal grievance 463-2008-0150. Including this as an exhibit or ~~ADM~~ other pertinent documentation as allowed in 33-103.006 (2)(g).

The (2) page narrative limit was meant to reduce frivolity, rambling, and ranting - not prohibit an inmate from raising a serious issue that needs to be addressed. The pertinent documentation included as exhibits allows me to back my claims that I wouldn't otherwise have been able to do in the statement of facts for the issue at hand.

Remedy: Address the original issue.

9/6/2020
DATE

S. Maatsch   Y51786
SIGNATURE OF GRIEVANT AND D.C. #

```
┌─────────────────────────────────┐
│         MAILED/FILED            │
│       WITH AGENCY CLERK         │
│                                 │
│          NOV 0 4 2020           │
│                                 │
│     Department of Corrections   │
│  Bureau of Inmate Grievance Appeals │
└─────────────────────────────────┘
```

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 20-6-33494 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Denied:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

It is determined that the response made to you in the informal response #463-2008-0150 dated 8/19/2020 appropriately addresses the issue you presented.

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Michelle Schouest, IISC

| _Michelle Schouest_ | _T. Bowden_ | 11/3/20 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

*Psych*
*OI*

MAILED/FILED
WITH AGENCY CLERK

OCT 0 2 2020

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 20-6-31210 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Denied:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

It is determined that the response made to you on 8/19/2020 appropriately addresses the issue you presented.

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Michelle Schouest, IISC

| *Michelle Schouest* | *T. Bowden* | 9/28/20 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

Psych
DI

**INMATE REQUEST** 463.2007-0492

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

Mail Number: _____
Team Number: _____
Institution: _____

TO:
(Check One)
☑ Warden
☐ Asst. Warden
☐ Classification Security
☐ Medical ☐ Mental Health
☐ Dental ☐ Other

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | John Maatsch | Y51786 | E1114L | H/M | 7/28/2 |

**REQUEST**                    Check here if this is an informal grievance

This grievance is brought under 33-103.005 and addresses the application of Department rules and pro-
cedures that effect me personally as allowed in 33-103.001(4)(a).
[NOTE: This grievance contains HIPPA protected information.]
[NOTE: This grievance is about the psychological emergency process. It addresses malfeasance
of both security and mental health and should be reviewed by someone in authorit-
over both departments.]
[Note: This grievance contains evidence of behaviors of mental health councilors, doctors,
officers, and sergeants. Individuals named within should not be respondents.]
The triggering event as required in 33-103.011(4) occurred on 7/15. From 7/10 to 7/15 I experience
several days of intense depression, which culminated in a suicidal state of mind.
The sole complaint, as required in 33-103.005(2)(b)(2), is that the psychological emergency proces
hereafter referred to as PE, is adversarial and dismissive.                    (cont

All requests will be handled in one of the following ways: 1) Written Information or   2) Personal Interview. All
informal grievances will be responded to in writing.

Inmate (Signature): S/Maatsch                    DC#: Y51786

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**   EXHIBIT 7B                    DATE RECEIVED:

Dade C.I.
Assistant Warden of Programs
RECEIVED

Per Chapter 33-103.014 (1)(a) the grievance addressed more than one issue or   JUL 28 2020
complaint
1. Security not handling Psych Emergencies appropriately
2. Mental Health not handling psych Emergencies appropriately

Dade C.I.
Grievance Coordinator
MAILED

JUL 31 2020

[The following pertains to informal grievances only:

Based on the above information, your grieva... RETURNED ...ed, Denied, or Approved). If your informal grievance is denied,
you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Print Name): M. Perez          Official (Signature):          Date: 07/31/20

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as
required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no
later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.
DC6-236 (Effective 11/18)

13-h
G.C.

Grievance Continuation 1 of 2                                          1/28/2020
John Maatsch    Y51786
~~SMaatsch~~

[Note all Exhibits are presented as evidence of my state of mind and my experience of the PE process. They are <u>not</u> presented as grievable issues.]
[Exhibit 5 was originally furnished for another inmate's grievance and is included here for relevancy.]

A mental health patient is at her most vulnerable when all trust between patient and councillor has been destroyed, for then she has no trained guide from whom she can seek direction or aid on matters from the daily to the deadly. On 7/15, feeling cornered by the events in <u>Exhibit 1</u> and persistently bombarded by thoughts of ending my life, I had to weather the storm with the help of untrained inmate friends rather than face the dismissiveness and hostility of mental health or security. Due to this accumulated distrust my life was jeopardized solely to avoid the PE process as I have experienced it over the past year.

From my commitment to TCU on 5/9/2018 until I was released on 11/20/2018 I was taught to recognize my signs for an irrational state of mind, employ self-help techniques, and if I am unable to handle it then declare a PE. That has been the technique I have used for declaring a PE ever since [Exhibit 2]. Apparently though, an irrational state of mind is not sufficient a problem for mental health to address. They'd really rather I wait until I'm tying the knot around my neck, like the inmate in Exhibit 3.

My last three PE experiences stand out as reminders of the horrible treatment I would receive at the hands of Mental Health and security were I to declare another [Exhibits 4,5,6 and 7]. At my last session with Ms. Rodriguez, ███████ security staff informed her a patient of hers declared a PE. A few moments later, Dr. Gascon came in and told Ms. Rodriguez that it was "not a real psychological emergency" and "don't worry about it." This mirrors my experiences last December when Sgt. Woodruff told me that we 'transgenders' are "always calling psychological emergencies for invalid reasons" and "wasting security's time." [Exhibit 8]

SMautsch                                                    Exhibit

Events From 6/10-7/15 Leading to My Depression and Suicidal Ideation Exhibit

- The continuous horror and distress of being a woman living with male genitalia
- The hopelessness of seeing no end to my transition
- Lack of care for my transition, especially sex reassignment surgery, permanent hair removal, voice and communication therapy, mental health, preparation to re-enter society as the woman I am
- Pregnancy and cis-gendered female sexual dreams
- Sexual harassment
- Threatening words and gestures, especially anti-transgender and transphobic comments by gang members
- Increased feelings of danger due to 7 fights being witnessed
- Communication Issues with my Mom
- Disruption of hormone medication, specifically finasteride for 10 days, Spironolactone for 3 days, and Estradiol for 3 days
- No recreation, canteen or other meaningful outlet during 2 quarantines

John Maatsch 751786
SMaatsch

Exhibit

What Leads Me To A Psychological Emergency                    Exhibit

I experience distress, hopelessness, depression and anxiety.

The following factors exacerbate these states, listed in order of severity:
• Gender Dysphoria • Sexual Harassment • Prejudice/Bigotry
• Improper Transition Treatment

Behavior I've Been Taught That May Indicate An Irrational State of Mind
• Planning and intent for self-harm or violence • Surge in Paranoia and Anxiety
• Abrupt Cessation of Emotions • Hypervigilance • Heightened Agitation
• Apathy • Wildly Fluctuating Emotions • Erratic Thoughts
• Myopic Rumination • Continuous Inactivity • Zero Task Concentration

Compensation Techniques for De-escalation Prior To An Irrational State
• Exercise • Meditation • Drawing • Speaking With Friends
• Sleep • Escapism

What Leads me to declare a psychological emergency:
• Experiencing any 1 of the more severe behaviors; or,
• Experiencing multiple less severe behaviors; and,
• I have tried without success to utilize the compensation techniques; and,
• I strongly believe that my current behavior will lead to self-harm.

Exhibit

# Tale of Suicide During My Time In TCU

Exhibit

I assert that the following did occur:

The name of the inmate and the date of the suicide would be available from Department records. I recall neither.

The inmate was a middle-aged white male, skin aged and damaged from sun exposure, dark hair beginning to thin and a solid dark beard. He was about 5'11". He recounted during our group therapy that he had a daughter; that he had received a life sentence; that he had felt there was no hope, no opportunity to go home; that the thought of living the remainder of his life in prison filled him with dread. Myself and the other inmates in group tried to convince him over several sessions that there was still hope and always a possibility to fight to go home. It did not matter. His mental health state must have declined because, in the days before his suicide, he went on hunger strike. At the last group that I saw him he seemed quite dejected. I'll never forget his words: "I have a daughter I'll never see again. Who the fuck cares? I'm just going to kill myself." A few hours later he was moved, at his request, to the single person rooms in J-1 at the Dade CI TCU. He was found dead, with a sheet tied around his neck a day later.

John Maddsen 958786
SMartsch

Exhibit

Harassment By Security Personnel Psychological Emergency  Exhibit

Event: On 2/9 and 2/7 Captain Lewis harassed me and acted in a manner that was unprofessional (grieved and approved). I have a history of harassment from this officer dating back to TCU when he asked about my genital status. On the morning of 2/10, I was in such a state of panic █ that I skipped breakfast and picking up my hormone medication. The panic had not abated by 9:00 am so I declared a psychological emergency. Sgt. Algoe was the responding officer and escorted me to mental health where councillor Khan was the responding councillor.

Councillor Khan Experience: Khan refused to hear what my issue was, gave me a condescending lecture, finally heard my problem and insulted me some more. Here are some █ quotes from his lecture:
"You always have a problem."  "You're complaints are petty."
"You're taking away from real patient's time."
"You're abusing the system."  "You exhibited a modicum of intelligence."
"Mental health can't help you." "Just go to confinement, others do."
He also condoned skipping a meal and my hormones. Any GD councillor would understand how out of it you have to be to skip your hormones. I asked for a new councillor, demanded to know how he could be a councillor and told him to get out. He got indignant and told me not to talk to him that way. It is a shame he didn't apply his rule to himself. He left and DeJesus entered and told me that all of us were making petty complaints [You know, like officer harassment, inmate harassment, sexual harassment, hormone disruption, lack of treatment options]. It came out that mental health had failed to provide me with proper documentation that could have prevented my harassment from occurring.

x Inmates are people too. So are transsexuals. We should be treated with civility and dignity.

Exhibit

## General Affidavit

I, John Maatsch DC#Y51786 [legal-committed name], hereby swear under penalty of perjury that the following statement is true and correct, and is made of my own volition and from experience

In February 2020, on the same day as my endocrinology appointment with APRN Fernandez, a date verifiable by review of my medical records, I, quite viscerally, witnessed Jonathon Hanson's (E47867 hereafter referred to as Ms. Hanson or with female pronouns in recognition of her status as a transwoman) attempt to declare a psychological emergency.

On that day after lunch I observed Ms. Hanson entering my dormitory wing E-1. She was walking in a staff and clipped manner, her mouth was drawn, brows furrowed and eyes darting. In an agitated manner and a rapid pace she recounted to me that she had gone to mental health to declare a psychological emergency but the mental health officer, Speights, had told her to return to the dorm. She also told me that she had spoken to Sgt. Smart at gate one who had told her to return to the dorm. While telling me this she was dejected, surrendering, apathetic, vulgar, fidgety, jumpy and restless.

I urged her to follow through on Sgt. Smart's order, and after a few minutes more of witnessing her erratic behavior I convinced her to do so. I witnessed her informing Trainee Rodriguez of her psychological emergency. I witnessed Trainee Rodriguez use the radio and phone immediately afterward. I stood next to Ms. Hanson during this as her behavior appeared erratic and I was concerned about the risk of her hurting herself. A minute or so later I overheard Trainee Rodriguez inform Ms. Hanson that no one was responding to her request for an escorting officer. Ms. Hanson stormed off to her bunk where I observed her take out a small metal object which I believed to be a cutting tool. I watched where she put it, then convinced Ms. Hanson to return to Trainee Rodriguez to find out what was happening with the psychological    (continued)

Exhibit

I pulled Hanson out the door, still grasping her arm.

Sgt. Bryant was still outside the medical side door as we exited mental health. I approached and pleaded with him to do anything to help Ms. Hanson. Though he did not place Ms. Hanson in hand restraints, he escorted us to two chairs set aside from the infirmary nurses station, then called mental health for Ms. Hanson's psychological emergency. During this time Hanson kept asking if certain individuals were safe or needed to be attacked; I reassured her constantly that she was safe. Twice she tried to get up to leave and both times I had to physically restrain her out of concern for her safety and others. Twice the nurses tried to force us to go to the lobby but Sgt. Bryant stopped them. After the second time he took Ms. Hanson beyond the classification door. She was gone 15 minutes before she was escorted back. [Later on she informed me she had been under the watch of Lt. Thompson and Sgt. Shelby during her absence.] A few minutes later Dr. Gascon and Ms. De Jesus entered the medical corridor. Dr. Gascon approached us and with a sneer asked "So, who has the psych emergency?" I responded for Ms. Hanson. Dr. Gascon took Ms. Hanson into the officer station and I was called for my endocrinology appointment. So ends my part in this event.

Under the penalties of perjury, I hereby declare that the foregoing Affidavit and the facts stated herein are true and correct.

Respectfully submitted,

DC#Y51786        27 July 2020

Exhibit

# GENERAL AFFIDAVIT

I, Jonathon [legal/committed name]/Anna Claire [true name] Hanson, hereby affirm under penalty of perjury that the following statement is true and correct, and is made of my own volition and from my experience.

< The following occurred in February 2020, date reference-able in Dr. Yussuf's order for Benadryl injection. >

When we [E:I] went to lunch I instead walked alone to Mental Health (hereafter 'MH') to declare a psychological emergency ('PE' hereafter). OFC Speights - the officer working MH - asked why I was there, as I'd no callout. I told her "I'm declaring a PE," to which she asked "What's the problem?" I then informed her "It's going to rain blood, I need to see someone before someone gets hurt. - Please help." Her reply was "You have to go to your dorm to declare a PE. This is not how you do it." At this time I had a sharp object in my pocket to use on myself and I spent several moments considering how the plexiglass station window would look smeared with my blood, she then reiterated "Hanson, I said you have to go to your dorm to declare a PE."

I left MH and encountered Sgt. Smart by centre gate. Upon telling him I'd a PE and needed to speak to someone, he ordered me to return to my dormitory. Inmate Maatsch (true name of Sarah used hereafter) immediately demanded to know what was wrong, as my behaviour was abnormal. After relaying events she told me to declare a PE to the only officer present, Trainee Rodriguez. Ms. Rodriguez called over the radio and phone for a PE escort, only to be told none were available due to feeding. I then attempted to leave to end my life, disgusted with the situation, only for Sarah to demand I remain near her. Ms. Rodriguez then ordered Sarah - an inmate - to escort me to MH for the PE. Later I learned Sarah took my 'tool' and surrendered it to Ms. Rodriguez.

Sarah then took hold of my sleeve and half-dragged me to centre gate, where Sgt. Smart demanded to know what was going on and then ordered Sarah to continue to MH with me.

Upon our arrival, Sarah argued with Officer Speights - with therapist

John Maatsch 451786
SMaatsch

Exhibit

Sexual Harassment and Coercion Psychological Emergency          Exhibit

: It is well established that high levels of sexual harassment can lead to adverse psychological states.:

Event: Inmate Travis Jones sexually harassed me from December 2019 through April 5, 2020. His sexual harassment grew worse over time as I rejected his advances. From March 27 to April 5 he used threats and coercive techniques to force me to put lotion on his back and make me accept a back rub. On April 6 I had a verbal altercation and forced him to stay away from me. On 4/16 (or 4/15, validateable by review of my mental health record) I was given a threatening note that had been penned by Jones. I instantly went into a violent panic. I declared a psychological emergency. Sgt. Dupree responded. She escorted me first to Captain B. Williams, for a PREA claim, but I did not want to because I had no trust that security would treat me right. I was then escorted to mental health.

Councillor Rodriguez Experience: I showed her the note and explained my feelings. She said it was a PREA issue that needed to be reported and had Sgt. Dupree escort me back out. At no point was my violent ideation addressed. I refused ████████ to make a PREA claim because I felt that felt there would be violent repercussions for me. I was in there for less than 5 minutes

I assert that the mental state of the inmate should be evaluated and addressed even when the underlying issue is outside the scope of control for mental health.

John Mautsch Y51786
SMautsch

Exhibit

# Hormone Disruption Psychological Emergencies

Exhibit

∴ It is well established in the scientific literature that the disruption of hormone replacement therapy for gender dysphoria can lead to physiological and psychological side-effects leading to auto-castration and suicide. ∴

Event: From 12/9 through 12/23 I was left without spironolactone due to bureaucratic mismanagement of my ▮▮▮▮ medical care. During this time I had high levels of mania, anxiety and auto-castration ideation. I also experienced hot flashes, aggressiveness and violent ideation. I declared two psychological emergencies. One on 12/17 with Sgt. Alvarez and one between 12/9 and 12/13 with Sgt. Woodruff.

The Sgt. Woodruff Experience: I declared a PE to Sgt. Woodruff because I was having thoughts of auto-castration. She asked what the problem was and I told her. She told me that we transgenders are always declaring invalid PEs and wasting security's time. She made the decision that my thoughts and the reason why were not PEs. She called mental health who told her they couldn't see me nor could they help with the medication. I guess the auto-castration wasn't important.

The Sgt. Alvarez Experience: I was experiencing a high level of mania, anxiety and aggressiveness and violent ideation due to the lack of spironolactone. I declared a psychological emergency and told Sgt. Alvarez about my state of mind. She wouldn't take me to mental health, but spoke to Ms. Hightower on my behalf. I was told to find nurse Hightower after lunch. Without addressing my mindset I spent the afternoon in a panicky myopic mania trying to find nurse Hightower and find out what she had to say.

I assert that Dr. Gascon later informed me that mental health had asked security to 'screen' psychological emergencies

Exhibit

S Mintsh

## Possible Solutions                                    Exhibit

One or more of these may assist in solving the issue.

1. Provide suicide/self-harm prevention services via the kiosk or dorm telephone.
2. Revoke security's triage rights. Only mental health personnel can ascertain if someone is in an irrational state.
3. Retrain all officers on the psychological emergency process.
4. Revoke the order requiring inmates to declare psychological emergencies in their dorm.
5. Ensure all inmates declaring psychological emergencies are hand-restrained within a reasonable timeframe
6. Retrain mental health personnel conduct a psychological emergency:
   a. Be respectful to inmates
   b. Do not use a patient's mental health history as a weapon. For instance, instead of "You always have problems." they could ask "Do you remember the last time you declared a psychological emergency?"
   c. If ███ mental health personnel want to know if an inmate is contemplating suicide, self-harm or violence, ask them that specifically. An irrational person may not have the wherewithall to interpret "What is the problem?" as "Do you want to kill yourself?" This seems to cause a lot of mis-interpretation between patient and councillor.
7. Retrain mental health personnel on the specific types of triggers in transsexual patients, particularly the disruption of hormones and the presence of incorrect genitals.
8. Create a mental health process that allows inmates to have same day access to a councillor for a short meeting. This style of short but immediate contact may prevent full-blown use of the psychological emergency process.

Exhibit

SMintsh

## Possible Solutions

Exhibit

One or more of these may assist in solving the issue.

1. Provide suicide/self-harm prevention services via the kiosk or dorm telephone.
2. Revoke security's triage rights. Only mental health personnel can ascertain if someone is an an irrational state.
3. Retrain all officers on the psychological emergency process.
4. Revoke the order requiring inmates to declare psychological emergencies in their dorm.
5. Ensure all inmates declaring psychological emergencies are hand-restrained within a reasonable timeframe
6. Retrain mental health personnel conduct a psychological emergency:
   a. Be respectful to inmates
   b. Do not use a patient's mental health history as a weapon. For instance, instead of "You always have problems," they could ask "Do you remember the last time you declared a psychological emergency?"
   c. If ▮▮▮ mental health personnel want to know if an inmate is contemplating suicide, self-harm or violence, ask them that specifically. An irrational person may not have the wherewithall to interpret "What is the problem?" as "Do you want to kill yourself?" This seems to cause a lot of mis-interpretation between patient and councillor.
7. Retrain mental health personnel on the specific types of triggers in transsexual patients, particularly the disruption of hormones and the presence of incorrect genitals.
8. Create a mental health process that allows inmates to have same day access to a councillor for a short meeting. This style of short but immediate contact may prevent full-blown use of the psychological emergency process.

# INMATE REQUEST

**STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS**

46D-2008-0152

Mail Number: _____
Team Number: _____
Institution: _____

TO: (Check One)
☒ Warden
☐ Asst. Warden
☐ Classification
☐ Security
☐ Medical
☐ Mental Health
☐ Dental
☐ Other

FROM: Inmate Name: John Maatsch

| DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|
| Y51786 | E1114L | H/M | 8/6/20 |

## REQUEST

Check here if this is an informal grievance ☐

This grievance is brought under 33-103.005 and challenges the application of a Department procedure that affects me personally, as allowed in 33-103.001(4)(a). **REMEDY:** Evaluate the complaint and facts on their merit and provide a solution. [Note: This grievance contains HIPPA information.] The sole **ISSUE** addressed in this complaint is that Security is mishandling psychological emergencies. [Note: Facts stated below are supported by attachments and affidavits previously submitted with other grievances.] [Note: Facts are not issues; they only support the claim.] **FACTS:** I assert the following is true: 1) Security personnel force inmates to declare psychological emergencies in their dorm prolonging the risk period; 2) Security personnel ask inmates declaring psychological emergencies what the issue is in an attempt to 'triage' the situation despite (lacking clinical training to be able to do so); 3) Security personnel have failed to use hand restraints during a psychological emergency; 4) Security personnel have allowed other inmates to escort inmates declaring psychological emergencies and to declare psychological emergencies for other inmates; 5) Security uses callous and endangering language against inmates declaring emergencies.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): S Maatsch

DC#: Y51786

## RESPONSE

DO NOT WRITE BELOW THIS LINE

EXHIBIT 7C

DATE RECEIVED: AUG 0 7 2020

Dade C.I. Assistant Warden of Programs RECEIVED

Security staff have procedures in handling medical psych emergencies.

[The following pertains to informal grievance only:]

Based on the above information, your grievance is _____ (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.)

Official (Print Name): OIC Chones

Official (Signature): _____ Date: 8/15/20

06-E Security

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff. You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

# EXHIBIT 8

## INADEQUATE ENDOCRONOLOGY CARE

8A: Testosterone Levels
8B: Medication ReFills
8C: Lack of Endocronology Care
8D: All of the Above

Endo

# INMATE REQUEST

**STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS**

463-1909-0061

Mail Number: _____
Team Number: _____
Institution: _____

| TO:<br>(Check One) | ☐ Warden<br>☐ Asst. Warden | ☐ Classification<br>☐ Security | ☑ Medical<br>☐ Mental Health | ☐ Dental<br>☐ Other _____ |
|---|---|---|---|---|

| FROM: | Inmate Name<br>John Maatsch | DC Number<br>Y51786 | Quarters<br>E1122U | Job Assignment<br>H/M | Date<br>9/8/19 |
|---|---|---|---|---|---|

## REQUEST

Check here if this is an informal grievance ☑

On 9/5 I reviewed my most recent Total Testosterone blood test results. The serum level was given as 313 ng/dL with reference ranges of ~290-850 ng/dL for males. My testosterone level is still well within the male range. The female reference range for total testosterone is 8-60 ng/dL. The WPATH standards AND my endocrinologist, Dr. Zayas, recommend I be at the upper end of the female normal range, appx. 60 ng/dL. My estrogen, as of my last test, was also within normal male range. 9 months of taking hormones have been highly ineffective because this facility has continuously failed to schedule follow up appointments with the endo. My hormone levels are still at male levels. This is unacceptable. I should have seen the endo on 8/10! Remedy: Now that the blood levels are in, submit them to the provider, Dr. Zayas, and request an updated prescription or schedule the follow up appointment.

All requests will be handled in one of the following ways: 1) Written Information or   2) Personal Interview.  All informal grievances will be responded to in writing.

Inmate (Signature): _____          DC#: Y51786

---

**DO NOT WRITE BELOW THIS LINE**

Dade C.I.
Assistant Warden of Programs
**RECEIVED**

## RESPONSE          EXHIBIT 8A          DATE RECEIVED: _____ SEP 0 9 2019

You will be scheduled to follow up with the Endocrinologist

Dade C.I.
Grievance Coordinator
**MAILED**

# APPROVED

SEP 23 2019

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]          9/23/2019

07-V
MED

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to.  If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)

Endo

**INMATE REQUEST**

### STATE OF FLORIDA
### DEPARTMENT OF CORRECTIONS

463-1911-0133

Mail Number: _____
Team Number: _____
Institution: _____

| TO:
(Check One) | ☐ Warden
☑ Asst. Warden | ☐ Classification
☐ Security | ☑ Medical
☐ Mental Health | ☐ Dental
☐ Other |

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | John Maatsch | Y51786 | E1114L | H/M | 11/13/19 |

**REQUEST** Check here if this is an informal grievance ☑

On 9/8 I grieved the fact that I had not seen the endocrinologist as scheduled despite the necessity of having my medication adjusted in grievance 463-1909-0061. That informal grievance had been approved with the statement I would be scheduled.

It is 2 months later and I still have not seen the endo. On 11/12 I received my spironolactone refill and was told I have no more refills. I have 26 days of medication left. I placed a sick-call to see if Dr. Papillon will write a new prescription, but the fact remains my medication levels must be reviewed by the endocrinologist to address my high testosterone.

Remedy: Schedule me for the endocrinologist before my meds run out.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): _____  DC# Y51786

Dade C.I.
Assistant Warden of Programs
**RECEIVED**

---

**RESPONSE**    EXHIBIT 8B    DATE RECEIVED:    NOV 14 2019

Grievance approved.
Your follow up appointment with endocrinology was approved, and you have been scheduled to see endocrinology ASAP.

Dade C.I.
Grievance Coordinator
**MAILED**

NOV 27 2019

[The following pertains to informal grievances only:]
Based on the above information, your grievance is ___Approved___. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

Official (Print Name): Hightower    Official (Signature): _____    Date: 11/26/19

07V
Medical

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

eds

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

Dade C.I
Assistant Warden of Programs
**RECEIVED**

JAN 27 2020

☐ **Third Party Grievance Alleging Sexual Abuse**    **2001-463-191**

TO: ☑ Warden    ☐ Assistant Warden    ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

Maatsch   John   J          YS1786          Dade CI
Last      First   Middle Initial       DC Number        Institution

| Part A – Inmate Grievance |
|---|

° Grievance of a medical nature ⚹ (33-103.006(3)(e))

It has been 7 months and 15 days since I last saw the endocrinologist ⚹ my approved gender dysphoria hormone treatment.

. I last saw the endocrinologist on 6/10/2019
. I filed grievance 463-1909-0061 on 9/8/2019, a month after I was supposed to have been seen by the endocrinologist to adjust my hormone levels, to force the appointment - it was approved!
. Two months later, after no action had been taken, on 11/13/2019 I filed grievance 463-1911-0133 to force an appointment with the endocrinologist. It was approved, stating: "Grievance approved. Your follow up appointment with endocrinology was approved, and you have been scheduled to see endocrinology ASAP." I've highlighted the past tense words
. On or around 12/2/2019 I was called out to medical to sign the blue consultation form
. On unrelated grievance 1912-463-222, received on 1/10/2020, the response stated "... your appointment is pending to be scheduled." Note the contradictory future tense language.

I've been on hormones for nearly a year and have seen the endo TWICE. You have put my health in danger and caused dysphoria distress. Your apathy and misdirection are further evidence of your deliberate indifference to my Gender Dysphoria. Remedy: Put me in front of an endocrinologist immediately.

1/25/2020                          S.Maatsch   YS1786
DATE                         SIGNATURE OF GRIEVANT AND D.C. #

## PART B - RESPONSE

| MAATSCH, JOHN | Y51786 | 2001-463-191 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Grievance has been received, reviewed, and a response is as follows:

After reviewing your chart, you have already been scheduled for blood work that is coming up. Once that has been completed you will be scheduled for a follow up with Endocrinology.

Based on the above information, your grievance is DENIED.

You may appeal and obtain further administrative review of your complaint by acquiring Form DC1-303; Request for Administrative Remedy or Appeal, completing the form and forwarding it with all attachments to the office of the Bureau of Inmate Grievance Appeals, 501 South Calhoun Street, Tallahassee, FL 32399-2500.

THIS DOCUMENT MAY CONTAIN CONFIDENTIAL RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

DR. F. PAPILLON, CHO

M. CORRALES, AWP

01-31-2020

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |
|---|---|---|

Dade C.I.
Grievance Coordinator
MAILED

JAN 3 1 2020

*med.*

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED

FEB 1 8 2020

DEPARTMENT OF CORRECTIONS
INMATE GRIEVANCE APPEALS

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden     ☐ Assistant Warden     ☑ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| MAATSCH | JOHN | J. | Y51786 | DADE C.I. |
|---|---|---|---|---|
| Last | First | Middle Initial | DC Number | Institution |

20-6-05892

### Part A – Inmate Grievance

THIS IS AN APPEAL OF 2001-463-191. THE RESPONSE IS A TRANSPARENT DISPLAY OF THEIR CONTINUED ATTEMPTS TO SLOW-WALK ME THROUGH THE PROCESS OF GETTING ME TO SEE THE ENDOCRINOLOGIST. THE FACILITY KNOWS THAT MY TESTOSTERONE BLOOD SERUM LEVELS ARE STILL 4 TIMES MORE THAN FEMALE MAXIMUM AND, BASED ON THE ENDOCRINOLOGIST'S NOTES AND COMMON PRACTICE (WPATH, AMA), KNOW THEY SHOULD BE IN THE FEMALE NORMAL RANGE. THE YEAR I HAVE BEEN ON HORMONE REPLACEMENT THERAPY HAS BEEN GROSSLY INEFFECTIVE AS A RESULT OF THIS FACILITY'S DELIBERATE DELAYS AND IS CAUSING CONTINUED DISTRESS AND HARM. THROUGH CONTINUE GENDER DYSPHORIA AND WASTE OF THE MAXIMALLY-EFFECTIVE PERIOD OF MY TRANSITION.

I HAD NEW BLOOD WORK ON 1/31, NEARLY 2 MONTHS SINCE I SIGNED THE BLUE CONSULTATION FORM. IT IS NOT UNREASONABLE TO ASSUME I WILL HAVE TO WAIT ANOTHER 2 MONTHS FOR AN ENDO-CRINOLOGY APPOINTMENT - GIVEN THE ALREADY-6-MONTH DELAY - CAUSING FURTHER AND UNNE-CESSARILY-PROLONGED DISTRESS; THIS IS THE DEFINITION OF DELIBERATE INDIFFERENCE.

REMEDY: 1) SEND ME TO AN ENDOCRINOLOGIST IMMEDIATELY AND 2) ENSURE THAT, GIVEN THE CURRENT STATE OF MY BLOOD SERUM LEVELS, I AM RETURNED TO THE ENDOCRINOLOGIST IN THE TIME FRAME S/HE (THE ENDOCRINOLOGIST) SETS SO MY H.R.T. IS PROPERLY BALANCED.

| 8 FEB 2020 | Maatsch     Y51786 |
|---|---|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

redical
D.I

MAILED/FILE. )
WITH AGENCY CLERK

MAR 1 1 2020

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 20-6-05892 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Returned without Action:

Your request for administrative appeal has been received in non-compliance with Chapter 33, "Appeals must be received in the Office of the Secretary within 15 calendar days of the institutional response."

Based on the above information, your appeal is returned without action.

CONFIDENTIAL
THIS DOCUMENT MAY CONTAIN CONFIDENTIAL HEALTH RECORD/ CARE INFORMATION INTENDED FOR THIS ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Michelle Schouest, IISC

| _Michelle Schouest_ | _7. Bowden_ | 3/6/20 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

Dade C.I.
Assistant Warden of Programs
**RECEIVED**

**FLORIDA DEPARTMENT OF CORRECTIONS**

JUL 1 4 2020

<u>REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL</u>

☐ **Third Party Grievance Alleging Sexual Abuse**   **2007-463-124**

TO:  ☑ Warden      ☐ Assistant Warden      ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse, on the behalf of:**

Maatsch   John   JC            Y51786            Dade CI
Last       First   Middle Initial        DC Number            Institution

<u>Part A – Inmate Grievance</u>

Medical Grievance*

Issue: I have not seen the endocrinologist in almost 6 months and I was just informed by a pill nurse that ALL of my gender dysphoria cross-gender hormone therapy prescriptions have expired.

I understand that COVID-19 has altered operations and priorities but it could not have done so to the point that doctor's visits are entirely stopped and life-saving medicine for an existing serious medical condition expires.

My testosterone and estradiol blood-serum levels were taken in late april early may. In early May I sent a request indicating my DERs are about to expire and received no response. In late May I sent request to Dr Fernandez asking to see her about the results of my blood work and I received no response. To date no one has discussed results of the blood work with me. Because I have not seen the endocrinologist my prescriptions were not reviewed and allowed to lapse. This has potential disastrous side effects but thankfully, for a short time, the pill nurses can continue my medication.

Remedy: Renew my prescriptions (1 mg Finasteride, 4 mg Estradiol, 200 mg Spironolactone) Schedule me to see Dr. Fernandez as soon as permissible Don't allow time between endocrinology appointments be longer than the prescriptions written at those appointments

7/12/2020
DATE

SM maatsch  Y51786

Endo

## PART B - RESPONSE

| MAATSCH, JOHN | Y51786 | 2007-463-124 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Grievance has been received, reviewed, and a response is as follows:

Back in February, APRN Fernandez explained to you that there is no more endocrinologist via video. APRN Fernandez submitted all yours labs results and treatments to Rubicon MDS Endocrinologist online. She got the endocrinologist recommendation to continue the same treatment and repeat labs in 3 months. She reviewed the labs now and wants some recent labs orders to submit them to the program and get a new recommendation. She already ordered labs for next month and she will schedule you to see you when everything is back to normal. Your prescription were done last 07/14/2020 and DER also.

Based on the above information, your grievance is DENIED.

You may appeal and obtain further administrative review of your complaint by acquiring Form DC1-303; Request for Administrative Remedy or Appeal, completing the form and forwarding it with all attachments to the office of the Bureau of Inmate Grievance Appeals, 501 South Calhoun Street, Tallahassee, FL 32399-2500.

THIS DOCUMENT MAY CONTAIN CONFIDENTIAL RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

DR. F. PAPILLON, CHO                                    M. CORRALES, AWP

F. Papillon, MD, MPH
CHO
Dade C.I.

07/21/20

SIGNATURE AND TYPED OR PRINTED NAME OF          SIGNATURE OF WARDEN, ASST.          DATE
EMPLOYEE RESPONDING                             WARDEN, OR SECRETARY'S
                                                REPRESENTATIVE

Dade C.I.
Grievance Coordinator
MAILED

JUL 21 2020

# EXHIBIT 9

## INADEQUATE DISTRIBUTION OF HORMONE MEDICATION

9A: Medication Renewal

9B: Medication Renewal

9C: Direct Emergency Grievance To The Secretary

9D: Medication Renewal

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

Dade C.I
Assistant Warden of Programs
**RECEIVED**

☐ **Third Party Grievance Alleging Sexual Abuse** 1911-463-030 NOV 0 8 2019

TO: ☑ Warden    ☐ Assistant Warden    ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| Maatsh   John   J.C. | Y51786 | Dade CI |
|---|---|---|
| Last   First   Middle Initial | DC Number | Institution |

---

**Part A – Inmate Grievance**

\* Emergency Medical Grievance \*

This is an emergency medical grievance as allowed under FAC Ch. 33 §103.006(3)(a) and §103.006(3)(e). On October 31, 2019 I submitted my reorder slip for spironolactone, an anti-androgen part of my gender dysphoria treatment. I had 8 days of pills left out of a 30 day prescription. As of this morning November 7, 2019 I have not received my reorder of spironolactone. I have one day left of medication. Failure to ~~conti~~ receive my spironolactone may result in physical and psychological complications that are both hazardous and avoidable. This medicine is readily available and there is no reason the order should not be here.

I spoke to the pharmacist this morning and he informed me: "It's not here yet but it's on it's way."

This does not solve the problem that I will have no further spironolactone after tomorrow.

Remedy: Provide an emergency supply of spironolactone so I can continue my medication and Not experience a severe disturbance of my endocrine system until my order comes in.

| 11/7/2019 | _John M_ |
|---|---|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 1911-463-030 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Grievance has been received, reviewed, and a response is as follows:

After reviewing your chart, records show you already received your medication on 11/08/2019.

Based on the above information, your grievance is DENIED.

You may appeal and obtain further administrative review of your complaint by acquiring Form DC1-303; Request for Administrative Remedy or Appeal, completing the form and forwarding it with all attachments to the office of the Bureau of Inmate Grievance Appeals, 501 South Calhoun Street, Tallahassee, FL 32399-2500.

DR. F. PAPILLON, CHO                    M. CORRALES, AWP

F. Papillon, MD CHO
Dade C.I.

SIGNATURE AND TYPED OR PRINTED NAME OF          SIGNATURE OF WARDEN, ASST.          11/13/2019
EMPLOYEE RESPONDING                              WARDEN, OR SECRETARY'S              DATE
                                                 REPRESENTATIVE

Dade C.I.
Grievance Coordinator
**MAILED**

NOV 13 2019

*reds*

**FLORIDA DEPARTMENT OF CORRECTIONS**

Dade C.I.
Assistant Warden of Programs
**RECEIVED**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

DEC 0 6 2019

☐ **Third Party Grievance Alleging Sexual Abuse**   1912-463-050

TO: ☑ Warden      ☐ Assistant Warden      ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| Maatsch John J | YS1786 | Dade CI |
|---|---|---|
| Last    First    Middle Initial | DC Number | Institution |

---

**Part A – Inmate Grievance**

✳ Emergency  Medical  Grievance ✳

This is ~~allowed~~ an emergency medical grievance as allowed under FAC Ch. 33  §103.006(3)(a) and §103.006(3)(e). On 11/18/19 I received my latest prescription of Spironolactone, an anti-androgen part of my gender dysphoria treatment. The prescription label indicated there were no ref.(s remaining. I submitted a sick call on 11/13/19 and was sent to medical on Saturday, 11/16/19. The nurse present could not assist with the medication renewal. I submitted a 2nd sick call on 11/20 for medication renewal. I was seen on a Saturday again, 11/23/19. Nurse Germeno could not help me so she wrote a pass for me to return on Monday. I returned on Monday 11/25/19 and spoke to Ms. Kennedy, who informed me that she would get Dr. Pappillon to reorder the spironolactone. This morning, 12/5/19, I spoke to Mr. Lafont, who told me the spironolactone had not yet been ordered. I have 4 days of spironolactone remaining. I will run out on Monday 12/9/19.

Remedy: Reorder the spironolactone and issue an emergency supply of spironolactone until the order comes in.

---

| 12/5/2019 | | YS1786 |
|---|---|---|
| DATE | | SIGNATURE OF GRIEVANT AND D.C. # |

leds

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 1912-463-050 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Grievance has been received, reviewed, and a response is as follows:

After reviewing your chart ,the order for the spironolactone was already written.

Based on the above information, your grievance is DENIED.

You may appeal and obtain further administrative review of your complaint by acquiring Form DC1-303; Request for Administrative Remedy or Appeal, completing the form and forwarding it with all attachments to the office of the Bureau of Inmate Grievance Appeals, 501 South Calhoun Street, Tallahassee, FL 32399-2500.

THIS DOCUMENT MAY CONTAIN CONFIDENTIAL RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

DR. F. PAPILLON, MD, MPH                           M. CORRALES, AWP

F. Papillon MD, MPH
Medical Director
DEC 23 2019

12/23/19

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |
|---|---|---|

Dade C.I.
Grievance Coordinator
MAILED

DEC 2 3 2019

leds

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED

DEC 3-0 2019

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden   ☐ Assistant Warden   ☒ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| Maatsch  John  J.C. | Y51786 | Dade C.I |
|---|---|---|
| Last    First    Middle Initial | DC Number | Institution |

---

**Part A — Inmate Grievance**          20-20-00326

**\* Direct ~~Emergency~~ Medical Grievance per 33-103.007(3) \***

I am a transgender inmate. I have been prescribed 200mg spironolactone, a testosterone blocker, by an endocrinologist for treatment for my gender dysphoria. My emergency is: I ran out of spironolactone as of yesterday, 12/9/19, and the facility has been given plenty of notification including a sick calls filed on 11/13/19 and 11/20/19, multiple mental health visits on 11/7/19, 11/21/19, 12/5/19 and 12/10/19 and an emergency medical grievance filed at the facility level on 12/5/19, and has failed to provide an emergency supply of spironolactone or renew the prescription.

I received a receipt for the facility emergency grievance (1912-463-050) on 12/6/19. 72 hours has passed without the grievance being returned per 33-103.006(3)(a)(4), which means the facility acknowledges the emergency but yet no action has been taken to remedy the situation since I am out of spironolactone!

This lack of testosterone blocker is causing severe distress and anxiety. I saw my councillor today by pass because I had thoughts of auto orchiectomy – not to mention the disruption to treatment and my endocrine system.

Remedy: Renew the prescription or issue an emergency supply of spironolactone until the facility can send me to the endocrinologist.

| 12/10/19 | Jeff |
|---|---|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

*eds*



MAIL FILED
WITH AGENCY CLERK
**JAN 08 2020**

**PART B - RESPONSE**

| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |
|------|--------|----------------------|-------------------------|------------------|
| MARTINEZ, JOHN | Y51786 | 20-6-00326 | DADE C.I. | E1114L |

**CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.**

This grievance is not accepted as a grievance of an emergency nature by Health Services, Central Office, Tallahassee.

Your request for administrative appeal is in non-compliance with the Rules of the Department of Corrections, Chapter 33-103, Inmate Grievance Procedure. The rule requires that you first submit your grievance at the appropriate level at the institution. You have not done so or you have not provided this office with a copy of that grievance, nor have you provided a valid or acceptable reason for not following the rules.

Upon receipt of this response, you are allowed an additional 15 days from the date this response was mailed (date stamped in upper left corner) to resubmit your grievance at your current location in compliance with Chapter 33-103, Inmate Grievance Procedure. Attach a copy of this response to your re-filed grievance.

Based on the foregoing information, your appeal is returned without action.

A. JOHNS

_A. Johns_                                          1-3-20

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |
|------|------|------|

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

Dade C.I.
Assistant Warden of Progra
RECEIVED
JUL 17 2020

☐ **Third Party Grievance Alleging Sexual Abuse**

2007-463-160

TO: ☑ Warden    ☐ Assistant Warden    ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

Maatsch    John    J          Y51786          Dade CI
Last    First    Middle Initial       DC Number        Institution

---

**Part A – Inmate Grievance**

\*Emergency Medical Grievance\*

This is a formal grievance brought under 33-103.006 and by-passes the informal-grievance step because it is a) an emergency grievance as allowed in 33-103.006 (3)(a) and b) it is a medical grievance as allowed in 33-103.006 (3)(e).

Issue: Today, 7/16/2020, I did not received my 4mg estradiol and 200mg spironolactone as I am supposed to. The pill nurse informed me my medication has run out and all my prescriptions have expired. These are my hormone medications for gender dysphoria.

Facts: 1) Abrupt withdrawal of hormone treatment places me at risk of severe withdrawal symptoms and negative outcomes such as increased depression, dysphoria, self-harm ideation and suicidal ideation.

2) The WPATH SoC v7 pg. 68, quoting Dr. George R Brown: "The consequences of abrupt withdrawal of hormones...include a high likelihood of negative outcomes such as surgical self-treatment by autocastration, depressed mood, dysphoria, and/or suicidality.

3) De'Lonta, 708 F.3d at 522-23: WPATH standards are the generally accepted protocols for the treatment of GID. Also Fields 653 F.3d at 553-54

4) As an example, Keohane vs. Jones: After defendant began providing hormone therapy, Ms. Keohane experienced a short disruption in receipt of her medicine. Due to this disruption, she again attempted suicide twice in three days. Ms. Keohane also suffered "severe withdrawal symptoms" including fatigue, depression, hot flashes, cold flashes, stomach cramps, diarrhea and loss of appetite.

Conclusion: Your abrupt cessation of hormone medication places me at risk of severe side effects that place my life in danger.

Remedy: Provide a stop gap solution to maintain my medicine levels while you rewrite the prescriptions and fill them

7/16/2020
DATE

SMaatsch/ Y51786
SIGNATURE OF GRIEVANT AND D.C. #

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 2007-463-160 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Emergency Grievance has been received, reviewed, and a response is as follows:

Your Medication are in the pill-line, they were received on 07/18/2020.

Based on the above information, your grievance is DENIED.

You may appeal and obtain further administrative review of your complaint by acquiring Form DC1-303; Request for Administrative Remedy or Appeal, completing the form and forwarding it with all attachments to the office of the Bureau of Inmate Grievance Appeals, 501 South Calhoun Street, Tallahassee, FL 32399-2500.

THIS DOCUMENT MAY CONTAIN CONFIDENTIAL RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

DR. F. PAPILLON, CHO

J. COLON, WARDEN

F. Papillon, MD, MPH
CHO
Dade CI

07/23/20
DATE

SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING

SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE

Dade C.I.
Grievance Coordinator
MAILED

JUL 23 2020

# EXHIBIT 10

Failure To Provide Treatment For
Permanent Hair Removal During
Transition

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

Dade
Assistant Ward
**RECE**

☐ **Third Party Grievance Alleging Sexual Abuse**

**2008-463-145**

AUG 1

TO: ☑ Warden   ☐ Assistant Warden   ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

Maatsch       John       J                     Y51786              Dade CI
Last       First       Middle Initial             DC Number              Institution

### Part A – Inmate Grievance

This is a grievance of a __medical nature__ and is brought under F.A.C. 33-103.006(3)(e).

This grievance is in compliance with the procedural rules of F.A.C 33-103.006(2).

This grievance contains ∅ additional narrative pages as allowed in F.A.C. 33-103.006(2)(c).

This grievance contains 9 pages of 'other pertinent documentation' as allowed in F.A.C 33-103.006(2)

This grievance is filed under 33-103.006(3)(e) and is __not__ required to have an attached informal step as allowed in F.A.C. 33-103.006(2)(a)

ALL ATTACHED DOCUMENTS ARE EXHIBITS.

This is my final attempt to obtain relief on this matter and exhaust my remedies as required in 42 USC 1997e(a).

__Issue:__ The facility is not providing permanent hair removal for facial and body hair as a treatment for my gender dysphoria.

__Facts:__

① I am a female. I have gender dysphoria. I am classified as a male-to-female transsexual.

② Facial and body hair cause gender dysphoria. [See Exhibit 1]

③ Temporary removal products such as shavers and removal creams do nothing to mitigate this gender dysph

④ Permanent facial and body hair removal is a ubiquitous treatment for male-to-female transsexuals in the community

⑤ Every attempt to get an answer on permanent hair removal has been met with misdirection, delays and apathy [See Exhibit 2, 4-8]

⑥ Facial and body hair must be permanently removed as part of my transition and gender dysphoria treatment.

__Remedy:__ Provide me permanent facial and body hair removal.

8/17/2020
DATE

SMaatsch                     Y51786
**SIGNATURE OF GRIEVANT AND D.C. #**

Exhibit

# Gender Dysphoria of Facial and Body Hair          Exhibit

## Self-Perception

I am a woman. In the taxa of transgender persons I am a male-to-female transsexual. My self-perception and self-image are that of a woman. Women do not have beards and they have minimal body hair on their legs, pubic area, arms and armpits. The quality of the hair is light in color, vellous in nature and short in length. My hair, on the other hand, does not meet these qualities. I have a mild beard with dark heavy hairs that regrow after shaving within 24 hours. I have body hair all over my body including chest, abdomen, buttocks, legs, upper back, neck and armpits. All areas regrow within 48 hours after shaving. There is never a time that I am without body and facial hair. I live in constant disgust, distress, shame of my facial and body hair. It is a daily and constant reminder of my natal-male origins and delegitimizes my self-perception as a female.

## Awareness

The following give awareness to the presence of facial and body hair: Any touch by self, friends or lovers; reflections; any surprise look by a person when speaking; any comment; anything that makes me feel like someone else is aware of my facial and body hair; any contemplation of the reality of having facial hair as a woman.

[Note: I am always consciously aware of my facial and body hair. Before any social interaction I reflexively touch my face to see if stubble is present.]

## Consequences

- Avoidance of social situations
- Avoidance of intimate situations
- Decreased Task Concentration
- Compulsive shaving, even when presence of stubble or hair is at an absolute minimum
- Compulsive use of tweezers to remove hair

- Anxiety, with possible panicked fleeing, in social or intimate situation

Exhib
Pg. 1

## Attempts To Obtain Remedies

On 6/1/2019 I wrote a request [Exhibit 4] to mental health explaining the necessity of permanent hair removal and asking if the GDRT was planning to make recommendations on permanent hair removal and if they would review a request regarding the topic from me. I was told that my concerns would be discussed with the GDRT.

For nearly 8 months I waited for some style of response. I continued to mention the issue during outpatient therapy. There was never any indication from mental health personnel that the GDRT was considering permanent hair removal as a possible treatment options. In the meantime the daily stress and distress of dealing with facial and body hair was taking its toll.

On 1/26/2020, in a state of despair over the lack of treatment I wrote an impassioned complaint [463-2001-0244, Exhibit 5] detailing the deleterious effects accruing from the lack of treatment for the issue and seeking that treatment as redress. At the same time, trying to make this treatment happen for me, I sent a request [Exhibit 6] asking if the GDRT was still unwilling to provide permanent hair removal and if the equipment for electrolysis or laser hair removal could be donated would the GDRT be willing to allow those donations. On both the grievance and request I was told to contact the GDRT directly with my "concerns". This was yet another convenient brush off to what any transwoman would consider critical to her transition.

On 2/15/20, I ████████████ followed up on the recommendations of Exhibits 5 and 6 and requested [Exhibit 7] the contact info of the GDRT. The response, which came 2 months later, told me to grieve or write to Central Office of Mental Health, yet once again failing to provide an address. The problem with this answer was that I had already grieved the issue and been told instead to write to the GDRT. This contradiction felt like purposeful misdirection to avoid addressing the

Exhib
P6. 2

## Attempts To Obtain Remedies [Continued]

Exhib
P6. 2

and 7 to call the mental health department on their obvious and intentional misdirection and avoidance. The reply came on 6/17/2020, "We will scan an send to Central Office, we will discuss further at next session."

At my next mental health session, which occurred prior to receiving the response, I was told that my documents had been scanned and sent to Central Office. My counselor and I had a brief conversation about permanent hair removal and the dysphoria and stress of having facial and body hair.

While it was very nice of mental health to scan my complaints and 'concerns', there was zero expectation that there would be any follow through because it had now been a year since the last time my 'concerns' had been 'sent' to the GDRT and I was still waiting for an answer.

Exhibit

# Why Permanent Hair Removal Is Necessary

Exhibit

I am a woman. Women do not have beards or copious amounts of body hair. Yet, I do. Now Scream. Repeat. Repeat this 113 times a second as I reach up to touch my face to see if the horrific presence of ▓▓▓ stubble has reappeared. Scream some more if it has.

Then reach for the shaver, knowing as I do that the only reason I have to is because I still have facial hair, because I had been born ▓▓▓▓ with an XY karyotype (Wish I could change that too!!). When the shaver finishes chewing on my stubble I look in the mirror. I still see it. The shadow of the areas that are still thick with facial hair. I am convinced everyone else can too. I drop some locks of hair to strategically hide my shame. I can never get away from it.

Systematically I'll run my hands over my body to discover where any hairs are hiding. Even a single stab wound of a hair elicits an aggressive attack by the shaver. If a hair has snuck itself until it has become too long it gets the tweezers. I will do anything to get rid of this horrid thing called facial and body hair. Its existence is anathema to the woman I am. The disgust and despair are non-stop. I avoid social interactions, especially if I know its been hours since I last shaved. I avoid reflective surfaces because I don't want to see my shame. The thought of a lover reaching up to touch my face only to rub against my stubble sickens me, there is no point in pursuing relationships while I still have a beard. The shaving routine takes a very long time and robs me of other important activities. I will flee if someone says something or I realize my hair has returned in the middle of an event or outing.

I need permanent hair removal because I am a woman, because I need to be able to live my life as that woman with complete confidence and without the spectre of facial and body hair, and because my gender dysphoria will remain severe so long as this issue is unresolved.

Razors/PHIX                                                    Exhibit 4

STATE OF FLORIDA
## INMATE REQUEST
DEPARTMENT OF CORRECTIONS

Dr. Gascon

Mail Number: _____
Team Number: _____
Institution: _____

.TO:          ☐ Warden              ☐ Classification      ☐ Medical        ☐ Dental
(Check One)   ☐ Asst. Warden        ☐ Security             ☑ Mental Health  ☐ Other

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | John Maatsch | Y51786 | E1122U | H/m | 6/1/19 |

### REQUEST
Check here if this is an informal grievance ☐

Dr. Gascon,

This request is written to obtain an opinion on permanent facial hair removal. Facial hair removal is a critical element of living full time (real life experience), passing, and being comfortable as a woman. Other elements are HRT, presenting (clothing, grooming) and voice/communication therapy. The gender dysphoria review team did not make any recommendation regarding permanent facial hair removal. Permanent facial hair removal is necessary and recommended by the WPATH SoC because HRT has no effect on hair density and minor impact on color and follicle thickness. As such, it is essential to my treatment for gender dysphoria. Questions: a) Will the GDRT ever make a recommen-dation on hair removal? b) If I make an additional formal statement on the matter, would the GDRT be willing to review my request for permanent facial hair removal?

Namaste, Sarah

All requests will be handled in one of the following ways: 1) Written Information or   2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): Sarah Mmatsh                    DC#: Y51786

Medical Records

DO NOT WRITE BELOW THIS LINE

### RESPONSE
DATE RECEIVED:

JUN 1 0 2019
Recieved

Your concerns will be discussed with GDRT.
Thank You

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____ (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

| Official (Print Name): | L. Gascon Psy D. | Official (Signature): | [signature] PsyD | Date: | 6/14/19 |
|---|---|---|---|---|---|

Clinical Psychologist
Dade C.I.

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.
Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C. attaching a copy of your informal grievance and response, and forwarding your complaint
later than 15 days after the grievance is responded to. ...

020 MHR

Exhibit 5

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**INMATE REQUEST**   4636200t-0244

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☑ Mental Health | ☐ Dental ☐ Other _____ |
|---|---|---|---|---|

| FROM: | Inmate Name John Maatsch | DC Number Y51786 | Quarters E1114L | Job Assignment H/M | Date 1/26/2020 |
|---|---|---|---|---|---|

**REQUEST**                                           Check here if this is an informal grievance ☑

I have had all that I can trying to deal with my facial hair. During my evaluation for gender dysphoria I stated clearly that permanent facial hair removal was absolutely mandatory for my transition. That need has not magically evaporated over time. In fact it only grows more severe with time. Imagine trying to be a woman, but everyday you are forced to shave. Every mechanical or chemical removal is a slap-in-the-face reminder that I am not yet a woman, that I am a biological male, that no one will consider me to be a female so long as I can sport a 5 o'clock shadow. Worse still is that no matter how many times I shave, I have to do it yet again the next day. It is an eternal cycle of body-produced microaggression that ramps dysphoria to a möbius strip of maximal stress. I can't stand it anymore—hormone treatments do nothing for it and I'm ready to smash my razor in frustration, rip my hairs out or build my own electrolysis device. Remedy: Approve me for and provide permanent facial hair removal.

All requests will be handled in one of the following ways: 1) Written Information or   2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): SMaatsch                              DC#: Y51786

Assistant Warden of Programs
**RECEIVED**

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**                              DATE RECEIVED: ___ 2 7 2020

We have received your request. Mental Health is unable to address your concerns regarding permanent hair removal. Please address concerns to Central office GD (gender dysphoria review team)

Dade C.I.
Grievance Coordinator
**MAILED**

**FEB 1 0 2020**

L. Gascon Psy D.
Clinical Psychologist
Dade C.I.

[The following pertains to informal grievances only:]
Based on the above information, your grievance is _Denied_ . (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Print Name): R. Rodriguez, MHP, Dade C1    | Official (Signature): R___ | Date: 1/30/20

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file.
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.
Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal,
required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance

MH
RCVD 2/3/20
07-V
Mental Health

Exhibit 6

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

IATE RE~~QU~~ST

Dr. Gascon / GDRT

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☑ Mental Health | ☐ Dental ☐ Other _____ |
|---|---|---|---|---|

| FROM: | Inmate Name John Maatsch | DC Number Y51786 | Quarters E1114L | Job Assignment H/M | Date 1/26/2020 |
|---|---|---|---|---|---|

**REQUEST**                                    Check here if this is an informal grievance ☐

My complaints about the absolute void of treatment for the significant dysphoric stressor of facial hair are handled in a separate grievance. This request is to try and find an acceptable solution. So far the GDRT has been unwilling to approve TG inmates for any form of permanent hair removal despite its well documented necessity and ameliorative effect for transitioning MTFs. Here are my questions:
a. Is this still the philosophy of the GDRT?
b. If electrolysis or laser hair removal machines could be donated to the facility would the GDRT/facility allow that to address the significant distressor?
~~c. Would the GDRT consider allowing~~ ~~the inmate to pay for it~~. This could be a much cheaper alternative to the inevitable legal proceedings. Namaste, Sarah Maatsch

All requests will be handled in one of the following ways:  1) Written Information or  2) Personal Interview.  All informal grievances will be responded to in writing.

| Inmate (Signature): S Maatsch | DC#: Y51786 | Medical Administrati... |
|---|---|---|

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**                    DATE RECEIVED: _____        JAN ~~2 9~~ 2020 Received

Your request has been received. Mental Health is unable to address your concerns regarding permanent hair removal. Please address concerns to central office (Gender Dysphoria Review Team)

[The following pertains to informal grievances only:

Based on the above information, your grievance is _____ . (Returned, Denied, or Approved).  If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

*[handwritten notes in top left margin, illegible]*

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

Exhibit 7

**INMATE REQUEST**

Mail Number: _____
Team Number: _____
Institution: _____

| TO:<br>(Check One) | ☐ Warden<br>☐ Asst. Warden | ☐ Classification<br>☐ Security | ☐ Medical<br>☒ Mental Health | ☐ Dental<br>☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name<br>John Maatsch | DC Number<br>Y51786 | Quarters<br>E1114L | Job Assignment<br>H/M | Date<br>2/15/20 |
|---|---|---|---|---|---|

**REQUEST**                                    Check here if this is an informal grievance ☐

Since it has been brought up a few times, may I have the contact
address/info for the GDRT.

Namaste;
Sarah Maatsch

All requests will be handled in one of the following ways:  1) Written Information or   2) Personal Interview.  All informal grievances will be responded to in writing.

Inmate (Signature): S Maatsch                    DC#: Y51786

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**

DATE RECEIVED:

Medical Administration
FEB 17 2020
Received

If you would like to discuss anything
with the GDRT please grieve or
write to central office of mental health.

[The following pertains to informal grievances only:

Based on the above information, your grievance is _____ (Returned, Denied, or Approved). If your informal grievance is denied,
you have the right to submit a formal grievance in accordance with Chapter 33-103.005, F.A.C.

| Official (Print Name): ~~ascon Psy D.~~ ____al Psychologist | Official (Signature): _____ | Date: 2/18/20 |
|---|---|---|

Original: Inmate (plus one copy)   Dade C.I.
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form
required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance ____

PHR                                                                                          Exhibit 8

## INMATE REQUEST

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☑ Mental Health | ☐ Dental ☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name John Maatsch | DC Number Y51786 | Quarters E1114L | Job Assignment H/M | Date 5/30/2020 |
|---|---|---|---|---|---|

## REQUEST
Check here if this is an informal grievance ☐

After reviewing my files I am requesting clarification on the confusing instructions issued by Mental Health.

Exhibit 3 (a request) and Exhibit 2 (a grievance) were sent to mental health/GDRT. The response on both was to address my concerns directly with central office GDRT. In Exhibit 1 I asked for the contact info for the GDRT and was told I needed to grieve or write directly to the GDRT.

Except, I had already tried to grieve the issue and was told to contact the GDRT. Yet when I try to obtain the contact information for the GDRT I'm told to write directly to them. Which is difficult when I don't have the address or contact information. This is all very circular logic, and seemingly designed to give me the run-around.

Would you please clarify how to address treatment options for gender dysphoria to the GDRT?

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): S Maatsch                    DC#: Y51786

---
**DO NOT WRITE BELOW THIS LINE**

## RESPONSE

DATE RECEIVED:

Medical Administration
JUN 03 2020
Received

we will scan and send to central office, we will discuss further at next session.

[The following pertains to informal grievances only:]
Based on the above information, your grievance is _____ (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Print Name): H. Rodriguez, LMHC     Official (Signature): R     Date: 6/4/20
DADE CI

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.
Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday...

## PART B - RESPONSE

| MAATSCH, JOHN | Y51786 | 2008-463-145 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Grievance has been received, reviewed, and a response is as follows:

Your request has been received in non-compliance with the Department of Corrections rules and regulations Chapter 33-103.014; Inmate Grievance Procedure.

In accordance with Chapter 33-103.014 (1) the grievance may be returned to the inmate without further processing if, (t) The inmate used more than two (2) additional narrative pages.

You may resubmit your grievance in compliance with Chapter 33-103, Inmate Grievance Procedure, if upon receipt of this notification the filing is within time frames allowable.

Based on the above information, your grievance is RETURNED without action.

THIS DOCUMENT MAY CONTAIN CONFIDENTIAL RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

| DR. F. PAPILLON, CHO | M. CORRALES, AWD | 08/19/20 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

F Papillon, MD, MPH
CHO
Dade C.I.

Dade C.I.
Grievance Coordinator
**MAILED**

AUG 1 9 2020

DHR

MAILED/FILED
WITH AGENCY CLERK

OCT 0 9 2020

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| **MAATSCH, JOHN** | **Y51786** | **20-6-31285** | **DADE C.I.** | **E1114L** |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Denied:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

It is determined that the response made to you by Dr. Papillon on 8/26/2020 appropriately addresses the issue you presented.

Please address your treatment with you case manager and the multidisciplinary services team (MDST).

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Michelle Schouest, IISC

| _Michelle Schouest_ | _7. Bowden_ | 10/6/20 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

Dade C.I.
Assistant Warden of Pr...
RECEIVED

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

AUG 2 1 20

☐ Third Party Grievance Alleging Sexual Abuse

**2008-463-204**

TO: ☑ Warden   ☐ Assistant Warden   ☐ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

Maatsch   John   JC
Last     First    Middle Initial

Y51786
DC Number

Dade CI
Institution

| Part A – Inmate Grievance |
|---|

This is a grievance of a medical nature as allowed under F.A.C. 33-103.006(3)(e). This is my final attempt to obtain relief on this matter and exhaust my remedies as required in 42 USC 1997e(a).

Issue: This facility refuses to provide permanent hair removal as a treatment for my gender dysphoria.

Facts: I have made multiple good faith efforts to receive proper treatment for my severe gender dysphoria ~~is being denied me~~ in the form of permanent body and facial hair removal. The facility has used misdirection, intentional delays and procedural misapprehension across requests, informal grievances and formal grievance. The bottom line is failure to provide permanent hair removal exacerbates my gender dysphoria and places me at risk for co-morbidities such as suicide and genital mutilations. I have done everything I can to facilitate my treatment. The facility is fully aware of this treatment need.

Remedy: Provide me with permanent facial and body hair removal.

8/20/2020
DATE

S Maatsch   Y51786

[ SIGNATURE

## PART B - RESPONSE

| MAATSCH, JOHN | Y51786 | 2008-463-204 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Grievance has been received, reviewed, and a response is as follows:

At this time permanent hair removal is not approved.

Based on the above information, your grievance is DENIED.

You may appeal and obtain further administrative review of your complaint by acquiring Form DC1-303; Request for Administrative Remedy or Appeal, completing the form and forwarding it with all attachments to the office of the Bureau of Inmate Grievance Appeals, 501 South Calhoun Street, Tallahassee, FL 32399-2500.

THIS DOCUMENT MAY CONTAIN CONFIDENTIAL RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

DR. F. PAPILLON, CHO
F. Papillon, MD, MPH
CHO
Dade C.I.

M. CORRALES, AWP

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 08/26/20 |
|---|---|---|
| | | DATE |

Dade C.I.
Grievance Coordinator
MAILED

AUG 26 2020

**FLORIDA DEPARTMENT OF CORRECTIONS**

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

*med*

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden ☐ Assistant Warden ☑ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

Maatsch     John     J          Y51786          Dade CI
Last        First    Middle Initial    DC Number      Institution

SEP 08 2020

20-6-3128

### Part A – Inmate Grievance

This grievance is brought under F.A.C. 33-103.007 and is an appeal of 2008-463-204.

<u>Issue</u>: The response provided is inadequate to address the grievance on its merits.

<u>Facts</u>: The treatment for gender dysphoria is transition. This includes social transition, hormones, voice/communication therapy, permanent facial and body hair removal and sex reassignment surgery. Failing to approve permanent hair removal, a ubiquitous and inexpensive treatment undergone by all male-to-female transsexuals, is a reckless disregard for my serious medical condition of gender dysphoria and places me at risk for worse mental health characteristics, worse and more numerous dysfunctions, constructing ███████ devices to facilitate my own form of electrolysis, and suicidal ideation.

<u>Remedy</u>: Approve permanent hair removal as a treatment option and provide it to me.

Nothing

8/28/2020
DATE

SMaatsch   Y51786
SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREE

# EXHIBIT 11

Failure To Provide Treatment For
Voice Communication Therapy

Voíve

MAILED OR...
WITH AGENCY CLERK

OCT 2 1 2020

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 20-6-32011 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Denied:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

Please be advised that treatment accommodation are to be discussed with you counselor and the multidisciplinary services team (MDST).

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Michelle Schouest, IISC

| _Michelle Schouest_ | _T. Bowden_ | 10/19/20 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

*Voice*

## INMATE REQUEST

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

GDRT/Mental Health

Mail Number: _____
Team Number: _____
Institution: _____

**TO:**
(Check One)
☐ Warden
☒ Asst. Warden
☐ Classification
☐ Security
☐ Medical
☒ Mental Health
☐ Dental
☐ Other _____

**FROM:**

| Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|
| John Maatsch | Y51786 | E1114L | H/M | 6/15/2020 |

### REQUEST

Check here if this is an informal grievance ☐

I am requesting that this gender dysphoria site offer communications therapy. (WPATH SOC v7 Chapter X)

This can be easily accomplished with: a separate supervised space, Audio recording/playback devices (very cheap machines, even digital ones), and printouts (for example "Finding Your Female Voice").

The cost of this is completely negligible (a digital audio recording/playback device is ~$30)

Communication therapy is another gender dysphoria treatment that has been shown to be psychologically beneficial.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): SMaatsch     DC#: Y51786

---

**DO NOT WRITE BELOW THIS LINE**

### RESPONSE

DATE RECEIVED: _____

This is not a service that is currently approved by Department of Corrections.

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____. (Returned, Denied or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

Official (Print Name): I. Murga, PsyD   Clinical Psychologist   DADE CI
Official (Signature): _____   Date: 06/18/20

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**INMATE REQUEST**

463-2007-0310

Mail Number: _____
Team Number: _____
Institution: _____

TO:
(Check One)
☐ Warden
☑ Asst. Warden
☐ Classification Security
☐ Medical Mental Health
☐ Dental
☐ Other

FROM: Inmate Name
John Maatsch

DC Number: Y51786
Quarters: E1114L
Job Assignment: H/M
Date: 7/20/20

**REQUEST**

Check here if this is an informal grievance

This grievance is brought under 33-103.005 and is a complaint of the substance, interpretation and application of Department rules and procedures that effect me personally as allowed in 33-103.001(4)(a). My sole issue being grieved is that the Department has failed to authorize voice and communication therapy as a treatment option for my gender dysphoria. Voice and communication therapy, as described in the WPATH SoC v.7 [Exhibit 1 contains select quotes from the SoC], can be an ameliorative for gender dysphoria. I am a woman. As such I need to have a female voice and mannerisms in order to have some comfort in my gender identity and role. Continuing to have a male voice and mannerisms, a fact that hormone therapy will not fix, could and will have severe consequences such as increased dysphoria, substance abuse and eventual suicidal ideation. Even if I attempt to auto-fix and adopt what I perceive to be a female voice and mannerisms, I am most likely to not fix the problem and cause damage to my vocal cords [Exhibit 2] and create other long-term issues. Given the _____ (cont

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): SMaatsch

DC#: Y51786

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**

DATE RECEIVED:

Assistant Warden of Programs
RECEIVED
JUL 2 0 2020

Your request was forwarded to the statewide director of Mental Health. We will waiting for an answer.

Dade C.I.
Grievance Coordinator
MAILED
JUL 2 9 2020

[The following pertains to informal gri...
Based on the above information, your ...
you have the right to submit a formal grievance ...

DENIED

..., Denied, or Approved). If your informal grievance is denied,

Official (Print Name): SFernandez

Official (Signature): _____

Date: 07/28/2...
07-v
Mental
Health

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.
Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or ...
required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and respon...
later than 15 days after the grievance is responded to. If the 15 ...

Grievance Continuation
John Maatsch YS1786
SMaatsl

pg. 1 of 1

severity of my gender dysphoria I am at high risk of attempting to adopt and auto-fix of my voice and communication patterns to align more with my ████ femininity, thus I am at high risk of damaging my vocal cords and experiencing unresolved dysphoria due to this issue. The treatment for voice and communication therapy can be accomplished in a variety of ways [Exhibit 3], from the inexpensive to an expensive full-time speech therapist. I am not advocating for any particular solution, but I am advocating that this necessary treatment be addressed in some manner. The Gender Dysphoria Review Team or the facility has the authority to approve and authorize voice and communication therapy for gender dysphoria, thus this is a matter in control of the Department.

Remedy: Authorize voice and communication therapy as a treatment option for gender dysphoria and provide that treatment to me in some manner.

[3 Exhibits follow]

John Madison  101/06
SMantzh

Exhibit 1

Selected Quotes From the World Professional Association for Transgender Health Standards of Care Version 7 Chapter X Voice and Communication Therapy (pg. 52-54)

"Transsexual, transgender, and gender non-conforming people might seek the assistance of a voice and communication specialist to develop vocal characteristics and non-verbal communication patterns that facilitate comfort with their gender identity.

*  "Voice and communication therapy may help to alleviate gender dysphoria and be a positive and motivating step towards achieving one's goals for gender role expression."

*  "The overall purpose of voice and communication therapy is to help clients adapt their voice and communication in a way that is both safe and authentic, resulting in communication patterns that clients feel are congruent with their gender identity and that reflect their sense of self."

"Specialists may include speech-language pathologists, speech therapists, and speech-voice clinicians."

"Treatment may involve individual and/or group sessions."

*  "Feminizing or masculinizing the voice involves non-habitual use of the voice production mechanism. Prevention measures are necessary to avoid the possibility of vocal misuse and long-term vocal damage."

*  "Feminizing hormones do not have an impact on the adult MtF [Male-to-Female Transsexual] voice.

*  - Emphasis added to elements of physical health safety and necessity of treatment

Exhibit 2

@MaoXh

Long-Term Physical and Mental Damage from Non-Treatment or Inappropriate Treatment for Voice and Communication Therapy.

* Note: Continued levels of distress and dysphoria in gender dysphoric individuals as well as prejudice, discrimination and violence faced in the community or prison settings are well known to cause co-morbidities such as depression, PTSD, substance abuse, genital self-mutilation and suicide, even when <u>some</u> treatment for gender dysphoria is being provided.

Non-Treatment of Voice and Communication Patterns
· Gender dysphoric persons will experience a clash between their gender identity appearance and voice, as will other persons interacting with the gender dysphoric person
  - Increased Distress and Dysphoria
  - Increased Dysthymia
  - Increased Suicidal Ideation
  - Increased Experienced Prejudice, Discrimination and Violence

Inappropriate Treatment of Voice and Communication Patterns
· Gender dysphoric persons adopt non-congruent voice and communication patterns, or partially congruent patterns
  - Increased Distress and Dysphoria
  - Decreased Functionality in Life Activities as a Result of Diminished Self-Worth, Self-Confidence
  - Increased Experienced Prejudice, Discrimination and Violence
  - Vocal Misuse
  - Long-Term Damage to the Vocal ▇ Production Mechanism
· Gender Dysphoric persons adopt congruent, but improperly trained, voice and communication patterns
  - Vocal Misuse
  - Long-Term Damage to the Voice Production Mechanism
  - Increased Distress and Dysphoria

Exhibit 3

SMantsh

# Possible Treatment Solutions for Voice and Communication Therapy On An Ongoing Basis

## Non-Specialist Treatments

- Printed voice and communication training materials for 2 or more gender dysphoric inmates and space and time for group practice
- Printed voice and communication training materials and digital voice recorders with record/playback capabilities and space and time for individual practice
- Printed voice and communication training materials and computer-assisted feedback. Computers, space for computers, time for individual practice
- Fully computerized voice and communication training and feedback. Computers, space for computers, time for individual practice

## Specialist Treatments

- Specialist Community Volunteers for Individual or Group Voice and Communication Therapy. Space and time for therapy, personnel to coordinate volunteer schedule.
- Partnership with Public University Speech/Communication Departments to Provide Specialists for Individual or Group Voice and Communication Therapy. Space and time for therapy, personnel to coordinate specialist schedule, personnel to manage partnership.
- Part-time or full-time Specialist for Individual or Group Voice and Communications Therapy. Space and time for therapy, specialist on-staff personnel.

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

Dade C.I.
Assistant Warden of Prog
**RECEIVED**

AUG 0 4 202

☐ **Third Party Grievance Alleging Sexual Abuse** 2008-463-031

TO: ☑ Warden    ☐ Assistant Warden    ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| Maatsch | John | J | Y51786 | Dade CI |
|---|---|---|---|---|
| Last | First | Middle Initial | DC Number | Institution |

---

**Part A – Inmate Grievance**

This grievance is brought under 33-103.006 and is an appeal of 463-2007-0310.

Issue: The response provided in 463-2007-0310 is inadequate to address the issue on its merits.

Facts: I am trying to obtain adequate treatment for my gender dysphoria. The issue addressed in 463-2007-0310, namely voice and communication therapy, is a critical component of a successful transition. After 2 years of fighting for basic treatment options there is a well-established belief that any response of the variety of "Your issue was forwarded to an authority. We will discuss it later" is a disingenuous attempt to provide relief and a malicious attempt to delay or misdirect any of my attempts to receive treatment. Nevertheless, per 33-103.011(3)(a), I have given medical/mental health an additional 6 days past the return time of 463-2007-0310 to ensure that the full 15 days have been provided to them to give me a response. Medical/mental health has failed to do so. 33-103.005(4)(a) requires a written response be provided in informal grievances to ensure that the grievant, me, has the opportunity to appeal a meritous response to my complaint. Thus, "We are waiting for a response" is not an actual response. The serious issue and contentions of fact have not yet been addressed at all. Furthermore the "Denied" status of the grievance is inappropriate as how can one deny the issue BEFORE A RESPONSE IS PROVIDED.

Remedy: Provide an actual response to the informal grievance after evaluating it on its merits.

---

| 8/4/2020 | S. Maatsch Y51786 |
|---|---|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

## PART B - RESPONSE

| MAATSCH, JOHN | Y51786 | 2008-463-031 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Grievance has been received, reviewed, and a response is as follows:

Your request been forwarded to the gender dysphoria committee in Tallahassee. There is a delay due to COIVD-19 so we have to wait for their decision. Your grievance is denied solely on the basis that at this moment we can not approve your remedy.

Based on the above information, your grievance is DENIED.

You may appeal and obtain further administrative review of your complaint by acquiring Form DC1-303; Request for Administrative Remedy or Appeal, completing the form and forwarding it with all attachments to the office of the Bureau of Inmate Grievance Appeals, 501 South Calhoun Street, Tallahassee, FL 32399-2500.

THIS DOCUMENT MAY CONTAIN CONFIDENTIAL RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

| DR. F. PAPILLON, CHO | M. CORRALES, AWP | |
|---|---|---|
| F. Papillon, MS, MPH CHO DADE C.I. | | 08/13/20 |
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

Dade C.I.
Grievance Coordinator
MAILED

AUG 13 2020

med

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

**RECEIVED**

SEP 14 2020

Department of Corrections
Inmate Grievance Appeals

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden     ☐ Assistant Warden     ☑ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse,** on the behalf of:

| Maatsch | John | J | Y51786 | Dade CI |
|---|---|---|---|---|
| Last | First | Middle Initial | DC Number | Institution |

20-6-33011

**Part A – Inmate Grievance**

This is an appeal of 2008-463-031 in accordance with F.A.C. 33-103.007.

Issue: As formal grievance 2008-463-031 has failed to provide a remedy or properly following through to obtain an answer from the gender-dysphoria committee on whether or not communication therapy and voice therapy as a treatment for my gender dysphoria has been approved and the grievance was denied then the response provided is inadequate to address the issue on its merits.

Facts:
1) I am female. I have gender dysphoria. I am classified as a male-to-female transsexual.
2) Voice and communication therapy is one of the four critical pillars of a successful transition (Hormone Therapy, Voice + Communication Therapy, Facial + Body Hair Removal, Sex Reassignment Surgery)
3) Absence of voice and communication therapy causes gender dysphoria and attempts at affectuating a female voice cause pain.
4) Delays in obtaining treatment further exacerbate the issues presented in 3.
5) F.A.C. 33-103.014(5)(m) prevents me from reqrieving an issue once a decision has been rendered; the grievance process is the proper vehicle to obtain relief.
F.A.C. 33-103.001(6) mandate "All department employees are required to cooperate with staff in the inmate grievance office by providing accurate and timely information; that, 2008-463-031 informs me that there were delays in obtaining a response due to COVID. Even though secretary Inch had the time to create a program to address violence to short term inmates in the middle of Covid, I grant this argument. Because this issue is so seriously important to me and because I need this treatment, I am granting 1 (One) 30-day extension to ensure a response can be provided.
Remedy: Provide the response from the gender dysphoria committee for my voice + communication therapy.

8/19/2020

DATE

# EXHIBIT 12

Discrimination Under The Equal
Protection Clause Of The 14th
Amendment

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

INMATE REQUEST  463-2007-0135

Mail Number: _____
Team Number: _____
Institution: _____

TO:
(Check One)
☑ Warden
☐ Asst. Warden
☐ Classification
☐ Security
☐ Medical
☐ Mental Health
☐ Dental
☐ Other

FROM: Inmate Name **John Maatsch** | DC Number **Y51786** | Quarters **E1114L** | Job Assignment **H/M** | Date **7/7/2020**

REQUEST                                Check here if this is an informal grievance ☑

This grievance is brought under 33-103.005 and challenges the substance, interpretation, and application of department rules and procedures that affect me as allowed by 33-1B.001(4)(a). Specifically, I claim that PREA is an ineffectual system for reporting sexual harassment, abuse or assault at a facility with a high proportion of gang members. Gangs have extensive communication networks across the penal system of Florida, especially centered around the widespread use of contraband cellular devices. Through the use of applications such as Vine, they can track inmates as they move through the state, receiving notification when and where targets move. Thus they can target an inmate for extortion, attack or murder at any facility in the state. The reach of their violence has no bounds and the gang networks even reach outside the prison to their organization in the community where they can easily harm family members of targeted inmates. As an example a gang member, Larry King, when placed in the same wing after being (cont.→)

All requests will be handled in one of the following ways: 1) Written Information or   2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): S Maatsch          DC#: Y51786

---

DO NOT WRITE BELOW THIS LINE

RESPONSE

Please Be Advised

DATE RECEIVED:

Assistant Warden of Programs
RECEIVED
JUL 0 8 2020

Due to Dissimination prison laws
to sexual separate inmates due
preference and sexuality

Thank you.

Dade C.I.
Grievance Coordinator
MAILED
JUL 2 0 2020

**DENIED**

The following pertains to informal grievances only:

Based on the above information, your grievance is _____ (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.)

Official (Print Name): OIC Charles          Official (Signature): R. Charlotte          Date: 7/13/00

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.
Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.019

06-W
scurity

investigated for a PREA claim by inmate Strickland, bragged how 'that cracker' was stupid' and all he had to do was 'track Strickland on Vine' and 'contact his people' to make Strickland's life a living hell. Clearly, the capability is there regardless if it was acted on in this particular instance. Retaliation for a PREA claim is merely a phone tap away.

Dade CI has a high proportion of gang members. Due to this there is an ubiquitous fear that if one were to make a PREA claim (or even to seek protection, known as 'checking in') against an individual, that a gang would subsequently retaliate for that action. This risk is much higher for transgender inmates given the level of anti-trans and transphobic sentiment in prison.

Remedy: Use classification tools to properly separate transgender inmates and gang members from each other. For example, use said systems to ensure these groups are not in the same wing, dorm and/ or facility.

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

Dade C.I.
Assistant Warden of Prograr
**RECEIVED**

☐ **Third Party Grievance Alleging Sexual Abuse**          **2007-463-228**          JUL 23 2020

TO: ☑ Warden          ☐ Assistant Warden          ☐ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

Maatsch    John    J                    Y51786                    Dade CI
Last      First      Middle Initial              DC Number                    Institution

| Part A – Inmate Grievance |
|---|

This grievance is brought under 33-103.006 and is an appeal of informal grievance 463-2007-0135. The response provided in 463-2007-0135 is inadequate to address the merits of the complaint. Facts:

1) The response does not address the merits of the complaint. For instance there is no statement in the response addressing the issue of making PREA reports in light of the predatory environment nor does it address any of the supporting facts. It only evaluates the proferred remedy.

2) I am not required to provide a remedy under 33-103. A grievant remedy is a suggestion only. The respondent's responsibility is to evaluate and investigate the issue and supporting facts to determine if the issue is meritous and can be addressed by the Department. The respondent may then, and only then, evaluate any proferred remedy. If the grievant remedy is acceptable the respondent may select to use it; if not, the respondent must fit a remedy appropriate to the meritous issue. In this case, respondent disapproved of the remedy but failed to provide an alternative for the issue.

3) Even without consideration of points 1+2, respondent reduced "Use classification tools to properly separate transgender inmates and gang members from each other." to a matter of sexual orientation. There are a variety of means with which to separate inmates. Custody level, DR History (like for incentivized camps and PRIDE jobs), the Prey/Neutral/Predator system, medical and mental health status (like S-grade levelled facilities) and, according to Florida Statute 944.09(1)(k) the Department can classify and separate offenders by age, sex, and other such factors as deemed advisable. This inmate can imagine, as a thought experiment, that since it is well known that transgender inmates are at high risk of vidimiz-ation they could be placed in a "Special Vulnerability Group". It could then be determined by the Department, that for their mutual safety and security, that these "SVGs" and STGs should not be housed at the same facility. Note: This is an example only. It is not a new issue, fact, or remedy. Respondent failed to consider these options in responding to the remedy. In light of these arguments and to ameliorate the issue, reevaluate the original claim and if found meritous, provide an appropriate solution.

7/22/2020
DATE

SMaatsch    Y51786
SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

Ø , SMaatsch
#          Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 2007-463-228 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Grievance has been received, reviewed, and a response is as follows:

The only time inmates will be separated is if there is a special review for one inmate against another. You will be housed accordingly to your housing level. You will be at certain facilities that meet the requirement for your custody level and health service level.

When reporting a PREA there are multiple ways that can be reported to keep your identity hidden. You can call *TIPS (enter 1, then 8, then *8477) and leave an anonymous tip. You can call 8466 to report to an outside agency (enter 1, then 1, then 8466). You can submit an inmate request or grievance. You can also tell a friend or family member who can report for you.

Based on an abundance of precaution, it is not a common practice for the Department to segregate the transgender inmate population in a separate dormitory. This is done to prevent any type of discrimination taking place based on sexual orientation and identity, and due to other security concerns, as well.

If you are having issues with another inmate where you are in fear of your safety please report it to the Officer in Charge.

Based on the above information, your grievance is DENIED.

You may appeal and obtain further administrative review of your complaint by acquiring Form DC1-303; Request for Administrative Remedy or Appeal, completing the form and forwarding it with all attachments to the office of the Bureau of Inmate Grievance Appeals, 501 South Calhoun Street, Tallahassee, FL 32399-2500.

M. CORRALES, AWP

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 08/11/20 |
|---|---|---|
| | | DATE |

Dade C.I
Grievance Coordinator
MAILED

AUG 11 2020

**FLORIDA DEPARTMENT OF CORRECTIONS**
**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

SEP 0 8 2020

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☐ Warden   ☐ Assistant Warden   ☑ Secretary, Florida Department of Corrections
From or IF Alleging Sexual Abuse, on the behalf of:

Maatsch  John  J          Y51786          Dade CI
Last    First   Middle Initial    DC Number         Institution
                                                    20-6-3282

**Part A – Inmate Grievance**

This is an appeal of 2007-463-228 as allowed in F.A.C. 33-103.007.

Issue: The bottom line is that so long as one of the most vulnerable groups in prison, transgender inmates such as myself, is extensively housed side-by-side with one of the most dangerous groups in prison, gangs, there will never be an effectual reporting system, PREA or otherwise, because the personal risk of retaliation is too high. The multi-phasic responses in 2007-463-228 seems like a shotgun approach that doesn't even hit the target, and is thus inadequate to address the issue.

① Telling me I'll be housed according to my housing level in accordance with F.A.C. 33 does nothing to solve an issue.

② Providing PREA reporting methods does nothing as it would be impossible to keep the identity of the reporter/complainer when a PREA report is investigated and adjudicated.

③ As I have said in the formal grievance, at no point did I ask for or recommend transgender inmates OR gang members into their own dorm.

④ If my life is in such danger that I need to ████ flee to safety then we have a more significant issue then worrying about how gangs may react to me reporting any issues.

Remedy: Reevaluate the original grievance and provide a solution for the claim.

Retaliation is illegal. Transfers, dorm moves CSU, TCU, AC, DC, PM are all retaliation.

8/17/2020          S Maatsch        Y51786
DATE               SIGNATURE OF GRIEVANT AND D.C. #

BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:
Ø , S Maatsch
# 1   Signature

**INSTRUCTIONS**
form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006.
da Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).
n the inmate feels that he may be adversely affected by the submission
ter 33-103 to file a direct ...

Rec'd
Env

WITH AGENCY CLERK

SEP 3 0 2020

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 20-6-31282 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your administrative appeal has been reviewed and evaluated. The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.

Your administrative appeal is denied.

J. ADAMS

_J. Adams_

9/28/20

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |
|---|---|---|

OCT 1 6 2020

~~Department of Corrections~~
~~Inmate Grievance~~

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 20-6-34520 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your administrative appeal has been reviewed and evaluated. The response that you received at the institutional level (amended response) has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.

Your administrative appeal is denied.

J. Adams

_J. Adams_                                    10/9/20

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |
|---|---|---|

**INMATE REQUEST**

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

463-2007-0398

Mail Number: _____
Team Number: _____
Institution: _____

TO: (Check One)
☐ Warden
☐ Asst. Warden
☑ Classification Security
☐ Medical Mental Health
☐ Dental
☐ Other

| FROM: | Inmate Name John Maatsch | DC Number Y51786 | Quarters E1114L | Job Assignment H/M | Date 7/22/2020 |

**REQUEST**                                            Check here if this is an informal grievance ☑

This grievance is brought under 33-103.005 and challenges the substance interpretation and application of Department rules and procedures that affect me personally as allowed in 33-103.001(4)(6). At issue is that as a transsexual female inmate, I am not allowed at any general population facility except two.

Facts: Per the response by the Warden's designee Of. K Charles in informal grievance 463-2007-0135: "Due to discrimination prison laws we cannot separate inmates due to sexual _____ preference and sexuality." The only reason I am being blocked from other facilities is because I am a transsexual woman. Thus, I am being separated due to my sexuality, which Of. K Charles affirms is discrimination and thus not permitted to do.

Remedy: Open all ▮▮▮ facilities to transsexual, transgender and gender dysphoric inmates.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): S Maatsch        DC#: Y51786

DO NOT WRITE BELOW THIS LINE

**RESPONSE**

DATE RECEIVED:  JUL 2 3 2020

Per Chapter 33-103.014 (1) (s) The inmate filed a grievance at the institutional level that should have been filed directly with the Office of the Secretary.

RETURNED

MAILED  JUL 3 0 2020

[The following pertains to informal grievance]
Based on the above information, your grievance is _____ (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

Official (Print Name): H. Perez        Official (Signature): _____        Date: 07/30/20

06-W
AUP

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

Dade C.I.
Assistant Warden of Program
**RECEIVED**
AUG 04 2020

☐ **Third Party Grievance Alleging Sexual Abuse**    **2008-463-041**

TO: ☑ Warden        ☐ Assistant Warden        ☐ Secretary, Florida Department of Corrections
From or IF Alleging Sexual Abuse, on the behalf of:

Maatch    John    J                    Y51786                Dade CI
___Last___  ___First___  _Middle Initial_      _____DC Number_____        _____Institution_____

_____

**Part A – Inmate Grievance**

This grievance is brought under 33-103.006 and appeals the response to informal grievance 463-2007-0398

Issue: The response provided in 463-2007-0398 is not pursuant to or in compliance with F.A.C. 33-103.014 as the reason provided under section (5) is not a valid reason for returning the grievance without addressing the issue on the merits

Facts

33-103.014(1)(5): The inmate filed a grievance at the institutional level that should have been filed directly with the Office of the Secretary.

33-103.005(1): Inmates shall utilize the informal grievance process prior to initiating a formal grievance
- Inmates must use an informal grievance before any other grievance vehicle unless

33-103.005(1): Inmates may proceed directly to the Office of the Secretary on the following issues as governed by subsection 33-103.007(6) F.A.C.:
- the grievance falls under a category that is allowed to be submitted directly to the Office of the Secretary, these categories are ...

33-103.005(1) and 33-103.007(3): grievance of emergency nature, grievance of reprisal, protective management, admissable reading material, sentence structure issues, sexual abuse by the Warden of the facility, and inmate banking issues and HIPAA violations.

Informal grievance 463-2007-0398 contained issue regarding housing discrimination of transgender inmates and a requested remedy to open all facilities. Neither of these falls into the allowed categories of grievances that can be filed directly with the Office of the Secretary.

Remedy: Reevaluate 463-2007-0398 on its merits and provide a response or solution for the grievance.

___8/4/2020___                                        S. Maatch        Y51786
___DATE___                                    SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

                                                    Ø  1  S. Maatch
                                                    __#__      _Signature_

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled to Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

_____Receipt for Appeals Being Forwarded to Central Office_____

Submitted by the inmate on: _____        Institutional Mailing Log #: _____
                                    (Date)

DISTRIBUTION:        INSTITUTION/FACILITY            CENTRAL OFFICE                    _____
                     INMATE (2 Copies)               INMATE                           (Received By)
                     INMATE'S FILE                   INMATE'S FILE - INSTITUTION/FACILITY
                     INSTITUTIONAL GRIEVANCE FILE    CENTRAL OFFICE INMATE FILE
                                                     CENTRAL OFFICE GRIEVANCE FILE        06-W
DC1-303 (Effective 11/13)                                                                 AUP
                     Incorporated by Reference in Rule 33-103.006, F.A.C.

## PART B - RESPONSE

| MAATSCH, JOHN | Y51786 | 2008-463-041 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Grievance has been received, reviewed, and a response is as follows:

Your request has been received in non-compliance with the Department of Corrections rules and regulations Chapter 33-103.014; Inmate Grievance Procedure.

In accordance with Chapter 33-103.014 (f) The inmate did not provide a valid reason for by-passing the previous levels of review as required or the reason provided is not acceptable.

Your informal grievance was determined to be in non-compliance with the requirements of the rule, resulting in your formal grievance being in non-compliance. You may not proceed to the next step in the grievance process without first submitting a grievance at the appropriate institutional level in compliance with the rules and regulations of the F.A.C. Chapter 33.103; Inmate Grievance Procedure.

Based on the above information, your grievance is RETURNED without action.

M. CORRALES, AWP

| | | 08/06/20 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

Dade C.I.
Grievance Coordinator
MAILED

AUG 06 2020

**FLORIDA DEPARTMENT OF CORRECTIONS**
**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED
AUG 24 2020
Department of Corrections
Bureau of Inmate Grievance Appeals

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☐ Warden  ☐ Assistant Warden  ☒ Secretary, Florida Department of Corrections
From or IF Alleging Sexual Abuse, on the behalf of:

Maatsch    John    JC          Y51786          Dade CI
Last       First   Middle Initial    DC Number      Institution

**Part A – Inmate Grievance**          20-6-30107

This is an appeal of 2008-463-041 as allowed in 33-103.007.

Issue: The original grievance 463-2007-0398 was returned improperly. It was appropriately addressed at the facility level and did not fall into any of the categories allowed for Direct Grievance to the Office of the Secretary 33-103.007(3). I tried to argue this on appeal in 2008-463-041 but it too was rejected on improper grounds.

This is an important issue that needs to be addressed on its merits.

Remedy: (a) Evaluate the original grievance on its merits.

OR

(b) Inform the facility that if ~~it was~~ the informal grievance was filed properly and allow me to resubmit the informal grievance at the facility level.

8/12/2020
DATE

S. Maatsch  Y51786
SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: ___

D. J. S. Maatsch
Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

6W

Submitted by the inmate on: 8-14-20
(Date)

**Receipt for Appeals Being Forwarded to Central Office**

Institutional Mailing Log #: 17125

2008-463-041
M. St. Clair
(Received by)

DISTRIBUTION:    INSTITUTION/FACILITY        CENTRAL OFFICE
                 INMATE (2 Copies)           INMATE
                 INMATE'S FILE               INMATE'S FILE - INSTITUTION/FACILITY
                 INSTITUTIONAL GRIEVANCE FILE  CENTRAL OFFICE INMATE FILE
                                             CENTRAL OFFICE GRIEVANCE FILE
DC1-303 (Effective 11/13)
Incorporated by Reference in Rule 33-103.006

MAILED/FILED
WITH AGENCY CLERK

SEP 0 4 2020

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| MELLISCAL JOHN | Y51786 | 20-6-30107 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your administrative appeal has been received, evaluated, and referred to the Warden for appropriate handling and action.

The institution will be providing you with a response once their review is completed.

If you feel that the institutional response does not adequately resolve the issue, you may once again appeal to this office within 15 days from the date of the institutional response.

Based on this action, your appeal is approved for further inquiry.

A. KEATON

_____
SIGNATURE AND TYPED OR PRINTED NAME OF
EMPLOYEE RESPONDING

*A. Keaton*
SIGNATURE OF WARDEN, ASST.
WARDEN, OR SECRETARY'S
REPRESENTATIVE

8/31/20
DATE

**PART B - RESPONSE**

| MAATSCH, JOHN | Y51786 | 2008-463-041 | DADE C.I. | E1114L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Amended Response
Your Grievance has been received, reviewed, and a response is as follows:

After further review of your grievance, it is not within Dade C.I.'s scope for responsibilities to decide which camps are open to the Transgender inmate population this is up to the Department of Corrections. They will also decide which camps are to have the Gender Dysphoric population.

Be advised, there are no transsexual inmates at Dade C.I. We only have a transgender population.

Based on the above information, your grievance is DENIED.

You may appeal and obtain further administrative review of your complaint by acquiring Form DC1-303; Request for Administrative Remedy or Appeal, completing the form and forwarding it with all attachments to the office of the Bureau of Inmate Grievance Appeals, 501 South Calhoun Street, Tallahassee, FL 32399-2500.

M. CORRALES, AWP

_____
SIGNATURE AND TYPED OR PRINTED NAME OF
EMPLOYEE RESPONDING

_____
SIGNATURE OF WARDEN, ASST.
WARDEN, OR SECRETARY'S
REPRESENTATIVE

09/18/20
DATE

Dade C.I.
Grievance Coordinator
MAILED

SEP 18 2020

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED

OCT 0 6 2020

Bureau of Corrections
Inmate Grievance Appeals

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden     ☐ Assistant Warden     ☑ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse,** on the behalf of:

| Maatsch | John | J | Y51786 | Dade CI |
|---|---|---|---|---|
| Last | First | Middle Initial | DC Number | Institution |

---

### Part A – Inmate Grievance

This grievance is brought under F.A.C. 33-103.007 and is an appeal of 2008-463-041.

Issue: The response provided is inadequate to address the appeal and its preceding informal (463-2007-0398) on their merits.

While it may not be within the scope of responsibility for Dade CI personnel to determine where transgender or gender dysphoric inmates can be placed or which facilities are open to either, it IS within the scope of responsibility for Dade CI personnel to reach out to appropriate personnel at the Regional or State offices to furnish an appropriate response.

If it was the case that whenever I grieved matters of state procedures or decisions that the facility would provide the response given in 2008-463-041 then I would be forced to waste two levels of grievances (informal, facility formal) just so I could get my complaint to the State level to finally provide a response.

It can't possibly be the objective of the grievance process to put inmates through useless hoops just to get an unappealable first response on an issue.

Remedy: Evaluate the original grievance on its merits.

---

9/27/2020
DATE

SMaatsch   Y51786
SIGNATURE OF GRIEVANT AND D.C. #

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

Ø, SMaatsch

Maatsch, John Y51786
Dade Correctional Facility
19000 SW 377th St
Florida City, Fl 33034

Legal Mail
Received
FEB 26 2024
Dade C.I.

U.S. ___
IN: ___
BY: ___

Clerk of the Court
United States District Court
Southern District of Florida
Office of the Clerk - Room 8N09
400 North Miami Avenue
Miami, Fl 33128-7716

MAILED FROM A
STATE CORRECTIONAL
INSTITUTION
FLORIDA CITY

Hasler
02/26/2021
US POSTAGE $009.05°
ZIP 33034
011E11681778